1  ERIC J. SIDEBOTHAM (208829)
   DANIEL M. SHAFER (244839)
2  **ERIC J. SIDEBOTHAM, APC**
   TechMart Center
3  5201 Great America Parkway, Suite 320
   Santa Clara, CA 95054
4  Telephone:    (408) 856-6000
   Facsimile:    (408) 608-6001
5
   Attorneys for Defendant,
6  SABINA PRYCE-JONES

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                          SAN JOSE DIVISION
10

11

12  WORLD SAVINGS BANK, FSB,                 Case No.: C08 00887 HRL

13          Plaintiff,                       **APPENDIX OF PLEADINGS AND OTHER**
                                             **PAPERS SERVED ON REMOVING**
14       v.                                  **DEFENDANT SABINA PRYCE-JONES, IN**
                                             **SUPPORT OF NOTICE OF REMOVAL**
15                                           **(28 U.S.C. § 1446)**
    THERESA T. WU, and SABINA PRYCE-
16  JONES, and DOES 1 through 10, inclusive

17          Defendants.

18

19
    THERESA T. WU,
20
            Cross-Complainant,
21
         v.
22
    WORLD SAVINGS BANK, FSB, and ROES 1
23  through 25, inclusive

24          Cross-Defendant.
25

26

27

28
APPENDIX OF PLEADINGS AND OTHER PAPERS SERVED ON REMOVING DEFENDANT SABINA PRYCE-JONES,
IN SUPPORT OF NOTICE OF REMOVAL (28 U.S.C. § 1446)
CASE NO.

**APPENDIX OF PLEADINGS AND OTHER PAPERS**
**SERVED ON REMOVING DEFENDANT SABINA PRYCE-JONES**

1.  Affidavit of Service on Sabina Pryce-Jones

2.  World Savings' Notice of Motion and Motion for Leave to File First Amended Complaint

3.  World Savings' Points and Authorities in Support of Motion for Leave to File Amended Complaint

4.  Declaration of Kevin M. Solan in Support of World Savings' Motion for Leave to File First Amended Complaint

5.  [Proposed] Order on World Savings' Motion for Leave to File First Amended Complaint

6.  Order on World Savings' Motion for Leave to File First Amended Complaint

7.  First Amended Complaint for Conversion

8.  World Savings' Notice of Motion for Order Disqualifying Counsel for Defendant

9.  Memorandum of Points and Authorities in Support of Motion to Disqualify Counsel for Defendant Sabina Pryce-Jones

10. Declaration of Kevin M. Solan in Support of Motion to Disqualify Counsel for Defendant Sabina Pryce-Jones

11. Declaration of Ann Wagner in Support of Motion to Disqualify Counsel for Defendant Sabina Pryce-Jones

12. World Savings' Opposition to Sabina Pryce-Jones' Motion to Quash Service of Process

13. Declaration of Sandy Olsen in Opposition to Motion to Quash Service on Defendant Sabina Pryce-Jones

14. Declaration of Kevin M. Solan in Opposition to Motion to Quash Service on Defendant Sabina Pryce-Jones

15. Reply Memorandum in Support of Motion to Disqualify Counsel for Sabina Pryce-Jones

16. Minute Order re: Motion to Disqualify Defendant's Counsel

17. Order re :Motions to Quash Service of Process

---

1

APPENDIX OF PLEADINGS AND OTHER PAPERS SERVED ON REMOVING DEFENDANT SABINA PRYCE-JONES, IN SUPPORT OF NOTICE OF REMOVAL (28 U.S.C. § 1446)
CASE NO.

18.    Order re: World Savings' Motion to Disqualify Counsel for Defendant Sabina Pryce-Jones

19.    Request for Entry of Default

20.    Tentative Ruling re: Plaintiff's Motion to Compel, Request for Sanctions, and Request for Judicial Notice

21.    Notice of Entry of Default

22.    Civil Filing Rejection Letter

23.    World Savings' Opposition to Sabina Pryce-Jones' Motion to Vacate Default

24.    Order Granting Attorney's Motion to be Relieved as Counsel—Civil

25.    World Savings' Opposition to Terra Law LLP's Motion to Withdrawal as Counsel for Wu

26.    Declaration of Kevin M. Solan in Support of World Savings' Opposition to Terra Law LLP's Motion to Withdrawal as Counsel for Wu

27.    Notice of Trial Setting Conference

28.    Notice of Trial Setting Conference

29.    Stipulation and Order re: Continuance of Pryce-Jones' Motion to Compel from November 30, 2007 at 10:00 a.m. Until December 21, 2007 at 10:00 a.m.

30.    Order Granting Pryce-Jones' *Ex Parte* Application to Continue the Trial Date

31.    Notice of Scheduled Trial Date

32.    Notice of Scheduled Trial Date

33.    Order Granting Pryce-Jones *Ex Parte* Application to Continue the Trial Date in Order to File a Motion for Summary Judgment

34.    World Savings' Opposition to Pryce-Jones' Motion to Continue the Trial Date

APPENDIX OF PLEADINGS AND OTHER PAPERS SERVED ON REMOVING DEFENDANT SABINA PRYCE-JONES
(28 U.S.C. § 1446)
CASE NO.

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10  WORLD SAVINGS BANK,                    )    CASE NO. 1-06-CV-057468
                                           )
11              Plaintiff,                 )
                                           )    **AFFIDAVIT OF SERVICE ON**
12  vs.                                    )    **SABINA PRYCE-JONES**
                                           )
13  THERESA T. WU, et al.,                 )
                                           )
14              Defendants.                )
                                           )
15  _____    )
                                           )
    AND RELATED CROSS-COMPLAINT            )
16  _____    )

17

18

19

20

21

22

23

24

25

26

27

28

an & Park LLP    | AFFIDAVIT OF SERVICE ON SABINA PRYCE-JONES

**AFFIDAVIT OF SERVICE**

State of California                    County of Santa Clara                    Court

Case Number: 1-06-CV-057468

Plaintiff:
**WORLD SAVINGS BANK a Federal Savings Bank**

vs.

Defendant:
**THERESA T. WU , an individual ;, SABRINA L. PRYCE -JONES , an individual; and DOES 1 through 10**

For:
Kevin Sloan
SOLAN & PARK LLP
685 Market Stree Suite 360
San Francisco, CA 94105

Received by SOLAN & PARK LLP on the 21st day of November, 2006 at 12:02 pm to be served on **SABINA L. PRYCE-JONES 4377 HECKSHEAR DRIVE JACKSONVILLE, FLORIDA 32206**.

I, Joann Lewis, being duly sworn, depose and say that on the **20th day of December, 2006** at **2:00 pm, I:**

**Individually Served** the within named person with a true copy of this **FIRST AMENDED COMPLAINT FOR CONVERSION AND RELATIVED PAPERS, AMENDED SUMMONS** with the date and hour endorsed thereon by me, pursuant to State Statutes.

**Additional Information pertaining to this Service:**
SERVED SABRINA PRYCE-JONES AT 21ST WEST CHURCH STREET JACKSONVILLE, FLORIDA 32202 (JEA CUSTOMER CENTER) DESCRIPTION ASIAN FEMALE ABOUT 40 BLACK LONG HAIR ,5'7

I certify that I am over the age of 18, have no interest in the above action, and am Appointed Process Server, in good standing, in duval county in which the process was served.

Subscribed and sworn to before me on the 22nd day of December/2006 by the affiant who is personally knows to me

Notary public

DAVID L. VALENTINE
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD388747
EXPIRES 2/2/2009
BONDED THRU 1-888-NOTARY1

Joann Lewis
Process Server

**SOLAN & PARK LLP**
685 Market Stree Suite 360
San Francisco, CA 94105
(415) 777-3300

Our Job Serial Number: 2006005491

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5q

8

1                        **PROOF OF SERVICE**

2         I, the undersigned, hereby declare:

3         I am a citizen of the United States, over 18 years of age, and not a party to the
within action. I am employed in the County of San Francisco; my business address is 685
4 Market Street, Suite 360, San Francisco, California 94105.

5         On January 5, 2007, I served the within:

6     **1. Affidavit of Service on Sabina Pryce-Jones**

7 on all parties in this action, as addressed below, by causing a true copy thereof to be
distributed as follows:

8

9 Breck E. Milde, Esq.
Terra Law LLP
10 177 Park Avenue, Third Floor
San Jose, CA 95131

11 [X]   **BY MAIL:**   I am "readily familiar" with the firm's practice of collection and
12             processing correspondence for mailing. Under the practice it would
            be deposited with the U.S. Postal Service on that same day with
13             postage thereon fully prepaid in the ordinary course of business. I
            am aware that on motion of the party served, service is presumed
14             invalid if the postal cancellation date of postage meter date is more
            than one day after date of deposit for mailing an affidavit.

15

16 [ ]   **BY FAX:**   I caused such documents to be transmitted via facsimile to the stated
            parties at their respective facsimile numbers.

17 [ ]   **BY EXPRESS CARRIER:**   I caused such documents to be collected by an
              agent for [Name of Company] to be delivered to
18         the offices of stated parties.

19 [ ]   **BY HAND DELIVERY:**   I hand delivered such documents to the stated parties.

20 [ ]   **BY E-MAIL:**         I caused such documents to be transmitted via e-mail to the
             stated parties at their respective e-mail addresses.

21

        I declare under penalty of perjury under the laws of the State of California that the
22 foregoing is true and correct.

23 Dated: January 5, 2007                     _Loni Myers_
                                     Loni Myers

24

25

26

27

28

an & Park LLP       Proof of Service

                                                       9

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10  WORLD SAVINGS BANK,                )   CASE NO. 1-06-CV-057468
    a Federal Savings Bank,            )
11                                     )   **WORLD SAVINGS' NOTICE**
                   Plaintiff,          )   **OF MOTION AND MOTION**
12                                     )   **FOR LEAVE TO FILE FIRST**
                                       )   **AMENDED COMPLAINT;**
13  vs.                                )   **POINTS AND AUTHORITIES**
                                       )   **AND DECLARATION OF**
14  THERESA T. WU, an individual;      )   **KEVIN M. SOLAN IN**
    SABINA L. PRYCE-JONES, an          )   **SUPPORT; PROPOSED**
15  individual; and DOES 1 through 10, )   **ORDER**
                                       )
16                 Defendants.         )
                                       )
17                                     )   Date:   August 24, 2006
                                       )   Time:   9:00 a.m.
18                                     )   Dept.:  2
                                       )
19  _____)
                                       )   Case Filed: February 3, 2006
20  AND RELATED CROSS-ACTION           )   Trial Date: TBD
    _____)
21

22

23          TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

24          PLEASE TAKE NOTICE that on August 24, 2006, at 9:00 a.m., or as soon

25  thereafter as counsel may be heard, in Department 2 of this Court, located at the

26  Downtown Superior Court, 191 First Street, San Jose, California. plaintiff WORLD

27  SAVINGS BANK, FSB ("World Savings"), will move this court for leave to file a First

28  Amended Complaint, which is attached hereto and served herewith.

Solan & Park, LLP    WORLD SAVINGS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

1    The First Amended Complaint would add Sabina Pryce-Jones as a defendant and

2 adds the necessary charging allegations.  The additional and amended allegations are

3 found in ¶¶ 3-5, page 2:3-17; ¶8, page 3:4-6; ¶¶10-11, page 3:16-27; ¶¶12-17, page 4:1-

4 17.

5    World Savings' motion for leave to file a First Amended Complaint will be made

6 on the ground that it is in the furtherance of justice to allow the filing of such amended

7 complaint, and will be  based on this notice, and the accompanying points and authorities

8 and declaration of Kevin M. Solan in support of the motion.

9

10 DATED: July 10, 2006                    SOLAN & PARK LLP

11

12                                        By: _____
                                          Kevin M. Solan
13                                        Attorney for Plaintiff and Cross-defendant
                                          World Savings Bank FSB
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 3

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10 WORLD SAVINGS BANK,              )   CASE NO. 1-06-CV-057468
   a Federal Savings Bank,          )
11                                  )   **WORLD SAVINGS' POINTS AND**
                   Plaintiff,       )   **AUTHORITIES IN SUPPORT OF**
12                                  )   **MOTION FOR LEAVE TO FILE**
                                    )   **AMENDED COMPLAINT**
13 vs.                              )
                                    )
14 THERESA T. WU, an individual;    )   Date:  August 24, 2006
   SABINA L. PRYCE-JONES, an        )   Time:  9:00 a.m.
15 individual; and DOES 1 through 10, )  Dept.: 2
                                    )
16                 Defendants.      )
                                    )
17 ─────────────────────────────    )   Case Filed: February 3, 2006
                                    )   Trial Date: TBD
18 AND RELATED CROSS-ACTION         )
                                    )
19

20        Plaintiff WORLD SAVINGS BANK, FSB ("World Savings") respectfully submits

21 its memorandum of points and authorities in support of its motion for leave to file an

22 amended complaint.

23                              **INTRODUCTION**

24        World Savings filed its original complaint in this action to recover $90,000.00 that

25 was mistakenly credited to the account of defendant Theresa T. Wu.  Ms. Wu asserts that

26 she was unaware of the mistake and commingled World Savings' money with funds that

27 she managed on behalf of her daughter, Sabrina Pryce-Jones.  Ms. Wu subsequently

28 consolidated Ms. Pryce-Jones' monies in her World Savings account and wired the entire

1   account balance, including World Savings' monies, to a Bank of America account she

2   held jointly with her daughter.

3        World Savings has learned that the funds in the Bank of America account,

4   including World Savings' $90,000.00, were wired out of that account to a law firm and to

5   a Wachovia Bank account.  Thereafter, Ms. Pryce-Jones purchased a condominium in

6   Florida.  She also purchased a second aircraft and formed a limited liability company to

7   take title to it.  Ms. Wu asserts that she does not have World Savings' money any more

8   and that her daughter, Ms. Pryce-Jones has the funds.

9        Consequently, to obtain appropriate relief and fully assert its causes of action so

10  that its claims may be decided on the merits, World Savings must be allowed to file a

11  First Amended Complaint to add Ms. Pryce-Jones as a defendant under appropriate

12  causes of action.

13                              **DISCUSSION**

14       "The court may, in furtherance of justice, and on any terms as may be proper,

15  allow a party to amend any pleading . . . .  The court may likewise, in its discretion, after

16  notice to the adverse party, allow, upon any terms as may be just, an amendment to any

17  pleading or proceeding in other particulars . . . ."  (Code Civ. Proc., § 473, subd. (a)(1).)

18       The well-established judicial policy in California is to resolve all disputes between

19  the parties on their merits, and to that end allow amendment of the pleadings so that all

20  such disputes are at issue at the time of trial.  As the court stated in *Morgan v. Superior*

21  *Court* (1959) 172 Cal.App.2d 527, 530:

22       While a motion to permit an amendment to a pleading to be filed is one
         addressed to the discretion of the court, the exercise of this discretion must
23       be sound and reasonable and not arbitrary or capricious. [Citations.]  And it
         is a rare case in which 'a court will be justified in refusing a party leave to
24       amend his pleadings so that he may properly present his case.'  [Citations.]
         If the motion to amend is timely made and the granting of the motion will
25       not prejudice the opposing party, it is error to refuse permission to amend
         and where the refusal also results in a party being deprived of the right to
26       assert a meritorious cause of action or a meritorious defense, it is not only
         error but an abuse of discretion. [Citations.]

27  ///

28  ///

1  "Trial courts are vested with the discretion to allow amendments to pleadings in the

2  furtherance of justice . . . .  That trial courts are to liberally permit such amendments, at

3  *any* stage of the proceeding, has been established policy in this state . . . resting on the

4  fundamental policy that cases should be decided on their merits." (*Hirsa v. Superior*

5  *Court* (1981) 118 Cal.App.3d 486, 488-489, original emphasis.)

6       Here, a First Amended Complaint is necessary to bring before the court both of the

7  parties responsible for the unlawful conversion of Worlds Savings' funds.  No trial date

8  has been set and discovery in the action has been limited and preliminary in nature.  No

9  cognizable prejudice will result from allowing the amendment.

10                        **CONCLUSION**

11       For the foregoing reasons, and those to be presented at the hearing of the motion,

12  World Savings respectfully requests that the court enter its order allowing the filing of the

13  First Amended Complaint.

14

15  DATED: July 10, 2006             SOLAN & PARK LLP

16

17                             By:

18                             Kevin M. Solan
                           Attorney for Plaintiff and Cross-defendant
                           World Savings Bank FSB

19

20

21

22

23

24

25

26

27

28

EXHIBIT 4

1   Kevin M. Solan, Esq. (SBN 118415)
    SOLAN & PARK LLP
2   685 Market Street, Suite 360
    San Francisco, California 94105
3   Tel.: (415) 777-3300
    Fax: (415) 777-3301
4
    Attorneys for Plaintiff
5   WORLD SAVINGS BANK, FSB

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10  WORLD SAVINGS BANK,            )    CASE NO. 1-06-CV-057468
    a Federal Savings Bank,        )
11                                 )    **DECLARATION OF KEVIN M.**
                 Plaintiff,        )    **SOLAN IN SUPPORT OF**
12                                 )    **WORLD SAVINGS' MOTION**
                                   )    **FOR LEAVE TO FILE FIRST**
13  vs.                            )    **AMENDED COMPLAINT**
                                   )
14  THERESA T. WU, an individual;  )    Date:   August 24, 2006
    SABINA L. PRYCE-JONES, an      )    Time:   9:00 a.m.
15  individual; and DOES 1 through 10, )  Dept.:  2
                                   )
16               Defendants.       )    Case Filed: February 3, 2006
    _____ )    Trial Date: TBD
17                                 )
    AND RELATED CROSS-ACTION       )
18  _____ )

19

20       I, Kevin M. Solan, declare:

21       1. I am an attorney licensed to practice before all courts of this state and counsel

22  fo record in this action for plaintiff and cross-defendant World Savings Bank, FSB

23  ("World Savings"). I make this declaration pursuant to California Rules of Court, rule

24  327(b), in support of World Savings's motion for leave to file a First Amended

25  Complaint.

26       2. The effect of the First Amended Complaint, if allowed, would be to add Sabina

27  Pryce Jones, the adult daughter of defendant Theresa Wu, as a second named defendant in

28  this action.

1    3. According to Ms. Wu court filings, Ms. Pryce-Jones is the person who received

2  the $90,000 that was mistakenly credited to Ms. Wu's account with World Savings.

3  Further, Ms. Wu asserts that her accounts at various California Banks and financial

4  institutions, including World Savings, contained funds that she managed on behalf of Ms.

5  Pryce-Jones.  World Savings' money was commingled with funds that Ms. Wu wired to a

6  joint account she had with Ms. Pryce-Jones at the Bank of America Military Branch in

7  San Antonio, Texas.  The funds on deposit in that account were subsequently wired to a

8  law firm and to Wachovia Bank.  According to Ms. Wu, Ms. Pryce-Jones used the funds

9  to purchase real estate in Florida.  Additionally, some portion of the funds may have been

10  used to purchase an aircraft for a leasing business formed by Ms. Pryce-Jones shortly

11  after the funds were wired to Texas.  Consequently, joining Ms. Pryce-Jones in this action

12  as a defendant is necessary to avoid a multiplicity of actions by World Savings in its

13  effort to recover its funds.  Furthermore, the First Amended Complaint is proper in light

14  of the information developed in discovery in this action to date, as briefly summarized

15  above, so that both of the parties who participated in the conversion of World Savings'

16  funds are present before the court.

17    4. The information allowing World Savings to trace the funds into and out of the

18  Bank of America Military Branch account became available only recently through

19  discovery in this action.  Leave to file the First Amended Complaint was not sought

20  earlier in order to first ascertain the facts alleged in the First Amended Complaint.

21    I declare under penalty of perjury that the foregoing is true and correct and that this

22  declaration is made this 10th day of July, 2006, in San Francisco, California.

23

24

25    Kevin M. Solan

26

27

28

1                        **PROOF OF SERVICE**

2         I, the undersigned, hereby declare:

3         I am a citizen of the United States, over 18 years of age, and not a party to the within
action. I am employed in the County of San Francisco; my business address is 685 Market Street,
4 Suite 360, San Francisco, California 94105.

5         On July 11, 2006, I served the within:                    C. FUJIHARA

6     **1. World Savings' Notice of Motion to File First Amended Complaint;**

7     **2. World Savings' Points and Authorities in Support thereof with First Amended
Complaint;**
8

9     **3. Declaration of Kevin M. Solan;**

    **4. Proposed Order**
10

11 on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as
follows:

12
  Breck Milde, Esq.
13   Terra Law LLP
  60 South Market Street, Suite 200
14   San Jose, CA 95113

15 [X]    **BY MAIL:**    I am "readily familiar" with the firm's practice of collection and
                       processing correspondence for mailing. Under the practice it would
16                   be deposited with the U.S. Postal Service on that same day with
                  postage thereon fully prepaid in the ordinary course of business. I am
17                   aware that on motion of the party served, service is presumed invalid
                  if the postal cancellation date of postage meter date is more than one
18                   day after date of deposit for mailing an affidavit.

19 [ ]    **BY FAX:**    I caused such documents to be transmitted via facsimile to the stated
                    parties at their respective facsimile numbers.
20
   [ ]    **BY EXPRESS CARRIER:**  I caused such documents to be collected by an
21                      agent for [Name of Company] to be delivered to
           the offices of stated parties.
22
   [ ]    **BY HAND DELIVERY:**  I hand delivered such documents to the stated parties.
23
   [ ]    **BY E-MAIL:**      I caused such documents to be transmitted via e-mail to the
24                     stated parties at their respective e-mail addresses.

25         I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
26
Dated: July 11, 2006
27                               Loni Myers

28

EXHIBIT 5

1  Kevin M. Solan, Esq. (SBN 118415)
    SOLAN & PARK LLP
2  685 Market Street, Suite 360
    San Francisco, California  94105
3  Tel.: (415) 777-3300
    Fax: (415) 777-3301
4
    Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                          COUNTY OF SANTA CLARA
10
    WORLD SAVINGS BANK,       )    CASE NO. 1-06-CV-057468
11  a Federal Savings Bank,      )
                           )    **[PROPOSED]**
12             Plaintiff,      )    **ORDER ON WORLD SAVINGS'**
                           )    **MOTION FOR LEAVE TO FILE**
13                        )    **FIRST AMENDED COMPLAINT**
    vs.                       )
14                         )
    THERESA T. WU, an individual;  )    Date:    August 24, 2006
15  SABINA L. PRYCE-JONES, an    )    Time:    9:00 a.m.
    individual; and DOES 1 through 10,  )    Dept.:    2
16                         )
            Defendants.      )
17                           )    Case Filed: February 3, 2006
    _____)    Trial Date: TBD
18  AND RELATED CROSS-ACTION   )
19  _____)

20        The motion of plaintiff and cross-defendant, World Savings Bank, FSB, for leave

21  to file a First Amended Complaint  came on regularly for hearing at 9:00 a.m. on August

22  24, 2005, in Department Two of this Court, the Honorable William J. Elfving, presiding.

23  World Savings Bank, FSB appeared by counsel, William L. Jacobson, Esq., and Theresa T. Wu

24  appeared by counsel, Breck E. Milde, Esq.

25        After consideration of the papers filed in support of and in opposition to the motion, and

26  the arguments of counsel at the hearing on the motion, the court now therefore orders as follows:

27        The motion of plaintiff and cross-defendant World Savings Bank for leave to file a

28  First Amended Complaint is GRANTED.

1      World Savings Bank shall file its First Amended Complaint in the same form as

2   the proposed First Amended Complaint submitted with its motion within ten (10) days of

3   this order.

4   DATED:

5

6                                      _____

                                       JUDGE OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 6

1   Kevin M. Solan, Esq. (SBN 118415)
    SOLAN & PARK LLP
2   685 Market Street, Suite 360
    San Francisco, California 94105
3   Tel.: (415) 777-3300
    Fax: (415) 777-3301
4
    Attorneys for Plaintiff
5   WORLD SAVINGS BANK, FSB

**(ENDORSED)**

# F I L E D

AUG 2 4 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ M. HIJDUK _____ DEPUTY

6

7

8

9

             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  COUNTY OF SANTA CLARA

11 WORLD SAVINGS BANK,   )    CASE NO. 1-06-CV-057468
    a Federal Savings Bank,   )
12                      )    ~~[PROPOSED]~~
               Plaintiff,   )    **ORDER ON WORLD SAVINGS'**
13                      )    **MOTION FOR LEAVE TO FILE**
                     )    **FIRST AMENDED COMPLAINT**
14 vs.   )
                     )
15 THERESA T. WU, an individual;   )    Date:    August 24, 2006
    SABINA L. PRYCE-JONES, an   )    Time:    9:00 a.m.
    individual; and DOES 1 through 10,   )    Dept.:    2
16                      )
            Defendants.   )
17 _____)    Case Filed: February 3, 2006
                     )    Trial Date: TBD
18 AND RELATED CROSS-ACTION   )
    _____)
19

20        The motion of plaintiff and cross-defendant, World Savings Bank, FSB, for leave

21 to file a First Amended Complaint was set for hearing at 9:00 a.m. on August 24, 2005, in

22 Department Two of this Court, the Honorable William J. Elfving, presiding. The time for

23 opposition to the motion has expired and no opposition has been filed.

24        After consideration of the papers filed in support of the motion and in consideration of

25 the fact that no opposition to the motion has been filed within the time required, the court now

26 therefore orders as follows:

27        The motion of plaintiff and cross-defendant World Savings Bank for leave to file a

28 First Amended Complaint is GRANTED.

1        World Savings Bank shall file its First Amended Complaint in the same form as

2    the proposed First Amended Complaint submitted with its motion within ten (10) days of

3    this order.

4

5    DATED:    *8/24/06*

6

7                              JUDGE OF THE SUPERIOR COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 7

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California  94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10  WORLD SAVINGS BANK,              )   CASE NO. 1-06-CV-057468
    a Federal Savings Bank,          )
11                                   )   **FIRST AMENDED COMPLAINT FOR**
                                     )   **CONVERSION**
12              Plaintiff,           )
                                     )
13  vs.                              )   Case Filed: February 3, 2006
                                     )   Trial Date: TBD
14  THERESA T. WU, an individual;    )
    SABINA L. PRYCE-JONES, an        )
15  individual; and DOES 1 through 10, )
                                     )
16              Defendants.          )
                                     )
17  _____ )
                                     )
18  AND RELATED CROSS-ACTION         )

19

20        Plaintiff, WORLD SAVINGS BANK, a Federal Savings Bank ("World Savings")

21  as and for its complaint against defendants THERESA T. WU and SABINA PRYCE-

22  JONES alleges as follows:

23  **FIRST CAUSE OF ACTION FOR CONVERSION AGAINST ALL DEFENDANTS**

24        1. World Savings is a federally-chartered savings bank organized and existing

25  under the laws of the United States of America and authorized to do business in

26  California.

27        2. Defendant Theresa T. Wu is an individual residing in San Jose, California.  At

28  the times relevant to this complaint, Ms. Wu maintained an account ("the 8925 account")

& Park, LLP   **WORLD SAVINGS' FIRST AMENDED COMPLAINT**

                                                                            1

1   and certificates of deposit with World Savings in the name of Theresa T. Wu as trustee

2   for Sabina Pryce-Jones.

3        3. Defendant Sabina Pryce-Jones is an individual residing in Florida. World

4   Savings is informed and believes and alleges thereon that Ms. Pryce-Jones is the daughter

5   of Ms. Wu and is engaged with Ms. Wu in the business of investing in real estate and/or

6   personal property assets.

7        4. At all times material herein, Ms. Pryce-Jones transacted business in this state by

8   and through her agent, Ms. Wu. World Savings' claim arises out of and is related to the

9   actions of Ms. Pryce-Jones in using Ms. Wu to manage her funds in California banks and

10  financial institutions.

11       5. World Savings is informed and believes and alleges thereon that Ms. Pryce-

12  Jones and Ms. Wu maintained significant cash reserves in high-yield savings accounts or

13  short-term cash certificates of deposit in various financial institutions in California and

14  Texas. World Savings is informed and believes and alleges thereon that at the times

15  relevant to this action, Ms. Wu held and managed hers and Ms. Pryce-Jones's funds in

16  accounts with Washington Mutual Bank and World Savings in California. Ms. Wu held

17  those monies until the funds were needed for the purchase of real estate or other assets.

18       6. The true names and capacities, whether individual, corporate, associate or

19  otherwise of the defendants sued as Does 1 through 10 are unknown to World Savings at

20  this time. World Savings therefore sues these defendants by these fictitious names and

21  will request leave to amend this complaint to allege their true names and capacities when

22  ascertained.

23       7. World Savings is informed and believes and alleges thereon that Does 1

24  through 10 are responsible in some manner for the events and happenings alleged in this

25  complaint and proximately caused the damages alleged. World Savings is informed and

26  believes and alleges thereon that each of the defendants is the agent, employee, servant,

27  partner or joint venturer of each other and was acting within the course and scope of that

28  employment or agency or in furtherance of the interests of each other in doing the acts

1  and omissions alleged in this complaint.

2      8. On or about October 17, 2005, Ms. Wu went to the San Jose Berryessa branch

3  of World Savings in San Jose, California, and deposited funds to the 8925 account.

4  World Savings is informed and believes and alleges thereon that the deposited funds were

5  the proceeds of one or more accounts that she managed on behalf of herself and Ms.

6  Pryce-Jones. The item deposited by Ms. Wu on October 17, 2005, was in the form of a

7  Washington Mutual Bank check in the amount of $10,000.00. The amount of that item

8  was mistakenly entered and Ms. Wu's account was credited with $100,000.00 for that

9  item instead of $10,000.00. The $90,000.00 error in favor of Ms. Wu was not discovered

10  immediately by World Savings. As a result, the balance in the 8925 account increased to

11  approximately $164,000.

12      9. At all times mentioned herein, and in particular on or about October 18, 2005,

13  World Savings was, and still is, the rightful owner of the sum of $90,000.00 mistakenly

14  credited to Ms. Wu's account at World Savings, the 8925 account, and World Savings

15  was, and still is, entitled to immediate possession of that sum.

16      10. On or about October, 18, 2005, Ms. Wu closed her only other deposits with

17  World Savings, two certificates of deposit held in Ms. Wu's name as trustee for Ms.

18  Pryce-Jones, and transferred the funds to the 8925 account. At about the same time and

19  on the same day, Ms. Wu directed World Savings to transfer the balance in the 8925

20  account, which then totaled approximately $319,388, including the erroneous $90,000.00

21  credit, by wire transfer to an account held jointly by Ms. Wu and Ms. Pryce-Jones at the

22  Bank of America Military Bank in San Antonio, Texas. Ms. Wu knew that she had

23  expected to wire only the sum of approximately $200,000 to the Bank of America branch.

24      11. Ms. Wu and Ms. Pryce-Jones, on or about Octoberr 18, 2005, thereby took the

25  sum of $90,000.00 from the possession of World Savings by transferring that sum to

26  Bank of America Military Bank in San Antonio, Texas, and converted that sum of

27  $90,000.00 to their own use.

28      12. The following day, on or about October 19, 2005, Ms. Pryce-Jones used some

1  portion of the funds to purchase real estate in Florida. World Savings is informed and

2  believes and alleges thereon that Ms. Pryce-Jones also used some portion of those funds

3  in excess of that needed for the real estate purchase to organize a limited liablity

4  company, Pryce-Jones Leasing, LLC, with herself and Robert Pryce-Jones as the

5  managing members, and to purchase an aircraft for that limited liability company.

6        13.  On or about October 20, 2005, World Savings became aware that Ms. Wu's

7  account had been credited with $90,000 more than should have been credited. Thereafter

8  World Savings contacted Ms. Wu on October 26, 2005, to inform her of the need to

9  return World Savings's funds. After that initial telephone contact, Ms. Wu refused any

10  further contacts from World Savings. Thereafter, World Savings wrote to Ms. Pryce-

11  Jones to inform her that the funds had to be returned. Ms. Pryce-Jones failed and refused

12  to return the funds. World Savings subsequently corresponded with the attorney for Ms.

13  Wu and made a formal demand that the entire $90,000 be returned.

14        14.  Ms. Wu and Ms. Pryce-Jones have failed and refused to return the $90,000 to

15  World Savings.

16        15.  Ms. Wu and Ms. Pryce-Jones each committed acts of dominion over the

17  $90,000 that rightfully belongs to World Savings. Ms. Wu and Ms. Pryce-Jones each are

18  guilty of continuing wrongful acts in derogation of World Savings's superior rights by

19  their controlling and disposing of the $90,000 that rightfully belongs to World Savings

20  and by failing and refusing to return the funds to World Savings.

21        16.  As a direct and proximate result of the wrongful conduct of Ms. Wu and Ms.

22  Pryce-Jones alleged above, World Savings has been damaged in the amount of

23  $90,000.00, and has been further damaged in the loss of the use of those funds.

24        17.  The conversion of World Savings' funds by Ms. Wu and/or Ms. Pryce-Jones

25  has made it necessary for World Savings to expend time and money, including but not

26  limited to attorney fees, in order to obtain the return of the converted funds, all to the

27  further damage of World Savings in an amount to be proved at trial, but not less than

28  $20,000.00

1    WHEREFORE, plaintiff World Savings Bank prays judgment against defendants

2  and each of them, jointly, and severally, as follows:

3    1. For the sum of $90,000.00 for the monies converted by defendants;

4    2. For interest at the legal rate on the on the foregoing sum pursuant to Civil Code

5  section 3336 from and after October 18, 2005;

6    3. For interest at the legal rate on the foregoing sum pursuant to Civil Code

7  section 3287, subdivision (a), from and after October 18, 2005;

8    4. For damages for the time and money properly expended in pursuing the return

9  of the converted property in an amount to be proven at trial, but not less than $20,000.00;

10    5. For costs of suit incurred herein;

11    6. For such other and further relief as the court deems just and proper.

12

DATED: August 24, 2006

13                                    SOLAN & PARK LLP

14                            By

15                                    Kevin M. Solan
16                                    Attorney for Plaintiff and Cross-defendant
                                      World Savings Bank FSB
17

18

19

20

21

22

23

24

25

26

27

28

1
## PROOF OF SERVICE

2
    I, the undersigned, hereby declare:

3
    I am a citizen of the United States, over 18 years of age, and not a party to the
within action.  I am employed in the County of San Francisco; my business address is 685
4
Market Street, Suite 360, San Francisco, California 94105.

5
    On August 25, 2006, I served the within:

6
**First Amended Complaint for Conversion**

7
    on all parties in this action, as addressed below, by causing a true copy thereof to
be distributed as follows:
8

9
Breck Milde, Esq.
Terra Law LLP
10
60 South Market Street, Suite 200
San Jose, CA 95113

11
[x]    **BY MAIL:**   I am "readily familiar" with the firm's practice of collection and
12
              processing correspondence for mailing.  Under the practice it would
be deposited with the U.S. Postal Service on that same day with
13
postage thereon fully prepaid in the ordinary course of business.  I
am aware that on motion of the party served, service is presumed
14
invalid if the postal cancellation date of postage meter date is more
than one day after date of deposit for mailing an affidavit.
15
[]    **BY FAX:**   I caused such documents to be transmitted via facsimile to the stated
16
        parties at their respective facsimile numbers.

17
[]    **BY EXPRESS CARRIER:**  I caused such documents to be collected by an
                  agent for [Name of Company] to be delivered to
18
                  the offices of stated parties.

19
[]    **BY HAND DELIVERY:**  I hand delivered such documents to the stated parties.

20
[]    **BY E-MAIL:**      I caused such documents to be transmitted via e-mail to the
                stated parties at their respective e-mail addresses.
21

22
    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
23

24
Dated: August 25, 2006

                               Loni Myers
25

26

27

28

n & Park, LLP

EXHIBIT 8

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
               COUNTY OF SANTA CLARA
9

10  WORLD SAVINGS BANK,                    CASE NO. 1-06-CV-057468

11              Plaintiff,
                                           WORLD SAVINGS' NOTICE OF
12  vs.                                    MOTION FOR ORDER
                                           DISQUALIFYING COUNSEL FOR
13  THERESA T. WU, et al.,                 DEFENDANT; DECLARATIONS OF
                                           KEVIN M. SOLAN AND ANN
14              Defendants.                WAGNER, AND MEMORANDUM OF
                                           POINTS & AUTHORITIES
15
                                           Date:    February 20, 2007
16                                         Time:    9:00 am.
17  AND RELATED CROSS-ACTION               Dept.:   22

18                                         Case Filed: February 3, 2006
19                                         Trial Date: TBD

20

21  TO THE PARTIES AND THEIR ATTORNEY OF RECORD:

22      PLEASE TAKE NOTICE that on February 20, 2007, at 9:00 a.m., or as soon

23  thereafter as counsel may be heard, in Department 22 of this Court, located at the Old

24  Courthouse, 161 First Street, San Jose, California, plaintiff and cross-defendant WORLD

25  SAVINGS BANK, FSB, will move this Court for an order disqualifying and barring

26  Breck E. Milde, Esq. and his law firm, Terra Law LLP, from representing or assisting

27  defendant SABINA PRYCE-JONES in this action.

28      The motion is made on the grounds that Breck E. Milde's and his law firm's

1  representation of defendant Sabina Pryce-Jones in this action presents an actual conflict

2  of interest with his duty of loyalty as the attorney for defendant and cross-complainant

3  Theresa Wu for which, as a matter of law, informed written consent cannot be given.

4      This conflict of interest directly affects World Savings Bank's interest in a just and

5  lawful determination of this action and also necessarily implicates this Court's power and

6  duty to ensure the fairness and credibility of its proceedings.

7      The motion will be based on this notice of motion, on the declarations of Kevin M.

8  Solan and Ann Wagner, the memorandum of points and authorities in support served and

9  filed herewith, and the matters that may be presented at the hearing of the motion.

10

11  DATED: January 25, 2007              SOLAN & PARK LLP

12

13                                      By: _____

14                                          Kevin M. Solan
                                            Attorney for Plaintiff and Cross-defendant
15                                          World Savings Bank FSB

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2          I, the undersigned, hereby declare:

3          I am a citizen of the United States, over 18 years of age, and not a party to the
within action.  I am employed in the County of San Francisco; my business address is 685
4   Market Street, Suite 360, San Francisco, California 94105.

5          On January 25, 2007, I served the within:

6   **World Savings Motion For Order To Disqualify Attorney Milde**
       **1.  Notice of Motion**
7      **2.  Memorandum of Points and Authorities**
       **3.  Declaration of Kevin M. Solan**
8      **4.  Declaration of Ann Wagner**

9   on all parties in this action, as addressed below, by causing a true copy thereof to be
distributed as follows:
10

11  Breck E. Milde, Esq.
    Terra Law LLP
12  177 Park Avenue, Third Floor
    San Jose, CA 95131

13
    [X]     **BY MAIL:**     I am "readily familiar" with the firm's practice of collection and
14                           processing correspondence for mailing.  Under the practice it would
                             be deposited with the U.S. Postal Service on that same day with
15                           postage thereon fully prepaid in the ordinary course of business.  I am
                             aware that on motion of the party served, service is presumed invalid
16                           if the postal cancellation date of postage meter date is more than one
                             day after date of deposit for mailing an affidavit.
17
    [ ]     **BY FAX:**      I caused such documents to be transmitted via facsimile to the stated
18                           parties at their respective facsimile numbers.

19  [ ]     **BY EXPRESS CARRIER:**  I caused such documents to be collected by an
                             agent for [Name of Company] to be delivered to
20                  the offices of stated parties.

21  [ ]     **BY HAND DELIVERY:**  I hand delivered such documents to the stated parties.

22  [ ]     **BY E-MAIL:**     I caused such documents to be transmitted via e-mail to the
                             stated parties at their respective e-mail addresses.
23
          I declare under penalty of perjury under the laws of the State of California that the
24  foregoing is true and correct.

25  Dated: January 25, 2007

26                                                                        Tracy Brennan

27

28

EXHIBIT 9

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA
                     COUNTY OF SANTA CLARA
9

10  WORLD SAVINGS BANK,                    CASE NO. 1-06-CV-057468

11                  Plaintiff,             **MEMORANDUM OF POINTS AND**
                                           **AUTHORITIES IN SUPPORT OF**
12  vs.                                    **MOTION TO DISQUALIFY**
                                           **COUNSEL FOR DEFENDANT**
13  THERESA T. WU, et al.,                 **SABINA PRYCE-JONES**

14                  Defendants.            Date:    February 20, 2007
                                           Time:    9:00 am.
15
                                           Dept.:   22
16  AND RELATED CROSS-ACTION
                                           Case Filed: February 3, 2006
17                                         Trial Date: TBD

18

19

20                            **INTRODUCTION**

21         By filing a motion to quash service of process as the attorney for defendant Sabina

22  Pryce-Jones, Breck Milde has acted in actual conflict with the fiduciary duty of undivided

23  loyalty he owes to defendant Theresa Wu, whom he has represented since the beginning

24  of this case.   The nature of this actual conflict is such that California precludes a client

25  from consenting to it as a matter of law.  The conflict is a *per se* basis for disqualification

26  of Mr. Milde, and by imputation, the law firm in which he is a partner.

27         Plaintiff World Savings Bank, FSB ("World Savings") and this Court both have an

28  interest in avoiding an ethical breach that affects a just and lawful determination of this

1  action and that implicates this Court's power and duty to ensure fairness and preserve the

2  credibility of the proceedings. The Court's interest is inherent in its duty and power to

3  control its proceedings. (*In re Complex Asbestos Litigation* (1991) 232 Cal.App.3d 572,

4  585.) World Savings' interest lies in having a judgment free from reversible error; for a

5  civil judgment is subject to reversal if an attorney represents conflicting interests that

6  interfere with one client's right to the attorney's undivided loyalty and a fair trial.

7  (*Tsakos Shipping and Trading S.A. v. Juniper Garden Town Homes* (1993) 12

8  Cal.App.4th 74, 95-97 ("*Tsakos Shipping*"); *Hammett v. McIntyre* (1952) 114 Cal.App.2d

9  148, 155-158.)

10      Here the conflict inherent in divided loyalty is both apparent and actual. Ms. Wu

11  has admitted that she received $90,000 from World Savings by mistake. Mr. Milde

12  represented to World Savings that Ms. Wu cannot repay the money because she no longer

13  has it to return; all she can offer is $32,000 by liquidating her exempt IRA account funds

14  and stocks held jointly with her son. Ms. Pryce-Jones admits that *she* got the $90,000

15  from Ms. Wu and used it to for "investment purposes" in Florida.

16      Ms. Wu plainly has an interest in obtaining a judgment for equitable

17  indemnification by Ms. Pryce-Jones for any liability Ms. Wu is found to owe World

18  Savings. Moreover, she has an interest in doing so in the same proceeding in which her

19  liability to World Savings will be determined. Yet rather than instituting a cross-

20  complaint against Ms. Pryce-Jones for indemnification, Ms. Wu's attorney is representing

21  Ms. Pryce-Jones in an attempt to keep her from having to appear in this action at all. If he

22  is successful, then Ms. Wu alone will face liability for the money obtained by Ms. Pryce-

23  Jones. Moreover, one of Mr. Milde's clients wants to settle–but does not have the

24  resources, while the other client has the resources but wants to try to evade responsibility.

25  Additional aspects of the consequences of Mr. Milde's attempt to represent two clients

26  whose interests are in actual conflict are discussed below.

27      Accordingly, to protect the integrity of these proceedings and to assure that any

28  judgment is not irreparably tainted by a serious breach of Mr. Milde's duty of undivided

1   loyalty, he and his firm must be disqualified from representing Ms. Pryce-Jones.

2                                   **FACTS**

3        As a result of a mistake by World Savings, Ms. Wu's deposit of $10,000 to one of

4   her World Savings accounts was credited as a deposit of $100,000. (Exh. C to Solan

5   Decl., Wu's Response Request for Admission No. 1)  Ms. Wu admits that she was not

6   entitled to the additional $90,000 mistakenly credited to her account. (*Id.*, Response

7   Request for Admission No. 2.) Ms. Wu further admits that she is obligated to return the

8   $90,000 to World Savings. (*Id.*, Response to Request for Admission No. 6.)

9        Breck Milde, acting as the attorney for Ms. Wu, initially attempted to negotiate a

10  resolution of the matter.  He represented to World Savings that the day after she was

11  mistakenly credited with $90,000 more than her $10,000 deposit,  Ms. Wu transferred the

12  entire account balance, $318,000, to an account held jointly with Ms. Pryce-Jones. He

13  further represented that Ms. Pryce-Jones used the funds to purchase real estate in Florida.

14  Mr. Milde also stated, **"Ms. Wu cannot return World Savings' money, since she no**

15  **longer has it to return."** (emphasis added.) (Exh. A to Wagner Decl.)

16       For her part, Ms. Pryce-Jones has declared that World Savings mistakenly credited

17  Ms. Wu's account with $100,000 instead of $10,000, and that those funds were

18  aggregated with other funds and transferred to an account held jointly with Ms. Wu.  Ms.

19  Pryce-Jones also declared that the funds, including World Savings' $90,000, were "used

20  for investment purposes." (Exh. B to Solan Decl., Pryce-Jones Decl. In Support of

21  Motion To Quash Summons, ¶ 2.)

22       Meanwhile, according to Ms. Wu,  World Savings' December 20, 2005, letter to

23  Peter Wu, Ms. Wu's son, requesting his help in World Savings' efforts to convince his

24  mother to return World Savings' funds (Exh. A to Solan Decl.), damaged her relationship

25  with her son's family and has caused her to lose face with his family and his wife's

26  family. Ms. Wu states that the "most hurtful thing I am suffering is lost my son's

27  relationship with me. [sic]"  (Exh. D to Solan Decl., Response to Special Interrogatory

28

1  No. 17.)  While World Savings wanted only the return of its funds to resolve the matter

2  without legal action (Exh. B to Wagner Decl.), Mr. Milde represented to World Savings,

3  and Ms. Wu has stated in discovery responses, that she can only pay $32,000 to World

4  Savings, and that only by liquidating her exempt IRA account and stock held jointly with

5  her son–with the balance to be repaid over time.  (Exh. C to Wagner Decl.; Wu Response

6  to Special Interrogatory No. 20.)

7                                    **DISCUSSION**

8            *The Rule Of Disqualification Is Automatic And Per Se*
9       *In Cases Of Representing Clients With Actual Conflicting Interests*

10            As California courts have instructed, the most fundamental duty of an attorney is

11  to represent the client with undivided loyalty.  (*Metro Goldwyn Meyer v. Tracinda Corp.*

12  (1995) 36 Cal.App.4th 1832, 1838-1840.)   Attorneys are precluded from putting

13  themselves in a position where they may be required to choose between conflicting duties,

14  or be led to an attempt to reconcile conflicting interests, rather than to enforce to the full

15  extent the rights of the client they should alone represent. (*Anderson v. Eaton* (1930) 211

16  Cal. 113, 116.)

17            For this reason, an attorney may not assume a position at a trial or hearing in which

18  the attorney cannot advocate the interests of one client without adversely affecting those

19  of another client.  (*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 284-285.)  The rule of

20  disqualification in such cases "is per se and automatic." (*Id.* at p. 284.)  "Thus, a trial

21  judge may remove defense counsel despite the objections of the defendant and his

22  attorney if a serious conflict of interest arises during the trial proceedings resulting in 'an

23  obviously deficient performance. Then the court's power and duty to ensure fairness and

24  preserve the credibility of its judgment extends to recusal even when an informed

25  defendant, for whatever reason, is cooperating in counsel's tactics.' ( *Maxwell* v. *Superior*

26  *Court* (1982) 30 Cal.3d 606, 619, fn. 10 [180 Cal.Rptr. 177, 639 P.2d 248, 18 A.L.R.4th

27  333].)" (*People v. McKenzie* (1983) 34 Cal.3d 616, 630, overruled in part on another

28  point by *People v. Crayton* (2002) 28 Cal.4th 346, 365.)

1    Thus, as the court emphasized in *Klemm v. Superior Court* (1977) 75 Cal.App.3d

2  893 at page 898:

3
        "Though an informed consent be obtained, no case we have been able to
4        find sanctions dual representation of conflicting interests if that
         representation is in conjunction with a trial or hearing where there is an
5        actual, present, existing conflict and the discharge of duty to one client
         conflicts with the duty to another. (See *Anderson v. Eaton* (1930) 211 Cal. 113
6        [293 P. 788]; *Hammett* v. *McIntyre* (1952) 114 Cal.App.2d 148, 153-154 [249
7        P.2d 885]; *McClure* v. *Donovan* (1947) 82 Cal.App.2d 664, 666 [186 P.2d 718].)
8        As a matter of law a purported consent to dual representation of litigants with
         adverse interests at a contested hearing would be neither intelligent nor informed.
9        Such representation would be per se inconsistent with the adversary position of an
10       attorney in litigation, and common sense dictates that it would be unthinkable to
         permit an attorney to assume a position at a trial or hearing where he could not
11       advocate the interests of one client without adversely injuring those of the other."

12

13    Furthermore, even if both clients were to waive their attorney-client privileges as to

14  communications with a shared attorney, that would not satisfy the concerns raised by the threat to

15  the attorney's duty of undivided loyalty. (*Metro Goldwyn Meyer v. Tracinda Corp.*, *supra*,

16  36 Cal.App.4th at pp. 1839, 1846.) The attorney owes fiduciary duties to preserve the

17  client's confidences and to represent the client with undivided loyalty. Absolving the

18  attorney of one fiduciary duty cannot relieve the attorney of the other. Consequently,

19  where there is an actual conflict of interest between jointly represented clients, there

20  cannot be any intelligent and informed consent to the conflict as a matter of law. (*Tsakos*

21  *Shipping*, *supra*, 12 Cal.App.4th at p. 95-97.)

22

23  ***This Court And World Savings Both Have An Interest In Proceedings Untainted By An***
    ***Actual Conflict Of Interest By Defense Counsel***
24

25    As noted above, this Court has the inherent power and duty to control its

26  proceedings by ordering the disqualification of counsel who has an actual conflict of

27  interest. (*In re Complex Asbestos Litigation*, *supra*, 232 Cal.App.3d at p. 585.)

28  Moreover, a nonclient adverse party may invoke the court's power to disqualify where the

1  ethical breach so infects the proceeding that it affects the moving party's interest in a just

2  and lawful proceeding.  (*Concat LP v. Unilver PLC* (N.D. Cal. 2004 350 F.Supp.2d 796,

3  818.)

4        Here, World Savings has a plain interest in obtaining an enforceable judgment,

5  rather than one subject to reversal because the defendants were represented by the same

6  attorney despite the existence of an actual conflict.  (See *Tsakos Shipping*, *supra*, 12

7  Cal.App.4th at p. 97.)  In *Tsakos Shipping*, an actual conflict arose when the attorney who

8  represented codefendants in an action failed to present defenses available to one of

9  them—including the failure to assert a cross-complaint for indemnification.  (*Ibid.*)

10  Consequently, that defendant was left exposed to having the entire amount of the

11  judgment enforced against it.  (*Ibid.*)  The court found this to be an actual conflict of

12  interest sufficient to require vacating a sister-state judgment.  (*Ibid.*)

13        The existence of an actual conflict of interest between Ms. Wu and Ms. Pryce-

14  Jones likewise is manifest and serious.  If Ms. Pryce-Jones' motion to quash service

15  succeeds, then Ms. Wu alone will face liability to World Savings for the missing $90,000

16  and the escalating prejudgment interest.  Further, Ms. Pryce-Jones and Ms. Wu have

17  demonstrated sharply differing attitudes regarding settlement of World Savings' claim.

18  But instead of protecting Ms. Wu's interests with a cross-complaint for indemnification,

19  her attorney has filed a motion that if successful, assures that only Ms. Wu's assets are at

20  risk for enforcement of a judgment in California.  Further, Ms. Wu's attorney has exposed

21  her to the possibility of having to litigate a claim against Ms. Pryce-Jones in Florida

22  should it be necessary for Ms. Wu to seek indemnification.

23        Under these circumstances, the need for this Court to act to protect the integrity

24  and credibility of its proceedings is plain.  Mr. Milde and his firm must be disqualified

25  from representing Ms. Pryce-Jones.

26

27

28

1

**CONCLUSION**

2  For the foregoing reasons, and those that may be presented at the hearing of the motion,

3  World Savings' motion to disqualify counsel for defendant Sabina Pryce-Jones must be

4  granted.

5

6  Dated: January 25, 2007                    SOLAN & PARK LLP

7

8

9                        By:    _Kevin M. Solan_

10                               Kevin M. Solan, Esq.
                                 Counsel for Plaintiff and Cross-defendant
11                               World Savings Bank, FSB

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed in the County of San Francisco; my business address is 685 Market Street, Suite 360, San Francisco, California 94105.

On January 25, 2007, I served the within:

**World Savings Motion For Order To Disqualify Attorney Milde**
1. **Notice of Motion**
2. **Memorandum of Points and Authorities**
3. **Declaration of Kevin M. Solan**
4. **Declaration of Ann Wagner**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Breck E. Milde, Esq.
Terra Law LLP
177 Park Avenue, Third Floor
San Jose, CA 95131

[X]    **BY MAIL:**    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date of postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]    **BY FAX:**    I caused such documents to be transmitted via facsimile to the stated parties at their respective facsimile numbers.

[ ]    **BY EXPRESS CARRIER:**  I caused such documents to be collected by an agent for [Name of Company] to be delivered to the offices of stated parties.

[ ]    **BY HAND DELIVERY:**  I hand delivered such documents to the stated parties.

[ ]    **BY E-MAIL:**    I caused such documents to be transmitted via e-mail to the stated parties at their respective e-mail addresses.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 25, 2007

Tracy Brennan
Tracy Brennan

Solan & Park LLP

EXHIBIT 10

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California  94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
                    COUNTY OF SANTA CLARA
9

10  WORLD SAVINGS BANK,                    CASE NO. 1-06-CV-057468

11                      Plaintiff,     DECLARATION OF KEVIN SOLAN
                                       IN SUPPORT OF MOTION TO
12  vs.                                DISQUALIFY COUNSEL FOR
                                       SABINA PRYCE-JONES
13  THERESA T. WU, et al.,

14                      Defendants.

15  _____

16                                     Date:    February 20, 2007
                                       Time:    9:00 am.
17  AND RELATED CROSS-ACTION           Dept.:   22

18
                                       Case Filed:  February 3, 2006
19                                     Trial Date:  TBD

20  _____

21      I, KEVIN M. SOLAN, declare as follows:

22      1. I am an attorney admitted to practice in California.  I am counsel of record in

23  this action for plaintiff World Savings Bank, FSB.

24      2. On November 2, 2006, I propounded a request for production of documents to

25  defendant Theresa Wu addressed to her attorney, Breck Milde.  Among the document

26  categories described in the request was "[a]ll DOCUMENTS identified in Responses to

27  Plaintiff's Special Interrogatories, Set No. 1."  The only letter identified in those

28  responses is a "letter from World Savings" related to Peter Wu, and the only letter

1   produced by Theresa Wu is the December 20, 2005, letter from Ron Sheppard to Peter

2   Wu, a true and correct copy of which is attached hereto as Exhibit A.

3       3.  Attached hereto as Exhibit B is a true and correct copy of the Declaration of

4   Sabina Pryce-Jones In Support of Motion to Quash Summons that was served on me by

5   Breck Milde of Terra Law LLP.  Ms. Pryce-Jones' declaration states: "[World Savings

6   Bank] mistakenly credited a deposit made to an account held in the name of my mother,

7   Theresa T. Wu, in the amount of $100,000 instead of $10,000.  The funds were

8   withdrawn and aggregated with funds that had been held in other deposit accounts, and

9   wire transferred to an account at Bank of America Military Bank held jointly by my

10  mother and me.  Neither my mother, nor I, realized that the mistake had been made until

11  after the [World Savings Bank] account had been closed, and the funds had been used for

12  investment purposes.  My mother's account was one of several accounts that my mother

13  handled for me in California. [¶]...My mother holds and manages my funds, and the funds

14  were to be made available to me on short notice for use in real estate and other

15  investments that I make from time to time in the state of Florida."  (See ¶¶ 2, 3, pp. 1-2.)

16      4.  Attached hereto as Exhibit C are true and correct copies of World Savings' First

17  Request for Admissions to Wu and Defendant and Cross-complainant Theresa T. Wu's

18  Response to Plaintiff and Cross-defendant World Savings' Requests for Admission, Set

19  One.  In those responses, Ms. Wu states: **"Wu admits that she was not entitled to the**

20  **additional $90,000 mistakenly credited to her account due to [World Savings**

21  **Bank's] negligent handling of her deposit."**  (Response to Request for Admission No.

22  2, emphasis added.)  Ms. Wu further stated: **"Wu admits that she is obligated to return**

23  **the $90,000 to World Savings, and in fact she attempted over a period of several**

24  **months to make arrangements with [World Savings Bank] to return said funds, but**

25  **[World Savings Bank] unreasonably refused to accept the cash that Wu had**

26  **available at the time and to accept payments over time for the balance, and Wu**

27  **further admits that any amounts owed to [World Savings Bank] by her are subject to**

28  **offset on account of the claims alleged in her affirmative defenses and cross-action filed**

DECLARATION OF KEVIN SOLAN IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL         - 2 -

1  herein." (Response to Request for Admission No. 6, emphasis added.)

2      4.  Attached hereto as Exhibit D are true and correct copies of World Savings'

3  First Set of Special Interrogatories to Wu and Defendant and Cross-complainant Theresa

4  T. Wu's Response to Plaintiff and Cross-defendant World Savings' Special

5  Interrogatories.   In her response to Special Interrogatory No. 20, Ms. Wu states: "Wu

6  has, in fact, attempted to make a lump sum payment to [World Savings Bank] and to pay

7  the balance over time, including **making a $32,000 payment by liquidating her exempt**

8  **IRA account and stock held jointly with her son.**" (emphasis added.)

9      5.  In her response to Special Interrogatory 17, Ms. Wu states that the loss of her

10  son's relationship with her is "the most hurtful thing I am suffering" and that she has "lost

11  my daughter-in-law's respect" and she feels she has "lost face" with her daughter-in-

12  law's parents and grandparents.  She concludes her response to that interrogatory with,

13  "This is the first time I feel this hurt by my own family.  Since my doctor told me I must

14  stay with family so somebody can take care me [sic], this is when I finally realized how

15  much I have lost face and I am not able to stay in San Jose any more."

16

17      I declare under penalty of perjury under the laws of the State of California that the

18  foregoing is true and correct and that this declaration is executed on the 25th day of

19  January 2007 at San Francisco, California.

20

21

22  _K. M. Sol_

23  Kevin M. Solan

24

25

26

27

28

# EXHIBIT A



# WORLD SAVINGS

December 20, 2005

Mr. Peter Wu
22031 Hibiscus
Cupertino, Ca. 95014-0108

Dear Mr. Wu,

My name is Ron Sheppard, Division Security Manager for World Savings Bank. Your mother, Theresa Wu, is a former customer of World Savings Bank. On October 17, 2005, Theresa deposited a $10,000.00 Washington Mutual Official Check into one of her World Savings accounts. At the time of deposit, she was mistakenly credited for $100,000.00. The following day, 10/18/05, she closed all of her World Savings accounts and wired the money to you at Bank of America Military Bank in San Antonio, Texas.

When the error was discovered, your mother was immediately contacted. Her response was that it was not her fault that we made a mistake and that we had to stop harassing her. She has not responded to any telephone messages and refused a certified letter sent to her home. I have visited her residence several times with no contact made.

On November 30, 2005, I filed criminal charges against your mother with the Palo Alto Police Department.

I am writing to you in effort to resolve this matter as your mother will not speak with me. I would prefer to straighten this out prior to the potential arrest of your mother. Please contact me or have your mother contact me as soon as possible regarding this matter.

Sincerely,

Ron Sheppard
Division Security Manager
925-932-3154

# EXHIBIT B

1  Breck E. Milde, Esq. (Bar No. 122437)
   TERRA LAW LLP
2  177 Park Avenue, 3rd Floor
   San Jose, California 95113
3  (408) 299-1200

4  Attorneys for Defendant and
   Cross-Complainant Theresa T. Wu

5

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SANTA CLARA

10 WORLD SAVINGS BANK, a Federal         Case No. 1-06-CV-057468
   Savings Bank,
11                                        **DECLARATION OF SABINA PRYCE-**
12               Plaintiff,               **JONES IN SUPPORT OF MOTION TO**
                                          **QUASH SUMMONS**
13      vs.
                                          **Date:  February 20, 2007**
14 THERESA T. WU, an individual and DOES 1   **Time:  9:00 a.m.**
   through 10,                            **Dept.:  22**
15
               Defendants.               **Judge:  Hon. Kevin Murphy**
16

17
   AND RELATED CROSS-ACTION.
18

19

20      I, Sabina Pryce-Jones, declare:

21      1.   I have been named as a defendant in the First Amended Complaint filed on behalf

22 of plaintiff World Savings Bank ("WSB") in the above-captioned action.  I have personal

23 knowledge of the facts set forth in this declaration, and if called as a witness, I could and would

24 competently testify thereto.

25      2.   WSB mistakenly credited a deposit made to an account held in the name of my

26 mother, Theresa T. Wu, in the amount of $100,000 instead of $10,000.  The funds were

27 withdrawn and aggregated with funds that had been held in other deposit accounts, and wire

28 transferred to an account at Bank of America Military Bank held jointly by my mother and the.

1147223                                    1
DECLARATION OF SABINA PRYCE-JONES IN SUPPORT OF MOTION TO QUASH SUMMONS

**EXHIBIT B**

1   Neither my mother, nor I, realized that the mistake had been made until after the WSB account

2   had been closed, and the funds had been used for investment purposes. My mother's account at

3   WSB was one of several accounts that my mother handled for me in California.

4       3.   My mother, during all relevant times, was a resident of the State of California, and

5   she deposited funds that she managed for me in various high-yield accounts. My mother holds

6   and manages my funds, and the funds were to be made available to me on short notice for use

7   in real estate and other investments that I make from time to time in the state of Florida. I had

8   no input into which accounts, or which institutions, the funds would be deposited. My mother

9   obtained some benefits from opening the accounts, such as free merchandise or other incentives

10   offered by the financial institutions into which the funds were deposited. .

11       4.   I am a resident of the State of Florida and I have been a resident of that state since

12   April 1997. I have been working in Florida since April 1997, after I was honorably discharged

13   from the United States Air Force, where I held the rank of Captain.

14       5.   My mother has invested funds in financial institutions domiciled in states other

15   than California. I never directed my mother to invest funds in any particular institution and I

16   never purposely availed myself of any benefits of the State of California. I never directed any

17   activities toward the State of California and had no reasonable expectation that I would be

18   subject to a lawsuit in the State of California because of my mother's choice of financial

19   institutions to invest my funds.

20       I declare under penalty of perjury under the laws of the State of California that the

21   foregoing is true and correct and that this declaration is executed on January 16, 2007 at

22   Jacksonville, Florida.

23

24   Sabina Pryce-Jones

25

26

27

28

1

**PROOF OF SERVICE**

2          I am a citizen of the United States and employed in the county aforesaid; I am over the

3   age of eighteen years, and not a party to the within action; my business address is 177 Park

4   Avenue, 3rd Floor, San Jose, CA 95113-2333.  On the date set forth below I caused to be served

5   the documents described below:

6          **DECLARATION OF SABINA PRYCE-JONES IN SUPPORT OF**
           **MOTION TO QUASH SERVICE OF SUMMONS**

7

8   on the following person(s) in this action by placing a true copy thereof enclosed in a sealed

9   envelope addressed as follows:

10

    Kevin M. Solan
11  Solan & Park LLP
    685 Market Street, Suite 360
12  San Francisco, CA 94105

13

14      X     (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid for collection
              with the United States Postal Service in a sealed envelope at San Jose, California.
15
              (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date
16            to the addressee(s).

17            (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date
              to each facsimile machine number listed above.
18
              (BY FEDERAL EXPRESS) I caused such envelope(s) to be placed in the Federal
19            Express office at San Jose, California, which the office customarily bills after delivery
              date.
20
        X     (STATE) I declare under penalty of perjury under the laws of the State of California that
21            the foregoing is true and correct.

22          I declare under penalty of perjury that the foregoing is true and correct and this
23
    declaration is executed on January 19, 2007 at San Jose, California.
24

25                                              _____

26                                                    Kathy Lowder

27

28

1142279

**PROOF OF SERVICE**

**EXHIBIT C**

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10 WORLD SAVINGS BANK,                   )    CASE NO. 1-06-CV-057468
                                         )
11                                       )
              Plaintiff,                 )    WORLD SAVINGS' FIRST
12                                       )    REQUEST FOR ADMISSIONS
   vs.                                   )           TO WU
13                                       )
   THERESA T. WU, et al.,                )
14                                       )
              Defendants.                )
15                                       )
                                         )
16 ─────────────────────────────        )
                                         )
17 AND RELATED CROSS-ACTION              )
   ─────────────────────────────        )
18

19

20 RESPONDING PARTY:        Defendant Theresa T. Wu

21 PROPOUNDING PARTY:       Plaintiff World Savings Bank, FSB

22 SET NO.:                 ONE

23

24                    REQUEST FOR ADMISSIONS

25

26 REQUEST FOR ADMISSION NO. 1:   Admit that $90,000 was received by you from

27 World Savings Bank as a result of a mistake in crediting your deposit of $10,000 as being

28 a deposit of $100,000.

Solan & Park, LLP    WORLD SAVINGS' REQUEST FOR ADMISSIONS TO WU

**EXHIBIT C**

1

2  REQUEST FOR ADMISSION NO. 2:    Admit that at the time of the mistake in

3  erroneously crediting your account at World Savings with a $100,000 deposit instead of

4  the $10,000 you actually deposited, you were not entitled to the additional $90,000

5  mistakenly credited to your account.

6

7  REQUEST FOR ADMISSION NO. 3:    Admit that the emotional distress you allege in

8  your cross-complaint did not cause or exacerbate your Parkinson's Disease.

9

10  REQUEST FOR ADMISSION NO. 4:    Admit that you were managing funds for Sabina

11  Pryce-Jones that she used for investment purposes.

12

13  REQUEST FOR ADMISSION NO. 5:    Admit that your failure to return the $90,000 to

14  World Savings has caused the alleged estrangement of your relationship with your son

15  Peter Wu, his wife and your granddaughter.

16

17  REQUEST FOR ADMISSION NO. 6:    Admit that you are presently obligated to return

18  the $90,000 to World Savings immediately, subject only to your claims for emotional

19  distress damages as alleged in your cross-complaint and for certain additional credits for

20  interest and deposits as alleged in your Ninth Affirmative Defense.

21

22  DATED:  November 1, 2006          SOLAN & PARK LLP

23

24                            By:    _K. M. Sol_____

25                                   Kevin M. Solan
                                      Attorney for Plaintiff and Cross-defendant
26                                   World Savings Bank FSB

27

28

1

## PROOF OF SERVICE

2      I, the undersigned, hereby declare:

3      I am a citizen of the United States, over 18 years of age, and not a party to the
within action. I am employed in the County of San Francisco; my business address is 685
4  Market Street, Suite 360, San Francisco, California 94105.

5      On November 2, 2006, I served the within:

6      **1. World Savings' First Request for Admissions to Wu;**
       **2. World Savings' Form Interrogatories to Wu, Set One;**
7      **3. World Savings' First Set of Special Interrogatories to Wu**
       **4. World Savings' First Request for Production of Documents to Wu**
8
on all parties in this action, as addressed below, by causing a true copy thereof to be
9  distributed as follows:

10
   Breck E. Milde, Esq.
11 Terra Law LLP
   177 Park Avenue, Third Floor
12 San Jose, CA 95131

13 [X]   **BY MAIL:**   I am "readily familiar" with the firm's practice of collection and
                        processing correspondence for mailing. Under the practice it would
14                      be deposited with the U.S. Postal Service on that same day with
                        postage thereon fully prepaid in the ordinary course of business. I am
15                      aware that on motion of the party served, service is presumed invalid
                        if the postal cancellation date of postage meter date is more than one
16                      day after date of deposit for mailing an affidavit.

17 [ ]   **BY FAX:**    I caused such documents to be transmitted via facsimile to the stated
                        parties at their respective facsimile numbers.
18
   [ ]   **BY EXPRESS CARRIER:**  I caused such documents to be collected by an
19                      agent for [Name of Company] to be delivered to
                   the offices of stated parties.
20
   [ ]   **BY HAND DELIVERY:**  I hand delivered such documents to the stated parties.
21
   [ ]   **BY E-MAIL:**      I caused such documents to be transmitted via e-mail to the
22                      stated parties at their respective e-mail addresses.

23     I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.
24
   Dated: November 2, 2006
25                                              Loni Myers

26

27

28

Solan & Park LLP

1   Breck E. Milde, Esq. (Bar No. 122437)
    TERRA LAW LLP
2   177 Park Avenue, 3rd Floor
    San Jose, California 95113
3   (408) 299-1200

4   Attorneys for Defendant and
    Cross-Complainant Theresa T. Wu

5

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SANTA CLARA

10

11  WORLD SAVINGS BANK, a Federal          Case No. 1-06-CV-057468
    Savings Bank,
12                                          **DEFENDANT AND CROSS-**
                  Plaintiff,                **COMPLAINANT THERESA T. WU'S**
13                                          **RESPONSE TO PLAINTIFF AND**
         vs.                                **CROSS-DEFENDANT WORLD**
14                                          **SAVINGS' REQUESTS FOR ADMISSION,**
    THERESA T. WU, an individual and DOES 1 **SET ONE**
15  through 10,

16                Defendants.

17

18  AND RELATED CROSS-ACTION.

19

20  **PROPOUNDING PARTY:**  Plaintiff and Cross-Defendant World Savings Bank

21  **RESPONDING PARTY:**   Defendant and Cross-Complainant Theresa T. Wu

22  **SET NO:**             One

23       Defendant and Cross-Complainant Theresa T. Wu ("Wu") responds to the Requests for

24  Admission, Set One, propounded by Plaintiff and Cross-Defendant World Savings Bank

25  ("WSB") pursuant to California Code of Civil Procedure section 2033.210, et seq., as follows:

26  **RESPONSE TO REQUEST NO. 1:**

27       Wu admits that WSB negligently over credited her account in the sum of $90,000, and

28
    1146871                            1

1    that she did nothing whatsoever to cause this mistake to occur.

2    **RESPONSE TO REQUEST NO. 2:**

3        Wu admits that she was not entitled to the additional $90,000 mistakenly credited to her

4    account due to WSB's negligent handling of her deposit.

5    **RESPONSE TO REQUEST NO. 3:**

6        Wu objects to this request on the grounds that it calls for the opinion of an expert

7    witness, Wu is not qualified to render such opinion, and expert witness discovery is premature.

8    **RESPONSE TO REQUEST NO. 4:**

9        Wu admits that she sometimes uses her daughter's funds to open high interest accounts

10   and to obtain gifts and other benefits from the institutions at which such funds are deposited.

11   Wu's daughter does not direct Wu in her choice of institutions in which to invest her funds.

12   Such funds are to be kept in liquid form so that she may use them when needed.

13   **RESPONSE TO REQUEST NO. 5:**

14       Wu admits that her relationship with her son, Peter Wu, and his family has become

15   estranged after WSB's security manager and other agents contacted him on various occasions

16   and accused him and Wu of misappropriating WSB's funds and committing criminal acts.

17   **RESPONSE TO REQUEST NO. 6:**

18       Wu admits that she is obligated to return the $90,000 to World Savings, and in fact she

19   attempted over a period of several months to make arrangements with WSB to return said

20   funds, but WSB unreasonably refused to accept the cash that Wu had available at the time and

21   to accept payments over time for the balance, and Wu further admits that any amounts owed to

22   WSB by her are subject to offset on account of the claims alleged in her affirmative defenses

23   and cross-action filed herein.

24   Dated:  December 20, 2006                    TERRA LAW LLP

25

26                                               By: _____

27                                                   Breck E. Milde
                                                     Attorneys for Defendant Theresa T.Wu
28

**DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND
CROSS-DEFENDANANT WORLD SAVINGS' REQUESTS FOR ADMISSION, SET ONE**

**<u>VERIFICATION</u>**

I, Theresa T. Wu, declare:

I am the defendant and cross-complainant in this action. I have read the foregoing DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND CROSS-DEFENDANANT WORLD SAVINGS' REQUESTS FOR ADMISSION, SET ONE, and know its contents. The matters stated therein are true to the best of my knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Verification is executed on December ___, 2006 at Jacksonville, Florida.

_Therese Tu Wu_

Theresa T. Wu

1

### PROOF OF SERVICE

2

I am a citizen of the United States and employed in the county aforesaid; I am over the

3

age of eighteen years, and not a party to the within action; my business address is 177 Park

4

Avenue, 3rd Floor, San Jose, CA 95113.  On the date set forth below I caused to be served the

5

documents described below:

6

7

8

**DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND CROSS-DEFENDANT WORLD SAVINGS REQUEST FOR ADMISSIONS, SET ONE**

9

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed

10

envelope addressed as follows:

11

12

        Kevin M. Solan
        Solan & Park LLP

13

        685 Market Street, Suite 360
        San Francisco, CA 94105

14

15

X     (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid for collection

16

        with the United States Postal Service in a sealed envelope at San Jose, California.

17

     (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the addressee(s).

18

     (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date

19

        to each facsimile machine number listed above.

20

     (BY FEDERAL EXPRESS) I caused such envelope(s) to be placed in the Federal Express office at San Jose, California, which the office customarily bills after delivery date.

21

22

X     (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24

I declare under penalty of perjury that the foregoing is true and correct and this

25

declaration is executed on December 20, 2006 at San Jose, California.

26

                                _____

27

                                  Kathy Lowder

28

**EXHIBIT D**

1 | Kevin M. Solan, Esq. (SBN 118415)
SOLAN & PARK LLP
2 | 685 Market Street, Suite 360
San Francisco, California  94105
3 | Tel.: (415) 777-3300
Fax: (415) 777-3301
4
5 | Attorneys for Plaintiff
WORLD SAVINGS BANK, FSB
6
7
8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 | COUNTY OF SANTA CLARA
10 | WORLD SAVINGS BANK,
11 | Plaintiff,
12 | vs.
13 | THERESA T. WU, et al.,
14 | Defendants.
15
16 | AND RELATED CROSS-COMPLAINT

CASE NO. 1-06-CV-057468

**WORLD SAVINGS' FIRST SET OF SPECIAL INTERROGATORIES TO WU**

17
18
19 | RESPONDING PARTY:          Theresa T. Wu
20 | PROPOUNDING PARTY:      World Savings Bank, FSB ("World Savings")
21 | SET NO.:                             ONE
22
23 | **Instructions**
24 |     1.  Within thirty (30) days after you are served with these interrogatories, you must
25 | serve your response on the asking party and serve copies of your responses on all other
26 | parties to the action who have appeared.
27 |     2.  Each answer must be as complete and straightforward as the information
28 | reasonably available to you permits.  If an interrogatory cannot be answered completely,

**EXHIBIT D**

1  answer it to the extent possible.

2        3. If you do not have enough personal knowledge to fully answer an interrogatory,

3  say so, but make a reasonable and good faith effort to get the information by asking other

4  persons or organizations.

5        4. Whenever an interrogatory may be answered by referring to a document, the

6  document may be attached as an exhibit to the response and referred to in the response.  If

7  the document has more than one page, refer to the page and section where the answer to

8  the interrogatory can be found.

9        5. When an address and telephone number for the same person are requested in

10  more than one interrogatory, you are required to furnish these in answering only the first

11  interrogatory asking for that information.

12        6. Your answers to these interrogatories must be verified, dated and signed.  You

13  may wish to use the following form at the end of your answers:  "I declare under penalty

14  of perjury under the laws of the State of California that the foregoing answers are true and

15  correct."

16                              **Definitions**

17        The following terms and phrases shall have the following meanings when used in

18  these interrogatories.

19        A. "DOCUMENT" means a writing, as defined in Evidence Code Section

20  250, and includes the original or a copy of handwriting, typewriting, printing, photostats,

21  photographs, e-mail, and every other means of recording upon any tangible thing and

22  form of communicating or representation, including letters, words, pictures, sounds or

23  symbols, or combination of them.

24                      **SPECIAL INTERROGATORIES**

25  SPECIAL INTERROGATORY NO. 1:

26  State all facts that you contend support any claim by you that World Savings acted

27  unreasonably in seeking the return of its $90,000.00 that was mistakenly credited to your

28  account.

1  SPECIAL INTERROGATORY NO. 2:

2  State all facts that you contend support any claim by you that World Savings engaged in

3  outrageous conduct with the intent to cause you severe mental, physical and emotional

4  distress.

5

6  SPECIAL INTERROGATORY NO. 3:

7  State all facts that you contend support your claim that World Savings engaged in

8  outrageous conduct with reckless disregard of causing you severe mental, physical and

9  emotional distress.

10

11  SPECIAL INTERROGATORY NO. 4:

12  State all facts that you contend support any claim by you that World Savings acted with

13  malice towards you.

14

15  SPECIAL INTERROGATORY NO. 5:

16  State all facts that you contend support any claim by you that World Savings engaged in

17  unlawful conduct with respect to World Savings' actions to obtain the return of its

18  $90,000 that was mistakenly credited to your account.

19

20  SPECIAL INTERROGATORY NO. 6:

21  State all facts that you contend support any claim by you that World Savings acted with a

22  willful and conscious disregard for your rights.

23

24  SPECIAL INTERROGATORY NO. 7:

25  State all facts that you contend support your claim that you have suffered severe

26  emotional distress as a result of World Savings' conduct.

27

28

SPECIAL INTERROGATORY NO. 8:

State in detail all facts that you contend support any claim by you that World Savings' actions caused you "mental anguish, anxiety, loss of appetite, loss of sleep, and has further caused and/or aggravated [your] physical illness" as alleged in paragraphs 26 and 30 of your cross-complaint.

SPECIAL INTERROGATORY NO. 9:

State in detail what you and your daughter, Sabina Pryce-Jones, did with the $90,000.00 that was mistakenly credited to your World Savings checking account on or about October 17, 2005.

SPECIAL INTERROGATORY NO. 10:

State in detail all efforts you have made to return to World Savings the $90,000.00 that was mistakenly credited to your account.

SPECIAL INTERROGATORY NO. 11:

State in detail all communications you have had with Sabina Pryce-Jones concerning the $90,000.00 mistakenly credited to your account at World Savings, including, but not limited to, all communications concerning the receipt by Sabina Pryce-Jones of those funds, your efforts, if any, to obtain the return of those funds, and whether or not she will return those funds to you.

SPECIAL INTERROGATORY NO. 12:

Describe in detail all funds that you managed on behalf of Sabina Pryce-Jones from January 2000 through the present, including, but not limited to, providing the identity of the financial institution(s) holding such funds and the account number(s) to which those funds were credited.

1  SPECIAL INTERROGATORY NO. 13:

2  For each account describe in response to Interrogatory No. 12, state the purpose(s) for

3  which the funds in each such account were held.

4

5  SPECIAL INTERROGATORY NO. 14:

6  For each of the funds described in response to Interrogatory No. 12, state in detail what

7  you did with respect to those funds to manage them.

8

9  SPECIAL INTERROGATORY NO. 15:

10  State the account number, the name and address of the financial institution, and the

11  monthly balance during the period of January 2004 through the present, for each account

12  in which you and Sabina Pryce-Jones held any interest.

13

14  SPECIAL INTERROGATORY NO. 16:

15  Identify all DOCUMENTS that reflect, relate or refer to communications between you

16  and Sabina Pryce-Jones during the period October 1, 2005, to the present, which

17  communications concerned financial matters in any way.

18

19  SPECIAL INTERROGATORY NO. 17:

20  State in detail all facts which you contend support your claim that World Savings'

21  conduct caused your relationship with Peter Wu, your daughter-in-law and granddaughter,

22  to become estranged.

23

24  SPECIAL INTERROGATORY NO. 18:

25  Describe in detail each instance in which you contend World Savings failed to fully or

26  properly credit your account with interest or a deposit, including, but not limited to, the

27  date of the alleged transaction, the amount(s) with which you were credited, the

28  amount(s) with which you contend you should have been credited, and the date(s) on

1  which you brought each such claimed error to the attention of World Savings.

2

3  SPECIAL INTERROGATORY NO. 19:

4  Identify all DOCUMENTS that support your contention that World Savings failed to

5  properly or fully credit certain interest or deposits as alleged in your Ninth Affirmative

6  Defense in your Answer to the First Amended Complaint.

7

8  SPECIAL INTERROGATORY NO. 20:

9  State all facts on which you rely to support any contention by you that you never had an

10  obligation to return to World Savings the $90,000.00 mistakenly credited to your account.

11

12

13  DATED:  November 2, 2006          SOLAN & PARK LLP

14

15                           By:  _K. M. Solan_____

16                                Kevin M. Solan
                                    Attorney for Plaintiff and Cross-defendant
17                                World Savings Bank FSB

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed in the County of San Francisco; my business address is 685 Market Street, Suite 360, San Francisco, California 94105.

On November 2, 2006, I served the within:

1. **World Savings' First Request for Admissions to Wu;**
2. **World Savings' Form Interrogatories to Wu, Set One;**
3. **World Savings' First Set of Special Interrogatories to Wu**
4. **World Savings' First Request for Production of Documents to Wu**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Breck E. Milde, Esq.
Terra Law LLP
177 Park Avenue, Third Floor
San Jose, CA 95131

[X] **BY MAIL:**   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date of postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ] **BY FAX:**   I caused such documents to be transmitted via facsimile to the stated parties at their respective facsimile numbers.

[ ] **BY EXPRESS CARRIER:** I caused such documents to be collected by an agent for [Name of Company] to be delivered to the offices of stated parties.

[ ] **BY HAND DELIVERY:** I hand delivered such documents to the stated parties.

[ ] **BY E-MAIL:**   I caused such documents to be transmitted via e-mail to the stated parties at their respective e-mail addresses.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: November 2, 2006

Loni Myers



1  Breck E. Milde, Esq. (Bar No. 122437)
   TERRA LAW LLP
2  177 Park Avenue, 3rd Floor
   San Jose, California 95113
3  (408) 299-1200

4  Attorneys for Defendant and
   Cross-Complainant Theresa T. Wu

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10
   WORLD SAVINGS BANK, a Federal          Case No. 1-06-CV-057468
11 Savings Bank,
                                          **DEFENDANT AND CROSS-
12              Plaintiff,                **COMPLAINANT THERESA T. WU'S
                                          RESPONSE  TO PLAINTIFF AND**
13        vs.                             **CROSS-DEFENDANANT WORLD
                                          SAVINGS' SPECIAL**
14 THERESA T. WU, an individual and DOES 1 **INTERROGATORIES**
   through 10,
15
                Defendants.
16

17
   AND RELATED CROSS-ACTION.
18

19 **PROPOUNDING PARTY:**  Plaintiff and Cross-Defendant World Savings Bank

20 **RESPONDING PARTY:**  Defendant and Cross-Complainant Theresa T. Wu

21 **SET NO:**              One

22        Defendant and Cross-Complainant Theresa T. Wu ("Wu") responds to the First Set of

23 Special Interrogatories propounded on behalf of plaintiff and cross-defendant World Savings

24 Bank  ("WSB") pursuant to California Code of Civil Procedure section 2030.210, et seq., as

25 follows:

26                          **GENERAL OBJECTIONS**

27        1.   Wu's responses to WSB's interrogatories are made to the best of Wu's present

28 knowledge, information, and belief.  Said responses are at all times subject to such additional or

1146872                          1

1    different information that discovery or further investigation may disclose.

2         2.    Wu objects to the preface and instructions contained in WSB's Interrogatories to

3    the extent that said preface and/or instructions render the interrogatories overly broad, vague,

4    and ambiguous, overly burdensome and oppressive.  Wu further objects to the preface and/or

5    instructions on the grounds that they are not authorized under Code of Civil Procedure section

6    2030.060(d).

## RESPONSES TO SPECIAL INTERROGATORIES

### RESPONSE TO INTERROGATORY NO. 1:

9         Wu incorporates herein by reference the General Objections set forth above.  Without

10   waiving said objections, and subject thereto, Wu contends that WSB acted unreasonably by,

11   *inter alia*, calling her and accusing her of criminal actions when in fact the over-crediting of

12   Wu's account was solely due to the negligence of WSB, WSB's security manager visited Wu's

13   apartment, pounded on her door, and attempted to peer through the windows and left

14   threatening letters, WSB accused Wu's son of misappropriating the funds mistakenly credited to

15   Wu's account by WSB, WSB repeatedly harassed Wu's son and his family for something that

16   they had absolutely no connection with or responsibility for, WSB repeatedly attempted to

17   serve legal papers on Wu's son and his family, WSB repeatedly called Wu and accused her of

18   intentionally misappropriating WSB's funds and of committing crimes, WSB accused Wu of

19   committing a crime and reported her to the Palo Alto Police Department, WSB threatened to

20   have Wu arrested and incarcerated, all due to her inability to immediately repay the funds

21   mistakenly credited to her account by WSB.

### RESPONSE TO INTERROGATORY NO. 2:

23        Wu incorporates herein by reference the General Objections set forth above.  Without

24   waiving said objections, and subject thereto, Wu contends that WSB engaged in outrageous

25   conduct by, *inter alia*, calling her and accusing her of criminal actions when in fact the over-

26   crediting of Wu's account was solely due to the negligence of WSB, WSB's security manager

27   visited Wu's apartment, pounded on her door, and attempted to peer through the windows and

28   left threatening letters, WSB accused Wu's son of misappropriating the funds mistakenly

1  credited to Wu's account by WSB, WSB repeatedly harassed Wu's son and his family for

2  something that they had absolutely no connection with or responsibility for, WSB repeatedly

3  attempted to serve legal papers on Wu's son and his family, WSB repeatedly called Wu and

4  accused her of intentionally misappropriating WSB's funds and of committing crimes, WSB

5  accused Wu of committing a crime and reported her to the Palo Alto Police Department, WSB

6  threatened to have Wu arrested and incarcerated, all due to her inability to immediately repay

7  the funds mistakenly credited to her account by WSB.

8  **RESPONSE TO INTERROGATORY NO. 3:**

9       Wu incorporates herein by reference the General Objections set forth above.  Without

10  waiving said objections, and subject thereto, Wu contends that WSB engaged in outrageous

11  conduct by, *inter alia*, calling her and accusing her of criminal actions when in fact the over-

12  crediting of Wu's account was solely due to the negligence of WSB, WSB's security manager

13  visited Wu's apartment, pounded on her door, and attempted to peer through the windows and

14  left threatening letters, WSB accused Wu's son of misappropriating the funds mistakenly

15  credited to Wu's account by WSB, WSB repeatedly harassed Wu's son and his family for

16  something that they had absolutely no connection with or responsibility for, WSB repeatedly

17  attempted to serve legal papers on Wu's son and his family, WSB repeatedly called Wu and

18  accused her of intentionally misappropriating WSB's funds and of committing crimes, WSB

19  accused Wu of committing a crime and reported her to the Palo Alto Police Department, WSB

20  threatened to have Wu arrested and incarcerated, all due to her inability to immediately repay

21  the funds mistakenly credited to her account by WSB.

22  **RESPONSE TO INTERROGATORY NO. 4:**

23       Wu incorporates herein by reference the General Objections set forth above.  Without

24  waiving said objections, and subject thereto, Wu contends that WSB acted with malice by, *inter*

25  *alia*, calling her and accusing her of criminal actions when in fact the over-crediting of Wu's

26  account was solely due to the negligence of WSB, WSB's security manager visited Wu's

27  apartment, pounded on her door, and attempted to peer through the windows and left

28  threatening letters, WSB accused Wu's son of misappropriating the funds mistakenly credited to

1146872                                        3

1   Wu's account by WSB, WSB repeatedly harassed Wu's son and his family for something that

2   they had absolutely no connection with or responsibility for, WSB repeatedly attempted to

3   serve legal papers on Wu's son and his family, WSB repeatedly called Wu and accused her of

4   intentionally misappropriating WSB's funds and of committing crimes, WSB accused Wu of

5   committing a crime and reported her to the Palo Alto Police Department, WSB threatened to

6   have Wu arrested and incarcerated, all due to her inability to immediately repay the funds

7   mistakenly credited to her account by WSB.

8   **RESPONSE TO INTERROGATORY NO. 5:**

9           Wu incorporates herein by reference the General Objections set forth above.  Without

10  waiving said objections, and subject thereto, Wu contends that WSB engaged in unlawful

11  conduct by, *inter alia*, calling her and accusing her of criminal actions when in fact the over-

12  crediting of Wu's account was solely due to the negligence of  WSB, WSB's security manager

13  visited Wu's apartment, pounded on her door, and attempted to peer through the windows and

14  left threatening letters, WSB accused Wu's son of misappropriating the funds mistakenly

15  credited to Wu's account by WSB, WSB repeatedly harassed Wu's son and his family for

16  something that they had absolutely no connection with or responsibility for, WSB repeatedly

17  attempted to serve legal papers on Wu's son and his family, WSB repeatedly called Wu and

18  accused her of intentionally misappropriating WSB's funds and of committing crimes, WSB

19  accused Wu of committing a crime and reported her to the Palo Alto Police Department, WSB

20  threatened to have Wu arrested and incarcerated, all due to her inability to immediately repay

21  the funds mistakenly credited to her account by WSB.

22  **RESPONSE TO INTERROGATORY NO. 6:**

23          Wu incorporates herein by reference the General Objections set forth above.  Without

24  waiving said objections, and subject thereto, Wu contends that WSB acted with a willful and

25  conscious disregard for Wu's rights by, *inter alia*, calling her and accusing her of criminal

26  actions when in fact the over-crediting of Wu's account was solely due to the negligence of

27  WSB, WSB's security manager visited Wu's apartment, pounded on her door, and attempted to

28  peer through the windows and left threatening letters, WSB accused Wu's son of

1146872                                                              4

1  misappropriating the funds mistakenly credited to Wu's account by WSB, WSB repeatedly

2  harassed Wu's son and his family for something that they had absolutely no connection with or

3  responsibility for, WSB repeatedly attempted to serve legal papers on Wu's son and his family,

4  WSB repeatedly called Wu and accused her of intentionally misappropriating WSB's funds and

5  of committing crimes, WSB accused Wu of committing a crime and reported her to the Palo

6  Alto Police Department, WSB threatened to have Wu arrested and incarcerated, all due to her

7  inability to immediately repay the funds mistakenly credited to her account by WSB.

8  **RESPONSE TO INTERROGATORY NO. 7:**

9        Wu incorporates herein by reference the General Objections set forth above.  Without

10  waiving said objections, and subject thereto, Wu contends that WSB caused Wu to suffer

11  emotional distress by, *inter alia*, calling her and accusing her of criminal actions when in fact

12  the over-crediting of Wu's account was solely due to the negligence of WSB, WSB's security

13  manager visited Wu's apartment, pounded on her door, and attempted to peer through the

14  windows and left threatening letters, WSB accused Wu's son of misappropriating the funds

15  mistakenly credited to Wu's account by WSB, WSB repeatedly harassed Wu's son and his

16  family for something that they had absolutely no connection with or responsibility for, WSB

17  repeatedly attempted to serve legal papers on Wu's son and his family, WSB repeatedly called

18  Wu and accused her of intentionally misappropriating WSB's funds and of committing crimes,

19  WSB accused Wu of committing a crime and reported her to the Palo Alto Police Department,

20  WSB threatened to have Wu arrested and incarcerated, all due to her inability to immediately

21  repay the funds mistakenly credited to her account by WSB; additionally, Ms. Wu has suffered

22  emotional distress due, *inter alia*, to the loss and estrangement of her relationship with her son,

23  daughter-in-law, and granddaughter, and Ms. Wu has suffered mental anguish, anxiety, loss of

24  appetite, loss of sleep, and has caused and/or aggravated her physical illness.

25  **RESPONSE TO INTERROGATORY NO. 8:**

26        Wu incorporates herein by reference the General Objections set forth above.  Without

27  waiving said objections, and subject thereto, Wu contends that WSB caused Wu mental anguish

28  by, *inter alia*, calling her and accusing her of criminal actions when in fact the over-crediting of

1146872                                                      5

1  Wu's account was solely due to the negligence of WSB, WSB's security manager visited Wu's

2  apartment, pounded on her door, and attempted to peer through the windows and left

3  threatening letters, WSB accused Wu's son of misappropriating the funds mistakenly credited to

4  Wu's account by WSB, WSB repeatedly harassed Wu's son and his family for something that

5  they had absolutely no connection with or responsibility for, WSB repeatedly attempted to

6  serve legal papers on Wu's son and his family, WSB repeatedly called Wu and accused her of

7  intentionally misappropriating WSB's funds and of committing crimes, WSB accused Wu of

8  committing a crime and reported her to the Palo Alto Police Department, WSB threatened to

9  have Wu arrested and incarcerated, all due to her inability to immediately repay the funds

10  mistakenly credited to her account by WSB; additionally, Ms. Wu has suffered emotional

11  distress due, *inter alia*, to the loss and estrangement of her relationship with her son, daughter-

12  in-law, and granddaughter, and Ms. Wu has suffered mental anguish, anxiety, loss of appetite,

13  loss of sleep, and has caused and/or aggravated her physical illness.

14  **RESPONSE TO INTERROGATORY NO. 9:**

15       Wu objects to this interrogatory on the grounds that it seeks information that is not

16  relevant to the subject matter of the pending action nor reasonably calculated to lead to the

17  discovery of admissible evidence.

18  **RESPONSE TO INTERROGATORY NO. 10:**

19       Wu objects to this interrogatory on the grounds that it seeks information that is not relevant

20  to the subject matter of the pending action nor reasonably calculated to lead to the discovery of

21  admissible evidence. Without waiving the foregoing objection, and subject thereto, Wu attempted

22  on several occasions to make arrangements for a lump sum payment, with the remaining balance

23  to be paid over time, including offering WSB a $32,000 lump sum payment which would have

24  come from Wu's exempt IRA account and stocks held jointly with her son.

25  **RESPONSE TO INTERROGATORY NO. 11:**

26       Wu objects to this interrogatory on the grounds that it seeks information that is not relevant

27  to the subject matter of the pending action nor reasonably calculated to lead to the discovery of

28  admissible evidence. Further objection is made on the grounds that this interrogatory is

**DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND CROSS-
DEFENDANANT WORLD SAVINGS' SPECIAL INTERROGATORIES**

1  compound and/or conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

2  **RESPONSE TO INTERROGATORY NO. 12:**

3       Wu objects to this interrogatory on the grounds that it seeks information that is not relevant

4  to the subject matter of the pending action nor reasonably calculated to lead to the discovery of

5  admissible evidence. Further objection is made on the grounds that this interrogatory is

6  compound and/or conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

7  **RESPONSE TO INTERROGATORY NO. 13:**

8       N/A

9  **RESPONSE TO INTERROGATORY NO. 14:**

10       N/A

11  **RESPONSE TO INTERROGATORY NO. 15:**

12       Wu objects to this interrogatory on the grounds that it seeks information that is not

13  relevant to the subject matter of the pending action nor reasonably calculated to lead to the

14  discovery of admissible evidence. Further objection is made on the grounds that this

15  interrogatory is compound and/or conjunctive in violation of Code of Civil Procedure Section

16  2030.060(f). Further objection is made on the grounds that this interrogatory seeks to infringe

17  Wu's and her daughter's right to financial privacy as protected under Article I, Section 1 of the

18  California Constitution and the Constitution of the United States of America.

19  **RESPONSE TO INTERROGATORY NO. 16:**

20       Wu objects to this interrogatory on the grounds that it seeks information that is not relevant

21  to the subject matter of the pending action nor reasonably calculated to lead to the discovery of

22  admissible evidence. Further objection is made on the grounds that this interrogatory seeks to

23  infringe Wu's and her daughter's right to financial privacy as protected under Article I, Section 1

24  of the California Constitution and the Constitution of the United States of America.

25  **RESPONSE TO INTERROGATORY NO. 17:**

26       Wu objects to this interrogatory on the grounds that it is overly broad, vague, ambiguous,

27  burdensome and oppressive. With waving the foregoing objections, and subject thereto: The

28  most hurtful thing I am suffering is lost my son's relationship with me. I lost my daughter-in-

**DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND CROSS-DEFENDANANT WORLD SAVINGS' SPECIAL INTERROGATORIES**

1  law's respect. She and her entire family have unfriendly attitude toward me. Daughter-in-law is

2  5th generation in the United States. She had more than 40 family members who reside in San

3  Francisco, San Mateo, San Jose, and Eastbay area. The letter from World Savings really damaged

4  the relationship with my son' family. I cannot tell them what is happening. After the fight on the

5  phone they never call me any more. Even sometimes I try to invite them to my apartment for a

6  dinner and their attitude is very cold and they somehow find an excuse to not come. They use to

7  come over any time I invite them. Now they will not come at all, this really hurt my feelings. I

8  use to visit my daughter-in-law's grandparents (who is 95 years old) but now I am afraid to visit

9  her parents or her grandparents. They do not welcome me and I feel like they believe I am a

10 criminal so I feel like I lost face at front of them. Normally they invite me to their home for

11 Thanksgiving, Christmas and Chinese New Year. Sometimes family gathering dinner I was

12 always be invite too. But this year when Chinese New Year come, my daughter-in-law give a call

13 at first and tell me when they decided the place and the time then she will call me back. From

14 then on I never had a phone call so I never go to join the Chinese New Year party with them. This

15 is the first time I feel this hurt by my own family. Since my doctor told me I must stay with

16 family so somebody can take care me, this is when I finally I realized how much I have lost face

17 and I am not able to stay in San Jose any more.

18 **RESPONSE TO INTERROGATORY NO. 18:**

19      Wu objects to this interrogatory on the grounds that it is overly broad, vague,

20 ambiguous, overly burdensome and oppressive. Further objection is made on the grounds that

21 this interrogatory would necessitate the preparation or making of a compilation, abstract, audit

22 or summary of or from documents that are in the custody or control of both Wu and WSB. Wu

23 therefore refers to all statements of account, deposit slips, checks, and other evidence of

24 deposits or debits to accounts held by Wu at WSB.

25 **RESPONSE TO INTERROGATORY NO. 19:**

26      Wu objects to this interrogatory on the grounds that it is overly broad, vague,

27 ambiguous, burdensome and oppressive. Further objection is made on the grounds that this

28 interrogatory would necessitate the preparation or making of a compilation, abstract, audit or

1    summary of or from documents that are in the custody or control of both Wu and WSB.  Wu

2    therefore refers to all statements of account, deposit slips, checks, and other evidence of

3    deposits or debits to accounts held by Wu at WSB.

4    **RESPONSE TO INTERROGATORY NO. 20:**

5         Wu objects to this interrogatory on the grounds that Wu has never made this contention.

6    Wu has, in fact, attempted to make a lump sum payment to WSB and to pay the balance over

7    time, including making a $32,000 payment by liquidating her exempt IRA account and stock

8    held jointly with her son.  Wu is entitled to an offset for amounts not properly credited to her

9    account by WSB, and for the amounts alleged in Wu's affirmative defenses and cross-complaint

10   filed herein.

11   Dated:  December 20, 2006                                TERRA LAW LLP

12

13                                                          By:_____

14                                                          Breck E. Milde
                                                            Attorneys for Defendant Theresa T. Wu

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE  TO PLAINTIFF AND CROSS-
DEFENDANANT WORLD SAVINGS' SPECIAL INTERROGATORIES

## VERIFICATION

1  I, Theresa T. Wu, declare:

2  I am the defendant and cross-complainant in this action. I have read the foregoing

3  **DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO**

4  **PLAINTIFF AND CROSS-DEFENDANANT WORLD SAVINGS' SPECIAL**

5  **INTERROGATORIES**, and know its contents. The matters stated therein are true to the best

6  of my knowledge.

7  I declare under penalty of perjury under the laws of the State of California that the

8  foregoing is true and correct and that this Verification is executed on December ____, 2006 at

9  Jacksonville, Florida.

10

11  Theresa T. Wu

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed in the County of San Francisco; my business address is 685 Market Street, Suite 360, San Francisco, California 94105.

On January 25, 2007, I served the within:

**World Savings Motion For Order To Disqualify Attorney Milde**
**1. Notice of Motion**
**2. Memorandum of Points and Authorities**
**3. Declaration of Kevin M. Solan**
**4. Declaration of Ann Wagner**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Breck E. Milde, Esq.
Terra Law LLP
177 Park Avenue, Third Floor
San Jose, CA 95131

[X]    **BY MAIL:**    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date of postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]    **BY FAX:**    I caused such documents to be transmitted via facsimile to the stated parties at their respective facsimile numbers.

[ ]    **BY EXPRESS CARRIER:**  I caused such documents to be collected by an agent for [Name of Company] to be delivered to the offices of stated parties.

[ ]    **BY HAND DELIVERY:**  I hand delivered such documents to the stated parties.

[ ]    **BY E-MAIL:**    I caused such documents to be transmitted via e-mail to the stated parties at their respective e-mail addresses.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 25, 2007

_Tracy Brennan_
Tracy Brennan

EXHIBIT 11

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                        COUNTY OF SANTA CLARA
9

10  WORLD SAVINGS BANK,                      CASE NO. 1-06-CV-057468

11              Plaintiff,            DECLARATION OF ANN WAGNER
                                      IN SUPPORT OF MOTION TO
12  vs.                              DISQUALIFY COUNSEL FOR
                                      SABINA PRYCE-JONES
13  THERESA T. WU, et al.,

14              Defendants.

15

16                                          Date:    February 20, 2007
17  AND RELATED CROSS-ACTION                Time:    9:00 am.
                                            Dept.:   22
18

19                                          Case Filed: February 3, 2006
                                            Trial Date: TBD
20

21

22

23      I, ANN WAGNER, declare as follows:

24      1. I am an attorney admitted to practice in California. I am Vice President,

25  Savings Legal Counsel for plaintiff World Savings Bank, FSB.

26      2. In my capacity with World Savings Bank, I received the December 22, 2005,

27  letter from Breck Milde, attorney for Theresa Wu, to World Savings Bank's Division

28  Security Manager Ron Sheppard. A true and correct copy of that letter is attached hereto

1   as Exhibit A.

2        3. In his December 22, 2005, letter on behalf of Theresa Wu, Mr. Milde

3   acknowledges that Theresa Wu mistakenly received a credit for $90,000 more than she

4   actually deposited to a World Savings Bank account of hers; i.e., she deposited $10,000,

5   but erroneously received credit for $100,000. Mr. Milde also acknowledged Theresa Wu

6   transferred, the next day, all the funds in that account, $318,000 including the

7   erroneously-received $90,000, to an account held jointly with defendant Sabina Pryce-

8   Jones. The letter states that Sabina Pryce-Jones used the funds, including the $90,000

9   erroneously credited to Theresa Wu, to purchase real estate in Florida. The letter further

10  stated: "Ms. Wu no longer has custody or control over the funds, as they have been used

11  to purchase real estate in Florida."  Mr. Milde also represented that **"Ms. Wu cannot**

12  **return World Savings' money, since she no longer has it to return."** (emphasis

13  added)

14       3. On January 4, 2006, I wrote a letter to Breck Milde regarding World Savings

15  Bank's claim against his client, Theresa Wu, for the $90,000 that mistakenly had been

16  credited to her World Savings Bank account and subsequently transferred by her, along

17  with all her other funds on deposit with World Savings Bank, to an account she held

18  jointly with defendant Sabina Pryce-Jones. A true and correct copy of that letter is

19  attached hereto as Exhibit B. In that letter I stated that World Savings Bank was

20  demanding repayment of the entire sum of $90,000 by cashier's check delivered by

21  January 31, 2006.

22       4. On February 1, 2006, I received a letter from Breck Milde, Esq., dated January

23  31, 2006, in response to my letter of January 4, 2006. A true and correct copy of that

24  ///

25  ///

26  ///

27  ///

28  ///

1  letter is attached as C.

2       5. Mr. Milde's January 31, 2006, letter on behalf of Theresa Wu, acknowledges

3  that Sabina Pryce-Jones received and used the $90,000 mistakenly credited to the World

4  Savings Bank account of Theresa Wu. That letter also represented that Theresa Wu could

5  not repay the $90,000 she received from World Savings Bank and could repay only

6  $32,000 with a promise to repay the balance over time.

7       I declare under penalty of perjury under the laws of the State of California that the

8  foregoing is true and correct and that this declaration is executed on the 25th day of

9  January 2007, at Oakland, California.

10

11                                        Ann Wagner

12                                        Vice President, Savings Legal Counsel
                                          World Savings Bank, FSB

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Solan &
Park, LLP

DECLARATION OF ANN WAGNER IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL

– 3 –

# EXHIBIT A



# TERRA LAW LLP

December 22, 2005

VIA FACSIMILE and U.S. MAIL

Ron Sheppard
Division Security Manager
World Savings
1360 Mt. Diablo Boulevard
Walnut Creek CA 94596

Re:   <u>Theresa Wu — World Savings Bank Account #573278925</u>

Dear Mr. Sheppard:

I represent Theresa Wu. I am writing in response to your letter dated November 17, 2005, directed to Mrs. Wu regarding the above-referenced account. Please direct all further communications concerning this matter to me.

You are instructed to immediately cease your communications directed to Ms. Wu and/or her relatives, and you are further immediately advised to withdraw any criminal complaint that World Savings may have filed against Ms. Wu.

Ms. Wu is not fluent in English, and this may have contributed to the apparent misunderstanding that World Savings is currently operating under. Ms. Wu is the mother of Sabina Pryce-Jones, Mrs. Pryce-Jones resides in Florida, and is an investor in real properties which she buys at auction. In order to purchase the properties, Mrs. Pryce-Jones is required to have sufficient cash or cash-equivalents necessary to purchase the properties at the time of sale.

Due to the nature of her business, Mrs. Pryce-Jones maintains significant cash reserves in high-yield savings accounts or short-term certificates of deposit in various financial institutions. Ms. Wu holds and manages Mrs. Pryce-Jones' funds until they are needed to fund the purchase of real estate.

On or about October 17, 2005, Ms. Wu deposited the proceeds of a number of accounts that she managed on behalf of Mrs. Pryce-Jones into Ms. Wu's account at World Savings. As World Savings acknowledges, one of the deposits was mistakenly coded, resulting in a $100,000 credit to the account instead of a $10,000 credit. The next day, Ms. Wu wire transferred the funds in the account, approximately $318,000, to a joint account held by her and her daughter at Bank of America in Florida. The next day, these funds were used by Mrs. Pryce-Jones to purchase real estate in Florida.

Ms. Wu did not take any action to close her account at World Savings. World Savings demanded that she close the account, as well as her safe deposit box, because she did not have sufficient funds on deposit.

60 South Market Street, Suite 200  ◆  San Jose, CA  95113  ◆  408.286.7325  ◆  Fax: 408.998.4895

Mr. Sheppard
December 22, 2005
Page 2

TERRA LAW LLP

Ms. Wu was not aware of the fact that World Savings had over-credited her account by $90,000 until several weeks after the mistake occurred and the funds had left her account. Neither Ms. Wu nor Ms. Pryce-Jones knew that the funds that were wire transferred into their joint account included $90,000 that was mistakenly credited to Ms. Wu's account. Ms. Wu no longer has custody or control over the funds, as they have been used to purchase real estate in Florida.

As you should be aware, there can be no crime without an intent to steal or appropriate property of another and to permanently deprive the other of its possession. (See, e.g., People vs. Turner (1968) 267 Cal.App.2d 440.) Ms. Wu had no intent to take or misappropriate World Savings' property. Ms. Wu trusted World Savings to accurately credit her account for the amount of the deposit that she made, and was unaware of the fact that World Savings negligently failed to do so. Ms. Wu cannot return World Savings' money, since she no longer has it to return.

You should be aware that Ms. Wu is an elderly woman, and has serious health problems. She is currently under a doctor's care. In fact, she apparently suffered a minor stroke the day after you called her and accused her of stealing World Savings' money.

You should also be aware that World Saving's harassment of Ms. Wu and members of her family may be in violation of the federal and/or California Fair Debt Collection Practices Acts. Should World Savings continue to pursue unwarranted criminal prosecution, World Savings, and the responsible individuals, may be held liable for malicious prosecution, or abuse of process. Finally, should World Savings' conduct continued unabated, and should Ms. Wu suffer mental or physical damage as a result, World Savings may be held liable for intentional and/or negligent infliction of emotional distress.

As discussed above, Ms. Wu had no intent to steal or misappropriate World Saving's property. She does wish to resolve this matter with World Savings, and will agree to execute a promissory note and to make payments within a reasonable period of time.

Please contact me at your earliest convenience.

Very truly yours,

TERRA LAW LLP

Breck E. Milde

BEM:nf
cc:     Theresa Wu
00010/T014/1140650

# EXHIBIT B

 **WORLD SAVINGS**

Via Facsimile (408) 998-4895

January 4, 2006

Breck E. Milde, Esq.
Terra Law, LLP
60 South Market Street, Suite 200
San Jose, CA 95113

Re:    Your Client Theresa Wu

Dear Mr. Milde:

We have been discussing the claim that World Savings Bank, FSB ("World") has against
your client Theresa Wu for return of $90,000.00 credited in error to her World account
No. 673278925 ("the account"). The claim arose when Ms. Wu deposited a $10,000.00
check to the account on October 17, 2005, but was incorrectly given credit for
$100,000.00 due to a teller error. On the following day, October 18, 2005, Ms. Wu wired
the balance in the account, including the erroneous $90,000.00, to her joint account
with her daughter Sabina Pryce-Jones at Bank of America Military Bank in San Antonio,
Texas. World's security manager subsequently investigated the $90,000.00 loss and
contacted Ms. Wu by telephone and letter to request repayment.

I thank you for contacting World on behalf of Ms. Wu. We have been discussing a way to
resolve World's claim. Today I am responding to your client's offer to settle the claim by
paying $10,000.00 immediately and giving World a promissory note for the remaining
$80,000.00. Unfortunately that offer is unacceptable to World and is rejected.

World is basing its position on the information in the records of the wire transfer, as well
as the information in your letter of December 22, 2005. We understand that Ms. Wu
holds and manages funds for her daughter, who is an investor in real properties which
she buys at auction. The funds wired by Ms. Wu from her World account on October 18
were used the next day by Mrs. Pryce-Jones to purchase real estate in Florida. If we
have misinterpreted any of the information in your letter, please advise me.

It appears Ms. Pryce-Jones received $90,000.00 more than she had on deposit in bank
accounts managed by Ms. Wu, and $90,000.00 more than she needed to close the real
estate transaction, but did not notice the excess. We conclude that she is benefiting
from use of the money, and has substantial equity in the Florida property she purchased
with World's funds.

1901 Harrison Street
Oakland, California 94612-3587
510.446.6000

Breck E. Milde, Esq.
January 4, 2006
Page 2


To be sure we are considering all possible options for recovery, we have discussed this case with litigation counsel in Florida. Among the remedies suggested were providing Mrs. Pryce-Jones with a notice of civil theft under Florida statues section 772.11. We were advised that a civil theft claim, if successful, could result in an award of treble damages. World could also ask for imposition of a constructive trust on Mrs. Pryce-Jones' property. While litigation is not a desirable way to resolve this claim, World may have no alternative if the $90,000.00 is not quickly returned.

You have indicated that Ms. Wu and her family are reviewing the resources available to them to repay World. We would certainly encourage that, and of course I remain willing to discuss resolution of this claim. However, please advise your client that World is demanding repayment of the entire sum of $90,000.00 by cashier's check delivered to the undersigned by the close of business on January 31, 2006.

Thank you for your ongoing courtesies.

Very truly yours,

Ann Wagner
VP, Savings Legal Counsel



cc:    C. Watkins, Group Manager, Security

# EXHIBIT C



# TERRA LAW LLP

Breck E. Milde
Partner

January 31, 2006

Ann Wagner
Legal Counsel
World Savings Bank, FSB
1901 Harrison Street
Oakland, Ca 94612-3587

Re:    <u>Theresa Wu</u>

Dear Ms. Wagner:

I am writing in response to your letter of January 4, 2006. As we have discussed in our telephone conversations, my client, Theresa Wu, although she is suffering from a debilitating neurological condition, Parkinson's Syndrome, has been attempting to raise funds to repay the $90,000 that World Savings erroneously credited to her account. World Savings previously rejected Ms. Wu's offer to immediately pay $10,000, and to execute a promissory note to repay the remaining balance over a reasonable period of time.

Ms. Wu has been reviewing transaction records pertaining to her prior accounts at World Savings, and she has discovered that World Savings failed to properly or fully credit interest and deposits that she has made. Any settlement will of course involve a credit for these amounts.

In your January 4, 2006 letter, you indicated that World Savings was contemplating filing a civil theft claim against Ms. Wu's daughter, Sabina Pryce-Jones, under Florida Statutes, section 772.11. I have reviewed this statute, and have determined that Ms. Pryce-Jones may not be held liable to World Savings under this authority. Section 772.11 requires a plaintiff to meet a heightened standard of proof, i.e., "clear and convincing evidence." The Bank must show that Ms. Pryce-Jones obtained the Bank's money with a "felonious intent to commit theft." *See Ames v. Provident Life and Accident Ins. Co.*, 942 F. Supp. 551 (S.D. Fla. 1994).

The Bank will not be able to prevail under this theory because neither Ms. Wu nor Ms. Pryce-Jones had knowledge that World Savings had negligently over-credited Ms. Wu's account, or that any portion of the funds in question belonged to the Bank at the time they were used to purchase real estate. However, if the Bank does bring a claim under section 772.11 and the court determines that the claim is without substantial factual or legal support, Ms. Pryce-Jones would

60 South Market Street, Suite 200  □  San Jose, CA 95113  □  408.238.7325  □  Fax: 408.998.4895

Ms. Wagner
January 31, 2006
Page 2

TERRA LAW LLP

be entitled to recover her attorney's fees and court costs incurred in defending herself. *See Ciarallo v. D'Ambra*, 613 So. 2d 1324 (1991).

You are also mistaken in a factual assumption stated in your letter. Ms. Pryce-Jones does not have "$90,000 more than she needed to close the real-estate transaction." Even with the additional money, Ms. Pryce-Jones did not have sufficient cash to purchase the real estate in question, but was required to borrow funds in order to do so.

That being said, I do not believe that litigation against either Ms. Wu or Ms. Pryce-Jones would be appropriate, or cost-effective. I understand that, in addition to the $10,000 CD that Ms. Wu is prepared to liquidate, she also has deposits and stock holdings worth approximately $22,000 that she is also prepared to liquidate and pay to the Bank. Thus, a total of approximately $32,000 in cash would be immediately payable to the Bank, and the remaining balance would be repaid over a reasonable period of time.

Please advise me if World Savings is prepared to resolve this matter as discussed above.

Very truly yours,

TERRA LAW LLP

Breck E. Milde

BEM:nf
cc:   Theresa Wu

4190.002/1141293

## PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed in the County of San Francisco; my business address is 685 Market Street, Suite 360, San Francisco, California 94105.

On January 25, 2007, I served the within:

**World Savings Motion For Order To Disqualify Attorney Milde**
   **1. Notice of Motion**
   **2. Memorandum of Points and Authorities**
   **3. Declaration of Kevin M. Solan**
   **4. Declaration of Ann Wagner**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Breck E. Milde, Esq.
Terra Law LLP
177 Park Avenue, Third Floor
San Jose, CA 95131

[X]    **BY MAIL:**   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date of postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]    **BY FAX:**    I caused such documents to be transmitted via facsimile to the stated parties at their respective facsimile numbers.

[ ]    **BY EXPRESS CARRIER:** I caused such documents to be collected by an agent for [Name of Company] to be delivered to the offices of stated parties.

[ ]    **BY HAND DELIVERY:** I hand delivered such documents to the stated parties.

[ ]    **BY E-MAIL:**  I caused such documents to be transmitted via e-mail to the stated parties at their respective e-mail addresses.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 25, 2007

Tracy Brennan

Solan & Park LLP

EXHIBIT 12

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California  94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11 WORLD SAVINGS BANK,                      CASE NO. 1-06-CV-057468

12                Plaintiff,
                                            WORLD SAVINGS' OPPOSITION
13 vs.                                      TO SABINA PRYCE-JONES'
                                            MOTION TO QUASH SERVICE OF
14 THERESA T. WU, et al.,                   PROCESS

15                Defendants.

16                                          Date:  February 20, 2007
                                            Time:  9:00 am.
17 AND RELATED CROSS-ACTION                 Dept.:  22

18

19

20        Defendant Sabina Pryce-Jones — having used California resident Theresa Wu as

21 her agent and trustee in California to manage her investment funds from California  and

22 thus purposefully availing herself of the benefits and protections of California law, and

23 having directed Ms. Wu to transfer all of her funds from California to their joint account

24 in Texas, including $90,000 acquired in California to which Ms. Pryce-Jones has no right

25 or claim — now contends that she lacks sufficient minimum contacts with this state to

26 satisfy due process for an action in California to recover World Savings' money.  A fair

27 statement of the issue compels denial of her motion to quash service.

28

# FACTS

1

2    The declaration of Ms. Pryce-Jones and the judicial admissions in Ms. Wu's cross-

3    complaint furnish more than ample facts requiring the denial of the motion to quash.

4    Significantly, however, Ms. Wu has refused so far to answer World Savings' Special

5    Interrogatories that concerned her management of funds for Ms. Pryce-Jones. Ms. Wu

6    objected, on grounds of relevance and "right to financial privacy," to World Savings'

7    effort to discover the communications between them and the identity of the accounts and

8    the use of the funds Ms. Wu managed for Ms. Pryce-Jones. (See Exh. A to Decl. of

9    Kevin Solan Decl., Special Interrogatories Nos. 12 through 16 and Responses thereto.)

10   The only discovery given by Ms. Wu on the subject was her response to World Savings'

11   Request for Admission No. 4:

12           REQUEST FOR ADMISSION NO. 4: Admit that you were
             managing funds for Sabina Pryce-Jones that she used for investment
13           purposes.

14
             RESPONSE TO REQUEST NO. 4: Wu admits that she sometimes
15           uses her daughter's funds to open high interest accounts and to obtain gifts
16           and other benefits from the institutions at which such funds are deposited.
             Wu's daughter does not direct Wu in her choice of institutions in which to
17           invest her funds. Such funds are to be kept in liquid form so that she may
             use them when needed.
18
             (Exh. B to Solan Decl., Request for Admissions and Responses thereto.)
19

20

21   However, Ms. Wu's cross-complaint reflects a different story in factual assertions

22   that function as judicial admissions by her: "5. As of October 2005, Ms. Wu maintained

23   certain deposit accounts and certificates of deposit with World. Ms. Wu managed certain

24   funds on behalf of her daughter, Sabina Pryce-Jones . . . , and the funds on deposit in Ms.

25   Wu's accounts included Sabina's funds that were being managed by Ms. Wu on her

26   behalf. [¶] 6. On or about October 14, 2005, Ms. Wu received a telephone call from

27   Sabina, who is a resident of the State of Florida, and who advised her mother that she was

28   in contract to purchase a parcel of real estate in Florida, and had an immediate need for

1    *the funds that Ms. Wu managed for her in California* in order to fund the purchase of

2    the real estate." (Exh. C to Solan Decl., Cross-complaint, p. 2, emphasis added.)

3         At the start of October 2005, Ms. Wu had four accounts in her name with World

4    Savings. Two accounts were in the name of Theresa Wu as trustee for Sabina Pryce

5    Jones, including the checking account (the "8925 account") that was erroneously credited

6    with the extra $90,000. Two accounts were solely in Ms. Wu's name; one payable on her

7    death to Ms. Pryce-Jones, the other payable on her death to her son, Peter Wu, and Ms.

8    Pryce-Jones. Interest income on the accounts was reported by World Savings as Ms.

9    Wu's income. (Decl. of Sandy Olsen, p. 2, ¶3.) Nevertheless, it is clear that Ms. Pryce-

10   Jones considered the money that Ms. Wu managed for her to be her own and not Ms.

11   Wu's. (See Exh D. to Solan Decl., Decl. of Pryce-Jones, p. 2, ¶ 3 ("[Ms. Wu] holds and

12   manages my funds . . . .").)

13        On October 17, 2005, Ms. Wu deposited $10,000 into one of her World Savings

14   accounts, the 8925 account. The deposit was mistakenly credited by World Savings as a

15   $100,000 deposit to Ms. Wu's account. (Cross-complaint, p. 2, ¶ 7.) Ms. Wu admits that

16   she was not entitled to the additional $90,000 mistakenly credited to her account. (Exh. B

17   to Solan Decl, Requests for Admission No. 2 and Response thereto.)

18        The next day, October 18th, Ms. Wu went to the Palo Alto Branch of World

19   Savings and requested that the remaining balances for all of her accounts be consolidated

20   in the 8925 account and that the funds be wire transferred to a joint account she held with

21   her daughter at a Bank of America branch in Texas. (Cross-complaint, p. 3, ¶10; see

22   Decl. of Olsen, pp. 2-3, ¶4.) The withdrawal of all funds from all of her World Savings'

23   accounts caused Ms. Wu to incur an early withdrawal penalty of $799.00. (Decl. of

24   Olsen, p. 2, ¶4.)

25        According to Ms. Wu, she took those actions because the day before, after making

26   her deposit and getting the erroneous extra $90,000, "Ms. Wu spoke with Sabina, who

27   advised her that she needed the funds to be wire transferred to her as soon as possible."

28

1  (Cross-complaint, p. 3, ¶ 9.)  The amount wired to the Texas account totaled about

2  $319,388, including the additional $90,000 mistakenly credited to Ms. Wu's deposit.

3  (Decl. of Olsen, p. 2-3, ¶4.)  Consequently, Ms. Pryce-Jones received that sum instead of

4  the $229,000 that actually belonged in Ms. Wu's accounts.  Ms. Pryce-Jones immediately

5  used the funds, including World Savings' money, "for investment purposes." (Decl. of

6  Pryce-Jones, p. 2, ¶2.)

7       Ms. Pryce-Jones declares, of her personal knowledge,  that at all relevant times

8  Ms. Wu "was a resident of the State of California, and she deposited funds that she

9  managed for me in various high-yield accounts. [Ms. Wu] holds and manages my funds,

10  and the funds were to be made available to me on short notice for use in real estate and

11  other investments that I make from time to time in the state of Florida.  I had no input into

12  which accounts, or which institutions, the funds would be deposited." (Pryce-Jones

13  Decl., p. 2, ¶ 3.)  However, Ms. Pryce-Jones also knew that "[Ms. Wu's] account at

14  [World Savings] was *one of several accounts that [Ms. Wu] handled for me in*

15  *California.*" (*Id.* at p. 2, ¶ 2, italics added.)

16

17                              **DISCUSSION**

18       California courts may exercise personal jurisdiction "on any basis consistent with

19  the Constitutions of California and the United States. [Citation.]" (*Pavlovich v. Superior*

20  *Court* (2002) 29 Cal.4th 262, 268.) ("*Pavlovich*")  "In order to satisfy due process

21  requirements, the defendant must have 'minimum contacts' with the forum state such that

22  the maintenance of the suit 'does not offend the "traditional notions of fair play and

23  substantial justice.""" (*F. Hoffman-La Roche v. Superior Court* (2005) 130 Cal.App.4th

24  782, 795, quoting *Internat. Shoe Co. v. Washington* (1945) 326 U.S. 310, 316.)

25       Personal jurisdiction may be either general or specific. (*Vons Companies, Inc. v.*

26  *Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445.)  When an individual's contacts with the

27  forum state are sufficiently substantial, continuous, and systematic, it is not necessary that

28

1 the claim against the person be connected to that person's forum contacts. (*Ibid.*)

2 Continuous and systematic contacts can include such activities as maintaining an office

3 and employees in the forum and use of forum bank accounts. (See *Helicopteros*

4 *Nacionales de Colombia v. Hall* (1984) 466 U.S. 408, 415.)

5      Specific jurisdiction results when the defendant's contacts with the forum state,

6 although not so pervasive as to subject the defendant to the general jurisdiction of the

7 forum, are nonetheless sufficient to subject the defendant to suit in the forum on a cause

8 of action related to or arising out of those contacts. (*AT&T Co. v. Compagnie Bruxelles*

9 *Lambert* (9th Cir. 1996) 94 F.3d 586, 588.)   Specific jurisdiction exists if: (1) the

10 defendant has purposefully availed herself or himself of forum benefits; (2) the

11 controversy is related to or arises out of the defendant's contacts with the forum; and (3)

12 the assertion of jurisdiction would comport with fair play and substantial justice.

13 (*Pavlovich, supra*, 29 Cal.4th at p. 269.)

14      Here there can be no question that Ms. Pryce-Jones continuously and

15 systematically used Ms. Wu as her agent and trustee for short-term, high-yield

16 investments of Ms. Pryce-Jones' monies.  Although the monies nominally were held in

17 Ms. Wu's name, and Ms. Wu selected the particular financial institutions, Ms. Pryce-

18 Jones plainly was in control of the type of investment because "the funds were to be made

19 available to me on short notice for use in real estate or other investments that I make from

20 time to time in the state of Florida." (Pryce-Jones Decl., p. 2, ¶ 3.)  Ms. Pryce-Jones

21 purposefully entrusted her money to a California resident to manage and invest, and she

22 knew that her money was being held in several accounts in California. (*Id.* at p. 2, ¶2.)

23 Consequently, Ms. Pryce-Jones had the benefit of California law to protect her interest in

24 those monies as the beneficiary of the trust accounts or if Ms. Wu became incapacitated

25 or an ownership dispute arose as to the other accounts.

26      Nor can there be any question that the tort of conversion alleged in World Savings'

27 First Amended Complaint is intimately related to and arises out of Ms. Pryce-Jones' use

28 of a California  resident as the manager of her investment funds in a California bank.  Ms.

1  Pryce-Jones issued the instructions to Ms. Wu to aggregate all of her funds from all of her

2  accounts, even at the expense of a substantial early withdrawal penalty, and to wire them

3  from California to Texas the day after a deposit to one account was mistakenly credited

4  with an extra $90,000.  Ms. Pryce-Jones then spent the $319,388, a sum that was nearly

5  40% more than she presumably expected to receive.

6      Consequently, there is nothing "'random,' 'fortuitous,' or 'attenuated'" about Ms.

7  Pryce-Jones' contacts with California in connection with her receipt from California of

8  the monies managed for her in California by a California resident.  (Cf. *Pavlovich, supra,*

9  29 Cal.4th at p. 269.)  Furthermore, she is not called to answer in California because of

10  someone else's unilateral actions, but because her instructions to Ms. Wu in California

11  caused the money to be sent out of California.  (*Ibid.*)  Moreover, it would be absurd for

12  Ms. Pryce-Jones to assert that she could not have anticipated that she might have to

13  appear in a California court when she knew she had hundreds of thousands of dollars

14  deposited in a California bank in the name of a California resident.

15      Finally, there is nothing unfair or inimical to substantial justice in requiring Ms.

16  Pryce-Jones to answer in California for the money she had no right to receive from a

17  California bank.  The money was sent out of California upon Ms. Pryce-Jones'

18  instructions.  She should not now be heard to complain if her attempts to keep that money

19  out of reach of its rightful owner are subject to the jurisdiction of a California court.

20                        **CONCLUSION**

21      For the foregoing reasons, and those to be presented at the hearing on the motion,

22  the motion of Sabina Pryce-Jones to quash the service of the summons on her must be

23  denied.

24  DATED: February 2, 2007              SOLAN & PARK LLP

25

26                          By: _Kevin M. Solan_

27                          Kevin M. Solan
                            Attorney for Plaintiff and Cross-defendant

28                          World Savings Bank FSB

## PROOF OF SERVICE

1

2    I, the undersigned, hereby declare:

3    I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed in the County of San Francisco; my business address is 685
4    Market Street, Suite 360, San Francisco, California 94105.

5    On February 2, 2007, I served the within:

6        **1. World Savings' Opposition to Sabina Pryce-Jones' Motion to Quash**
       **Service of Process**
7

8        **2. Declaration of Kevin M. Solan In Opposition to Motion to Quash Service**
       **on Defendant Sabina Pryce-Jones**

9        **3. Declaration of Sandy Olsen In Opposition to Motion to Quash Service on**
       **Defendant Sabina Pryce-Jones**

10
    on all parties in this action, as addressed below, by causing a true copy thereof to be
11    distributed as follows:

12    Breck E. Milde, Esq.
    Terra Law LLP
13    177 Park Avenue, Third Floor
    San Jose, CA 95131
14

15    [X]    **BY MAIL:**    I am "readily familiar" with the firm's practice of collection and
                    processing correspondence for mailing. Under the practice it would
16                        be deposited with the U.S. Postal Service on that same day with
                    postage thereon fully prepaid in the ordinary course of business. I am
17                        aware that on motion of the party served, service is presumed invalid
                    if the postal cancellation date of postage meter date is more than one
18                        day after date of deposit for mailing an affidavit.

19    [ ]    **BY FAX:**    I caused such documents to be transmitted via facsimile to the stated
                    parties at their respective facsimile numbers.
20

21    [ ]    **BY EXPRESS CARRIER:**  I caused such documents to be collected by an
                             agent for [Name of Company] to be delivered to
22                   the offices of stated parties.

23    [ ]    **BY HAND DELIVERY:**  I hand delivered such documents to the stated parties.

24    [ ]    **BY E-MAIL:**    I caused such documents to be transmitted via e-mail to the
                    stated parties at their respective e-mail addresses.

25    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

26    Dated: February 2, 2007

27                                      _____
                                   Loni Myers

28

Nolan & Park LLP

29

EXHIBIT 13

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
               COUNTY OF SANTA CLARA
9

10 WORLD SAVINGS BANK,                          CASE NO. 1-06-CV-057468

11                 Plaintiff,          DECLARATION OF SANDY OLSEN
                                       IN OPPOSITION TO MOTION TO
12 vs.                                 QUASH SERVICE ON DEFENDANT
                                       SABINA PRYCE-JONES
13 THERESA T. WU, et al.,

14                 Defendants.

15

16

17 AND RELATED CROSS-ACTION              Date:   February 20, 2007
                                         Time:   9:00 am.
18                                       Dept.:  22

19                                       Case Filed: February 3, 2006
                                         Trial Date: TBD
20

21     I, SANDY OLSEN, declare as follows:

22     1. I am a Vice President of plaintiff World Savings Bank, FSB ("World Savings").

23 I make this declaration of my personal knowledge of the matters stated below.

24     2. In my capacity with World Savings, I have reviewed the account records for

25 defendant Theresa Wu, formerly a customer of World Savings, and I am familiar with

26 their contents. These records are maintained by World Savings in the ordinary course of

27 business and reflect the opening of each account with World Savings by Ms. Wu, the

28 transactions in those accounts and instructions by Ms. Wu to World Savings.

1 & Park LLP    DECLARATION OF SANDY OLSEN IN OPPOSITION TO MOTION TO QUASH SERVICE ON PRYCE-JONES

3. At the beginning of October 2005, Ms. Wu had four accounts in her name with World Savings. Two accounts were in Ms. Wu's name as trustee for Sabina Pryce-Jones, including a checking account (the "8925 account") and a six-month CD account. Ms. Wu had two other certificate of accounts in her name; one designated as being payable to Sabina Pryce-Jones in the event of Ms. Wu's death, the other payable to Peter Wu, Ms. Wu's son, and Ms. Pryce-Jones in the event of Ms. Wu's death. Interest income on these accounts was reported to the Internal Revenue Service as having been paid to Ms. Wu.

3. On October 17, 2005, Ms. Wu deposited funds to the 8925 account at the San Jose Berryessa branch of World Savings in San Jose, California. The item deposited by Ms. Wu was in the form of a Washington Mutual Bank check in the amount of $10,000.00 The amount of that item was mistakenly entered and Ms. Wu's account was credited with $100,000 instead of $10,000 for that item. The $90,000 error was not discovered immediately by World Savings and as a result, the balance in the 8925 increased to approximately $164,000.

4. On October 18, 2005, Ms. Wu closed all of her accounts with World Savings. She directed a teller at the Palo Alto branch of World Savings to transfer all of the funds in her accounts to the 8925 account, and then directed World Savings to transfer the balance of the 8925 account by wire transfer to an account held jointly by Ms. Wu and Sabina Pryce-Jones at the Bank of America Military Bank in San Antonio, Texas. The closing of one of certificate of deposit accounts caused Ms. Wu to incur an early withdrawal penalty of $799. The amount transferred from World Savings in California to the Bank of America Military Bank in Texas was approximately $319,388, and included the $90,000 erroneously credited to the 8925 account the day before.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on the 2nd day of February 2007, at Oakland, California.

Sandy Olsen, Vice President
World Savings Bank, FSB

## PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed in the County of San Francisco; my business address is 685 Market Street, Suite 360, San Francisco, California 94105.

On February 2, 2007, I served the within:

1. **World Savings' Opposition to Sabina Pryce-Jones' Motion to Quash Service of Process**

2. **Declaration of Kevin M. Solan In Opposition to Motion to Quash Service on Defendant Sabina Pryce-Jones**

3. **Declaration of Sandy Olsen In Opposition to Motion to Quash Service on Defendant Sabina Pryce-Jones**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Breck E. Milde, Esq.
Terra Law LLP
177 Park Avenue, Third Floor
San Jose, CA 95131

[X] **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date of postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ] **BY FAX:** I caused such documents to be transmitted via facsimile to the stated parties at their respective facsimile numbers.

[ ] **BY EXPRESS CARRIER:** I caused such documents to be collected by an agent for [Name of Company] to be delivered to the offices of stated parties.

[ ] **BY HAND DELIVERY:** I hand delivered such documents to the stated parties.

[ ] **BY E-MAIL:** I caused such documents to be transmitted via e-mail to the stated parties at their respective e-mail addresses.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: February 2, 2007

_____
Loni Myers

Ian & Park LLP

32

EXHIBIT 14

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California  94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
                    COUNTY OF SANTA CLARA
9

10  WORLD SAVINGS BANK,                    CASE NO. 1-06-CV-057468

11              Plaintiff,            DECLARATION OF KEVIN SOLAN
                                     IN OPPOSITION TO MOTION TO
12  vs.                              QUASH SERVICE ON DEFENDANT
                                         SABINA PRYCE-JONES
13  THERESA T. WU, et al.,

14              Defendants.

15

16
                                     Date:    February 20, 2007
17  AND RELATED CROSS-ACTION          Time:    9:00 am.
                                     Dept.:   22
18

19                                   Case Filed:  February 3, 2006
                                     Trial Date:  TBD
20

21       I, KEVIN M. SOLAN, declare as follows:

22       1.  I am an attorney admitted to practice in California.  I am counsel of record in

23  this action for plaintiff World Savings Bank, FSB ("World Savings").

24       2.  Attached hereto as Exhibit A are true and correct copies of the Special

25  Interrogatories I propounded to defendant Theresa Wu on behalf of plaintiff World

26  Savings, and the Responses to those interrogatories served upon me by defendant's

27  counsel.

28       3.  Attached hereto as Exhibit B are true and correct copies of the Requests for

Ian & Park, LLP    DECLARATION OF KEVIN SOLAN IN OPPOSITION TO MOTION TO QUASH SERVICE ON PRYCE-JONES

1   Admissions that I propounded to defendant Theresa Wu on behalf of plaintiff World

2   Savings, and the Responses to those requests for admissions served upon me by

3   defendant's counsel.

4       4.  Attached hereto as Exhibit C is a true and correct copy of the Cross-complaint

5   filed in this action by defendant and cross-complainant Theresa Wu

6       4.  Attached hereto as Exhibit D is a true and correct copy of the Declaration of

7   Sabina Pryce-Jones filed in this action in support of her motion to quash the service of the

8   summons upon her.

9       I declare under penalty of perjury under the laws of the State of California that the

10  foregoing is true and correct and that this declaration is executed on the 2nd day of

11  February 2007, at San Francisco, California.

12

13

14  _____

15  Kevin M. Solan

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California  94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SANTA CLARA

10  WORLD SAVINGS BANK,               )        CASE NO. 1-06-CV-057468
                                      )
11            Plaintiff,              )
                                      )     **WORLD SAVINGS' FIRST SET**
12  vs.                               )     **OF SPECIAL INTERROGATORIES TO**
                                      )     **WU**
13  THERESA T. WU, et al.,            )
                                      )
14            Defendants.             )
                                      )
15  ────────────────────────────     )
                                      )
16  AND RELATED CROSS-COMPLAINT       )

17

18

19  RESPONDING PARTY:        Theresa T. Wu

20  PROPOUNDING PARTY:       World Savings Bank, FSB ("World Savings")

21  SET NO.:                 ONE

22

23                        <u>Instructions</u>

24       1.  Within thirty (30) days after you are served with these interrogatories, you must

25  serve your response on the asking party and serve copies of your responses on all other

26  parties to the action who have appeared.

27       2.  Each answer must be as complete and straightforward as the information

28  reasonably available to you permits.  If an interrogatory cannot be answered completely,

1    answer it to the extent possible.

2        3. If you do not have enough personal knowledge to fully answer an interrogatory,

3    say so, but make a reasonable and good faith effort to get the information by asking other

4    persons or organizations.

5        4. Whenever an interrogatory may be answered by referring to a document, the

6    document may be attached as an exhibit to the response and referred to in the response. If

7    the document has more than one page, refer to the page and section where the answer to

8    the interrogatory can be found.

9        5. When an address and telephone number for the same person are requested in

10    more than one interrogatory, you are required to furnish these in answering only the first

11    interrogatory asking for that information.

12        6. Your answers to these interrogatories must be verified, dated and signed. You

13    may wish to use the following form at the end of your answers: "I declare under penalty

14    of perjury under the laws of the State of California that the foregoing answers are true and

15    correct."

16                      **Definitions**

17       The following terms and phrases shall have the following meanings when used in

18    these interrogatories.

19        A. "DOCUMENT" means a writing, as defined in Evidence Code Section

20    250, and includes the original or a copy of handwriting, typewriting, printing, photostats,

21    photographs, e-mail, and every other means of recording upon any tangible thing and

22    form of communicating or representation, including letters, words, pictures, sounds or

23    symbols, or combination of them.

24               **SPECIAL INTERROGATORIES**

25    <u>SPECIAL INTERROGATORY NO. 1:</u>

26    State all facts that you contend support any claim by you that World Savings acted

27    unreasonably in seeking the return of its $90,000.00 that was mistakenly credited to your

28    account.

1  SPECIAL INTERROGATORY NO. 2:

2  State all facts that you contend support any claim by you that World Savings engaged in

3  outrageous conduct with the intent to cause you severe mental, physical and emotional

4  distress.

5

6  SPECIAL INTERROGATORY NO. 3:

7  State all facts that you contend support your claim that World Savings engaged in

8  outrageous conduct with reckless disregard of causing you severe mental, physical and

9  emotional distress.

10

11  SPECIAL INTERROGATORY NO. 4:

12  State all facts that you contend support any claim by you that World Savings acted with

13  malice towards you.

14

15  SPECIAL INTERROGATORY NO. 5:

16  State all facts that you contend support any claim by you that World Savings engaged in

17  unlawful conduct with respect to World Savings' actions to obtain the return of its

18  $90,000 that was mistakenly credited to your account.

19

20  SPECIAL INTERROGATORY NO. 6:

21  State all facts that you contend support any claim by you that World Savings acted with a

22  willful and conscious disregard for your rights.

23

24  SPECIAL INTERROGATORY NO. 7:

25  State all facts that you contend support your claim that you have suffered severe

26  emotional distress as a result of World Savings' conduct.

27

28

1 | SPECIAL INTERROGATORY NO. 8:

2 | State in detail all facts that you contend support any claim by you that World Savings'

3 | actions caused you "mental anguish, anxiety, loss of appetite, loss of sleep, and has

4 | further caused and/or aggravated [your] physical illness" as alleged in paragraphs 26 and

5 | 30 of your cross-complaint.

6

7 | SPECIAL INTERROGATORY NO. 9:

8 | State in detail what you and your daughter, Sabina Pryce-Jones, did with the $90,000.00

9 | that was mistakenly credited to your World Savings checking account on or about

10 | October 17, 2005.

11

12 | SPECIAL INTERROGATORY NO. 10:

13 | State in detail all efforts you have made to return to World Savings the $90,000.00 that

14 | was mistakenly credited to your account.

15

16 | SPECIAL INTERROGATORY NO. 11:

17 | State in detail all communications you have had with Sabina Pryce-Jones concerning the

18 | $90,000.00 mistakenly credited to your account at World Savings, including, but not

19 | limited to, all communications concerning the receipt by Sabina Pryce-Jones of those

20 | funds, your efforts, if any, to obtain the return of those funds, and whether or not she will

21 | return those funds to you.

22

23 | SPECIAL INTERROGATORY NO. 12:

24 | Describe in detail all funds that you managed on behalf of Sabina Pryce-Jones from

25 | January 2000 through the present, including, but not limited to, providing the identity of

26 | the financial institution(s) holding such funds and the account number(s) to which those

27 | funds were credited.

28

SPECIAL INTERROGATORY NO. 13:

For each account describe in response to Interrogatory No. 12, state the purpose(s) for which the funds in each such account were held.

SPECIAL INTERROGATORY NO. 14:

For each of the funds described in response to Interrogatory No. 12, state in detail what you did with respect to those funds to manage them.

SPECIAL INTERROGATORY NO. 15:

State the account number, the name and address of the financial institution, and the monthly balance during the period of January 2004 through the present, for each account in which you and Sabina Pryce-Jones held any interest.

SPECIAL INTERROGATORY NO. 16:

Identify all DOCUMENTS that reflect, relate or refer to communications between you and Sabina Pryce-Jones during the period October 1, 2005, to the present, which communications concerned financial matters in any way.

SPECIAL INTERROGATORY NO. 17:

State in detail all facts which you contend support your claim that World Savings' conduct caused your relationship with Peter Wu, your daughter-in-law and granddaughter, to become estranged.

SPECIAL INTERROGATORY NO. 18:

Describe in detail each instance in which you contend World Savings failed to fully or properly credit your account with interest or a deposit, including, but not limited to, the date of the alleged transaction, the amount(s) with which you were credited, the amount(s) with which you contend you should have been credited, and the date(s) on

1 | which you brought each such claimed error to the attention of World Savings.

2

3 | SPECIAL INTERROGATORY NO. 19:

4 | Identify all DOCUMENTS that support your contention that World Savings failed to

5 | properly or fully credit certain interest or deposits as alleged in your Ninth Affirmative

6 | Defense in your Answer to the First Amended Complaint.

7

8 | SPECIAL INTERROGATORY NO. 20:

9 | State all facts on which you rely to support any contention by you that you never had an

10 | obligation to return to World Savings the $90,000.00 mistakenly credited to your account.

11

12

13 | DATED:  November 2, 2006          SOLAN & PARK LLP

14

15 |                              By:  _____

16 |                                   Kevin M. Solan
     |                                   Attorney for Plaintiff and Cross-defendant
17 |                                   World Savings Bank FSB

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed in the County of San Francisco; my business address is 685 Market Street, Suite 360, San Francisco, California 94105.

On November 2, 2006, I served the within:

1. World Savings' First Request for Admissions to Wu;
2. World Savings' Form Interrogatories to Wu, Set One;
3. World Savings' First Set of Special Interrogatories to Wu
4. World Savings' First Request for Production of Documents to Wu

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Breck E. Milde, Esq.
Terra Law LLP
177 Park Avenue, Third Floor
San Jose, CA 95131

[X]    **BY MAIL:**   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date of postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]    **BY FAX:**   I caused such documents to be transmitted via facsimile to the stated parties at their respective facsimile numbers.

[ ]    **BY EXPRESS CARRIER:** I caused such documents to be collected by an agent for [Name of Company] to be delivered to the offices of stated parties.

[ ]    **BY HAND DELIVERY:** I hand delivered such documents to the stated parties.

[ ]    **BY E-MAIL:**    I caused such documents to be transmitted via e-mail to the stated parties at their respective e-mail addresses.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: November 2, 2006

Loni Myers

1   Breck E. Milde, Esq. (Bar No. 122437)
    TERRA LAW LLP
2   177 Park Avenue, 3rd Floor
    San Jose, California 95113
3   (408) 299-1200

4   Attorneys for Defendant and
    Cross-Complainant Theresa T. Wu

5

6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF SANTA CLARA

10  WORLD SAVINGS BANK, a Federal          Case No. 1-06-CV-057468
    Savings Bank,
11                                         **DEFENDANT AND CROSS-**
12              Plaintiff,                  **COMPLAINANT THERESA T. WU'S**
                                           **RESPONSE  TO PLAINTIFF AND**
13          vs.                            **CROSS-DEFENDANANT WORLD**
                                           **SAVINGS' SPECIAL**
14  THERESA T. WU, an individual and DOES 1 **INTERROGATORIES**
    through 10,
15
16              Defendants.

17
    AND RELATED CROSS-ACTION.
18

19  **PROPOUNDING PARTY:**  Plaintiff and Cross-Defendant World Savings Bank

20  **RESPONDING PARTY:**    Defendant and Cross-Complainant Theresa T. Wu

21  **SET NO:**              One

22          Defendant and Cross-Complainant Theresa T. Wu ("Wu") responds to the First Set of

23  Special Interrogatories propounded on behalf of plaintiff and cross-defendant World Savings

24  Bank  ("WSB") pursuant to California Code of Civil Procedure section 2030.210, et seq., as

25  follows:

26                           **GENERAL OBJECTIONS**

27          1.   Wu's responses to WSB's interrogatories are made to the best of Wu's present

28  knowledge, information, and belief.  Said responses are at all times subject to such additional or

    1146872                                 1
    DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE  TO PLAINTIFF AND CROSS-
    DEFENDANANT WORLD SAVINGS' SPECIAL INTERROGATORIES

1    different information that discovery or further investigation may disclose.

2        2.    Wu objects to the preface and instructions contained in WSB's Interrogatories to

3    the extent that said preface and/or instructions render the interrogatories overly broad, vague,

4    and ambiguous, overly burdensome and oppressive.  Wu further objects to the preface and/or

5    instructions on the grounds that they are not authorized under Code of Civil Procedure section

6    2030.060(d).

## RESPONSES TO SPECIAL INTERROGATORIES

### RESPONSE TO INTERROGATORY NO. 1:

9        Wu incorporates herein by reference the General Objections set forth above.  Without

10   waiving said objections, and subject thereto, Wu contends that WSB acted unreasonably by,

11   *inter alia*, calling her and accusing her of criminal actions when in fact the over-crediting of

12   Wu's account was solely due to the negligence of WSB, WSB's security manager visited Wu's

13   apartment, pounded on her door, and attempted to peer through the windows and left

14   threatening letters, WSB accused Wu's son of misappropriating the funds mistakenly credited to

15   Wu's account by WSB, WSB repeatedly harassed Wu's son and his family for something that

16   they had absolutely no connection with or responsibility for, WSB repeatedly attempted to

17   serve legal papers on Wu's son and his family, WSB repeatedly called Wu and accused her of

18   intentionally misappropriating WSB's funds and of committing crimes, WSB accused Wu of

19   committing a crime and reported her to the Palo Alto Police Department, WSB threatened to

20   have Wu arrested and incarcerated, all due to her inability to immediately repay the funds

21   mistakenly credited to her account by WSB.

### RESPONSE TO INTERROGATORY NO. 2:

23       Wu incorporates herein by reference the General Objections set forth above.  Without

24   waiving said objections, and subject thereto, Wu contends that WSB engaged in outrageous

25   conduct by, *inter alia*, calling her and accusing her of criminal actions when in fact the over-

26   crediting of Wu's account was solely due to the negligence of WSB, WSB's security manager

27   visited Wu's apartment, pounded on her door, and attempted to peer through the windows and

28   left threatening letters, WSB accused Wu's son of misappropriating the funds mistakenly

1146872                                          2

DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND CROSS-
DEFENDANANT WORLD SAVINGS' SPECIAL INTERROGATORIES

1  credited to Wu's account by WSB, WSB repeatedly harassed Wu's son and his family for

2  something that they had absolutely no connection with or responsibility for, WSB repeatedly

3  attempted to serve legal papers on Wu's son and his family, WSB repeatedly called Wu and

4  accused her of intentionally misappropriating WSB's funds and of committing crimes, WSB

5  accused Wu of committing a crime and reported her to the Palo Alto Police Department, WSB

6  threatened to have Wu arrested and incarcerated, all due to her inability to immediately repay

7  the funds mistakenly credited to her account by WSB.

8  **RESPONSE TO INTERROGATORY NO. 3:**

9       Wu incorporates herein by reference the General Objections set forth above. Without

10  waiving said objections, and subject thereto, Wu contends that WSB engaged in outrageous

11  conduct by, *inter alia*, calling her and accusing her of criminal actions when in fact the over-

12  crediting of Wu's account was solely due to the negligence of WSB, WSB's security manager

13  visited Wu's apartment, pounded on her door, and attempted to peer through the windows and

14  left threatening letters, WSB accused Wu's son of misappropriating the funds mistakenly

15  credited to Wu's account by WSB, WSB repeatedly harassed Wu's son and his family for

16  something that they had absolutely no connection with or responsibility for, WSB repeatedly

17  attempted to serve legal papers on Wu's son and his family, WSB repeatedly called Wu and

18  accused her of intentionally misappropriating WSB's funds and of committing crimes, WSB

19  accused Wu of committing a crime and reported her to the Palo Alto Police Department, WSB

20  threatened to have Wu arrested and incarcerated, all due to her inability to immediately repay

21  the funds mistakenly credited to her account by WSB.

22  **RESPONSE TO INTERROGATORY NO. 4:**

23       Wu incorporates herein by reference the General Objections set forth above. Without

24  waiving said objections, and subject thereto, Wu contends that WSB acted with malice by, *inter*

25  *alia*, calling her and accusing her of criminal actions when in fact the over-crediting of Wu's

26  account was solely due to the negligence of WSB, WSB's security manager visited Wu's

27  apartment, pounded on her door, and attempted to peer through the windows and left

28  threatening letters, WSB accused Wu's son of misappropriating the funds mistakenly credited to

1146872            3

DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND CROSS-
DEFENDANANT WORLD SAVINGS' SPECIAL INTERROGATORIES

45

1  Wu's account by WSB, WSB repeatedly harassed Wu's son and his family for something that

2  they had absolutely no connection with or responsibility for, WSB repeatedly attempted to

3  serve legal papers on Wu's son and his family, WSB repeatedly called Wu and accused her of

4  intentionally misappropriating WSB's funds and of committing crimes, WSB accused Wu of

5  committing a crime and reported her to the Palo Alto Police Department, WSB threatened to

6  have Wu arrested and incarcerated, all due to her inability to immediately repay the funds

7  mistakenly credited to her account by WSB.

8  **RESPONSE TO INTERROGATORY NO. 5:**

9      Wu incorporates herein by reference the General Objections set forth above.  Without

10  waiving said objections, and subject thereto, Wu contends that WSB engaged in unlawful

11  conduct by, *inter alia*, calling her and accusing her of criminal actions when in fact the over-

12  crediting of Wu's account was solely due to the negligence of WSB, WSB's security manager

13  visited Wu's apartment, pounded on her door, and attempted to peer through the windows and

14  left threatening letters, WSB accused Wu's son of misappropriating the funds mistakenly

15  credited to Wu's account by WSB, WSB repeatedly harassed Wu's son and his family for

16  something that they had absolutely no connection with or responsibility for, WSB repeatedly

17  attempted to serve legal papers on Wu's son and his family, WSB repeatedly called Wu and

18  accused her of intentionally misappropriating WSB's funds and of committing crimes, WSB

19  accused Wu of committing a crime and reported her to the Palo Alto Police Department, WSB

20  threatened to have Wu arrested and incarcerated, all due to her inability to immediately repay

21  the funds mistakenly credited to her account by WSB.

22  **RESPONSE TO INTERROGATORY NO. 6:**

23      Wu incorporates herein by reference the General Objections set forth above.  Without

24  waiving said objections, and subject thereto, Wu contends that WSB acted with a willful and

25  conscious disregard for Wu's rights by, *inter alia*, calling her and accusing her of criminal

26  actions when in fact the over-crediting of Wu's account was solely due to the negligence of

27  WSB, WSB's security manager visited Wu's apartment, pounded on her door, and attempted to

28  peer through the windows and left threatening letters, WSB accused Wu's son of

1146872                                           4

DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND CROSS-
DEFENDANANT WORLD SAVINGS' SPECIAL INTERROGATORIES

46

1  misappropriating the funds mistakenly credited to Wu's account by WSB, WSB repeatedly

2  harassed Wu's son and his family for something that they had absolutely no connection with or

3  responsibility for, WSB repeatedly attempted to serve legal papers on Wu's son and his family,

4  WSB repeatedly called Wu and accused her of intentionally misappropriating WSB's funds and

5  of committing crimes, WSB accused Wu of committing a crime and reported her to the Palo

6  Alto Police Department, WSB threatened to have Wu arrested and incarcerated, all due to her

7  inability to immediately repay the funds mistakenly credited to her account by WSB.

8  **RESPONSE TO INTERROGATORY NO. 7:**

9       Wu incorporates herein by reference the General Objections set forth above.  Without

10  waiving said objections, and subject thereto, Wu contends that WSB caused Wu to suffer

11  emotional distress by, *inter alia*, calling her and accusing her of criminal actions when in fact

12  the over-crediting of Wu's account was solely due to the negligence of WSB, WSB's security

13  manager visited Wu's apartment, pounded on her door, and attempted to peer through the

14  windows and left threatening letters, WSB accused Wu's son of misappropriating the funds

15  mistakenly credited to Wu's account by WSB, WSB repeatedly harassed Wu's son and his

16  family for something that they had absolutely no connection with or responsibility for, WSB

17  repeatedly attempted to serve legal papers on Wu's son and his family, WSB repeatedly called

18  Wu and accused her of intentionally misappropriating WSB's funds and of committing crimes,

19  WSB accused Wu of committing a crime and reported her to the Palo Alto Police Department,

20  WSB threatened to have Wu arrested and incarcerated, all due to her inability to immediately

21  repay the funds mistakenly credited to her account by WSB; additionally, Ms. Wu has suffered

22  emotional distress due, *inter alia*, to the loss and estrangement of her relationship with her son,

23  daughter-in-law, and granddaughter, and Ms. Wu has suffered mental anguish, anxiety, loss of

24  appetite, loss of sleep, and has caused and/or aggravated her physical illness.

25  **RESPONSE TO INTERROGATORY NO. 8:**

26       Wu incorporates herein by reference the General Objections set forth above.  Without

27  waiving said objections, and subject thereto, Wu contends that WSB caused Wu mental anguish

28  by, *inter alia*, calling her and accusing her of criminal actions when in fact the over-crediting of

1146872                              5

DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND CROSS-
DEFENDANANT WORLD SAVINGS' SPECIAL INTERROGATORIES

47

1  Wu's account was solely due to the negligence of WSB, WSB's security manager visited Wu's

2  apartment, pounded on her door, and attempted to peer through the windows and left

3  threatening letters, WSB accused Wu's son of misappropriating the funds mistakenly credited to

4  Wu's account by WSB, WSB repeatedly harassed Wu's son and his family for something that

5  they had absolutely no connection with or responsibility for, WSB repeatedly attempted to

6  serve legal papers on Wu's son and his family, WSB repeatedly called Wu and accused her of

7  intentionally misappropriating WSB's funds and of committing crimes, WSB accused Wu of

8  committing a crime and reported her to the Palo Alto Police Department, WSB threatened to

9  have Wu arrested and incarcerated, all due to her inability to immediately repay the funds

10  mistakenly credited to her account by WSB; additionally, Ms. Wu has suffered emotional

11  distress due, *inter alia*, to the loss and estrangement of her relationship with her son, daughter-

12  in-law, and granddaughter, and Ms. Wu has suffered mental anguish, anxiety, loss of appetite,

13  loss of sleep, and has caused and/or aggravated her physical illness.

14  **RESPONSE TO INTERROGATORY NO. 9:**

15        Wu objects to this interrogatory on the grounds that it seeks information that is not

16  relevant to the subject matter of the pending action nor reasonably calculated to lead to the

17  discovery of admissible evidence.

18  **RESPONSE TO INTERROGATORY NO. 10:**

19        Wu objects to this interrogatory on the grounds that it seeks information that is not relevant

20  to the subject matter of the pending action nor reasonably calculated to lead to the discovery of

21  admissible evidence.  Without waiving the foregoing objection, and subject thereto, Wu attempted

22  on several occasions to make arrangements for a lump sum payment, with the remaining balance

23  to be paid over time, including offering WSB a $32,000 lump sum payment which would have

24  come from Wu's exempt IRA account and stocks held jointly with her son.

25  **RESPONSE TO INTERROGATORY NO. 11:**

26        Wu objects to this interrogatory on the grounds that it seeks information that is not relevant

27  to the subject matter of the pending action nor reasonably calculated to lead to the discovery of

28  admissible evidence.  Further objection is made on the grounds that this interrogatory is

1146872                                    6
DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND CROSS-
DEFENDANANT WORLD SAVINGS! SPECIAL INTERROGATORIES

48

1  compound and/or conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

2  **RESPONSE TO INTERROGATORY NO. 12:**

3      Wu objects to this interrogatory on the grounds that it seeks information that is not relevant

4  to the subject matter of the pending action nor reasonably calculated to lead to the discovery of

5  admissible evidence.  Further objection is made on the grounds that this interrogatory is

6  compound and/or conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

7  **RESPONSE TO INTERROGATORY NO. 13:**

8      N/A

9  **RESPONSE TO INTERROGATORY NO. 14:**

10      N/A

11  **RESPONSE TO INTERROGATORY NO. 15:**

12      Wu objects to this interrogatory on the grounds that it seeks information that is not

13  relevant to the subject matter of the pending action nor reasonably calculated to lead to the

14  discovery of admissible evidence.  Further objection is made on the grounds that this

15  interrogatory is compound and/or conjunctive in violation of Code of Civil Procedure Section

16  2030.060(f).  Further objection is made on the grounds that this interrogatory seeks to infringe

17  Wu's and her daughter's right to financial privacy as protected under Article I, Section 1 of the

18  California Constitution and the Constitution of the United States of America.

19  **RESPONSE TO INTERROGATORY NO. 16:**

20      Wu objects to this interrogatory on the grounds that it seeks information that is not relevant

21  to the subject matter of the pending action nor reasonably calculated to lead to the discovery of

22  admissible evidence.  Further objection is made on the grounds that this interrogatory seeks to

23  infringe Wu's and her daughter's right to financial privacy as protected under Article I, Section 1

24  of the California Constitution and the Constitution of the United States of America.

25  **RESPONSE TO INTERROGATORY NO. 17:**

26      Wu objects to this interrogatory on the grounds that it is overly broad, vague, ambiguous,

27  burdensome and oppressive.  With waving the foregoing objections, and subject thereto:  The

28  most hurtful thing I am suffering is lost my son's relationship with me.  I lost my daughter-in-

1  law's respect. She and her entire family have unfriendly attitude toward me. Daughter-in-law is

2  5th generation in the United States. She had more than 40 family members who reside in San

3  Francisco, San Mateo, San Jose, and Eastbay area. The letter from World Savings really damaged

4  the relationship with my son' family. I cannot tell them what is happening. After the fight on the

5  phone they never call me any more. Even sometimes I try to invite them to my apartment for a

6  dinner and their attitude is very cold and they somehow find an excuse to not come. They use to

7  come over any time I invite them. Now they will not come at all, this really hurt my feelings. I

8  use to visit my daughter-in-law's grandparents (who is 95 years old) but now I am afraid to visit

9  her parents or her grandparents. They do not welcome me and I feel like they believe I am a

10  criminal so I feel like I lost face at front of them. Normally they invite me to their home for

11  Thanksgiving, Christmas and Chinese New Year. Sometimes family gathering dinner I was

12  always be invite too. But this year when Chinese New Year come, my daughter-in-law give a call

13  at first and tell me when they decided the place and the time then she will call me back. From

14  then on I never had a phone call so I never go to join the Chinese New Year party with them. This

15  is the first time I feel this hurt by my own family. Since my doctor told me I must stay with

16  family so somebody can take care me, this is when I finally I realized how much I have lost face

17  and I am not able to stay in San Jose any more.

18  **RESPONSE TO INTERROGATORY NO. 18:**

19       Wu objects to this interrogatory on the grounds that it is overly broad, vague,

20  ambiguous, overly burdensome and oppressive. Further objection is made on the grounds that

21  this interrogatory would necessitate the preparation or making of a compilation, abstract, audit

22  or summary of or from documents that are in the custody or control of both Wu and WSB. Wu

23  therefore refers to all statements of account, deposit slips, checks, and other evidence of

24  deposits or debits to accounts held by Wu at WSB.

25  **RESPONSE TO INTERROGATORY NO. 19:**

26       Wu objects to this interrogatory on the grounds that it is overly broad, vague,

27  ambiguous, burdensome and oppressive. Further objection is made on the grounds that this

28  interrogatory would necessitate the preparation or making of a compilation, abstract, audit or

DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND CROSS-
DEFENDANANT WORLD SAVINGS' SPECIAL INTERROGATORIES

50

1  summary of or from documents that are in the custody or control of both Wu and WSB.  Wu

2  therefore refers to all statements of account, deposit slips, checks, and other evidence of

3  deposits or debits to accounts held by Wu at WSB.

4  **RESPONSE TO INTERROGATORY NO. 20:**

5      Wu objects to this interrogatory on the grounds that Wu has never made this contention.

6  Wu has, in fact, attempted to make a lump sum payment to WSB and to pay the balance over

7  time, including making a $32,000 payment by liquidating her exempt IRA account and stock

8  held jointly with her son.  Wu is entitled to an offset for amounts not properly credited to her

9  account by WSB, and for the amounts alleged in Wu's affirmative defenses and cross-complaint

10  filed herein.

11  Dated:  December 20, 2006                    TERRA LAW LLP

12

13                                       By: _____

14                                           Breck E. Milde
                                             Attorneys for Defendant Theresa T. Wu
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1146872                                    9
DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND CROSS-
DEFENDANANT WORLD SAVINGS' SPECIAL INTERROGATORIES

51

### VERIFICATION

1

2      I, Theresa T. Wu, declare:

3      I am the defendant and cross-complainant in this action. I have read the foregoing

4  DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO

5  PLAINTIFF AND CROSS-DEFENDANANT WORLD SAVINGS' SPECIAL

6  INTERROGATORIES, and know its contents. The matters stated therein are true to the best

7  of my knowledge.

8      I declare under penalty of perjury under the laws of the State of California that the

9  foregoing is true and correct and that this Verification is executed on December ____, 2006 at

10  Jacksonville, Florida.

11                                    _____

                                      Theresa T. Wu

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**VERIFICATION**</u>

2
    I, Theresa T. Wu, declare:

3
    I am the defendant and cross-complainant in this action.  I have read the foregoing

4
**DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO**

5
**PLAINTIFF AND CROSS-DEFENDANANT WORLD SAVINGS' SPECIAL**

6
**INTERROGATORIES**, and know its contents.  The matters stated therein are true to the best

7
of my knowledge.

8
    I declare under penalty of perjury under the laws of the State of California that the

9
foregoing is true and correct and that this Verification is executed on December _18_, 2006 at

10
Jacksonville, Florida.

11
                         Theresa T. Wu

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

53

1

## PROOF OF SERVICE

2      I am a citizen of the United States and employed in the county aforesaid; I am over the

3   age of eighteen years, and not a party to the within action; my business address is 177 Park

4   Avenue, 3rd Floor, San Jose, CA 95113.  On the date set forth below I caused to be served the

5   documents described below:

6

7   **DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO**
    **PLAINTIFF AND CROSS-DEFENDANT WORLD SAVINGS SPECIAL INTERROGATORIES**
8

9   on the following person(s) in this action by placing a true copy thereof enclosed in a sealed

10  envelope addressed as follows:

11              Kevin M. Solan
               Solan & Park LLP
12             685 Market Street, Suite 360
               San Francisco, CA 94105
13

14

15  X      (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid for collection
           with the United States Postal Service in a sealed envelope at San Jose, California.
16
           (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date
17         to the addressee(s).

18         (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date
           to each facsimile machine number listed above.
19
           (BY FEDERAL EXPRESS) I caused such envelope(s) to be placed in the Federal
20         Express office at San Jose, California, which the office customarily bills after delivery
           date.
21
    X      (STATE) I declare under penalty of perjury under the laws of the State of California that
22         the foregoing is true and correct.

23      I declare under penalty of perjury that the foregoing is true and correct and this

24  declaration is executed on December 20, 2006 at San Jose, California.

25

26                                          Kathy Lowder
                                            Kathy Lowder
27

28

54

# EXHIBIT B

1   Breck E. Milde, Esq. (Bar No. 122437)
    TERRA LAW LLP
2   177 Park Avenue, 3rd Floor
    San Jose, California 95113
3   (408) 299-1200

4   Attorneys for Defendant and
    Cross-Complainant Theresa T. Wu

5

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11  WORLD SAVINGS BANK, a Federal          Case No. 1-06-CV-057468
    Savings Bank,
12                                          **DEFENDANT AND CROSS-**
                    Plaintiff,              **COMPLAINANT THERESA T. WU'S**
13                                          **RESPONSE  TO PLAINTIFF AND**
           vs.                              **CROSS-DEFENDANT WORLD**
14                                          **SAVINGS' REQUESTS FOR ADMISSION,**
    THERESA T. WU, an individual and DOES 1 **SET ONE**
15  through 10,

16                  Defendants.

17

18  AND RELATED CROSS-ACTION.

19

20  **PROPOUNDING PARTY:**  Plaintiff and Cross-Defendant World Savings Bank

21  **RESPONDING PARTY:**    Defendant and Cross-Complainant Theresa T. Wu

22  **SET NO:**              One

23        Defendant and Cross-Complainant Theresa T. Wu ("Wu") responds to the Requests for

24  Admission, Set One, propounded by Plaintiff and Cross-Defendant World Savings Bank

25  ("WSB") pursuant to California Code of Civil Procedure section 2033.210, et seq., as follows:

26  **RESPONSE TO REQUEST NO. 1:**

27        Wu admits that WSB negligently over credited her account in the sum of $90,000, and

28
    1146871                               1
    **DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE  TO PLAINTIFF AND**
    **CROSS-DEFENDANANT WORLD SAVINGS' REQUESTS FOR ADMISSION, SET ONE**

1  that she did nothing whatsoever to cause this mistake to occur.

2  **RESPONSE TO REQUEST NO. 2:**

3    Wu admits that she was not entitled to the additional $90,000 mistakenly credited to her

4  account due to WSB's negligent handling of her deposit.

5  **RESPONSE TO REQUEST NO. 3:**

6    Wu objects to this request on the grounds that it calls for the opinion of an expert

7  witness, Wu is not qualified to render such opinion, and expert witness discovery is premature.

8  **RESPONSE TO REQUEST NO. 4:**

9    Wu admits that she sometimes uses her daughter's funds to open high interest accounts

10  and to obtain gifts and other benefits from the institutions at which such funds are deposited.

11  Wu's daughter does not direct Wu in her choice of institutions in which to invest her funds.

12  Such funds are to be kept in liquid form so that she may use them when needed.

13  **RESPONSE TO REQUEST NO. 5:**

14    Wu admits that her relationship with her son, Peter Wu, and his family has become

15  estranged after WSB's security manager and other agents contacted him on various occasions

16  and accused him and Wu of misappropriating WSB's funds and committing criminal acts.

17  **RESPONSE TO REQUEST NO. 6:**

18    Wu admits that she is obligated to return the $90,000 to World Savings, and in fact she

19  attempted over a period of several months to make arrangements with WSB to return said

20  funds, but WSB unreasonably refused to accept the cash that Wu had available at the time and

21  to accept payments over time for the balance, and Wu further admits that any amounts owed to

22  WSB by her are subject to offset on account of the claims alleged in her affirmative defenses

23  and cross-action filed herein.

24  Dated:  December 20, 2006                    TERRA LAW LLP

25

26                                        By: _____

27                                        Breck E. Milde
                                          Attorneys for Defendant Theresa T. Wu

28

1146871

2

DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO PLAINTIFF AND
CROSS-DEFENDANANT WORLD SAVINGS' REQUESTS FOR ADMISSION, SET ONE

## VERIFICATION

1

2      I, Theresa T. Wu, declare:

3      I am the defendant and cross-complainant in this action. I have read the foregoing

4  DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO

5  PLAINTIFF AND CROSS-DEFENDANANT WORLD SAVINGS' REQUESTS FOR

6  ADMISSION, SET ONE, and know its contents. The matters stated therein are true to the best

7  of my knowledge.

8      I declare under penalty of perjury under the laws of the State of California that the

9  foregoing is true and correct and that this Verification is executed on December ___, 2006 at

10  Jacksonville, Florida.

11

12                                    _Theresa T. Wu_
                                      Theresa T. Wu
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROOF OF SERVICE

2

I am a citizen of the United States and employed in the county aforesaid; I am over the

3

age of eighteen years, and not a party to the within action; my business address is 177 Park

4

Avenue, 3rd Floor, San Jose, CA 95113.  On the date set forth below I caused to be served the

5

documents described below:

6

7

**DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO**

8

**PLAINTIFF AND CROSS-DEFENDANT WORLD SAVINGS REQUEST FOR ADMISSIONS,**
**SET ONE**

9

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed

10

envelope addressed as follows:

11

Kevin M. Solan

12

Solan & Park LLP
685 Market Street, Suite 360

13

San Francisco, CA 94105

14

15

X     (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid for collection

16

with the United States Postal Service in a sealed envelope at San Jose, California.

17

(BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date
to the addressee(s).

18

(BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date

19

to each facsimile machine number listed above.

20

(BY FEDERAL EXPRESS) I caused such envelope(s) to be placed in the Federal
Express office at San Jose, California, which the office customarily bills after delivery

21

date.

22

X     (STATE) I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.

23

24

I declare under penalty of perjury that the foregoing is true and correct and this

25

declaration is executed on December 20, 2006 at San Jose, California.

26

_____

27

Kathy Lowder

28

59

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10  WORLD SAVINGS BANK,              )       CASE NO. 1-06-CV-057468
                                     )
11                                   )
              Plaintiff,             )      **WORLD SAVINGS' FIRST**
12                                   )      **REQUEST FOR ADMISSIONS**
    vs.                              )            **TO WU**
13                                   )
    THERESA T. WU, et al.,           )
14                                   )
              Defendants.            )
15                                   )
                                     )
16  _____ )
                                     )
17  AND RELATED CROSS-ACTION         )
    _____ )
18

19

20  RESPONDING PARTY:        Defendant Theresa T. Wu

21  PROPOUNDING PARTY:       Plaintiff World Savings Bank, FSB

22  SET NO.:                 ONE

23

24              <u>REQUEST FOR ADMISSIONS</u>

25

26  <u>REQUEST FOR ADMISSION NO. 1:</u>  Admit that $90,000 was received by you from

27  World Savings Bank as a result of a mistake in crediting your deposit of $10,000 as being

28  a deposit of $100,000.

lan & Park, LLP    WORLD SAVINGS' REQUEST FOR ADMISSIONS TO WU

1

2  REQUEST FOR ADMISSION NO. 2:   Admit that at the time of the mistake in

3  erroneously crediting your account at World Savings with a $100,000 deposit instead of

4  the $10,000 you actually deposited, you were not entitled to the additional $90,000

5  mistakenly credited to your account.

6

7  REQUEST FOR ADMISSION NO. 3:   Admit that the emotional distress you allege in

8  your cross-complaint  did not cause or exacerbate your Parkinson's Disease.

9

10  REQUEST FOR ADMISSION NO. 4:   Admit that you were managing funds for Sabina

11  Pryce-Jones that she used for investment purposes.

12

13  REQUEST FOR ADMISSION NO. 5:   Admit that your failure to return the $90,000 to

14  World Savings has caused the alleged estrangement of your relationship with your son

15  Peter Wu, his wife and your granddaughter.

16

17  REQUEST FOR ADMISSION NO. 6:   Admit that you are presently obligated to return

18  the $90,000 to World Savings immediately, subject only to your claims for emotional

19  distress damages as alleged in your cross-complaint and for certain additional credits for

20  interest and deposits as alleged in your Ninth Affirmative Defense.

21

22  DATED:  November 1, 2006            SOLAN & PARK LLP

23

24                            By:     _K. M. Sol_____

25                                    Kevin M. Solan
                                      Attorney for Plaintiff and Cross-defendant
26                                    World Savings Bank FSB

27

28

1

## VERIFICATION

2        I, Theresa T. Wu, declare:

3        I am the defendant and cross-complainant in this action. I have read the foregoing

4    DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S RESPONSE TO

5    PLAINTIFF AND CROSS-DEFENDANANT WORLD SAVINGS' REQUESTS FOR

6    ADMISSION, SET ONE, and know its contents. The matters stated therein are true to the best

7    of my knowledge.

8        I declare under penalty of perjury under the laws of the State of California that the

9    foregoing is true and correct and that this Verification is executed on December _18_, 2006 at

10   Jacksonville, Florida.

11

12                       *Therese T. Wu*

13                 Theresa T. Wu

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2        I, the undersigned, hereby declare:

3        I am a citizen of the United States, over 18 years of age, and not a party to the
within action. I am employed in the County of San Francisco; my business address is 685
4   Market Street, Suite 360, San Francisco, California 94105.

5        On November 2, 2006, I served the within:

6        1. **World Savings' First Request for Admissions to Wu;**
         2. **World Savings' Form Interrogatories to Wu, Set One;**
7        3. **World Savings' First Set of Special Interrogatories to Wu**
         4. **World Savings' First Request for Production of Documents to Wu**

8
on all parties in this action, as addressed below, by causing a true copy thereof to be
9   distributed as follows:

10  Breck E. Milde, Esq.
    Terra Law LLP
11  177 Park Avenue, Third Floor
    San Jose, CA 95131
12

13  [X]    **BY MAIL:**    I am "readily familiar" with the firm's practice of collection and
                           processing correspondence for mailing. Under the practice it would
14                         be deposited with the U.S. Postal Service on that same day with
                           postage thereon fully prepaid in the ordinary course of business. I am
15                         aware that on motion of the party served, service is presumed invalid
                           if the postal cancellation date of postage meter date is more than one
16                         day after date of deposit for mailing an affidavit.

17  [ ]    **BY FAX:**    I caused such documents to be transmitted via facsimile to the stated
                          parties at their respective facsimile numbers.
18

    [ ]    **BY EXPRESS CARRIER:** I caused such documents to be collected by an
19                          agent for [Name of Company] to be delivered to
                            the offices of stated parties.
20
    [ ]    **BY HAND DELIVERY:** I hand delivered such documents to the stated parties.
21
    [ ]    **BY E-MAIL:**    I caused such documents to be transmitted via e-mail to the
22                           stated parties at their respective e-mail addresses.

23        I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.

24  Dated: November 2, 2006

25                                                  Loni Myers

26

27

28

an & Park LLP

**63**

# EXHIBIT C

1  Breck E. Milde, Esq. (State Bar No. 122437)
   TERRA LAW LLP
2  60 South Market Street, Suite 200
   San Jose, California 95113
3  Telephone:  (408) 299-1200
   Facsimile:  (408) 998-4895
4
   Attorneys for Defendant
5  Theresa T. Wu

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SANTA CLARA

10

11
   WORLD SAVINGS BANK, a Federal          Case No. 1-06-CV-057468
12 Savings Bank,
                                          **CROSS-COMPLAINT for**
13                  Plaintiff,
                                          1.  **Violation of Fair Debt Collection**
14         vs.                                **Practices Act;**

15 THERESA T. WU, an individual and DOES   2.  **Intentional Infliction of Emotional**
   1 through 10,                               **Distress; and**
16
                                          3.  **Negligent Infliction of Emotional**
17                  Defendants.                **Distress**

18

19 THERESA T. WU,

20                  Cross-Complainant,

21         vs.

22 WORLD SAVINGS BANK, a Federal
   Savings Bank, and ROES 1 through 25,
23
                    Cross-Defendants.
24

25         Cross-complainant Theresa T. Wu ("Ms. Wu") complains of cross-defendants as

26 follows:

27         1.      Ms. Wu is now and at all times relevant hereto an individual residing in the

28 County of Santa Clara, State of California.

   1142177                            1
                                 CROSS-COMPLAINT

1       2.     Ms. Wu is informed and believes and thereon alleges that cross-defendant World

2   Savings Bank ("World") is a federally charted savings bank organized and existing the laws of

3   the United States of America.

4       3.     Roes 1 through 25, inclusive, are sued herein under fictitious names. The true

5   names and capacities of Roes 1 through 25 are unknown to Ms. Wu. When the names and

6   capacities of said cross-defendants are ascertained, Ms. Wu will amend this cross-complaint by

7   inserting their true names and capacities herein. Ms. Wu is informed and believes and thereon

8   alleges that each of the Roe cross-defendants is responsible for the damages alleged herein.

9       4.     Ms. Wu is informed and believes and thereon alleges that at all relevant times

10  mentioned herein, each of the cross-defendants, including each fictiously named cross-

11  defendant, was an agent and/or employee of each of the other cross-defendants, and in doing

12  the things hereinafter alleged, was acting within the scope and course of such agency and/or

13  employment. Ms. Wu is further informed and believes, and on that basis alleges, that each of

14  the cross-defendants, in conspiring and/or acting in concert with one another in committing the

15  wrongful acts and violations of law complained of herein, is jointly and severally liable with

16  one another to Ms. Wu.

17      5.     As of October 2005, Ms. Wu maintained certain deposit accounts and

18  certificates of deposit with World. Ms. Wu managed certain funds on behalf of her daughter,

19  Sabina Pryce-Jones ("Sabina"), and the funds on deposit in Ms. Wu's accounts included

20  Sabina's funds that were being managed by Ms. Wu on her behalf. Said accounts were

21  maintained primarily for personal, family or household purposes.

22      6.     On or about October 14, 2005, Ms. Wu received a telephone call from Sabina,

23  who is a resident of the State of Florida, and who advised her mother that she was in contract to

24  purchase a parcel of real estate in Florida, and had an immediate need for the funds that Ms.

25  Wu managed for her in California in order to fund the purchase of the real estate.

26      7.     On or about October 17, 2005, Ms. Wu deposited funds into one of her accounts

27  maintained by World. Instead of crediting Ms. Wu's account in the amount of the $10,000

28  deposit, World negligently credited Ms. Wu's account in the amount of $100,000.

8.    Ms. Wu did not examine the receipt for the $10,000 deposit, and assumed that World had properly and accurately credited her account.

9.    Later, on October 17, 2005, Ms. Wu spoke with Sabina, who advised her that she needed the funds to be wire transferred to her as soon as possible.

10.    The next day, October 18, 2005, Ms. Wu visited the Palo Alto branch of World, where she maintained a safe deposit box. Ms. Wu asked World to consolidate the balances held in all of her accounts, and to wire transfer the funds in question to a joint account held by Ms. Wu and Sabina at Bank of America. Ms. Wu was advised by World's representative that she would be required to close her accounts, as well as her safe deposit box.

11.    On or about October 26, 2005, World contacted Ms. Wu and notified her that World had mistakenly credited her account in the amount of $90,000 and demanded that the amount be immediately paid. However, by this time, the funds that had been mistakenly credited to Ms. Wu's account had been wire transferred to Sabina in Florida, and had been used to purchase real estate.

12.    Subsequently, over the next month, World made a series of demands on Ms. Wu, both in writing and in telephone messages. World's agent also visited Ms. Wu's residence and pounded on her door in attempt to confront her. World further threatened to, and did report Ms. Wu to the Palo Alto Police Department, accusing her of committing a crime as a result of the negligent crediting of Ms. Wu's account, and Ms. Wu's failure to return the $90,000.

13.    On or about December 6, 2005, World's Division Security Manager, Ron Sheppard, wrote to Sabina, advised her of World's error, and advised Sabina that he had filed criminal charges against her mother, Ms. Wu, with the Palo Alto Police Department on November 30, 2005.

14.    World, through its agents and employees, left telephone messages and visited the residence of Peter Wu, Ms. Wu's son, in an attempt to collect the amount that it had mistakenly credited to Ms. Wu's account. World's agents represented to Peter Wu and his wife that Ms. Wu had misappropriated World's funds and had committed a crime. On or about December 20, 2005, Ron Sheppard wrote to Peter Wu, accused him of having received the

1142177

3

CROSS-COMPLAINT

1   funds that had been mistakenly credited to Ms. Wu's account, and also advised him that he had

2   filed criminal charges against Ms. Wu with the Palo Alto Police Department.

3         15.    After receiving World's first telephone call accusing her of committing a crime

4   against World, Ms. Wu suffered the first of a series of incidents in which she suffered

5   dizziness, gait instability, festination, parkinsonism, and physical injury.  Ms. Wu's symptoms

6   have become progressively worse since that time.

7         16.    Ms. Wu is a 65-year-old woman and an immigrant from Hong Kong and China.

8   She has never been accused of a crime, and had no intent to take the $90,000 that was

9   mistakenly credited to her account by World.

10         17.    As a result of World's communications with her son, Peter Wu, accusing him of

11   acting in concert with Ms. Wu and receiving stolen property, Ms. Wu's relationship with her

12   son, as well as her daughter-in-law and granddaughter, has become estranged.

13                    **FIRST CAUSE OF ACTION**

14       (Violation of the Rosenthal Fair Debt Collection Practices Act, Civ. Code §§ 1788, et seq.)

15         18.    Cross-defendants are "debt collectors" as defined under Civil Code section

16   1788.2(c), and are thus subject to the provisions of the Rosenthal Fair Debt Collection Practices

17   Act (the "Act").

18         19.    Cross-defendants have violated Civil Code section 1788.10 of the Civil Code by,

19   inter alia, threatening Ms. Wu and members of her family with false accusations that Ms. Wu

20   had committed a crime; by communicating with Ms. Wu's family members that Ms. Wu had

21   engaged in conduct, other than the failure to pay a consumer debt, which defendants knew or

22   had reason to believe would defame Ms. Wu; and representing to Ms. Wu and members of her

23   family that nonpayment of the consumer debt might result in Ms. Wu's arrest when such action

24   is not permitted by law.

25         20.  Cross-defendants have violated Civil Code section 1788.12(b) by communicating

26   information regarding the consumer debt to members of Ms. Wu's family.

27         21.  As a direct and proximate result of cross-defendants' violation of the Act, Ms. Wu

28   has suffered general and special damages in an amount to be proven at trial, but in excess of

1  $25,000.

2      22. Ms. Wu is informed and believes that cross-defendants willfully and knowingly

3  violated the Act as hereinabove alleged, and cross-defendants are liable for the penalty

4  provided under Civil Code section 1788.30(b).

5      23. Civil Code section 1788.30(c) provides that, in the case of any action to enforce any

6  liability under the Act, the prevailing shall be entitled to costs of the action, and a prevailing

7  debtor shall be entitled to recover reasonable attorney's fees. By reason of cross-defendants'

8  violation of the Act, as hereinabove alleged, Ms. Wu has incurred costs of suit, including

9  attorneys' fees.

10      WHEREFORE, Ms. Wu prays for judgment as hereinafter set forth.

11                        **SECOND CAUSE OF ACTION**

12                   (Intentional Infliction of Emotional Distress)

13      24. Ms. Wu re-alleges and incorporates herein by reference each and every allegation

14  set forth in the foregoing paragraphs of this cross-complaint.

15      25. Cross-defendants' wrongful acts hereinabove alleged were unlawful, outrageous,

16  reckless, and malicious and done with the intent to cause Ms. Wu severe mental, physical and

17  emotional distress, or with reckless disregard of such consequences.

18      26. As a direct and proximate result of cross-defendants' acts, Ms. Wu has suffered

19  severe emotional distress which has caused, among other things, mental anguish, anxiety, loss

20  of appetite, loss of sleep, and has further caused and/or aggravated her physical illness.

21      27. As a direct and proximate result of defendants' acts, Ms. Wu has suffered general

22  and special damages in an amount to be proven at trial, but in excess of $25,000.

23      28. In doing the acts herein alleged, cross-defendants, and each of them, acted

24  maliciously because their acts were intended by cross-defendants to cause injury to Ms. Wu,

25  and cross-defendants' conduct was despicable because it was carried out by said cross-

26  defendants with a willful and conscious disregard for the rights of Ms. Wu. Accordingly, Ms.

27  Wu is entitled to recover punitive damages from cross-defendants according to proof.

28      WHEREFORE, Ms. Wu prays for judgment as hereinafter set forth.

1

## THIRD CAUSE OF ACTION

2

### (Negligent Infliction of Emotional Distress)

3      29. Ms. Wu re-alleges and incorporates herein by reference each and every allegation

4  set forth in paragraphs 1 through 17, inclusive, of this cross-complaint.

5      30. By reason of the acts hereinabove alleged, cross-defendants negligently caused Ms.

6  Wu to suffer severe emotional distress which has caused, among other things, mental anguish,

7  anxiety, loss of appetite, loss of sleep, and has further caused and/or aggravated her physical

8  illness.

9      31.  As a direct and proximate result of cross-defendants' acts, Ms. Wu has suffered

10  general and special damages in an amount to be proven at trial, but in excess of $25,000.

11      WHEREFORE Ms. Wu prays for judgment as follows:

12                          **PRAYER FOR RELIEF**

13      1.      For general and special damages according to proof;

14      2.      For exemplary or punitive damages in an amount to be proven at trial;

15      3.      For attorneys' fees;

16      4.     For cost of suit; and

17      5.      For such other and further relief as this Court may deem proper.

18

19  DATED:  March 24, 2006                          TERRA LAW LLP

20

21                                    By: _____

22                                          Breck E. Milde
                                          Attorneys for Defendant and Cross-
23                                          Complainant Theresa T. Wu

24

25

26

27

28

# EXHIBIT D

1.  Breck E. Milde, Esq. (Bar No. 122437)
    TERRA LAW LLP
2.  177 Park Avenue, 3rd Floor
    San Jose, California 95113
3.  (408) 299-1200

4.  Attorneys for Defendant and
    Cross-Complainant Theresa T. Wu

5.

6.

7.

8.                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9.                           COUNTY OF SANTA CLARA

10.

11. WORLD SAVINGS BANK, a Federal          Case No. 1-06-CV-057468
    Savings Bank,
12.                                         **DECLARATION OF SABINA PRYCE-**
                     Plaintiff,             **JONES IN SUPPORT OF MOTION TO**
13.      vs.                                **QUASH SUMMONS**

14. THERESA T. WU, an individual and DOES 1   Date:  February 20, 2007
    through 10,                               Time:  9:00 a.m.
15.                                           Dept.: 22
16.                  Defendants.
                                            Judge: Hon. Kevin Murphy
17.

18. AND RELATED CROSS-ACTION.

19.

20.      I, Sabina Pryce-Jones, declare:

21.      1.    I have been named as a defendant in the First Amended Complaint filed on behalf

22. of plaintiff World Savings Bank ("WSB") in the above-captioned action.  I have personal

23. knowledge of the facts set forth in this declaration, and if called as a witness, I could and would

24. competently testify thereto.

25.      2.    WSB mistakenly credited a deposit made to an account held in the name of my

26. mother, Theresa T. Wu, in the amount of $100,000 instead of $10,000.  The funds were

27. withdrawn and aggregated with funds that had been held in other deposit accounts, and wire

28. transferred to an account at Bank of America Military Bank held jointly by my mother and me.

1147223                                1

DECLARATION OF SABINA PRYCE-JONES IN SUPPORT OF MOTION TO QUASH SUMMONS

1   Neither my mother, nor I, realized that the mistake had been made until after the WSB account

2   had been closed, and the funds had been used for investment purposes. My mother's account at

3   WSB was one of several accounts that my mother handled for me in California.

4        3.   My mother, during all relevant times, was a resident of the State of California, and

5   she deposited funds that she managed for me in various high-yield accounts. My mother holds

6   and manages my funds, and the funds were to be made available to me on short notice for use

7   in real estate and other investments that I make from time to time in the state of Florida. I had

8   no input into which accounts, or which institutions, the funds would be deposited. My mother

9   obtained some benefits from opening the accounts, such as free merchandise or other incentives

10  offered by the financial institutions into which the funds were deposited. .

11       4.   I am a resident of the State of Florida and I have been a resident of that state since

12  April 1997. I have been working in Florida since April 1997, after I was honorably discharged

13  from the United States Air Force, where I held the rank of Captain.

14       5.   My mother has invested funds in financial institutions domiciled in states other

15  than California. I never directed my mother to invest funds in any particular institution and I

16  never purposely availed myself of any benefits of the State of California. I never directed any

17  activities toward the State of California and had no reasonable expectation that I would be

18  subject to a lawsuit in the State of California because of my mother's choice of financial

19  institutions to invest my funds.

20       I declare under penalty of perjury under the laws of the State of California that the

21  foregoing is true and correct and that this declaration is executed on January 16, 2007 at

22  Jacksonville, Florida.

23

24  _Sabina Pryce-Jones_
    Sabina Pryce-Jones

25

26

27

28

1147223                                                          73

1

## PROOF OF SERVICE

2          I am a citizen of the United States and employed in the county aforesaid; I am over the

3    age of eighteen years, and not a party to the within action; my business address is 177 Park

4    Avenue, 3rd Floor, San Jose, CA 95113-2333.  On the date set forth below I caused to be served

5    the documents described below:

6          ### DECLARATION OF SABINA PRYCE-JONES IN SUPPORT OF
            MOTION TO QUASH SERVICE OF SUMMONS
7

8    on the following person(s) in this action by placing a true copy thereof enclosed in a sealed

9    envelope addressed as follows:

10

Kevin M. Solan
11   Solan & Park LLP
685 Market Street, Suite 360
12   San Francisco, CA 94105

13

14   X     (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid for collection
          with the United States Postal Service in a sealed envelope at San Jose, California.
15

16        (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date
          to the addressee(s).

17        (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date
          to each facsimile machine number listed above.
18

19        (BY FEDERAL EXPRESS) I caused such envelope(s) to be placed in the Federal
          Express office at San Jose, California, which the office customarily bills after delivery
          date.
20

21   X     (STATE) I declare under penalty of perjury under the laws of the State of California that
          the foregoing is true and correct.
22

23          I declare under penalty of perjury that the foregoing is true and correct and this

24   declaration is executed on January 19, 2007 at San Jose, California.

25

26                                              _Kathy Lowder_
                                                Kathy Lowder
27

28

1142279

**PROOF OF SERVICE**

74

EXHIBIT 15

Kevin M. Solan, Esq. (SBN 118415)
SOLAN & PARK LLP
685 Market Street, Suite 360
San Francisco, California  94105
Tel.: (415) 777-3300
Fax: (415) 777-3301

Attorneys for Plaintiff
WORLD SAVINGS BANK, FSB

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA

| | |
|---|---|
| WORLD SAVINGS BANK, <br><br> Plaintiff, <br><br> vs. <br><br> THERESA T. WU, et al., <br><br> Defendants. <br><br><br> AND RELATED CROSS-ACTION | CASE NO. 1-06-CV-057468 <br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR SABINA PRYCE-JONES** <br><br> Date:    February 20, 2007 <br> Time:    9:00 am. <br><br> Dept.:    22 <br><br> Case Filed:  February 3, 2006 <br> Trial Date:  TBD |

## INTRODUCTION

The confused opposition by defendant Theresa Wu to the motion to disqualify her attorney from also representing defendant Sabina Pryce-Jones, and their purported attempt to avoid the actual conflict that exists between them, only highlight the impossibility of one attorney's attempting to represent two conflicting interests.   The claimed transfer of World Savings' money by Ms. Pryce-Jones to Ms. Wu, unsupported by any corroborating documentation, does not cure the existing actual conflict and in fact makes it more acute.   The necessity for this Court to act to protect the integrity of these proceedings is clear and compelling.

1    The opposition does not dispute the applicable principles of law that govern the

2    motion to disqualify. Rather, the opposition steadfastly refuses to recognize the untenable

3    position of counsel in trying to represent both Ms. Wu and Ms. Pryce-Jones. The

4    purported assertion by Ms. Wu, represented by Breck Milde, that she does not want to

5    press a claim against Ms. Pryce-Jones, represented by Breck Milde, does not mean there

6    is no actual conflict of interest that compromises Breck Milde's fiduciary duty of

7    undivided loyalty.

8    First of all, as the court stated in *Klemm v. Superior Court* (1977) 75 Cal.App.3d

9    893, at page 898: "As a matter of law *a purported consent to dual representation of*

10    *litigants with adverse interests at a contested hearing would be neither intelligent nor*

11    *informed.* Such representation would be per se inconsistent with the adversary position of

12    an attorney in litigation, and common sense dictates that it would be unthinkable to permit

13    an attorney to assume a position at a trial or hearing where he could not advocate the

14    interests of one client without adversely injuring those of the other." (*Ibid.*, italics added.)

15    Consequently, it does not matter that Mr. Milde has attempted to disclose and explain the

16    conflict to Ms. Wu and Ms. Pryce-Jones and that they have claimed to consent to any

17    conflict. As a matter of law, there can be no consent to the conflict. (*Ibid.*)

18    Second, there is no credible evidence that Ms. Pryce-Jones and Ms. Wu have

19    actually performed their "hot potato" act with World Savings' money. The declarations

20    of Ms. Pryce-Jones and Ms. Wu, apparently both executed the same day in Jacksonville,

21    Florida, state that "I returned the $90,000 that World Savings mistakenly gave to my

22    mother . . . " (Decl. of Ms. Pryce-Jones) and that Ms. Pryce-Jones "has returned to me the

23    $90,000 that World Savings mistakenly credited to my account, and which was later

24    transferred to an account held by my daughter and me." (Decl. of Ms. Wu.)

25    There was no mention of any such transfer in Ms. Pryce-Jones' earlier Declaration

26    in Support of Motion to Quash Summons, executed less than three weeks before the

27    current declaration, which said only that World Savings' "funds had been used for

28    investment purposes." Nor is there any documentation offered now to corroborate (a) the

1   liquidation of the earlier declared "investment", (b) the actual transfer of funds to an

2   account controlled solely by Ms. Wu; or (c) that World Savings money will not promptly

3   be retransferred in the continuing attempt by Ms. Wu and/or Ms. Pryce-Jones to keep the

4   now indisputably ill-gotten gains. Nothing suggests that the purported transfer is

5   anything more than a poorly conceived expedient intended to bolster Ms. Pryce-Jones'

6   motion to quash, itself an act in stark conflict with Ms. Wu's interests.

7        Third, this Court now has the astonishing situation of both defendants' having

8   effectively admitted they each have committed acts of conversion with the $90,000 that

9   rightfully belongs to World Savings. Ms. Pryce-Jones, fully aware that the $90,000

10  belonged neither to her nor to her mother and instead belong to World Savings,

11  nevertheless claims to have transferred the funds to Ms. Wu's possession in derogation of

12  World Savings' rights. Further, even if one is inclined to credit Ms. Wu's claims that she

13  did not notice the breathtaking increase in her account balance and in the amount wired to

14  Ms. Pryce-Jones, she now undeniably knows she is withholding money that belongs to

15  World Savings and  to which she has no right.

16       The consequence of this extraordinary development is that the actual conflict

17  between Ms. Pryce-Jones and Ms. Wu now is exacerbated. For more than a year Ms.

18  Pryce-Jones used $90,000 of World Savings money, knowing that neither she nor her

19  mother had any right to that money. As between Ms. Pryce-Jones and Ms. Wu, the

20  damages that World Savings' seeks and can recover from both of them would be subject

21  to apportionment under well-established principles of equitable indemnification. Now

22  Ms. Pryce-Jones' ultimate liability to World Savings is controlled by Ms. Wu, as that

23  liability will continue to accrue until World Savings obtains satisfaction of its claims.

24       Moreover, because Ms. Pryce-Jones and Ms. Wu now admit they each have

25  committed acts of conversion, World Savings must pursue legal proceedings against each

26  of them because of the other's tortious acts. Consequently, under the "tort of another"

27  doctrine, each of them now incurs additional liability to World Savings for the attorney

28

1   fees World Savings must expend to pursue recovery from the other.  (See *Third Eye*
2   *Blind, Inc. v. Near North Entertainment Ins. Services, LLC* (2005) 127 Cal.App.4th 1311,
3   1324-1325.)  As a result, both Ms. Wu and Ms. Pryce-Jones have clear and compelling
4   interests in obtaining indemnification from each other for the damages that World
5   Savings has incurred and will incur as a result of the other's acts.  And as before, each has
6   an interest in doing so in the same proceeding in which their own liability to World
7   Savings will be determined.

8         Yet rather than instituting a cross-complaint against Ms. Pryce-Jones for
9   indemnification, Ms. Wu's attorney is representing Ms. Pryce-Jones in an attempt to keep
10  her from having to appear in this action at all.  Furthermore, instead of seeking
11  indemnification for Ms. Wu, her attorney has overseen acts that have increased
12  substantially the liability exposure for both her and Ms. Pryce-Jones.  Thus, the futile
13  attempt to circumvent the motion for counsel's disqualification has served only to
14  emphasize the impossibility of zealously and competently representing clients with
15  conflicting interests simultaneously.

16        As for Ms. Wu's tardy quibble about the amount of notice she received for having
17  this motion heard on the same day as Ms. Pryce-Jones' motion to quash service, her
18  objection is of no ultimate consequence.  Her opposition, filed and served by regular
19  mailing on February 6th, raises no claim of prejudice and was itself untimely and contrary
20  to the requirements of Code of Civil Procedure.  Section 1005, subdivisions (b) and (c),
21  require that oppositions be filed and served "at least 9 court days" before the hearing and
22  service "by personal delivery, facsimile transmission, express mail, or other means . . .
23  reasonably calculated to ensure delivery ... not later than the close of the next business
24  day . . . ."  Furthermore, the motion itself was filed and served 16 court days and 26
25  calendar days before the hearing, thus complying with a literal reading of Code of Civil
26  Procedure section 1005, subdivision (b).

27        In any event, if the Court concludes Ms. Wu's belated objection is dispositive,

28

1    World Savings respectfully requests that its motion be rescheduled for the earliest

2    available hearing date, and that the matter be determined on the present record.

## CONCLUSION

4        Under these circumstances, the need for this Court to act to protect the integrity

5    and credibility of its proceedings is plain.  Mr. Milde and his firm must be disqualified

6    from representing Ms. Pryce-Jones.  For the foregoing reasons, and those that may be

7    presented at the hearing of the motion, World Savings' motion to disqualify counsel for

8    defendant Sabina Pryce-Jones must be granted.

9

10   Dated: February 9, 2007                    SOLAN & PARK LLP

11

12

13                          By:   *Kevin M. Solan*

14                               Kevin M. Solan, Esq.

15                               Counsel for Plaintiff and Cross-defendant
                                 World Savings Bank, FSB

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

2          I, the undersigned, hereby declare:

3          I am a citizen of the United States, over 18 years of age, and not a party to the
within action. I am employed in the County of San Francisco; my business address is 685
4    Market Street, Suite 360, San Francisco, California 94105.

5          On February 9, 2007, I served the within:

6    **1. Reply Memorandum In Support of Motion to Disqualify Counsel
          For Sabina Pryce-Jones**
7
on all parties in this action, as addressed below, by causing a true copy thereof to be
8    distributed as follows:

9    Breck E. Milde, Esq.
     Terra Law LLP
10   177 Park Avenue, Third Floor
     San Jose, CA 95131
11   *Facsimile No. 408/998-4895*

12   [X]    **BY MAIL:**   I am "readily familiar" with the firm's practice of collection and
                           processing correspondence for mailing. Under the practice it would
13   .                     be deposited with the U.S. Postal Service on that same day with
                           postage thereon fully prepaid in the ordinary course of business. I am
14                         aware that on motion of the party served, service is presumed invalid
                           if the postal cancellation date of postage meter date is more than one
15                         day after date of deposit for mailing an affidavit.

16   [X]    **BY FAX:**    I caused such documents to be transmitted via facsimile to the stated
                           parties at their respective facsimile numbers.
17
18   [ ]    **BY EXPRESS CARRIER:** I caused such documents to be collected by an
                                    agent for [Name of Company] to be delivered to
19                  the offices of stated parties.

20   [ ]    **BY HAND DELIVERY:**  I hand delivered such documents to the stated parties.

21   [ ]    **BY E-MAIL:**   I caused such documents to be transmitted via e-mail to the
                             stated parties at their respective e-mail addresses.
22
            I declare under penalty of perjury under the laws of the State of California that the
23   foregoing is true and correct.

24   Dated: February 9, 2007

                                                _____
25                                              Loni Myers

26

27

28

Solan & Park LLP

EXHIBIT 16

Superior Court Of California
Minute Order - CIVIL LAW AND MOTION
HONORABLE KEVIN J. MURPHY

Calendar For: 02/20/07                                                    Page:    1

Reporter: Holland ~~Leveque~~    Clerk: Renee Rogers        Bailiff: Curt Gomes

Dept: Dept 22

---

5.    09:00AM Case: 1-06-CV-057468   World Saving Vs Wu
      Type: Business Tort, Unfair Practice - UnlimitDate Filed: 02/03/06
      SubType:
      SV: 02/23/06
      Event: CV Misc Motion                        Result Code:
             Text: Motion to Disqualify Def's Counsel Breck E. Milde by
             Plt/X-Def World Savings Bank, FSB (Kevin M. Solan)

      PLX-0001    World Saving Bank
                  Atty: ~~Kevin M. Solan~~ *William Jacobsson*
      DEF-0001    Sabina L Pryce-jones
                  Atty: Breck E. Milde
      DXC-0001    Theresa T. Wu
                  Atty: Breck E. Milde ✓

---

( ) NO APPEARANCE
( ) OTHERS IN COURT AS NOTED ABOVE
( ) OFF CALENDAR          ( ) _____

THE COURT ORDERS THIS CASE:
( ) SET FOR _____ ON _____ AT _____ DEPT _____
( ) CONTINUED TO _____ AT _____ DEPT _____
( ) DISMISSED  ( ) WITH PREJUDICE  ( ) WITHOUT PREJUDICE  ( ) RE: _____
( ) NO SERVICE; REISSUED TO _____ AT _____ DEPT _____
( ) TEMPORARY RESTRAINING ORDER TO REMAIN IN EFFECT
(X) MOTION/PETITION  ( ) GRANTED  ( ) DENIED  ( ) OTHER *denied in part and granted*
      *in part as stated on the record.*
( ) DEMURRER  ( ) SUSTAINED  ( ) WITH____DAYS LEAVE TO AMEND  ( ) WITH LEAVE TO AMEND BY_____
              ( ) WITHOUT LEAVE TO AMEND    ( ) AS TO_____CAUSE(S) OF ACTION
              ( ) OVERRULED ____DAYS TO ANSWER OR PLEAD FURTHER ( ) AS TO_____CAUSE(S) OF ACTION
(X) ~~TAKEN UNDER SUBMISSION~~; WRITTEN DECISION TO BE MAILED
(X) ORDER SIGNED ( ) SERVED ON COUNSEL IN COURT( )_____TO PREPARE ORDER
( ) EXEMPTION:  ( ) ALLOWED   ( ) DISALLOWED   ( ) OTHER_____
( ) PAYMENT GRANTED $_____PER_____FROM_____ ( ) CERTIFIED COPY OF MINUTES TO SHERIFF
( ) SWORN, EXAMINED AND DISCHARGED  ( ) PURGED OF CONTEMPT  ( ) ORDERED RELEASED
( ) BAIL:  ( ) APPLIED $_____ ( ) EXONERATED $_____ ( ) FORFEITED ( ) OTHER_____
( ) BENCH WARRANT ORDERED FOR_____ BAIL $_____
( ) SET FOR  ( ) COURT TRIAL  ( ) JURY TRIAL ON_____AT 8:45 AM. TIME ESTIMATE_____
             ( ) JURY DEMANDED BY_____ ( ) JURY WAIVED BY_____
             ( ) TRIAL COUNSEL PLAINTIFF_____ DEFENDANT_____
             ( ) SETTLEMENT CONFERENCE ON ( ) WEDNESDAY PRIOR TO TRIAL  ( ) ON_____

EXHIBIT 17



F I L E D

FEB 2 1 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____DEPUTY

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

WORLD SAVINGS BANK,

Plaintiff,

v.

THERESA T. WU, et al.;

Defendants.

Case No.    1 – 06 – CV – 057468

Order re:    Motions to Quash Service
of Process

The Motion to Quash Service of Process on Defendant Sabina Pryce-Jones ("Defendant") came on for hearing before the Honorable Kevin J. Murphy on February 20, 2007, at 9:00 a.m. in Department 22.  The matter having been submitted, the Court orders as follows:

When a defendant moves to quash service of process on jurisdictional grounds, the plaintiff has the initial burden of demonstrating facts justifying the exercise of jurisdiction.  (*Serafini v. Superior Court* (1998) 68 Cal.App.4th 70, 77.)  Once facts showing minimum contacts with the forum state are established, however, it becomes the defendant's burden to demonstrate that the exercise of jurisdiction would be unreasonable.  (*Id.*)  Defendant purposefully availed herself of forum benefits when she used a California resident as her agent and trustee for investments.  Because Defendant was named on the bank account in question and on the bank account where the missing funds were ultimately transferred, the controversy is related to or arises out from Pryce-

Order re:  Motion to Quash Service of Summons

93

Jones's contact with the California bank account. Defendant has not presented a compelling case that California jurisdiction would be unreasonable.

Defendants' motion to quash service of service of process on Defendant Sabina-Pryce-Jones for lack of personal jurisdiction is DENIED.

Date: 2-20-2007

Kevin J. Murphy
Judge of the Superior Court

Order re:  Motion to Quash Service of Summons

94

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA  95113-1090

TO:    FILE COPY

FILED

FEB 2 1 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of Santa Clara
BY_____ DEPUTY

RE:  World Saving Vs Wu
Case Nbr:  1-06-CV-057468

PROOF OF SERVICE

RENÉE ROGERS

ORDER RE: MOTIONS TO QUASH SERVICE TO PROCESS

was delivered to the parties listed below in the above entitled case as set
forth in the sworn declaration below.

Parties/Attorneys of Record:

CC: Kevin M. Solan , Solan & Park
        685 Market Street, Suite 360, San Francisco, CA 94105
     Breck E. Milde , Terra Law LLP
        177 Park Avenue, 3rd Floor, San Jose, CA 95113

If you, a party represented by you, or a witness to be called on behlaf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 02/21/07.  KIRI TORRE, Chief Executive Officer/Clerk by Renee E. Rogers, Deputy

95

PROOF OF SERVICE

I am a citizen of the United States and employed in the county aforesaid; I am over the

age of eighteen years, and not a party to the within action; my business address is 177 Park

Avenue, 3rd Floor, San Jose, CA 95113.  On the date set forth below I caused to be served the

documents described below:

**EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF MANDATE AND/OR PROHIBITION OR OTHER APPROPRIATE RELIEF**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed

envelope addressed as follows:

Court of Appeals                         (Original and 1 copy via hand delivery)
Sixth Appellate District
333 W. Santa Clara Street, Suite 1060
San Jose, CA 95113

Kevin M. Solan                           (1 copy via hand delivery)
Solan & Park LLP
685 Market Street, Suite 360
San Francisco, CA 94105
Phone:  (415) 777-3300

Hon. Kevin J. Murphy                     (1 copy via hand delivery)
Superior Court State of California
County of Santa Clara
191 North First Street
San Jose, CA 95113

(BY MAIL) I caused such envelope(s) with postage thereon fully prepaid for collection
with the United States Postal Service in a sealed envelope at San Jose, California.

X    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date
to the addressee(s).

(BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date
to each facsimile machine number listed above.

1

2    (BY FEDERAL EXPRESS) I caused such envelope(s) to be placed in the Federal
     Express office at San Jose, California, which the office customarily bills after delivery
3    date.

4    X    (STATE) I declare under penalty of perjury under the laws of the State of California that
          the foregoing is true and correct.

5

6    I declare under penalty of perjury that the foregoing is true and correct and this

7    declaration is executed on March 8, 2007 at San Jose, California.

8                                                  Lisa Murphy

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 18

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

**UCS**

**FILED**

APR 9 - 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
E.R. Spitters

6

7

8

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SANTA CLARA**

9

10  WORLD SAVINGS BANK,

11                    Plaintiff,

12  vs.

13  THERESA T. WU, et al.,

14                    Defendants.

15

16  AND RELATED CROSS-ACTION

17

**CASE NO. 1-06-CV-057468**

**PROPOSED ORDER RE:
WORLD SAVING'S MOTION TO
DISQUALIFY COUNSEL FOR
DEFENDANT SABINA PRYCE-JONES**

18         The Motion To Disqualify Counsel For Defendant Sabina Pryce-Jones came on for

19  hearing before the Honorable Kevin J. Murphy on February 20, 2007, at 9:00 a.m. in

20  Department 22. The moving party, plaintiff World Savings Bank, was represented by

21  William Jacobson, Esq., Solan & Park LLP; defendants Theresa Wu and Sabina Pryce-

22  Jones were represented by Breck E. Milde, Esq., Terra Law LLP. The Court having

23  considered the arguments, authorities and evidence submitted in support of and in

24  opposition to the motion, and the matter having been argued and submitted, the Court

25  orders as follows:

26         The motion is GRANTED IN PART and DENIED IN PART.

27         The Court finds that with respect to representation of Sabina Pryce-Jones in

28  connection with her Motion To Quash Service Of Process on her, the motion to disqualify

1  counsel is denied.  With respect to that motion there is not a present non-waivable conflict

2  of interest in counsel's representation.

3        The Court further finds that with respect to counsel's continuing representation of

4  Sabina Pryce-Jones in any further adversarial proceedings in this matter, counsel has a

5  non-waivable actual conflict of interest that prevents counsel ethically from representing

6  both Theresa Wu and Sabina Pryce-Jones.  Therefore, while Terra Law LLP is not

7  precluded from trying to negotiate a settlement of this action, Terra Law LLP is precluded

8  from representation of Sabina Pryce-Jones in any further adversarial proceedings in this

9  action.

10

11  Dated: 4-5-07

12

13  _____

14              JUDGE OF THE SUPERIOR COURT

15                      KEVIN J. MURPHY

16

17  APPROVED AS TO FORM

18

19  _____

20  Breck E. Milde, Esq.
    TERRA LAW LLP
21  Counsel for defendants
    Theresa Wu and Sabina Pryce-Jones
22

23

24

25

26

27

28

EXHIBIT 19

982(a)(6)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

Kevin M. Solan, Esq.
Solan & Park LLP
685 Market Street, Suite 360
San Francisco, CA 94105

TELEPHONE NO.: 415/777-3300    FAX NO. *(Optional)*: 415/777-3301
E-MAIL ADDRESS *(Optional)*: ksolan@solanpark.com
ATTORNEY FOR *(Name)*: Plaintiff and Cross-defendant World Savings Bank, FSB

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: World Savings Bank, a Federal Savings Bank

DEFENDANT/RESPONDENT: Theresa T. Wu, an individual; Sabina L. Pryce-Jones, an individual; and Does 1 through 10

| REQUEST FOR | [X] Entry of Default | [ ] Clerk's Judgment | CASE NUMBER: |
|---|---|---|---|
| (Application) | [ ] Court Judgment | | 1-06-CV-057468 |

1. **TO THE CLERK:** On the complaint or cross-complaint filed
   a. on *(date)*: 8/31/2006  First Amended Complaint
   b. by *(name)*: World Savings Bank, a Federal Savings Bank
   c. [X] Enter default of defendant *(names)*: Sabina L. Pryce-Jones

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names)*:

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*

   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date)*:

2. **Judgment to be entered.**

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| b. | Statement of damages * | | | |
| | (1) Special . . . . . . . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| | (2) General . . . . . . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| c. | Interest . . . . . . . . . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| d. | Costs *(see reverse)* . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| e. | Attorney fees . . . . . . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| f. | TOTALS . . . . . . . . . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| g. | Daily damages were demanded in complaint at the rate of: $ TBD per day beginning *(date)*: | | | |

   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ] *(Check if filed in an unlawful detainer case)* Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4).*

Date: April 26, 2007

Kevin M. Solan
_____
(TYPE OR PRINT NAME)

▶ 
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) [ ] Default entered as requested on *(date)*: |
|---|---|
| | (2) [ ] Default NOT entered as requested *(state reason)*: |

Clerk, by: _____, Deputy

Page 1 of 2

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Legal
Solutions
& Plus

Code of Civil Procedure,
§§ 585-587, 1169
9UD

| PLAINTIFF/PETITIONER: World Savings Bank, a Federal Savings Bank | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Theresa T. Wu, an individual; Sabina L. Pryce-Jones, an individual; and Does 1 through 10 | 1-06-CV-057468 |

4. **Legal document assistant or unlawful detainer assistant** (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant ☐ did ☒ did not for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date):*

5. ☒ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action
   a. ☐ is ☒ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☒ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☒ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing** (Code Civ. Proc., § 587). A copy of this *Request for Entry of Default* was
   a. ☐ not mailed to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

   b. ☒ mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
      (1) Mailed on *(date):* April 27, 2007
      (2) To *(specify names and addresses shown on the envelopes):*
      Breck Milde, Esq.
      Terra Law LLP
      177 Park Avenue, Third Floor
      San Jose, CA 95131

      Sabina L. Pryce-Jones
      1170 Holly Oaks Court
      Jacksonville, FL 32259

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 4/26/07

KEVIN M. SOLAN
(TYPE OR PRINT NAME)                                    ▶                        (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees ..................... $ TBD
   b. Process server's fees ................. $ TBD
   c. Other *(specify):* ..................... $ TBD
   d. ........................................ $ TBD
   e. TOTAL ................................. $ TBD
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____                        ▶                        _____
(TYPE OR PRINT NAME)                                                             (SIGNATURE OF DECLARANT)

8. ☒ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/26/07

KEVIN M. SOLAN
(TYPE OR PRINT NAME)                                    ▶                        (SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

EXHIBIT 20

<table>
<tr><td>

**SUPERIOR COURT, STATE OF CALIFORNIA COUNTY OF SANTA CLARA**

**DEPARTMENT 7**

191 North First Street, San Jose, CA 95113
408.882.2170  ·  408.882.2193 (fax)
*civildiscoverytentatives@scscourt.org*
*http://www.sccsuperiorcourt.org*

</td><td>

[For clerk's use only]

</td></tr>
</table>

**Click here to contest this tentative ruling by email**

**WORLD SAVINGS BANK v. THERESA T. WU, et al.**      **Case No.: 1-06-CV-057468**
**Date: 27 April 2007**                **Time: 10:00 a.m.**      **Line Number: 3**

**This matter will be heard by the Honorable Judge Socrates Peter Manoukian in Department 7 in the Downtown Superior Courthouse, 3rd Floor, 191 North First Street, San Jose. Any party opposing the tentative ruling must call Department 7 at 408.882.2170 and the opposing party no later than 4:00 PM on Thursday 26 April 2007.**

The Motion of Plaintiff World Savings Bank to Compel Defendant and Cross-Complainant Theresa Wu to answers and responses to Special Interrogatories (Set One) and Requests for Production of Documents (Set One) came on regularly for hearing before the Honorable Socrates Peter Manoukian on 27 April 2007 at 10:00 a.m. in Department 7.  The matter having been submitted, the Court finds and orders as follows:

BACKGROUND

Defendant Theresa T. Wu ("Defendant") opened had four accounts with Plaintiff World Savings Bank ("Plaintiff"), two of which were in her name as a trustee for her daughter.  On October 17, 2005, Defendant deposited a $10,000 check into a checking account, which Plaintiff mistakenly entered as a $100,000 credit.  Defendant closed all World Savings Bank accounts shortly thereafter.

According to Defendant, she closed the accounts when her daughter advised her that she was in contract to purchase a parcel of real estate and needed the funds immediately.  Defendant states that she and her daughter did not notice the $90,000 error until the funds had already been spent on the real estate purchase.

Plaintiff sues Wu and Pryce-Jones for conversion.  Wu cross-complains for violation of Fair Debt Collection Practices Act, intentional infliction of emotional distress, and negligent infliction of emotional distress.

DISCUSSION

**I.      REQUEST FOR JUDICIAL NOTICE**

Plaintiff requests judicial notice of the declaration previously filed by Defendant in opposition to Plaintiff's motion to disqualify counsel. This declaration is in the case file for this matter.  The Court may take judicial of documents in the case file, but the truth of matters asserted in those documents is not necessarily subject to judicial notice.  [Ev. Code. §452(d).  *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1564-69; *Bach v. McNelis* (1989) 207 Cal.App.3d 852, 864-65.]  Therefore, the Court GRANTS the request for judicial notice of the existence as to the existence of this declaration, but not as to the truth of the matters asserted therein.

**II.      SPECIAL INTERROGATORIES**

Plaintiff seeks further responses to Special Interrogatories No. 9, 11, 15, 16, 18, and 19.

**A.      Relevance Objection**

Special Interrogatory No. 9 asks Defendant to state in detail what she and her daughter did with the $90,000 that was mistakenly credited to her checking account on October 17, 2005.  Special Interrogatory No. 11 asks Defendant to state all communications she has had with her daughter regarding the $90,000.  Special Interrogatory No. 15 asks Defendant to state the account number, name and address of the financial institution, and monthly

balance from January 2004 to the present, for each account in which she and her daughter held any interest. Special Interrogatory No. 16 asks Defendant to identify all documents that reflect, relate, or refer to communications between Defendant and her daughter regarding financial matters from October 1, 2005 to the present. Defendant objects to each of these interrogatories on the basis that the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Any party may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending action. [Code Civ. Proc. § 2017.010.] [1] For discovery purposes, information should be regarded as "relevant to the subject matter" if it might reasonably assist a party in evaluating a case, preparing for trial, or facilitating settlement thereof. [Weil & Brown, *California Practice Guide: Civil Procedure Before Trial* (The Rutter Group 2006) § 8:66:1]. The "relevance to the subject matter" and "reasonably calculated to lead to admissible evidence" standards are applied liberally. [*Id.* a t§ 8:71, citing *Colonial Life & Acc. Ins. Co. v. Sup. Ct. (Perry)*, 31 Cal. 3d 785, 790.]

Here, Defendant is accused of converting $90,000 that she admittedly withdrew from her bank account. She contends that she did not realize that she had the extra $90,000. Discovery into how she spent the money and what she said about the money is reasonably calculated to lead to admissible evidence on this claim or her defense to it. Discovery into how much money she had in other bank accounts is reasonably calculated to lead to admissible evidence regarding her claim that she did not notice an extra $90,000 in the checking account she shared with her daughter. Communications between Defendant and her daughter regarding the extra $90,000 and other financial are reasonably calculated to lead to admissible evidence that would trace the funds and help the parties evaluate Defendants' claim that she did not notice the extra funds.

"[T]he courts have taken the view if an error is made in ruling on a discovery motion, it is better that it be made in favor of granting discovery of the nondiscoverable rather than denying discovery of information vital to preparation or presentation of the party's case or to efficacious settlement of the dispute." [*Volkswagen of America, Inc. v. Superior Court* (2006), 139 Cal. App. 4th 1481, 1497, citing *Norton v. Superior Court* (1994) 24 Cal. App. 4th 1750, 1761.] The Court overrules Defendant's relevance objection.

### B.    Privacy Objection

Defendant raises a privacy objection to Special Interrogatories No. 15 and 16, which seek Defendants' other bank account information and for information about her communication with her daughter regarding financial matters.

Parties have a right of privacy as to their confidential financial affairs, even when the information sought is relevant to the litigation. [Weil & Brown, *supra* § 8:302, citing *Cobb v. Sup. Ct.* (1979) 99 Cal. App. 3d 543, 550.] Confidential bank records are also protected. [*Id.* at § 8:303.2, citing *Fortunato v. Sup. Ct. (Ingrassia)* (2003) 114 Cal. App. 4th 475, 480.] Therefore, Plaintiff has the burden of showing that the account information is directly relevant to the litigation here. [*Id.* at § 8:320-21.]

Direct relevance means that the discovery must be essential to determining the truth of the matter in dispute. [*Britt v. Sup. Ct. (San Diego Unified Port Dist.)* (1978) 20 Cal. 3d 844, 859-62.] The Court must carefully balance the right of civil litigants with the right of bank customers to maintain reasonable privacy regarding their financial affairs. [*Valley Bank of Nevada v. Sup. Ct.* (1975) 15 Cal. 3d 652, 657.] In doing so, the Court should carefully consider the purpose of the information sought, the effect that disclosure will have on the parties and on the trial, the nature of the objections urged by the party resisting disclosure, and ability of the Court to make an alternative order which may grant partial disclosure, disclosure in another form, or disclosure only in the event that the party seeking information undertakes certain specified burdens which appear justified under the circumstances. [*Id.* at 658, citing *Greyhound Corp. v. Sup. Ct.* (1961) 56 Cal. 2d 355, 382.]

Here, the information sought is directly relevant to both tracing the funds and evaluating Defendant's claim that she did not notice the extra $90,000 in her account. Defendant's financial information is at the crux of both Plaintiff's conversion claim and her cross-claim against the Defendant for unfair debt collection practices. Because the information is sensitive, however, it is appropriate for parties to enter into an attorneys-eyes-only protective order regarding Defendant's responses to Special Interrogatories No. 15 and 16.

---

[1] All statutory references are to the Code of Civil Procedure.

### C.    Other Discovery Responses and Declarations

Defendant's opposition brief argues that she has already provided responsive information to Special Interrogatories No. 9 and 11 in prior declarations and subsequent discovery responses.

Each answer in a response to interrogatories shall be as complete and straightforward as the information reasonably available to the responding party permits. [§2030.220.] Here, while her other verified statements may be responsive to these two special interrogatories, it is not clear that they reflect all information reasonably available to Defendant. Moreover, Defendant raises this issue for the first time in her opposition to the motion to compel.

At the very least, Plaintiff is entitled to a verified response stating that, based on a reasonable and diligent search of the reasonably available information, Defendant has no information other than that which she has provided in the discovery responses and declarations. Her responses must also identify and summarize the specific portions of other discovery responses and declarations to which they refer. [*Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 783.]

### D.    Specification of Writings From Which Answer May be Derived

Special Interrogatory No. 18 asks Defendant to describe in detail each instance in which she contends Plaintiff failed to fully or properly credit her account with interest. (Defendant's answer included as an affirmative defense the allegation that Plaintiff "failed to properly or fully credit certain interest and deposits.") Special Interrogatory No. 19 asks Defendant to identify all documents supporting this affirmative defense. Defendant responds that each interrogatory would necessitate the preparation or making of a compilation, abstract, audit, or summary of or from documents that are in the custody or control of both parties. She continues: "Wu therefore refers to all statements of account, deposit slips, checks, and other evidence of deposits or debits held by Wu at World Savings Bank."

Plaintiff is entitled to discovery regarding to Defendant's affirmative defenses. [§2017.010.] When, in order to answer an interrogatory, it is necessary to make a compilation, abstract, audit, or summary of business records of a party, and such compilation, abstract, audit, or summary does not exist or is not under the control of the party, it is a sufficient answer to so state and to specify the records from which the answer may be derived or ascertained and to afford the other party reasonable opportunity to examine, audit, or inspect such records and to make copies thereof, abstracts, or summaries therefrom. [§ 2030, subd. (d).]

A party who makes recourse to this section declares that the information in the specified records is true, accurate, and complete, and that no other information is available to the answering party. [*Kaiser Foundation Hospitals v. Superior Court* (1969) 275 Cal.2d 801, 805.] The response must specify the records from which the information can be ascertained. A broad statement that the information is available from a mass of documents is insufficient [citations omitted]. [*Deyo v. Kilbourne*, (1978) 84 Cal. App. 3d 771, 784-785.] Here, Defendant's responses are not code-compliant because she does not specify the records from which the information can be obtained. Plaintiff is entitled to know the basis of Defendant's affirmative defense and the documents upon which she relies in making her defense. Therefore, Defendant's responses to Special Interrogatories No. 18 and 19 are inadequate.

### E.    Other Objections

Defendant further objects that Special Interrogatories No. 18 and 19 are vague, ambiguous, burdensome, and oppressive. These objections are misplaced.

Courts generally do not sustain objections for vagueness and ambiguity unless the question is totally unintelligible. [Weil & Brown, *supra*, §8:1084; citing *Deyo*, 84 Cal.App.3d at 783.] Here, the special interrogatories are intelligible. Therefore, the objection is overruled.

When asserting undue burden in response to a motion to compel, respondent has the burden of providing detailed evidence of how much work is required to answer the question. [*West Pico Furn. Co. v. Superior Court* (1961) 56 Cal. 2d 407, 418; *Columbia Broadcasting System, Inc. v. Superior Court* (1968) 263 Cal.App.2d 12, 19; *Mead Reinsurance Co. v. Superior Court* (1986) 188 Cal.App.3d 313, 318.] Defendant has provided no such evidence. Therefore, this objection is overruled.

The motion to compel further responses to special interrogatories is GRANTED.

### III.    REQUEST FOR PRODUCTION OF DOCUMENTS

Request for Production of Documents No. 2 seeks production of all documents identified in response to special interrogatories. Because the Court is ordering Defendant to amend its responses to special interrogatories, it must also provide an amended response to this request for production of documents. The motion to compel further response to Request for Production of Documents No. 2 is GRANTED.

### IV.    REQUEST FOR MONETARY SANCTIONS

Plaintiff's memorandum of points and authorities states that it is entitled to monetary sanctions. Plaintiff's notice of motion, however, does not comply with the requirements imposed by the Code of Civil Procedure. Section 2023.040 requires that a request for sanction, in the notice of motion, identify every person, party, and attorney against whom the sanction is sought. Plaintiff's notice of motion does not even mention monetary sanctions. Because it has not complied with the statutory requirements, Plaintiff's request for monetary sanctions is DENIED.

### CONCLUSION

Plaintiff's request for judicial notice is GRANTED.

Plaintiff's motion to compel further responses to Special Interrogatories (Set One) is GRANTED. Defendant shall provide verified, code-compliant responses within 20 days. Defendant's responses to Special Interrogatories No. 15 and 16 shall be produced pursuant to an Attorneys'-Eyes-Only protective order. The parties are directed to the Court's complex litigation website for an example of such an agreement.

Plaintiff's motion to compel a further response to Request for Production of Documents No. 2 is GRANTED. Defendant shall produce all responsive, non-privileged documents in her possession, custody, or control within 20 days. If she asserts privilege or another objection with regard to any responsive document, her response must identify the document with particularity and set forth clearly the extent of, and specific ground for, the objection in accordance with section 2031.240.

Plaintiff's request for monetary sanctions is DENIED.

DATED:    _____

　　　　　　　　HON. SOCRATES PETER MANOUKIAN
　　　　　　　　*Judge of the Superior Court*
　　　　　　　　*County of Santa Clara*

- ooOoo -

EXHIBIT 21

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10  WORLD SAVINGS BANK,              )    CASE NO. 1-06-CV-057468
                                     )
11             Plaintiff,            )
                                     )    **NOTICE OF ENTRY OF DEFAULT**
12  vs.                              )
                                     )
13  THERESA T. WU, et al.,           )
                                     )
14             Defendants.           )
                                     )
15  _____      )
                                     )
    AND RELATED CROSS-COMPLAINT      )
16

17       TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD;

18       PLEASE TAKE NOTICE that on April 27, 2007, the Court entered a default

19  against defendant Sabina L. Pryce-Jones.  A true and correct copy of the Entry of Default

20  is attached hereto as Exhibit A.

21

22  Dated: May 9, 2007                    SOLAN & PARK LLP

23

24                                   By   _____
                                          Kevin M. Solan, Esq.
25                                        Attorneys for Plaintiff
                                          World Savings Bank
26

27

28

# EXHIBIT A

982(a)(6)

**COPY**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kevin M. Solan, Esq.<br>Solan & Park LLP<br>685 Market Street, Suite 360<br>San Francisco, CA 94105 | **ENDORSED**<br><br>2007 APR 27 A 11: 23<br><br>KIRI TORRE, CLERK OF THE SUPERIOR COURT<br>COUNTY OF SANTA CLARA, CALIFORNIA<br>BY:<br>DEPUTY CLERK<br>C A PINACATE |

TELEPHONE NO.: 415/777-3300    FAX NO. (Optional): 415/777-3301
E-MAIL ADDRESS (Optional): ksolan@solanpark.com
ATTORNEY FOR (Name): Plaintiff and Cross-defendant World Savings Bank, FSB

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: World Savings Bank, a Federal Savings Bank

DEFENDANT/RESPONDENT: Theresa T. Wu, an individual; Sabina L. Pryce-Jones, an individual; and Does 1 through 10

| REQUEST FOR | [X] Entry of Default | [ ] Clerk's Judgment | CASE NUMBER: |
|---|---|---|---|
| (Application) | [ ] Court Judgment | | 1-06-CV-057468 |

**BY FAX**

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): 8/31/2006 - First Amended Complaint
   b. by (name): World Savings Bank, a Federal Savings Bank"
   c. [X] Enter default of defendant (names): Sabina L. Pryce-Jones

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

   (Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)

   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The Prejudgment Claim of Right to Possession was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)
      (3) [ ] for default previously entered on (date):

2. Judgment to be entered.

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| b. | Statement of damages * | | | |
| | (1) Special . . . . . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| | (2) General . . . . . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| c. | Interest . . . . . . . . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| d. | Costs (see reverse) . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| e. | Attorney fees . . . . . . . . . . . . . . $ | TBD | $ TBD | $ TBD |
| f. | TOTALS . . . . . . . . . . . . . . . . $ | TBD | $ TBD | $ TBD |

   g. Daily damages were demanded in complaint at the rate of: $ TBD    per day beginning (date):
   * Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ] (Check if filed in an unlawful detainer case.) Legal document assistant or unlawful detainer assistant information is on the reverse (complete item 4).

Date: April 26, 2007

Kevin M. Solan                                          ▶ (signature)
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) [✓] Default entered as requested on (date): APR 2 7 2007 | |
|---|---|---|
| | (2) [ ] Default NOT entered as requested (state reason): | C A PINACATE |
| | | Clerk, by: _____ , Deputy |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(6) [Rev. February 18, 2005]

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Legal Solutions® Plus    Code of Civil Procedure, §§ 585-587, 1169

9UD

10786504.tif – 4/27/2007 9:47:01 AM

| PLAINTIFF/PETITIONER: World Savings Bank, a Federal Savings Bank | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Theresa T. Wu, an individual; Sabina L. Pryce-Jones, an individual; and Does 1 through 10 | 1-06-CV-057468 |

4. Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant ☐ did . ☒ did not for compensation give advice or assistance with this form. (If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):

   a. Assistant's name:

   b. Street address, city, and zip code:

                                           c. Telephone no.:

                                           d. County of registration:

                                           e. Registration no.:

                                         f. Expires on (date):

5. ☒ Declaration under Code of Civil Procedure Section 585.5 (required for entry of default under Code Civ. Proc., § 585(a)). This action

   a. ☐ is ☒ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

   b. ☐ is ☒ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

   c. ☐ is ☒ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. Declaration of mailing (Code Civ. Proc., § 587). A copy of this Request for Entry of Default was

   a. ☐ not mailed to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney (names):

   b. ☒ mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

     (1) Mailed on (date):  April 27, 2007

                                        (2) To (specify names and addresses shown on the envelopes):

                                        Breck Milde, Esq.
                                         Terra Law LLP
                                         177 Park Avenue, Third Floor
                                         San Jose, CA 95131

                                         Sabina L. Pryce-Jones
                                         1170 Holly Oaks Court
                                         Jacksonville, FL 32259

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 4/26/07

KEVIN M. SOLAN
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

7. Memorandum of costs (required if money judgment requested). Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . $     TBD

   b. Process server's fees . . . . . . . . . . . . . . . . $     TBD

   c. Other (specify): . . . . . . . . . . . . . . . . . . . . $     TBD

   d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $     TBD

   e. TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . $     TBD

   f. ☐ Costs and disbursements are waived.

   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

8. ☑ Declaration of nonmilitary status (required for a judgment). No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/26/07

KEVIN M. SOLAN
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

· 10736504.tif - 4/27/2007 9:47:01 AM

1

## PROOF OF SERVICE

2        I, the undersigned, hereby declare:

3        I am a citizen of the United States, over 18 years of age, and not a party to the
within action.  I am employed in the County of San Francisco; my business address is 685
4   Market Street, Suite 360, San Francisco, California 94105.

5        On May 9, 2007, I served the within:

6   **World Savings' Notice of Entry of Default on Sabina Pryce-Jones**

7   on all parties in this action, as addressed below, by causing a true copy thereof to be
distributed as follows:

8

9   Sabina Pryce-Jones                          Breck Milde, Esq.
1170 Holly Oaks Ct.                           Terra Law LLP
10  Jacksonville, FL 32259                        177 Park Avenue, Third Floor
                                              San Jose, CA 95131

11  [x]    **BY MAIL:**   I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under the practice it would
12           be deposited with the U.S. Postal Service on that same day with
postage thereon fully prepaid in the ordinary course of business.  I am
13           aware that on motion of the party served, service is presumed invalid
if the postal cancellation date of postage meter date is more than one
14           day after date of deposit for mailing an affidavit.

15  []     **BY FAX:**    I caused such documents to be transmitted via facsimile to the stated
parties at their respective facsimile numbers.
16

17  []     **BY EXPRESS CARRIER:**  I caused such documents to be collected by an
agent for [Name of Company] to be delivered to
18               the offices of stated parties.

19  []     **BY HAND DELIVERY:**  I hand delivered such documents to the stated parties.

20  []     **BY E-MAIL:**     I caused such documents to be transmitted via e-mail to the
stated parties at their respective e-mail addresses.

21        I declare under penalty of perjury under the laws of the State of California that the
22  foregoing is true and correct.

23  Dated: May 9, 2007                         _____
                                              Loni Myers

24

25

26

27

28

EXHIBIT 22

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SANTA CLARA

**Downtown Courthouse – Civil Division**
191 North First Street, San Jose, CA 95113
(408) 882-2100



- Self-Service Website: *www.scselfservice.org.* Providing information for those representing themselves in court.
- Public Case Information Website: *www.scccaseinfo.org.* Providing access to local cases through online search & retrieval.
- Main Website: *www.sccsuperiorcourt.org.* Providing access to rules, forms, fees, locations & phone numbers.

---

## Civil Filing Rejection Letter

[
[                                    ]          Case Number: **10 6 C V 0 5 7 4 6 8**
[                                    ]
[                                    ]          Case Title: _____

Dear Sir/Madam:

The Document is being returned for the following reason(s):

☒ The Civil Case Cover Sheet adopted by Rule 3.220 is missing. Please submit the cover sheet within 10 days of this Notice or you may be subject to sanctions under California Rules of Court, Rule 2.30.

☐ The document cannot be accepted for filing without a Proof of Service.

☐ The case number is ☐ missing, ☐ incorrect, or ☐ incomplete.

☐ The documents MUST be on adopted Judicial Council forms. ☐ Forms are obsolete.

☐ The document is incomplete. Please complete information where "Red" check marks are placed.

☐ The document is missing an original signature.

☐ The document requires a $_____ Filing Fee or Waiver of Fees granted by this Court.

☐ The document is not in compliance with Rule 2.100 - 2.119 as follows:
  ☐ Caption page required          ☐ State Bar Number required
  ☐ Two-hole punch and stapled     ☐ Telephone number

☐ Request for Dismissal is incomplete. Please provide the information requested.
  Complete:     ☐ item 1a.                    ☐ item 1b.
                ☐ item 2, need consent of   ☐ Cross-Complaint   ☐ Intervener   ☐ Complaint

☐ An Order of Court is required prior to filing this document.

☐ The case was dismissed on: _____

☐ The document is filed in the incorrect Court.

☒ Other: **Default entered on 04/27/07**

---

### Notes for Future Reference:

☐ To expedite your requests for Writs or Abstracts, please submit an **endorsed filed** copy of your judgment.
☒ Please enclose a self-addressed stamped envelope for the return of your copies.
☐ Please make checks payable to:  Clerk Superior Court



                                          Kiri Torre
                                          Chief Executive Officer/Clerk

**MAY 0 8 2007**                          Sharon Cullen

Date: _____      Clerk: _____

*The Court staff is not authorized to give you legal advice or instruct you on which legal forms to use, as this constitutes an unauthorized practice of law.*
*The Court recommends that you seek appropriate legal assistance.*

CV-5020 REV 1/07

EXHIBIT 23

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California  94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10

11  WORLD SAVINGS BANK,                 CASE NO. 1-06-CV-057468

12              Plaintiff,

13  vs.                              WORLD SAVINGS' OPPOSITION
                                     TO SABINA PRYCE-JONES'
14  THERESA T. WU, et al.,           MOTION TO VACATE DEFAULT

15              Defendants.

16  ─────────────────────────      Date:    June 14, 2007
                                   Time:    9:00 am.
17  AND RELATED CROSS-ACTION        Dept.:   22
                                            Judge Kevin Murphy
18

19

20      Defendant Sabina Pryce-Jones' appeal to this Court's discretion to relieve her from

21  her default unfortunately follows the pattern she has established in this case from the

22  beginning.  Her motion is not accompanied by any declaration from her former attorneys.

23  Instead, as was the case with her attempt to quash service of process, the motion to escape

24  the consequences of her default relies on her own evasive declaration and her persistent

25  lack of candor with this Court.  The moving papers fail to show the default was the

26  consequence of a mistake, or of any surprise, or of any excusable neglect.  Rather, it

27  follows from her continuing attempts to avoid the inevitable and return to World Savings

28  the $90,000.00 that she has admitted she has no right to retain.

Solan & Park, LLP    WORLD SAVINGS' OPPOSITION TO DEFENDANT PRYCE-JONES' MOTION TO VACATE DEFAULT

## FACTS

1

2          This case results from the refusal of Theresa Wu and Sabina Pryce-Jones to return

3    the $90,000.00 that was credited by mistake to Ms. Wu's account with World Savings in

4    October 2005, wired by her the next day to Ms. Pryce-Jones' account in Texas, and then

5    immediately used by Ms. Pryce-Jones to buy property in Florida. Ms. Wu and Ms. Pryce-

6    Jones persist in claiming ignorance that they had received $90,000 by mistake and in

7    professing an inability to return the money that never was theirs.

8          Just this past February, in the unsuccessful attempt to defeat the motion to

9    disqualify counsel for Ms. Pryce-Jones, both Ms. Wu and Ms. Pryce-Jones filed

10   declarations that represented to this Court that Ms. Pryce-Jones "had returned the

11   $90,000 . . . ." Ms. Pryce-Jones declared: "I returned the $90,000 that World Savings

12   mistakenly gave to my mother . . ." (See Pryce-Jones Decl. In Opp. To Motion To

13   Disqualify, p. 2, lines 2-3) and Ms. Wu declared that Ms. Pryce-Jones "has returned to me

14   the $90,000 that World Savings Bank mistakenly credited to my account . . . ." (See Wu

15   Decl. In Opp. To Motion To Disqualify, p. 2.)

16         Neither statement turned out to be accurate or candid. More recently, in Ms. Wu's

17   opposition to World Savings' motion to compel further discovery responses, Ms. Wu and

18   Ms. Pryce-Jones claimed that World Savings' $90,000.00 was "returned" to Ms. Wu

19   when Ms. Pryce-Jones "*advanced* $80,000.00 from her home equity line of credit to Wu."

20   Ms. Wu then used these *advanced* funds to purchase a condominium in Florida. (See

21   Exh. J to Ossi Decl. in Opposition to Motion to Compel, Wu's Response to World

22   Savings' Second Set of Special Interrogatories, p. 2, line 19-20, Response to Special

23   Interrogatory No. 22, emphasis added.) The rest of the $90,000 once declared to have

24   been "returned" to Ms. Wu is now said to have been "used to pay for legal expenses

25   associated with this action *and was never returned to Wu for Wu's personal use or*

26   *deposited into Wu's bank account*." (*Id*. at lines 22-24, emphasis added.)

27         The same mendacity appears throughout Ms. Pryce-Jones declaration in support of

28   the instant motion. She declares, "Terra Law declined to provide me with further

Solan & Park, LLP    WORLD SAVINGS' OPPOSITION TO DEFENDANT PRYCE-JONES' MOTION TO VACATE DEFAULT                    - 2 -

1    representation at the date of the court's oral ruling [on the motion to disqualify her

2    counsel]." (Pryce-Jones Decl., ¶ 7, p. 3.)  She further states, "Because of the motion to

3    disqualify, and the uncertainty related to Terra Law's ability to provide me with any

4    subsequent representation, Terra Law did not advise me of my obligation to file an

5    answer or other response by any specific date." (*Id.* at ¶ 8, p. 3.)  Her declaration puts the

6    date of the oral ruling on the motion to disqualify the Terra Law firm as March 20, 2007.

7        In fact, the motion to disqualify was set for and heard at the same time as Ms.

8    Pryce-Jones' motion to quash service — February 20, 2007.  At that time, this Court

9    informed Ms. Pryce-Jones' counsel of his ruling on the disqualification motion, which

10   was repeated in the subsequent written order.

11       However, contrary to Ms. Pryce-Jones' current claim, Terra Law did not then

12   abandon her.  On March 8, 2007, Terra Law filed in the Sixth District Court of Appeal a

13   Petition for Writ of Mandate for her with respect to the denial of her motion to quash.

14   The third paragraph of the Petition noted that it was brought pursuant to Code of Civil

15   Procedure section 418.10, subdivision (c), which also provides that the filing of the

16   petition extends the time for the defendant to plead "until 10 days after service upon him

17   or her of a written notice of the final judgment in the mandate proceeding."

18       Terra Law also filed with this Court on March 7, 2007, a Case Management

19   Statement on behalf of Ms. Pryce-Jones, and appeared on her behalf for Case

20   Management Conferences on March 13th and April 10th.  April 10th also was the date the

21   Court of Appeal issued its decision denying the Petition for Writ of Mandate.  This

22   Court's order on the motion to disqualify Terra Law had been filed and served by mail

23   only the day before, April 9th.  Consequently, Ms. Pryce-Jones was represented by Ms.

24   Pryce-Jones throughout the period that her Petition for a Writ of Mandate held in

25   abeyance the need to file her answer.

26       Ms. Pryce-Jones had been on notice since February 20th that she would need to

27   retain new counsel to represent her in any further adversarial proceedings.  She also must

28

1    necessarily have known at that time it was highly likely that she would need to prepare

2    and timely file a responsive pleading in this case.

3                              **DISCUSSION**

4        Ms. Pryce-Jones bases her motion on the improbable claim that Terra Law

5    "declined to provide me with further representation at the date of the court's oral ruling

6    [on the motion to disqualify]" and that "[b]ecause of the motion to disqualify, and the

7    uncertainty related to Terra Law's ability to provide me with any subsequent

8    representation, Terra Law did not advise me of my obligation to file an answer or other

9    response by any specific date." (Pryce-Jones Decl., ¶¶ 7, 8, p. 3.) She declares "I was not

10   aware that I was required to file and [*sic*] answer or other response to the complaint on

11   any particular date given the motion to quash and subsequent writ." (*Id.* at ¶ 8, p. 3.)  The

12   statements might be literally true, in that neither Ms. Pryce-Jones nor Terra Law could

13   predict the "specific" or "particular" date that the Court of Appeal would decide her writ

14   petition and trigger the due date for her answer.  But if so, the statements would be

15   palpably false in suggesting that Ms. Pryce-Jones was unaware of the need to file a

16   responsive pleading soon after the Court of Appeal ruled — a fact necessarily known to

17   the attorneys who represented her in the Court of Appeal.

18       Significantly, there is no declaration of an attorney attesting to his or her mistake,

19   inadvertence, surprise or neglect, which would remove the Court's discretion and require

20   the default to be vacated. (Code Civ. Proc., § 473, subd. (b).)  Consequently, whether

21   Ms. Pryce-Jones is entitled to relief lies entirely within the Court's discretion, and a party

22   seeking relief must show "mistake, inadvertence, surprise or excusable neglect." (*Ibid.*;

23   Weil & Brown, Civil Procedure Before Trial (The Rutter Group 2006) ¶5310, p. 5-83.

24   ("Weil & Brown").)  Here, Ms. Pryce-Jones fails to satisfy any of those elements.

25       Ms. Pryce-Jones' declaration makes no claim of mistake or inadvertence.  She

26   does not assert that she believed a responsive pleading was not necessary or was being

27   handled by Terra Law, or that a responsive pleading was due on a different date.  She

28

Solan & Park, LLP    WORLD SAVINGS' OPPOSITION TO DEFENDANT PRYCE-JONES' MOTION TO VACATE DEFAULT    - 4 -

1   claims neither a mistake of fact nor a mistake of law. Instead, her claim appears to be

2   limited to ignorance of her responsibility to file a responsive pleading. However,

3   ignorance of the law coupled with negligence in ascertaining it will not constitute

4   excusable neglect. (*Anderson v. Sherman* (1981) 125 Cal.App.3d 228, 237-238.)

5       Nor does her declaration show a plausible claim of "surprise." The term refers to

6   "'some condition or situation in which a party . . . is unexpectedly placed to his injury,

7   *without* any default or *negligence* of his own, which ordinary prudence could not have

8   guarded against.' [Citation.]" (*Credit Managers Assn. v. National Independent Business*

9   *Alliance* (1984) 162 Cal.App.3d 1166, 1173, italics added.) Here, ordinary prudence

10  would have dictated Ms. Pryce-Jones' having a responsive pleading ready to file at any

11  time after her petition for a writ of mandate was filed. The high probability of having to

12  file a responsive pleading would have been obvious to any person acting with ordinary

13  care when being sued.

14      Finally, Ms. Pryce-Jones' declaration fails to demonstrate anything coming within

15  the broad ambit of "excusable neglect." "The burden is on the party seeking relief to

16  show that the neglect was *excusable*, i.e., that the default could not have been avoided by

17  the exercise of ordinary care. [Citation.]" (Weil & Brown, ¶ 5:329, p. 5-86, italics in

18  original.)

19      "Neither mistake, inadvertence, or neglect will warrant relief unless upon
    consideration of all the evidence it is found to be of the excusable variety.
20  (*Ford v. Herndon* (1976) 62 Cal.App.3d 492, 496 [133 Cal.Rptr. 111]; *Elms*
21  *v. Elms* (1946) 72 Cal.App.2d 508, 513 [164 Cal.Rptr. 936, 102 A.L.R.
    811]; *Hughes v. Wright* (1944) 64 Cal.App.2d 897 [149 P.2d 392].) To
22  entitle [a party] to relief the acts which brought about the default must have
23  been the acts of a reasonably prudent person under the same circumstances.
24  ( *Elms v. Elms*, supra, 72 Cal.App.2d at p. 513; see also *McGuire v. Drew*
25  (1890) 83 Cal. 225 [23 P. 312].)" ( *Conway v. Municipal Court* (1980) 107
    Cal.App.3d 1009, 1017 [166 Cal.Rptr. 246].)
26
27      (*Jackson v. Bank of America* (1983) 141 Cal.App.3d 55, 58, affirming denial of

28  relief.)

1    Here, rather than presenting evidence of excusable neglect, Ms. Pryce-Jones once

2  again has resorted to half-truths.  For more than a year and a half she has done all that she

3  can to prevent World Savings from getting back the $90,000.00 that she has admitted

4  having no right to retain.

5    A litigant seeking relief from the Court must, at a minimum, display some candor

6  in his or her representations to the Court.  Here, Ms. Pryce-Jones not only disregards that

7  responsibility, but fails also to present valid grounds for relief even with her distorted

8  factual assertions.  She presents no credible basis for this Court to find mistake, surprise,

9  inadvertence, or excusable neglect.  On this showing, her default must stand.

10

11                              **CONCLUSION**

12    For the foregoing reasons, and those to be presented at the hearing on the motion,

13  the Court should exercise its discretion to deny the motion of Sabina Pryce-Jones to

14  vacate her default.

15

16

17  DATED: June 4, 2007                    SOLAN & PARK LLP

18

19

20  By: _K. M. Sl_____

21

22      Kevin M. Solan
        Attorney for Plaintiff and Cross-defendant
23      World Savings Bank FSB

24

25

26

27

28

**PROOF OF SERVICE**

I, the undersigned, hereby declare:

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed in the County of San Francisco; my business address is 685 Market Street, Suite 360, San Francisco, California 94105.

On June 4, 2007, I served the within:

**World Savings' Opposition To Sabina Pryce-Jones' Motion to Vacate Default**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Breck E. Milde, Esq.
Terra Law LLP
177 Park Avenue, Third Floor
San Jose, CA 95131
*Facsimile No. 408/998-4895*

Eric J. Sidebotham, Esq. APC
520 Calle Viento
Morgan Hill, CA 95037
*Facsimile No. 408/608-6001*

[X]  **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date of postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 4, 2007

*Tracy Brennan*
Tracy Brennan

Solan & Park LLP

EXHIBIT 24

MC–053

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Terra Law LLP<br>Nicole M. Ossi (State Bar No. 211910)<br>TERRA LAW LLP<br>177 Park Avenue, Third Floor<br>San Jose, CA 95113<br>TELEPHONE NO.: (408) 299-1200   FAX NO. (Optional): (408) 998-4895<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Def. and Cross-Complainant THERESA T. WU | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

| CASE NAME: World Savings Bank vs. Wu | |
|---|---|

| | CASE NUMBER: |
|---|---|
| **ORDER GRANTING ATTORNEY'S**<br>**MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | 1-06-CV-057468 |
| | HEARING DATE: 7-17-2007 |
| | DEPT.: 22   TIME: 9:00 a.m. |
| | BEFORE HON.: Kevin Murphy |
| | DATE ACTION FILED: 02/03/06 |
| | TRIAL DATE: None Set |

1. The motion of (name of attorney): Terra Law LLP
   to be relieved as counsel of record for (name of client): Def. and Cross-Complainant THERESA T. WU ,
   a party to this action or proceeding, came on regularly for hearing at the date, time, and place indicated above.

2. The following persons were present at the hearing: Breck E. Milde/Nicole M. Ossi

RECEIVED
JUN 18 2007
BY:--------------------

## FINDINGS

3. Attorney has
   a. [ ] personally served the client with papers in support of this motion.
   b. [X] served client by mail and submitted a declaration establishing that the service requirements of California Rules of Court, rule 3.1362, have been satisfied.

4. Attorney has shown sufficient reasons why the motion to be relieved as counsel should be granted and why the attorney has brought a motion under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1).

## ORDER

5. Attorney is relieved as counsel of record for client
   a. [X] effective upon the filing of the proof of service of this signed order upon the client.
   b. [ ] effective on (specify date):

6. The client's [X] current [ ] last known   address and telephone number: 400 E. Bay Street, Unit No. 2001, Jacksonville, FL 32202, (904) 521 - 8401

If the client's current address is known, service on the client must hereafter be made at that address unless otherwise ordered in item 13. If the current address is not known, service must be made according to Code of Civil Procedure section 1011(b) and rule 3.252 of the California Rules of Court.

7. a. The next scheduled hearing in this action or proceeding is set for (date, time, and place): July 10, 2007, 10:00 a.m., Department 22 of the Santa Clara County Superior Court

   b. The hearing will concern (subject matter): Further Case Management Conference

| **NOTICE TO CLIENT** | |
|---|---|
| You or your new attorney, if any, must prepare for and attend this hearing. | Page 1 of 2 |

Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-053 [Rev. January 1, 2007]

**ORDER GRANTING ATTORNEY'S**
**MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

Legal Solutions Plus

Code of Civil Procedure, § 284;<br>Cal. Rules of Court, rule 3.1362

EXHIBIT 25

1    ERIC J. SIDEBOTHAM (208829)
     DANIEL M. SHAFER (244839)
2    **ERIC J. SIDEBOTHAM, APC**
     520 Calle Viento
3    Morgan Hill, CA 95037
     Telephone:    (408) 856-6000
4    Facsimile:     (408) 608-6001

5    Attorneys for Defendant,
     SABINA PRYCE-JONES
6

ENDORSED

2007 JUL -5 A 8: 33

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY: **R. NELSON**
DEPUTY CLERK

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8         SANTA CLARA COUNTY—UNLIMITED JURISDICTION

| | |
|---|---|
| WORLD SAVINGS BANK, FSB, | Case No. 1-06-CV-057468 |
|        Plaintiff, | [~~PROPOSED~~] **ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER VACATING AND SETTING ASIDE DEFAULT AND DEFAULT JUDGMENT** |
|        v. | |
| THERESA T. WU, and SABINA PRYCE-JONES, and DOES 1 through 10, inclusive | Date:  June 14, 2007<br>Time:  9:00 a.m.<br>Dept:  22<br>Judge: Hon. Kevin J. Murphy |
|        Defendants. | |
| | Trial Date: Not yet set |
| AND RELATED CROSS-ACTION | |

ERIC J.
SIDEBOTHAM
APC

1    Defendant Sabina Pryce-Jones' motion for an order vacating and setting aside the default and

2    default judgment entered against defendant Sabina Pryce-Jones on April 27, 2007 came before hearing

3    of the Hon. Kevin J. Murphy, Department 22, on June 14, 2007 at 9:00 a.m.

4    The court, having considered the motion and the argument of counsel, and good cause appearing

5    therefore,

6    The court orders as follows:

7    Defendant' Pryce-Jones' motion Plaintiff's motion for an order vacating and setting aside the

8    default and default judgment entered against defendant Sabina Pryce-Jones on April 27, 2007 is

9    GRANTED.  Defendant Pryce-Jones shall answer the complaint within ten (10) days of notice of entry

10   of this order.

11   IT IS SO ORDERED.

12

13   DATED:  6-26-C7 _____    _____

14                                      The Hon. Kevin J. Murphy
                                        JUDGE OF THE SUPERIOR COURT

15

16

17   APPROVED AS TO FORM:

18

19   SOLAN & PARK LLP

20

21   _____

22   KEVIN SOLAN,
     Attorneys for Plaintiff,
23   WORLD SAVINGS BANK, FSB

24

25

26

27

28
                                    2

Eric J.
Sidenotham
APC

EXHIBIT 26

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

RECEIVED
JUL 1 7 2007
BY: ------------------

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11  WORLD SAVINGS BANK, FSB,          )
                                      )   CASE NO. 1-06-CV-057468
12            Plaintiff,              )
                                      )   **WORLD SAVINGS' OPPOSITION TO**
13  vs.                               )   **TERRA LAW LLP'S MOTION TO**
                                      )   **WITHDRAW AS COUNSEL FOR WU**
14  THERESA WU, et al.,               )
                                      )   **Date:**      **July 17, 2007**
15            Defendants.             )   **Time:**      **9:00 a.m.**
                                      )   **Dept.:**     **22**
16  _____      )                  **Hon. Kevin Murphy**
                                      )
17  AND RELATED CROSS-ACTION          )   Trial date:   TBD
    _____      )

18

19      Plaintiff World Savings Bank, FSB ("World Savings") reluctantly urges this Court

20  to deny the motion of Terra Law LLP to withdraw as counsel for defendant and cross-

21  complainant Theresa Wu, or to grant the motion with conditions that are appropriate to
22
    protect Ms. Wu from an obvious and unnecessary risk of prejudice and to protect the
23
24  integrity of this Court's orders.

25      On April 30, 2007, Judge Manoukian entered an order granting World Savings'
26
    motion to compel further discovery responses by Ms. Wu. When Ms. Wu served her
27
28  further responses they were inadequate and little more than a rehashing of the responses

1  that Judge Manoukian ruled were insufficient. World Savings has attempted to resolve

2  this issue through correspondence with counsel for Ms. Wu. The effort has continued

3
4  during the pendency of the instant motion, but without any meaningful response on behalf

5  of Ms. Wu to comply with the discovery order. This impasse has created a situation

6  where the failure to provide meaningful further discovery responses in compliance with

7
8  Judge Manoukian's order will require World Savings do bring another discovery motion

9  and expose Ms. Wu to an order imposing sanctions. (See Solan Declaration, submitted

10  herewith.)

11      Without invading the attorney-client privilege, it is impossible to know whether

12
13  Ms. Wu or her counsel are responsible for the failure to comply with Judge Manoukian's

14  discovery order, or who should be responsible for the inevitable motion for sanctions.

15  (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group

16
17  2006) ¶ 8:1234 et seq., p. 8F-90.)

18      Consequently, the Court should be cautious in determining a motion by counsel to

19  withdraw from representing a party under circumstances that pose an obvious risk of

20
21  prejudice to the client. (See *Mossanen v. Monfared* (2000) 77 Cal.App.4th 1402, 1409-

22  1410; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 9:385.2

23  et seq., pp. 9(I)-142 to 9(I)-143.)

24      Here, that risk can be ameliorate by either denying the motion, or by conditioning

25
26  counsel's withdrawal on counsel and Ms. Wu first resolving the current discovery issues

27  with World Savings. It would ill-behoove counsel to have a situation they may have

28  created or perhaps to which they contributed result in their former client bearing the

1   burden of sanctions.

2                          **CONCLUSION**

3

4       For the foregoing reasons, and those to be presented at the hearing on the motion,

5   the motion to withdraw by Terra Law LLP should be denied, or alternatively, conditioned

6   on Theresa Wu's compliance with the order of Judge Manoukian.

7

8   Dated: July 13, 2007                    SOLAN & PARK LLP

9                                   By    _C. M. Sol_____

10                                         Kevin M. Solan, Esq.
                                          Attorneys for Plaintiff
11                                         World Savings Bank FSB

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2     I, the undersigned, hereby declare:

3     I am a citizen of the United States, over 18 years of age, and not a party to the
within action. I am employed in the County of San Francisco; my business address is 685

4 Market Street, Suite 360, San Francisco, California 94105.

5     On July 13, 2007, I served the within:

6     **1.**     **World Savings' Opposition to Terra Law LLP's Motion to Withdraw as
Counsel for Wu**

7

    **2.**     **Declaration of Kevin M. Solan in Support of World Savings' Opposition
to Terra Law LLP's Motion to Withdraw as Counsel for Wu**

8

9 on all parties in this action, as addressed below, by causing a true copy thereof to be
distributed as follows:

10

11 Breck E. Milde, Esq.                  Eric J. Sidebotham, Esq. APC
12 Terra Law LLP                       520 Calle Viento
177 Park Avenue, Third Floor      Morgan Hill, CA 95037
13 San Jose, CA 95131                *Facsimile No. 408/608-6001*
*Facsimile No. 408/998-4895*

14 **[X]**    **BY MAIL:**    I am "readily familiar" with the firm's practice of collection and
15                      processing correspondence for mailing. Under the practice it would
be deposited with the U.S. Postal Service on that same day with
16                      postage thereon fully prepaid in the ordinary course of business. I am
aware that on motion of the party served, service is presumed invalid
17                      if the postal cancellation date of postage meter date is more than one
day after date of deposit for mailing an affidavit.

18 **[X]**    **BY FAX:**     I caused such documents to be transmitted via facsimile to the stated
19                  parties at their respective facsimile numbers.

20     I declare under penalty of perjury under the laws of the State of California that the
21 foregoing is true and correct.

22 Dated: July 13, 2007

                                       Tracy Brennan

23

24

25

26

27

28

EXHIBIT 27

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California  94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10 WORLD SAVINGS BANK,            )  CASE NO. 1-06-CV-057468
   a Federal Savings Bank,        )
11                                )  **DECLARATION OF KEVIN M.**
                                  )  **SOLAN IN SUPPORT OF WORLD**
12              Plaintiff,         )  **SAVINGS' OPPOSITION TO TERRA**
                                  )  **LAW LLP'S MOTION TO**
13 vs.                            )  **WITHDRAW AS COUNSEL FOR WU**
                                  )
14 THERESA T. WU, et al.,         )
                                  )
15              Defendants.        )  Date:   July 17, 2007
                                  )  Time:   9:00 a.m.
16                                )  Dept.:  22
                                  )
17                                )
                                  )  Case Filed: February 3, 2006
18 _____  )  Trial Date: TBD
                                  )
19 AND RELATED CROSS-ACTION       )
                                  )
20 _____

21

22      I, KEVIN M. SOLAN, declare as follows:

23      1.  I am an attorney admitted to practice in California.  I am counsel of record in

24 this action for plaintiff World Savings Bank, FSB ("World Savings").

25      2.  On April 30, 2007, Judge Socrates Manoukian issued an order granting World

26 Savings' Motion to Compel further discovery responses to World Savings' Special

27 Interrogatories and Document Requests.  Subsequently, I have received what purported to

28

**DECLARATION OF KEVIN M. SOLAN IN SUPPORT OF WORLD SAVINGS' OPPOSITION TO TERRA LAW LLP'S
MOTION TO WITHDRAW AS COUNSEL FOR WU**

Solan & Park, LLP

1  be Ms. Wu's further responses as ordered Judge Manoukian.  My review of those

2  responses revealed that they were a little more than a rehashing of the responses

3  previously found by Judge Manoukian to be insufficient.

4      3.  Consequently, I have attempted to meet and confer with Ms. Wu's counsel by

5  correspondence.  These efforts have continued even into this week.  However, despite my

6  efforts to secure further clarifying responses, I have received only what I consider to be

7  inadequate responses and no assurance that any further clarifying responses will be

8  provided.

9      4.  Accordingly, it is apparent that a further motion will be necessary to compel

10  further discovery responses along with a motion for monetary and other appropriate

11  sanctions.

12  DATED: July 13, 2007                SOLAN & PARK LLP

13

14                                    By: _____

15                                        Kevin M. Solan
                                         Attorney for Plaintiff and Cross-defendant
                                         World Savings Bank FSB

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KEVIN M. SOLAN IN SUPPORT OF WORLD SAVINGS' OPPOSITION TO TERRA LAW LLP'S
MOTION TO WITHDRAW AS COUNSEL FOR WU                                             - 2 -

.olan & Park, LLP

1                         **PROOF OF SERVICE**

2        I, the undersigned, hereby declare:

3        I am a citizen of the United States, over 18 years of age, and not a party to the
within action.  I am employed in the County of San Francisco; my business address is 685
4 Market Street, Suite 360, San Francisco, California 94105.

5        On July 13, 2007, I served the within:

6     **1.**     **World Savings' Opposition to Terra Law LLP's Motion to Withdraw as
Counsel for Wu**

7

8     **2.**     **Declaration of Kevin M. Solan in Support of World Savings' Opposition
to Terra Law LLP's Motion to Withdraw as Counsel for Wu**

9

10 on all parties in this action, as addressed below, by causing a true copy thereof to be
distributed as follows:

11 | Breck E. Milde, Esq. | Eric J. Sidebotham, Esq. APC |
|---|---|
12 | Terra Law LLP | 520 Calle Viento |
| 177 Park Avenue, Third Floor | Morgan Hill, CA 95037 |
13 | San Jose, CA 95131 | *Facsimile No. 408/608-6001* |
| *Facsimile No. 408/998-4895* | |

14 [X]    **BY MAIL:**    I am "readily familiar" with the firm's practice of collection and
15                      processing correspondence for mailing.  Under the practice it would
be deposited with the U.S. Postal Service on that same day with
16                      postage thereon fully prepaid in the ordinary course of business.  I am
aware that on motion of the party served, service is presumed invalid
17                      if the postal cancellation date of postage meter date is more than one
day after date of deposit for mailing an affidavit.

18 [X]    **BY FAX:**    I caused such documents to be transmitted via facsimile to the stated
19                      parties at their respective facsimile numbers.

20        I declare under penalty of perjury under the laws of the State of California that the
21 foregoing is true and correct.

22 Dated: July 13, 2007

                                   Tracy Brennan

23

24

25

26

27

28

EXHIBIT 28

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA  95113-1090

TO:    Eric J. Sidebotham
       Eric J. Sidebotham Law Office
       520 Calle Viento
       Morgan Hill,  CA 95037

RECEIVED
JUL 2 3 2007
BY:-------------------

RE:  World Saving Vs Wu
Case Nbr:  1-06-CV-057468

## NOTICE OF TRIAL SETTING CONFERENCE

A Trial Setting Conference has been scheduled for:

Date: 10/09/07  At: 1100AM  in: Dept 22

Superior Court, 191 North First Street, San Jose, Ca., 95113

NOTE:   EXCEPT UPON FURTHER ORDER OF THE COURT, RESETTING ORDERS WILL HAVE NO
EFFECT UPON THE DATES FOR DISCOVERY CUTOFF, PRIOR TO THE ORIGINAL TRIAL DATE.

For further information, call the Calendar Office (408)882-2100.

Parties/Attorneys of Record:

CC: Kevin M. Solan , Solan & Park
       685 Market Street, Suite 360, San Francisco, CA 94105
    Theresa T. Wu

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL.  I declare under penalty of perjury that I served this notice by enclosing a true copy in a sealed
envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the
U.S. Mail at San Jose, CA on 07-19-07.  KIRI TORRE, Chief Executive Officer/Clerk  by Loan Nguyen, Deputy.

EXHIBIT 29

SUPERIOR C____ __T OF CALIFORNIA, COUNTY C ___ANTA CLARA
191 N. First Street
San Jose, CA 95113-1090

TO:   Eric J. Sidebotham
      Eric J. Sidebotham Law Office
      5201 Great America Pkway  Suite 320
      Santa Clara, CA 95054

RE: World Saving Vs Wu
Case Nbr: 1-06-CV-057468

## NOTICE OF TRIAL SETTING CONFERENCE

A Trial Setting Conference has been scheduled for:

Date: 12/18/07  At: 1100AM  in: Dept 22

Superior Court, 191 North First Street, San Jose, Ca., 95113

NOTE:  EXCEPT UPON FURTHER ORDER OF THE COURT, RESETTING ORDERS WILL HAVE NO
EFFECT UPON THE DATES FOR DISCOVERY CUTOFF, PRIOR TO THE ORIGINAL TRIAL DATE.

For further information, call the Calendar Office (408)882-2100.

Parties/Attorneys of Record:

CC: Kevin M. Solan , Solan & Park
      685 Market Street, Suite 360, San Francisco, CA 94105
    Theresa T. Wu

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL.  I declare under penalty of perjury that I served this notice by enclosing a true copy in a sealed
envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the
U.S. Mail at San Jose, CA on 10-11-07.  KIRI TORRE, Chief Executive Officer/Clerk  by Loan Nguyen, Deputy.

EXHIBIT 30

1    Kevin M. Solan, Esq. (SBN 118415)
     SOLAN & PARK LLP
2    685 Market Street, Suite 360
     San Francisco, California  94105
3    Tel.: (415) 777-3300
     Fax: (415) 777-3301
4
     Attorneys for Plaintiff
5    WORLD SAVINGS BANK, FSB

6                                                          ENDORSED   Santa Clara
                                                           11/28/07   2:52pm
7                                                          Kiri Torre
                                                           Chief Executive Offic
8          SUPERIOR COURT OF THE STATE OF CALIFORNIA  By: Judithc DTSC1V01D
                                                           NY0700118842
9                     COUNTY OF SANTA CLARA                 CK         $40.00
                                                           TL         $40.00
10                                                         Case: 1-06-CV-05746B

11   WORLD SAVINGS BANK,                    CASE NO. 1-06-CV-057468

12                  Plaintiff,

13   vs.                                    **STIPULATION AND ORDER RE
                                            CONTINUANCE OF PRYCE-JONES'
14   THERESA T. WU, et al.,                 MOTION TO COMPEL FROM
                                            NOVEMBER 30, 2007 AT 10:00 A.M.
15                  Defendants.             UNTIL DECEMBER 21, 2007 AT
                                            10:00 A.M.**

16
     _____
17
     AND RELATED CROSS-ACTION
18

19        Kevin M. Solan, attorney for the plaintiff World Savings, and Eric Sidebotham,

20   attorney for defendant/moving party Sabina Pryce-Jones, hereby stipulate and request the

21   court to continue Pryce-Jones' Motion to Compel from November 30, 2007 until

22   December 21, 2007 at 10:00 a.m.

23   Dated: November 16, 2007                   SOLAN & PARK LLP

24

25                                          By: _____
                                                Kevin M. Solan
26                                              Attorneys for plaintiff
                                                World Savings Bank
27   ///

28   ///

Solan & Park LLP    STIPULATION AND ORDER - MOTION TO COMPEL

1

2    Dated: _11/21/07_

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Eric Sidebotham, Esq.
Attorneys for defendant/moving party
Sabina Pryce-Jones

IT IS SO ORDERED:

Dated: _11/27/07_

KEVIN J. MURPHY

Judge of the Superior Court

1   Kevin M. Solan, Esq. (SBN 118415)
    SOLAN & PARK LLP
2   685 Market Street, Suite 360
    San Francisco, California 94105
3   Tel.: (415) 777-3300
    Fax: (415) 777-3301
4
    Attorneys for Plaintiff
5   WORLD SAVINGS BANK, FSB

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10

11  WORLD SAVINGS BANK,                    CASE NO. 1-06-CV-057468

12              Plaintiff,
                                           STIPULATION AND ORDER RE
13  vs.                                    CONTINUANCE OF PRYCE-JONES'
                                           MOTION TO COMPEL FROM
14  THERESA T. WU, et al.,                 NOVEMBER 30, 2007 AT 10:00 A.M.
                                           UNTIL DECEMBER 21, 2007 AT
15              Defendants.                10:00 A.M.

16

17  AND RELATED CROSS-ACTION

18

19          Kevin M. Solan, attorney for the plaintiff World Savings, and Eric Sidebotham,

20  attorney for defendant/moving party Sabina Pryce-Jones, hereby stipulate and request the

21  court to continue Pryce-Jones' Motion to Compel from November 30, 2007 until

22  December 21, 2007 at 10:00 a.m.

23  Dated: November 16, 2007                    SOLAN & PARK LLP

24

25                                         By: _____
                                               Kevin M. Solan
26                                             Attorneys for plaintiff
                                               World Savings Bank
27  ///

28  ///

EXHIBIT 31

1  ERIC J. SIDEBOTHAM (208829)
   DANIEL M. SHAFER (244839)
2  **ERIC J. SIDEBOTHAM, APC**
   TechMart Center
3  5201 Great America Parkway, Suite 320
   Santa Clara, CA  95054
4  Telephone:    (408) 856-6000
   Facsimile:    (408) 608-6001
5
   Attorneys for Defendant,
6  SABINA PRYCE-JONES

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              SANTA CLARA COUNTY—UNLIMITED JURISDICTION

10

11

12  WORLD SAVINGS BANK, FSB,                    Case No.  1-06-CV-057468

13         Plaintiff,                           **[PROPOSED] ORDER GRANTING PRYCE-**
14                                              **JONES'** *EX PARTE* **APPLICATION TO**
       v.                                       **CONTINUE THE TRIAL DATE**
15
16  THERESA T. WU, and SABINA PRYCE-            Date:   December 20, 2007
    JONES, and DOES 1 through 10, inclusive     Time:  8:15 a.m.
17                                              Dept:  22
       Defendants.                              Judge: Hon. Kevin Murphy
18
19                                              Trial Date: January 7, 2008

20  AND RELATED CROSS-ACTION

21

22

23

24

25

26

27

28

1       Defendant Sabina Pryce-Jones' *ex parte* application to continue the trial date set for January 7,

2  2008 came before hearing of the Hon. Kevin J. Murphy, Department 22, on December 20, 2007 at 8:15

3  a.m.

4       The court, having considered the application and the argument of counsel, and good cause

5  appearing therefore,

6       The court orders as follows:

7       Pryce-Jones' *ex parte* application to continue the trial date set for January 7, 2008 is GRANTED.

8  The trial date is re-set for ~~March 10,~~ *February 19* 2008. All discovery and all other deadlines shall be reset to

9  correspond with the new trial date.

10       IT IS SO ORDERED.

11

12  DATED: ___12-20-2007___      _____

13                                 The Hon. Kevin J. Murphy

                                   JUDGE OF THE SUPERIOR COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PRYCE-JONES' *EX PARTE* APPLICATION TO CONTINUE THE TRIAL DATE
CASE NO. 1-06-CV-057468

EXHIBIT 32

SUPERIOR C   _ OF CALIFORNIA, COUNTY \ _ .ANTA CLARA
191 N. First Street
San Jose, CA  95113-1090

TO:    Eric J. Sidebotham
       Eric J. Sidebotham Law Office
       5201 Great America Pkway  Suite 320
       Santa Clara,  CA 95054

RE:  World Saving Vs Wu
Case Nbr:  1-06-CV-057468

## NOTICE OF SCHEDULED TRIAL DATE

The above entitled case has been set for trial in this Court, and you are directed to appear:

At Superior Court, 191 North 1st Street, San Jose, CA  95113

On: 02/19/08  At: 0845AM  in: Dept 22

No further notice will be given by the Court.

Notice:  Pursuant to Government Code Section 68086, the Courtroom Clerk assigned to your trial department will be collecting a per diem fee (dollar amount to be determined by clerk per statute).  Failure to pay said fee may result in the inability of the court to proceed or in the issuance of an Order to Show Cause hearing deemed appropriate by the trial judge.

For further information, contact the Calendar Office at (408)882-2100.

Parties/Attorneys of Record:

CC: Kevin M. Solan , Solan & Park
       685 Market Street, Suite 360, San Francisco, CA 94105
       Theresa T. Wu

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on 12-20-07 .  KIRI TORRE, Chief Executive Officer/Clerk by Loan Nguyen, Deputy

EXHIBIT 33

SUPERIOR C∪ __ OF CALIFORNIA, COUNTY O. __NTA CLARA
191 N. First Street
San Jose, CA  95113-1090

TO:    Eric J. Sidebotham
       Eric J. Sidebotham Law Office
       5201 Great America Pkway  Suite 320
       Santa Clara,  CA 95054



BY:..................

RE:  World Saving Vs Wu
Case Nbr:  1-06-CV-057468

### NOTICE OF SCHEDULED TRIAL DATE

The above entitled case has been set for trial in this Court, and you are
directed to appear:

At Superior Court, 191 North 1st Street, San Jose, CA  95113

On: 01/07/08  At: 0845AM  in: Dept 22

No further notice will be given by the Court.

Notice:  Pursuant to Government Code Section 68086, the Courtroom Clerk
assigned to your trial department will be collecting a per diem fee (dollar
amount to be determined by clerk per statute).  Failure to pay said fee may
result in the inability of the court to proceed or in the issuance of an
Order to Show Cause hearing deemed appropriate by the trial judge.

For further information, contact the Calendar Office at (408)882-2100.

---

Parties/Attorneys of Record:

CC: Kevin M. Solan , Solan & Park
        685 Market Street, Suite 360, San Francisco, CA 94105
    Theresa T. Wu

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

 DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 12-19-07 .  KIRI TORRE, Chief Executive Officer/Clerk by Loan Nguyen, Deputy

EXHIBIT 34

1  ERIC J. SIDEBOTHAM (208829)
   DANIEL M. SHAFER (244839)
2  **ERIC J. SIDEBOTHAM, APC**
   TechMart Center
3  5201 Great America Parkway, Suite 320
   Santa Clara, CA  95054
4  Telephone:     (408) 856-6000
   Facsimile:      (408) 608-6001
5
   Attorneys for Defendant,
6  SABINA PRYCE-JONES

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              SANTA CLARA COUNTY—UNLIMITED JURISDICTION

10

11

12  WORLD SAVINGS BANK, FSB,                    Case No.  1-06-CV-057468

13        Plaintiff,                             [PROPOSED] ORDER GRANTING PRYCE-
                                                 JONES' *EX PARTE* APPLICATION TO
14        v.                                     CONTINUE THE TRIAL DATE IN ORDER
                                                 TO FILE A MOTION FOR SUMMARY
15                                               JUDGMENT
    THERESA T. WU, and SABINA PRYCE-
16  JONES, and DOES 1 through 10, inclusive
                                                 Date:   January 4, 2008
17        Defendants.                            Time:   8:15 a.m.
                                                 Dept:   22
18                                               Judge: Hon. Kevin Murphy
19
                                                 Trial Date:  February 19, 2008
20
   ──────────────────────────────
21  AND RELATED CROSS-ACTION

22

23

24

25

26

27

28

1       Defendant Sabina Pryce-Jones' *ex parte* application to continue the trial date came before

2  hearing of the Hon. Kevin J. Murphy, Department 22, on Friday, January 4, 2008 at 8:15 a.m.

3       The court, having considered the application and the argument of counsel, and good cause

4  appearing therefore,

5       The court orders as follows:

6       Pryce-Jones' *ex parte* application to continue the trial date set for ~~January 7,~~ February 19 2008 2008 is GRANTED.

7  Pryce-Jones shall file her motion for summary judgment/adjudication on or before January 25, 2008.

8  The hearing on Pryce-Jones motion for summary judgment/adjudication shall be heard on April 15,

9  2008 at 9:00 a.m.  The remainder of the briefing shall be made in accordance with the code.  The trial

10  date shall be set for May 5, 2008.  All other deadlines, including discovery deadlines, shall remain the

11  same.

12       IT IS SO ORDERED.

13

14  DATED:_____1-4-08_____

15                               The Hon. Kevin J. Murphy
                             JUDGE OF THE SUPERIOR COURT

16

17

18

19

20

21

22

23

24

25

26

27

28

1

EXHIBIT 35

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SANTA CLARA

10
                                         |  CASE NO. 1-06-CV-057468
11  WORLD SAVINGS BANK,                   |
                                          |  WORLD SAVINGS' OPPOSITION
12                        Plaintiff,      |  TO PRYCE-JONES' MOTION TO
                                          |  CONTINUE TRIAL DATE
13  v.                                    |
                                          |
14  THERESA T. WU, et al.,                |  Date: January 17, 2008
                                          |  Time: 9:00 a.m.
15                        Defendants.     |  Dept.: 22
                                          |  Judge: Hon. Kevin Murphy
16
                                          |
17  AND RELATED CROSS-ACTION.             |  Trial: February 19, 2008

18

19

20          This case was set for trial without objection by defendant Sabina Pryce-Jones and

21  then that trial date was continued at her special instance, all without any insistence by her

22  on any alleged "right" to bring a summary judgment motion. Now, as she has done since

23  she first tried to avoid service of the summons and complaint in 2006, Pryce-Jones seeks

24  again to delay the inevitable and keep her ill-gotten gains from World Savings Bank

25  ("World Savings").

26          Pryce-Jones again moves for a continuation of the trial date. However, despite the

27  fact that her prior application to continue the trial date to March 10, 2008, was granted in

28  part (by setting the current trial date of February 19, 2008), she makes no effort to comply

1   with Code of Civil Procedure section 1008, subdivision (b), in her new application to

2   continue the trial date. This failure, coupled with the application's complete lack of

3   substantive merit, warrants the imposition of sanctions against Pryce-Jones and/or her

4   counsel under Code of Civil Procedure sections 128.5 and 1008, subdivision (d).

5       There is no "right", under case law or statue, to have a trial date continued in order

6   to prepare and file a motion for summary judgment — and certainly not a trial date that

7   has been set twice already with that party's participation. There is even less reason to

8   continue a trial date to allow a wholly futile and frivolous motion for summary judgment.

9   The absence of any persuasive, much less compelling, authority or analysis by Pryce-

10  Jones to support her disingenuous motion is a tacit admission of its lack of merit. The

11  fact is that defendant has had more than adequate opportunity to develop and present a

12  meritorious defense to the complaint for conversion — if such a defense existed. None

13  does.

14      Pryce-Jones has controlled the course of events for herself and her mother since

15  World Savings' mistake first put the undeserved $90,000 within her grasp. Pryce-Jones

16  was the person who advised her mother, defendant Theresa Wu, to wire World Savings'

17  money out of California to make it more difficult to recover. (See Exh. A. to Solan Decl.)

18  And so, the day after World Savings mistakenly over-credited Wu's account, Wu drained

19  all of her accounts and wired the money to an account in Texas that she held jointly with

20  Pryce-Jones. Moreover, Pryce-Jones claimed — when it suited her purposes — that she

21  "returned" World Savings' $90,000 *to Wu* in April 2006, a time when there's no question

22  she was aware of the origin of that money and its rightful owner.

23      Pryce-Jones could have had no doubt that World Savings would seek a reckoning

24  from her when the bank moved to name her as a defendant in July 2006. Ever since, she

25  has changed the representations in her pleadings and statements under oath to suit

26  whatever expediencies existed at the moment. The time is long past for her to imagine

27  that this Court can endorse such conduct. Pryce-Jones' motion to continue the trial date

28  — a motion she cannot even bring herself to name candidly — must be denied. An

1  appropriate monetary sanction should be imposed for her frivolous and delaying tactics

2  and her violation of Code of Civil Procedure section 1008, subdivision (b).

3

4                              **Facts and Procedural History**

5        Last July the Court notified the parties of its intention to set this case for trial. A

6  Trial Setting Conference was scheduled originally for October 9th. The Case

7  Management Statement submitted by Pryce-Jones for that conference made no reference

8  to any intention to file a motion for summary judgment. The parties appeared and the

9  court continued the Trial Setting Conference to December 18th, with notice mailed to all

10  parties on October 11th. Again, no mention was made of any summary judgment motion

11  by Pryce-Jones.

12        At the December 18th Trial Setting Conference, counsel appearing for Pryce-Jones

13  did not assert any "right" to have an indeterminate period of time to prepare and file a

14  motion for summary judgment. Nor was there any mention that Pryce-Jones even wanted

15  to seek summary judgment. The case was set for trial on January 7, 2008.

16        Thereafter, on December 20, 2007, Pryce-Jones sought an ex parte order

17  continuing the trial date to March 10, 2008. In her papers in support of this ex parte

18  application, Pryce-Jones for the first time suggested "Pryce-Jones very likely has a

19  dispositive motion that she would like to bring that she strongly believes will end this

20  case. In order to bring this motion, Pryce-Jones needs code-compliant responses to her

21  written discovery requests, the ability to take some depositions (depending on how the

22  written discovery goes), and the time to prepare and file the motion." (Pryce-Jones'

23  Memo. Of Points And Authorities In Support Of Defendant's *Ex Parte* Application To

24  Continue The Trial Date, filed December 20, 2007.) As the Court will recall, during

25  Pryce-Jones' counsel's appearance on the ex parte application, counsel asserted that he

26  believed Pryce-Jones could obtain summary judgment on World Savings' conversion

27  claim based on the California Civil Jury Instruction on conversion and his claim that

28

Solan & Park LLP    WORLD SAVINGS' OPPOSITION TO PRYCE-JONES' MOTION TO CONTINUE TRIAL DATE                     - 3 -

1 World Savings could not prove Pryce-Jones prevented World Savings from possession of

2 the funds for a significant period of time.  These are, of course, the exact same arguments

3 raised in the instant motion to continue the trial date without complying with Code of

4 Civil Procedure section 1008, subdivision (b).

5      Before the December 20, 2007, ex parte application to continue the trial date,

6 counsel for Pryce-Jones appeared and participated in the deposition of Peter Wu, the

7 sister of Pryce-Jones and the son of defendant Theresa Wu.  During that deposition on

8 November 7, 2007, Peter Wu testified to a telephone conversation with his mother in

9 which Theresa Wu stated that it was defendant Sabina Pryce-Jones' idea to wire the

10 money to Pryce-Jones as a way to make it difficult or impossible for World Savings to get

11 the money back.  (See Exh. A to Solan Decl., excerpts from Peter Wu Depo. Transcript,

12 pp. 59:16 – 60:16, 61:14 – 62:3.)  Consequently, counsel for Pryce-Jones must have

13 known that World Savings has more than sufficient evidence to demonstrate the existence

14 of triable issues of material fact with respect to its conversion cause of action.[1]  Any

15 purported motion for summary judgment by Pryce-Jones would be futile and frivolous.

16

17    [1]  Furthermore, Pryce-Jones' own statement under oath establishes her liability for
18 conversion.  In her declaration filed on February 7, 2007, in opposition to World Savings'
19 motion to disqualify her counsel for a conflict of interest, Pryce-Jones stated: "I do not
20 believe that there is a conflict of interest between my mother and me, because I returned the
$90,000 that World Savings mistakenly gave to my mother, and my mother does not wish
to pursue any claims against me." (Exh. B to Solan Decl., at p. 2:1-3.)

21    The General Denial that Pryce-Jones attempted to file in May 2007, while in default,
22 contained a clarification of what she meant by "returned": "On approximately 10 April
23 2006, I was able to use a Home Equity Line of Credit from Ironstone Bank for the amount
of $80,000 which I wire transferred to Theresa Wu. [¶] . . . On approximately 10 April
24 2006, I returned mistaken funds to Theresa.  I neither have control or use of that money
25 since 10 April 2006 not 2007." (Exh. C to Solan Decl. at p. 2, ¶¶ 4-5.)

26    Even taken at face value, Pryce-Jones' statements amount to an admission that she
27 knowingly disposed of funds belonging to World Savings in derogation of World Savings'
rights.  Further, there can be no legitimate argument but that has she deprived World
28 Savings of its money for a significant period of time.

1

## DISCUSSION

2

### *Pryce-Jones' Motion Violates Code of Civil Procedure section 1008*

3    Even if Pryce-Jones' current motion to continue the trial date is considered to be a

4 renewed motion under Code of Civil Procedure section 1008, subdivision (b), and not a

5 time-barred motion for reconsideration under Code of Civil Procedure section 1008,

6 subdivision (a), this new motion fails to evidence any attempt to comply with the Code.

7 Such an application is allowed only "upon new or different facts, circumstances, or

8 law . . . ." (Code Civ. Proc., § 1008, subd. (b).)  Here, Pryce-Jones' application fails to

9 adhere to the fundamental statutory requirement of a showing "by affidavit" of "what new

10 or different facts, circumstances, or law are claimed to be shown." (*Ibid.*)

11    Plainly, the current motion does no more than rehash the application made to the

12 Court on December 20th.  The same arguments are asserted and no new facts are

13 presented.  Nor is any "new" law presented.  Pryce-Jones supports her purported "right"

14 to file a summary judgment motion only with a case from 2000.  As for "different" law,

15 the instant motion fails to meet that standard too.  Reconsideration on the basis of

16 "different" law requires the moving party to show a valid reason for not presenting the

17 matter earlier (*Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1198-

18 1199), and ignorance is not a valid reason.  (See *Pasderka v. Caballeros Dimas Alang,*

19 *Inc.* (1998) 62 Cal.App.4th 658, 670.)  The burden of asserting "different" law is to show

20 that the party could not, with reasonable diligence, have discovered it and presented it

21 earlier.  (See *Baldwin v. Home Savings of America, supra,* 59 Cal.App.4th at pp. 1199-

22 1200.)

23    Here, Pryce-Jones' had already asserted, when she moved on December 20th for a

24 trial date continuance to March 10, 2008, that she wanted to bring a summary judgment

25 motion.  The current motion to continue the trial date is only an elaboration of the motion

26 this Court decided on December 20th.  Pryce-Jones provides no affidavit showing new or

27 different facts or law.  Consequently, the motion violates Code of Civil Procedure section

28 1008 and must be denied.  Furthermore, sanctions are appropriate and necessary.

1    *There Is No "Right" To File A Frivolous Summary Judgment Motion*

2       There is no requirement that the Court set trial dates so far in advance that a party

3   can conduct discovery, prepare a motion for summary judgment, serve it with the required

4   notice and have the motion heard sufficiently in advance of the trial. *First State Ins. Co.*

5   *v. Superior Court* (2000) 79 Cal.App.4th 324 is not to the contrary. Pryce-Jones cites that

6   decision as establishing "a right to file a summary judgment motion." However, the court

7   in that case recognized only that a trial court has to permit the filing of a motion for

8   summary judgment that is consistent with Code of Civil Procedure section 437c,

9   including its time limitations. (See *First State Ins. Co. v. Superior Court, supra,* 79

10  Cal.App.4th at p. 333, 336.) That is not by any stretch of the imagination the same as

11  holding that a wish to seek summary judgment trumps a court's trial setting order.

12      Moreover, there is no "right" to file a motion for summary judgment regardless of

13  the motion's merit. The filing of a groundless motion for summary judgment is

14  sanctionable under Code of Civil Procedure sections 128.5 and 128.7. Pryce-Jones

15  asserts, in her memorandum in support of this motion filed on January 7th, that "the

16  undisputed fact is that Pryce-Jones only possessed [World Savings'] property for a very

17  brief period of time, that she was unaware that she possessed [World Savings'] property

18  during her possession of that property, and that she transferred that property before being

19  notified by [World Savings] that she possessed the property." (Pryce-Jones Memo. in

20  Support, p. 2:8-11.)

21      This is a remarkable assertion to make in a filing with the Court two months to the

22  day after Pryce-Jones' counsel attended and participated in the deposition of Peter Wu.

23  At that deposition Mr. Wu, defendant's brother, twice made it clear that Pryce-Jones gave

24  their mother, defendant Theresa Wu, the idea of wiring World Savings' money to Pryce-

25  Jones out-of-state in order to make World Savings' recovery of the funds difficult or

26  impossible. To argue, in light of such testimony, that Pryce-Jones has a viable motion for

27  summary judgment and that World Savings' conversion cause of action is fatally

28  defective goes beyond the pale of zealous advocacy and verges on intentional

1  misrepresentation.   What more frankly disputed fact could there be in this case than

2  Pryce-Jones' knowing manipulation of a mistake in a wholly amoral grab for $90,000?[2]

3

4                                    **CONCLUSION**

5          From the outset Pryce-Jones' conduct of her defense in this case has been marked

6  only by delaying tactics and dissembling factual claims.   The plain intention of these

7  tactics has been to escalate World Savings' litigation costs and delay trial in hopes that

8  World Savings will simply give up the effort to recover its funds.   The present motion is

9  only a more extreme example of Pryce-Jones' lack of candor with the Court in an attempt

10  to put off the inevitable.   Pryce-Jones' complete failure to comply in any regard with

11  Code of Civil Procedure section 1008 on this, her second motion to continue the trial

12  date, and the spurious reasoning and inappropriate citation to authority offered to support

13  the motion, warrant the imposition of sanctions under Code of Civil Procedure section

14  128.5 and 1008, subdivision (d).

15          For the foregoing reasons, and those to be presented at the hearing on the motion,

16  World Savings respectfully urges this Court to deny Pryce-Jones' motion to continue the

17  trial date and to award sanctions in the amount of $4,018.50.

18

19  DATED: December 10, 2007                    SOLAN & PARK LLP

20

21

22                                      By  _____

23                                          Kevin M. Solan, Esq.

24                                          Attorneys for Plaintiff
                                            World Savings Bank, FSB
25

26          [2]  Furthermore, these assertions in Pryce-Jones' most recent memorandum are yet

27  another disingenuous attempt to ignore her own admissions in her General Denial and in
    her declarations, as detailed in footnote 1, above.
28

## PROOF OF SERVICE

1

2        I, the undersigned, hereby declare:

3        I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed in the County of San Francisco; my business address is 685

4    Market Street, Suite 360, San Francisco, California 94105.

5        On January 11, 2008, I served the within:

6        **1.  World Savings' Opposition to Pryce-Jones' Motion to Contine Trial Date**

7        **2.  Declaration of Kevin M. Solan in Support Thereof**

    on all parties in this action, as addressed below, by causing a true copy thereof to be

8    distributed as follows:

9
    Theresa T. Wu                   Eric J. Sidebotham, Esq.

10       400 E. Bay Street, Unit No. 2001     Eric J. Sidebotham, APC
    Jacksonville, FL 32202              TechMart Center

11                                       5201 Great America Parkway, Ste.320
                                    Santa Clara, CA 95054

12                                       *Facsimile No. 408/608-6001*

13   [X]     **BY MAIL:**     I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would

14                        be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am

15                        aware that on motion of the party served, service is presumed invalid if the postal cancellation date of postage meter date is more than one

16                        day after date of deposit for mailing an affidavit.

17
    [X]     **BY FAX:**     I caused such documents to be transmitted via facsimile to the stated

18                        parties at their respective facsimile numbers. *As to Sidebotham only*

19
    I declare under penalty of perjury under the laws of the State of California that the

20   foregoing is true and correct.

21   Dated: January 11, 2008

                                            Loni Myers

22

23

24

25

26

27

28

1  Kevin M. Solan, Esq. (SBN 118415)
   William L. Jacobson, Esq. (SBN 114424)
2  SOLAN & PARK LLP
   685 Market Street, Suite 360
3  San Francisco, California 94105
   Tel.: (415) 777-3300
4  Fax: (415) 777-3301

5  Attorneys for Plaintiff
   WORLD SAVINGS BANK, FSB
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                      COUNTY OF SANTA CLARA
10

11 WORLD SAVINGS BANK,                    CASE NO. 1-06-CV-057468

12                Plaintiff,              DECLARATION OF KEVIN SOLAN IN
                                          OPPOSITION TO PRYCE-JONES'
13 v.                                     MOTION TO CONTINUE TRIAL AND
                                          FOR SANCTIONS AGAINST PRYCE-
14 THERESA T. WU, et al.,                 JONES AND/OR HER COUNSEL

15                Defendants.             Date:  January 17, 2008
                                          Time:  9:00 a.m.
16                                        Dept.: 22
                                          Judge: Hon. Kevin Murphy
17

18 AND RELATED CROSS-ACTION.              Trial: February 19, 2008

19

20

21      I, KEVIN M. SOLAN, declare as follows:

22      1. I am an attorney admitted to practice in California. I am counsel of record in

23 this action for plaintiff World Savings Bank, FSB ("World Savings").

24      2. On November 7, 2007, I conducted the deposition of Peter Wu. Attached

25 hereto as Exhibit A are copies of pages 59 through 62 of the transcript of that deposition.

26 These transcript copies accurately reflect the questions I asked of Peter Wu and Peter

27 Wu's answers to those questions.

28      3. Attached hereto as Exhibit B is a true and correct copy of the Declaration of

1  Sabina Pryce-Jones, dated February 5, 2007, served on me on behalf of defendant Theresa

2  Wu.

3      4.  Attached hereto as Exhibit C is a true and copy of the Judicial Council form

4  General Denial I received by fax and by regular mail and that was sent on behalf of

5  defendant Sabina Pryce-Jones.

6      5.  As a result of Pryce-Jones' bringing this second motion to continue the date of

7  trial, World Savings has incurred and will incur fees, reasonable costs and attorney fees in

8  opposing this motion.

9      9.  I have worked closely with William Jacobson on this matter.  He is an attorney

10 with more than 25 years of experience in litigation and appellate matters and he is of

11 counsel to my firm.  I have reviewed with Mr. Jacobson his time slips and billings for this

12 matter.  He has spent a total of 16.9 hours in review of the reviewing the papers submitted

13 on behalf of Pryce-Jones for this motion to continue the trial date, evaluating the

14 appropriate responses to the motion, and in drafting and revising the papers submitted in

15 connection with this motion.  Mr. Jacobson's time will be billed to World Savings at the

16 rate of $175 per hour, for a total of $2,957.50.

17     10.  I have spent a total of 1.3 hours in review and analysis of the correspondence

18 and other communications pertaining to this motion, and in supervising the preparation of

19 the opposition and its accompanying papers.  My time will be billed to World Savings at the

20 rate of $195 per hour, for a total of $253.50.

21     11.  Based on my experience and Mr. Jacobson's, I can estimate that he will spend

22 approximately another 3.5 hours reviewing Pryce-Jones' Reply, if any, and in preparing and

23 appearing for the hearing on the motion.  I estimate that I will spend another 1.0 hour in

24 review and analysis of any reply and in assisting with Mr. Jacobson's preparation for the

25 hearing.  Accordingly, I estimate that World Savings will be billed $807.50 in connection

26 with those services.

27 / / / /

28 / / / /

1    12. Consequently, World Savings will have incurred fees of $4,018.50 in

2    connection with this motion.

3

4        I declare under penalty of perjury under the laws of the State of California that the

5    foregoing is true and correct and that this declaration is executed on the 11th day of

6    January 2008, at San Francisco, California.

7

8

9

10    Kevin M. Solan

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2      I, the undersigned, hereby declare:

3      I am a citizen of the United States, over 18 years of age, and not a party to the
within action.  I am employed in the County of San Francisco; my business address is 685
4 Market Street, Suite 360, San Francisco, California 94105.

5      On January 11, 2008, I served the within:

6      **1.  World Savings' Opposition to Pryce-Jones' Motion to Contine Trial Date**
       **2.  Declaration of Kevin M. Solan in Support Thereof**

7
on all parties in this action, as addressed below, by causing a true copy thereof to be
8 distributed as follows:

9  Theresa T. Wu                          Eric J. Sidebotham, Esq.
   400 E. Bay Street, Unit No. 2001       Eric J. Sidebotham, APC
10 Jacksonville, FL 32202                  TechMart Center
                                          5201 Great America Parkway, Ste.320
11                                         Santa Clara, CA 95054
                                          *Facsimile No. 408/608-6001*
12

13 [X]    **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and
                        processing correspondence for mailing.  Under the practice it would
14                      be deposited with the U.S. Postal Service on that same day with
                        postage thereon fully prepaid in the ordinary course of business.  I am
15                      aware that on motion of the party served, service is presumed invalid
                        if the postal cancellation date of postage meter date is more than one
16                      day after date of deposit for mailing an affidavit.

17 [X]    **BY FAX:**   I caused such documents to be transmitted via facsimile to the stated
18                      parties at their respective facsimile numbers. *As to Sidebotham only*

19      I declare under penalty of perjury under the laws of the State of California that the
20 foregoing is true and correct.

21 Dated: January 11, 2008

                                          Loni Myers

22

23

24

25

26

27

28

Solan & Park LLP

# EXHIBIT A

58

1    THE WITNESS: She explained that this person
2  from World Savings, Ron Sheppard, was aggressive about
3  contacting her, and she considered that harassment. She
4  did not want to be contacted by him.
5  BY MR. SOLAN:
6    Q.  Did you have any discussion about filing
7  criminal charges as mentioned in this letter?
8    A.  All I can recall is her telling me that it's,
9  she had done nothing wrong.
10    Q.  Did you request that she contact World Savings
11  and straighten the matter out?
12    A.  No.
13    As I said, I do not instruct her and advise her
14  what to do.
15    Q.  You see the reference here, the money was wired
16  to you at Bank of America in San Antonio, is that
17  correct?
18    MR. SIDEBOTHAM: I'm going to object. Vague
19  and ambiguous, lacks foundation.
20    The document speaks for itself.
21    THE WITNESS: I see the statement in the
22  document, and the statement is not correct.
23  BY MR. SOLAN:
24    Q.  And that statement, did you discuss that
25  statement with Theresa Wu during this telephone

59

1  conversation, this first telephone conversation you had
2  with her?
3    A.  Not that I recall.
4    As I remember, we were having this conversation
5  on the phone before I read this letter.
6    Q.  Okay.
7    MR. SIDEBOTHAM: Mr. Solan, if you don't mind,
8  it's almost 11:00, if we could take a brief break?
9    MR. SOLAN: Absolutely not. We don't take
10  breaks around here. We continue on.
11    Of course.
12    (Laughter.)
13    (Short break.)
14    MR. SOLAN: If we can continue.
15  BY MR. SOLAN:
16    Q.  Let me clarify one thing.
17    You mentioned that during this first
18  conversation, you recently mentioned in your testimony,
19  during this first conversation that you had with Theresa
20  Wu that you testified to, that you had not yet opened
21  this envelope and seen the letter marked Exhibit 1; is
22  that correct?
23    A.  That's correct.
24    Q.  Have you told us everything that you said and
25  that Theresa Wu said during that telephone conversation

60

1  that you have testified to, the first one after you
2  received the letter marked Exhibit 1?
3    A.  I'm still trying to recall the details myself.
4    She maintained that she did nothing wrong. She
5  said that it was a bank clerk error.
6    She mentioned that she considered this person
7  from World Savings Bank pursuing her to be harassment
8  and was considering countersuing because of that.
9    She mentioned that in their effort to get the
10  money back that, to prevent that from happening, she
11  could declare bankruptcy.
12    She mentioned that it's, something of the sort
13  that it was Sabina Pryce-Jones' idea to wire the money
14  to her as a way to ensure that the bank would not be
15  able to get it back.
16    That's all I can recall.
17    MR. SIDEBOTHAM: I'm going to move to strike as
18  nonresponsive.
19  BY MR. SOLAN:
20    Q.  And that was the substance of that first
21  conversation after you received the December 20th letter
22  but before you had opened it?
23    A.  Correct.
24    Q.  I'm trying to formulate a question.
25    I'm taking from your comments that, as of this

61

1  first conversation with Theresa Wu, you got the
2  impression that she was not going to return this money
3  to World Savings, is that correct?
4    MR. SIDEBOTHAM: Objection, calls for
5  speculation, lacks foundation, assumes facts not in
6  evidence.
7    THE WITNESS: That's correct.
8  BY MR. SOLAN:
9    Q.  And this was because Theresa Wu considered this
10  to be a bank error?
11    MR. SIDEBOTHAM: Same objection.
12    THE WITNESS: That's correct.
13  BY MR. SOLAN:
14    Q.  Did she give any other reason for not wanting
15  to return the money to World Savings during this
16  conversation alone?
17    A.  That's all that I can recall, basically, that
18  she had done nothing wrong. There is no reason she has
19  to give it back, therefore, she wouldn't give it back.
20    Q.  Did she say anything else about it was Sabina's
21  idea to wire the money to her bank account, Sabina's
22  bank account, or out of state?
23    MR. SIDEBOTHAM: Objection, vague and
24  ambiguous, calls for speculation, lacks foundation,
25  assumes facts not in evidence.

**62**

1    THE WITNESS: All I can recall is that it would
2  help make it more difficult for the bank to get the
3  money back.
4  BY MR. SOLAN:
5    Q.  The only persons who were party to this
6  conversation were you and Theresa Wu?
7    A.  That is correct.
8    Q.  The conversation, this first conversation with
9  Theresa Wu that you have described, did you then open
10  the letter -- what did you do then after you concluded
11  this conversation with Theresa Wu?
12    A.  I didn't do anything. I read the letter.
13    Q.  Immediately after?
14    A.  Shortly after, correct.
15    Q.  Okay.
16    A.  I noticed the error that they claim that the
17  money was wired to my account, and that is not correct.
18    And I also did not want to have any involvement
19  in this at all. I didn't want to instruct her what to
20  do or advise her what to do.
21    Q.  "Advise her," being Theresa Wu?
22    A.  That's correct.
23    Q.  Okay.
24    A.  So I wrote a letter in response to Ron Sheppard
25  at World Savings Bank to have him not contact us or

**63**

1  involve us in the matter at all, "us" being myself and
2  my wife, Christina Lian Poon-Wu.
3    Q.  Okay. All right.
4    And is this the letter -- well, strike that.
5    Did you have any other comment when you read
6  the letter, anything else?
7    MR. SIDEBOTHAM: I will object. It misstates
8  the testimony.
9    THE WITNESS: I don't understand, comment to
10  who?
11  BY MR. SOLAN:
12    Q.  Internally within your mind, other than these
13  two ideas, number one, you noticed an error; number two,
14  you didn't want to get involved at all; and number
15  three, you were going to write a letter.
16    MR. SIDEBOTHAM: I'm going to object, vague and
17  ambiguous, compound.
18  BY MR. SOLAN:
19    Q.  Anything else that you thought after you read
20  this letter which is Exhibit 1?
21    A.  Those were the main points I could think of.
22    It sounded like trouble, and I didn't want to
23  have any part of it.
24    Q.  You did write a letter, is that correct?
25    A.  That is correct.

**64**

1    MR. SOLAN: And could we have this letter
2  marked as Exhibit Number 2?
3    (Plaintiff's Exhibit No. 2 was marked for
4    identification.)
5    MR. SOLAN: Could you please give that to the
6  witness?
7    THE REPORTER: Sure (indicating).
8  BY MR. SOLAN:
9    Q.  Was this a letter that you authored, Exhibit
10  Number 2?
11    A.  It is.
12    Q.  And this letter is dated December 27, 2005, is
13  that correct?
14    A.  That's correct.
15    Q.  And you mailed it that day to Ron Sheppard, did
16  you not?
17    A.  That's correct.
18    Q.  I would like to talk to you about the period of
19  time when you had the initial conversation with Ms. Wu
20  that we have just described, and the time that you
21  mailed this letter.
22    Did you have any other conversations with
23  anyone relating to this matter in between the
24  conversation that you had with your mother, Theresa Wu,
25  and the date that you mailed this letter on the 27th?

**65**

1    A.  I discussed it with my wife.
2    Q.  Okay. I won't get into anything that's said to
3  your wife.
4    Anyone else?
5    A.  No.
6    Q.  Theresa Wu was living on Encore Way, is that
7  correct, at this time?
8    MR. SIDEBOTHAM: Objection, calls for
9  speculation, lacks foundation, assumes facts not in
10  evidence, vague and ambiguous.
11    THE WITNESS: She was living at Encore Way and,
12  I believe, she was out of town at the time.
13  BY MR. SOLAN:
14    Q.  And where was she out of town?
15    A.  I really didn't know specifically, but I think
16  she was in Florida.
17    Q.  Visiting your sister, Sabina Pryce-Jones, is
18  that correct?
19    MR. SIDEBOTHAM: Objection, calls for
20  speculation, lacks foundation, assumes facts not in
21  evidence
22    THE WITNESS: I believe so, but I'm not
23  certain.
24  BY MR. SOLAN:
25    Q.  Now, after reading the letter, other than

# EXHIBIT B

1  Breck E. Milde, Esq. (Bar No. 122437)
   TERRA LAW LLP
2  177 Park Avenue, 3rd Floor
   San Jose, California 95113
3  (408) 299-1200

4  Attorneys for Defendant and
   Cross-Complainant Theresa T. Wu

5

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11  WORLD SAVINGS BANK, a Federal        Case No. 1-06-CV-057468
    Savings Bank,
12                                        **DECLARATION OF SABINA PRYCE-**
              Plaintiff,                   **JONES IN OPPOSITION TO MOTION**
13                                        **TO DISQUALIFY COUNSEL FOR**
         vs.                              **SABINA PRYCE-JONES**
14
    THERESA T. WU, an individual and DOES 1
15  through 10,                          Date:   February 20, 2007
                                         Time:   9:00 a.m.
16            Defendants.                 Dept.:  22

17                                        Judge: Hon. Kevin Murphy

18
    AND RELATED CROSS-ACTION.
19

20

21        I, Sabina Pryce-Jones, declare as follows:

22        1.    I have personal knowledge of the facts set forth in this declaration, and if called

23  as a witness, I could and would competently testify thereto.

24        2.    I understand that World Savings Bank has asked the Court to disqualify my

25  lawyer, Breck Milde, who has filed a motion to quash a summons served on me in Florida, and

26  who is also acting as the lawyer for my mother, Theresa T. Wu, in this case, based on a conflict

27  of interest. The asserted conflict of interest has been fully disclosed and explained to me, and I

28
    1147586                              1
    **DECLARATION OF SABINA PRYCE-JONES IN OPPOSITION TO MOTION TO DISQUALIFY**
    **COUNSEL FOR SABINA PRYCE-JONES**

1    have signed a waiver of any such potential conflict.  I do not believe that there is a conflict of

2    interest between my mother and me, because I returned the $90,000 that World Savings

3    mistakenly gave to my mother, and my mother does not wish to pursue any claims against me.

4         I declare under penalty of perjury under the laws of the State of California that the

5    foregoing is true and correct, and that this declaration is executed on February 5, 2007 at

6    Jacksonville, Florida.

7

8

9                                    Sabina Pryce-Jones

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1147586

DECLARATION OF SABINA PRYCE-JONES IN OPPOSITION TO MOTION TO

1       **PROOF OF SERVICE**

2               I am a citizen of the United States and employed in the county aforesaid; I am over the

3       age of eighteen years, and not a party to the within action; my business address is 177 Park

4       Avenue, 3rd Floor, San Jose, CA 95113-2333.  On the date set forth below I caused to be served

5       the documents described below:

6               **DECLARATION OF SABINA PRYCE-JONES IN OPPOSITION TO
                MOTION TO DISQUALIFY COUNSEL FOR SABINA PRYCE-JONES**

7

8       on the following person(s) in this action by placing a true copy thereof enclosed in a sealed

        envelope addressed as follows:

9

10      Kevin M. Solan
        Solan & Park LLP

11      685 Market Street, Suite 360
        San Francisco, CA 94105

12

13

        X       (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid for collection

14              with the United States Postal Service in a sealed envelope at San Jose, California.

15              (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date
                to the addressee(s).

16

17              (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date
                to each facsimile machine number listed above.

18              (BY FEDERAL EXPRESS) I caused such envelope(s) to be placed in the Federal
                Express office at San Jose, California, which the office customarily bills after delivery

19              date.

20      X       (STATE) I declare under penalty of perjury under the laws of the State of California that
                the foregoing is true and correct.

21

22              I declare under penalty of perjury that the foregoing is true and correct and this

23      declaration is executed on February 6, 2007 at San Jose, California.

24

25                                              _Kathy Lowder_

26                                              Kathy Lowder

27

28

1142279

**PROOF OF SERVICE**

# EXHIBIT C

PLD-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

SABINA PRYCE-JONES
1170 HOLLY OAKS COURT
JACKSONVILLE FL 32259

ATTORNEY FOR (Name):
NAME OF COURT: SUPERIOR COURT OF CALIFORNIA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF: WORLD SAVINGS BANK

DEFENDANT: SABINA PRYCE-JONES

**GENERAL DENIAL**

CASE NUMBER:
1-06-CV-057468

You MUST use this form for your general denial if the amount asked for in the complaint or the value of the property involved is $1000 or less.

You MAY use this form if:
1. The complaint is not verified, OR
2. The complaint is verified, and the action is subject to the economic litigation procedures of the municipal and justice courts, EXCEPT

You MAY NOT use this form if the complaint is verified and involves a claim for more than $1000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 90-100, 431.30, and 431.40.)

1. DEFENDANT (name):

generally denies each and every allegation of plaintiff's complaint.

2. [✓] DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint (attach additional pages if necessary):

Theresa Wu has on occasion held funds in liquid accounts for periods of time during inactivity. Theresa Wu does not act as an agent on real estate or any investments. I have personally never transacted anything in the state of CA. Theresa Wu likes to borrow any available cash for the purposes of opening new accounts at banking institutions for the free gifts or higher interest rates. Theresa Wu is temporarily borrowing the money from me since it is not being used for investment purposes during that timeframe. My mother relies on a fix income and I allow her to use my cash to open high yield CD and keep the interest. Theresa Wu does not manage funds for me she only uses them to obtain higher interest rates which I allow her to keep.

Continue on next page

Date: 3 MAY 2007

SABINA PRYCE-JONES
(TYPE OR PRINT NAME)

▶ _Sabina Pryce-Jones_
(SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your claim. (See Code of Civil Procedure sections 426.10-426.40.)

The original of this General Denial must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. (See the other side for a proof of service.)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
PLD-050 [Rev. January 1, 2007]

**GENERAL DENIAL**

Legal Solutions Plus

Code Civ. Procedure, §§ 431.30, 431.40

Page 2 General Denial
Case Number: 1-06-CV-057468

I live 3500 miles from the "events and happenings" alleged in this compliant. I did not cause the bank to make this mistake in any way. I neither have that type of influence nor the ability to predict such events. Theresa Wu is my mother and divorced. She does not act as my "agent, employee, servant, partner or joint venture of each other" in any shape or form. She was acting only for her own benefits by utilizing my cash to open high yield CD's she does not contribute to the furtherance of the interest of me in any way. The $10K at Washington Mutual was not my money, it belonged to Theresa Wu. I was borrowing those funds from her since I was short on funds to complete the transaction. The account at Washington Mutual was held by Theresa Wu and I was only on the account as POD (Payable on Death) as the beneficiary. I do not have any control or input to the funds in this account since they were not my funds and I was not a joint owner.

Theresa Wu did not "expect to wire only the sum of approximately $200,000 to Bank of America branch." She had to physically go the Washington Mutual to obtain additional funds for this wire transfer. There was no need to withdraw the funds from Washington Mutual because an excess of $200,000 was already available at World Savings Bank in the various accounts. My express instructions to her was to wire transfer everything available (including all of her available cash) which would help me complete the transaction with less financing obligation.

World Savings is misinformed concerning the purchase of the aircraft. World Savings alleges that excess funds were used to form the LLC and purchase the aircraft. The formation of the LLC and negotiations to purchase the aircraft was occurring before 19 Oct 2005. The purchase of the aircraft did NOT occur because of the $90,000 mistake. The LLC was already in place prior to the purchase of the aircraft and no funds from this transaction were used to create the LLC.

On 30 October, my mother called me to tell me about the accident she had the previous day. She did not inform me of the incidents of the WSB making contact with her until the next day. After that day Theresa Wu retained the services of an attorney to try and reach a settlement. I am aware of several offers of settlement proposed by her attorney. All of them were rejected by WSB without any discussion or counter offer. On approximately 10 April 2006, I was able to use a Home Equity Line of Credit from Ironstone Bank for the amount of $80,000 which I wire transferred to Theresa Wu.

After I was made aware of the situation, I was focused on my mother's medical condition and problems. On approximately 10 April 2006, I returned mistaken funds to Theresa. I neither have control or use of that money since 10 April 2006 not 2007. Also, I have been informed that there is no statutory provision for the recovery of attorney's fees in this matter.

PLD-050

| | |
|---|---|
| PLAINTIFF (name): *WORLD SAVINGS BANK* | CASE NUMBER: |
| DEFENDANT (name): *SABINA PRYCE JONES* | 1-06-CV-057468 |

## PROOF OF SERVICE

☐ Personal Service  ☑ Mail

A General Denial may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Service is made in one of the following ways:
  (1) Personally delivering a copy to the attorney for the other party or, if no attorney, to the other party.
      **OR**
  (2) Mailing a copy, postage prepaid, to the last known address of the attorney for the other party or, if no attorney, to the other party.
Be sure whoever serves the General Denial fills out and signs a proof of service. File the proof of service with the court as soon as the General Denial is served.

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. I served a copy of the General Denial as follows (check either a or b):

    a. ☐ Personal service. I personally delivered the General Denial as follows:
        (1) Name of person served:
        (2) Address where served:

        (3) Date served:
        (4) Time served:

    b. ☑ Mail. I deposited the General Denial in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed and mailed as follows:
        (1) Name of person served: *KEVIN M. DOLAN*
        (2) Address: *685 MARKET STREET, SUITE 360*
                    *SAN FRANCISCO OA 94105*

        (3) Date of mailing: *3 MAY*
        (4) Place of mailing (city and state): *JACKSONVILLE FL*
        (5) I am a resident of or employed in the county where the General Denial was mailed.
                    *ST JOHNS*

    c. My residence or business address is (specify):
        *885 FRUITWOOD DR*
        *JACKSONVILLE FL 38259*

    d. My phone number is (specify):
        *904-250-4426*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: *5/3/07*

*TIM ARMSTRONG*                          ▶   *Tim Armstrong*
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE GENERAL DENIAL)        (SIGNATURE OF PERSON WHO SERVED THE GENERAL DENIAL)

PLD-050 [Rev. January 1, 2007]                **GENERAL DENIAL**                 Page 2 of 2
                                              **(Proof of Service)**

# PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed in the County of San Francisco; my business address is 685 Market Street, Suite 360, San Francisco, California 94105.

On January 11, 2008, I served the within:

1. **World Savings' Opposition to Pryce-Jones' Motion to Contine Trial Date**
2. **Declaration of Kevin M. Solan in Support Thereof**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Theresa T. Wu
400 E. Bay Street, Unit No. 2001
Jacksonville, FL 32202

Eric J. Sidebotham, Esq.
Eric J. Sidebotham, APC
TechMart Center
5201 Great America Parkway, Ste.320
Santa Clara, CA 95054
*Facsimile No. 408/608-6001*

[X]    **BY MAIL:**    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date of postage meter date is more than one day after date of deposit for mailing an affidavit.

[X]    **BY FAX:**    I caused such documents to be transmitted via facsimile to the stated parties at their respective facsimile numbers. *As to Sidebotham only*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 11, 2008

Loni Myers