Kevin M. Solan, Esq.
(California Bar No. 118415)
ksolan@solanpark.com
SOLAN & PARK LLP
685 Market Street, Suite 360
San Francisco, California 94105
Tel.: (415) 777-3300
Fax: (415) 777-3301

Attorneys for Plaintiff
WORLD SAVINGS BANK, FSB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WORLD SAVINGS BANK,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THERESA T. WU, et al.,<br><br>　　　　　　Defendants. | CASE NO. C08 00887 (HRL)<br><br>NOTICE OF MOTION TO REMAND CASE TO SANTA CLARA SUPERIOR COURT; POINTS AND AUTHORITIES IN SUPPORT<br><br>Date:　　　　April 22, 2008<br>Time:　　　　10:00 a.m.<br>Courtroom:　Two<br>　　　　Magistrate Judge Howard Lloyd |

　　　　PLEASE TAKE NOTICE that on Tuesday, April 22, 2008, at 10:00 a.m., before Magistrate Judge Howard R. Lloyd, in Courtroom 2 in the United States Courthouse, 280 South First Street, San Jose, California, plaintiff WORLD SAVINGS BANK ("World Savings") will and hereby does move for an order remanding this case pursuant to Title 28 United States Code section 1447(c).

　　　　World Savings seeks an order by this Court remanding this action to the Superior Court in which it was filed more than two years ago, and requiring defendant Sabina Pryce-Jones and her counsel, Eric J. Sidebotham, to pay to World Savings the just costs and actual expenses, including attorney fees, in the sum of $10,088.50, incurred by World Savings as a result of the removal of this action less than five (5) court days before the case was set to begin trial in the Santa Clara Superior Court.

## POINTS AND AUTHORITIES IN SUPPORT OF REMAND

**Summary:** The Notice of Removal falsely claims this case is within this Court's diversity jurisdiction pursuant to 28 U.S.C. §1332(a). The Notice baldly contradicts the facts in the Superior Court record when it claims that defendant Theresa Wu "at all relevant times during the pendency of this action" was a citizen of Florida. (Notice of Removal, p. 1:18-19, ¶3.a.) Both World Savings' original Complaint, filed February 3, 2006, and Theresa Wu's *own Cross-Complaint*, dated March 24, 2006, said she resided in California on those dates. (See Solan Decl, Exh. A (Complaint., p. 1, ¶2), Exh. B (Cross-complaint., p. 1, ¶1).)

However, remanding this action does not depend on any tales Pryce-Jones may hope to spin in this Court. As a federally-charted savings bank, as stated in the original Complaint, in the First Amended Complaint, in defendant Wu's Cross-complaint and in the Notice of Removal itself (see Solan Decl, Exh. A (Complaint., p. 1, ¶1), Exh. B (Cross-complaint., p. 2, ¶2); Exh. C., (First Amended Complaint., p. 1, ¶1); Notice of Removal, p. 1; ¶3.a), World Savings was ineligible for diversity jurisdiction because it was not a citizen of any particular state. (*Hancock Financial Corp. v. Federal Savings & L. Ins. Corp.* (9th Cir. 1974) 492 F.2d 1325, 1329; *Lehman Bros. Bank, FSB v. Frank T. Yoder Mortg.* (E.D.Va. 2006) 415 F.Supp.2d 636, 642.)

Moreover, the timing of Pryce-Jones' removal evidences its improper purpose. The notice was filed *less than five court days* before the case was set to start trial in Santa Clara Superior Court, a trial that Pryce-Jones had twice sought to postpone. Pryce-Jones' first continuance motion in December 2007 resulted in the trial date of February 19, 2008. The Santa Clara Superior Court denied Pryce-Jones' second continuance motion on January 17, 2008 (see Solan Decl, p. 2; ¶ 7). The plain intent of Pryce-Jones' February 11th Notice of Removal was to void the trial date, causing unnecessary delay and needlessly increasing the cost of this litigation. This Court should make sure that the unnecessary expense of having this case remanded to state court is paid by defendant Pryce-Jones and her counsel, and not the plaintiff cheated of its trial date by the patently

improper Notice of Removal.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arose out of the refusal by defendants Theresa Wu and her adult daughter, Sabina Pryce-Jones, to return to World Savings the $90,000 mistakenly credited to Wu's account when a deposit of $10,000 was erroneously recorded as $100,000 on October 17, 2005. (Solan Decl., Exh. A, World's Complaint, p. 2, ¶ 5)

The following day, Wu wired all of her World Savings funds to a joint account she held with Pryce-Jones in Texas. The wire transfer totaled approximately $319,388, including the erroneous $90,000 credit. The day after that, Pryce-Jones removed all of the funds from the Texas bank account in two wire transfers to Florida. (Solan Decl., Exh. A, Wu's Cross Complaint, p. 2 ¶ 6)

At various times in the state court proceedings, Wu and Pryce-Jones have said that Pryce-Jones used the funds to purchase a condominium and/or to purchase an interest in an airplane that she then "contributed" to Pryce-Jones Leasing LLC. (Solan Decl., Exh. D (Wu's Special Interrogatory Response No. 9, p. 3:19-28); Exh. E ( Pryce-Jones' General Denial, pp.1-2); Exh. F (Pryce-Jones' Special Interrogatory Response, No. 17, p.7:4); Exh. G (Sidebotham Decl., p. 2, ¶ 6).

When Wu refused to return the $90,000, World Savings brought suit against her on February 3, 2006, asserting a single cause of action for conversion. The complaint identified World Savings as a federally-chartered savings bank organized and existing under the laws of the United States and authorized to do business in California. Defendant Wu was identified as an individual residing in San Jose, California. (Solan Decl., Exh. A, World's Complaint, p. 1, ¶2.)

On March 24, 2006, Wu cross-complained against World Savings, alleging, among other things, intentional and negligent infliction of emotional distress. Wu's own Cross-Complaint stated in its first paragraph, "*Ms. Wu is now and at all times relevant hereto an individual residing in the County of Santa Clara, State of California.*" (Solan Decl., Exh.

B, Wu's Cross Complaint, p. 1, ¶1 , emphasis added.)[1] The second paragraph stated, "Ms. Wu is informed and believes and alleges thereon that cross-defendant World Savings Bank . . . is a federally chartered savings bank organized and existing [under] the laws of the United States of America." (*Id*. at p. 2., ¶2.)

In August 2006, pursuant to leave of court granted on noticed motion, World Savings filed its First Amended Complaint to add Pryce-Jones as a defendant. The First Amended Complaint alleged that World Savings was a federally-chartered bank authorized to do business in California, and that defendant Wu resided in California and that defendant Sabina Pryce-Jones resided in Florida. (Solan Decl., Exh. C, World's First Amended Compaint, p. 1-2, ¶¶ 1-3.) When World Savings served her personally with the summons and First Amended Complaint, Pryce-Jones was represented by Wu's attorneys in moving to quash service.

In due course the Santa Clara Superior Court set the case for trial commencing January 7, 2008. Counsel for Pryce-Jones sought, by ex parte motion, to have the trial date continued to March 10, 2008. On December 20, 2007, after hearing argument from counsel for Pryce-Jones and World Savings, the superior court granted a continuance of the trial to February 19, 2008. Thereafter, on January 7, 2008, counsel for Pryce-Jones again tried to have the trial date continued, this time to May 2008, purportedly in order to allow Pryce-Jones to file a motion for summary judgment. The court denied the motion on January 17, 2008. (Solan Decl., p. 2, ¶ 7.)

Then, as World Savings' counsel prepared for the February 19th trial, counsel for Pryce-Jones filed the instant Notice of Removal on February 11th, less than five court

---

[1] If World Savings had not been a federally-chartered savings bank, and instead a corporate citizen of California as Pryce-Jones asserts, then this admission of residence by Wu alone would have cautioned against asserting federal jurisdiction based on diversity of citizenship. (See *State Farm Mut. Auto. Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 519.) As noted *infra*, the same attorneys who drafted Wu's Cross-complaint, and its admission of residency, also initially represented Pryce-Jones in her attempt to quash the service of process on her in this action.

days before the trial was to commence. The Notice of Removal asserts diversity jurisdiction and timeliness under 28 U.S.C. § 1446(b), claiming Pryce-Jones never was served with "any document from which a basis for removal may be ascertained; and because equitable principles justify tolling of any other applicable time limits." (Notice of Removal, p. 2:7-8, ¶6.)

## DISCUSSION

When a defendant removes a state action to federal court on grounds of diversity, the applicable principles are straight forward. The removal statute is strictly construed in such cases, and any doubts must be resolved in favor of remanding the action to state court. (*Durham v. Lockheed Martin* (9th Cir. 2006) 445 F.3d 1247, 1252; *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566 (per curiam); *Gerard Ange v. Templer* (N.D.Cal. 2006) 418 F.Supp.2d 1169; *McMaster v. Coca-Cola Bottling of California* (N.D.Cal. 2005) 392 F.Supp.2d 1107.) The defendant seeking removal has the burden to establish that removal is proper. (*Gaus v. Miles*, supra, 980 F.2d at p. 566.)

### *As A Federally-Chartered Federal Savings Bank World Savings Was Ineligible For Diversity Jurisdiction*

Defendant Pryce-Jones' Notice of Removal asserts that diversity jurisdiction under 28 U.S.C. §1332(a) provides the basis for her removal of this action from the Santa Clara County Superior Court. The Notice of Removal, prepared and signed by counsel, states: "Plaintiff World Savings Bank, FSB, is a federally-chartered savings bank and a citizen of the State of California, its principal place of business . . . ." (Notice of Removal, p. 1, ¶3.a.)

Diversity jurisdiction depends on the parties' status at the commencement of the case. (*Harris v. Bankers Life and Cas. Co.* (9th Cir. 2005) 425 F.3d 689, 695-696.) That is, the citizenship of the parties is determined as of the filing of the complaint. (*Id.* at p. 696, citing *Smith v. Sperling* (1957) 354 U.S. 91, 93, fn. 1.)

However, federally-chartered corporations generally do not have citizenship in any particular state for purposes of diversity jurisdiction. (*Hancock Financial Corp. v.*

1  *Federal Savings & L. Ins. Corp.*, *supra*, 492 F.2d at p. 1329.) The court in *Lehman Bros.*
2  *Bank, FSB v. Frank T. Yoder Mortg.*, *supra*, 415 F.Supp.2d 636, in applying this rule to a
3  federally-chartered savings bank, noted that "[w]hile the Supreme Court has never
4  addressed this issue, the lower courts have uniformly construed [28 U.S.C.] § 1332(c)[2]
5  to apply only to companies incorporated under state law and thus courts continue to
6  adhere to the rule that federally chartered companies are ineligible for diversity
7  jurisdiction. [Citation.]" (*Lehman Bros. Bank, FSB v. Frank T. Yoder Mortg.*, *supra*, 415
8  F.Supp.2d at p. 639, fn. omitted.)

9      It is uncontested that when World Savings commenced this action in the Superior
10 Court for Santa Clara County, World Savings was a federally-chartered savings bank.
11 Consequently, under *Lehman Bros. Bank, FSB v. Frank T. Yoder Mortg.*, *supra*, 415
12 F.Supp.2d 636, neither the original Complaint in this action, nor Wu's Cross-Complaint,
13 nor the First Amended Complaint, stated a case that was removable to federal court on the
14 basis of diversity jurisdiction. Each pleading plainly disclosed that World Savings was a
15 federally-chartered savings bank, an entity excluded from diversity jurisdiction because it
16 was not a "citizen" of any state for such purposes.[3]

17     That being so, Pryce-Jones' attempt to remove this action to federal court more
18 than two years after it was commenced in the California Superior Court is blatantly
19 improper. Under 28 U.S.C. §1446(b), if the case stated by the initial pleading is not
20 removable, then an attempt to remove on the basis of diversity jurisdiction more than one
21 year after the action was commenced is barred. (*Harris v. Bankers Life and Cas. Co.*,

---

[2] Under 28 U.S.C. §1332(c)(1), a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

[3] Subsequently, Congress amended 12 U.S.C. §1464 by adding subdivision (x), effective October 13, 2006. (See *Franklin Bank v. Tindall* (E.D.Mich., Feb. 12, 2008 No. 07-13748) 2008 WL 408413.) That provision makes federal savings associations, including federal savings banks, citizens of the state, for diversity purposes, in which they have their home offices.

*supra*, 425 F.3d at p. 697; *Ritchey v. Upjohn Drug Co.* (9th Cir. 1998) 139 F.3d 1313, 1316-1318; *Johnson v. America Online, Inc.* (N.D.Cal. 2003) 280 F.Supp.2d 1018, 1024, 1027.) Where the initial pleading is not removable, the one-year limitation on removal based on diversity jurisdiction is a jurisdictional bar, regardless of subsequent developments or equitable arguments. (*Johnson v. America Online, Inc.*, *supra*, 280 F.Supp.2d at pp. 1022-1024, 1027; *Perez v. General Packer, Inc.* (C.D.Cal. 1992) 790 F.Supp. 1464, 1469-1471, disapproved on another ground in *Ritchey v. Upjohn Drug Co.*, *supra*, 139 F.3d at p. 1317.)[4]

### *The Absence Of An Objectively Reasonable Basis For Removal Justifies An Award Of Attorney Fees*

The Supreme Court has noted that attorney fees in removal cases are not awarded as a matter of course: "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." (*Martin v. Franklin Capital Corp.* (2005) 546 U.S. __, __; [126 S.Ct. 704, 708]; *Durham v. Lockheed Martin Corp.*, *supra*, 445 F.3d at pp. 1250, 1254.)

However, the Supreme Court also stated that "Congress thought fee shifting appropriate in some cases. The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." (*Martin v. Franklin Capital Corp.*, *supra*, 546 U.S. at p. __; 126

---

[4] *Ritchey v. Upjohn Drug Co.*, *supra*, 139 F.3d at pages 1317-1318, also left little basis for invoking equitable doctrines to permit removal based on diversity jurisdiction more than one year after an action has been commenced. By construing the one-year limitation to apply only to the second paragraph of 28 U.S.C. §1446(b), *Ritchey* eliminated the need for equitable exceptions, not adopted by Congress, to ameliorate potential effects of other interpretations of the limitation's reach. (*Ritchey v. Upjohn Drug Co.*, *supra*, 139 F.3d at pp. 1317-1318.) Therefore, Pryce-Jones' invocation of unspecified "equitable principles" to toll "any other applicable time limits" is unavailing.

S.Ct. at p. 711.) Consequently, the appropriate test for a fee award "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" while not undermining a defendant's right to remove as a general matter, when the statutory criteria are met. (*Ibid.*)

For these reasons 28 U.S.C. §1447(c) authorizes the court, in an appropriate case, to order the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" and to require payment by both defendants and their attorneys, jointly and severally. (*State of Wisconsin v. Missionaries to the Preborn* (E.D.Wis. 1992) 798 F.Supp. 542, 544.) Indeed, in *Gerard Ange v. Templer, supra*, 418 F.Supp.2d 1169, the District Court for the Northern District of California entered an order remanding an improperly remanding a case and imposing fees and costs on defendants *and* their counsel without elaboration. (*Id.* at p. 1174.)

Here, Pryce-Jones and her counsel had no objectively reasonable basis for removal. The Notice of Removal was based on an assertion of diversity of citizenship that was factually false and legally incorrect, and in any event was time-barred by 28 U.S.C. §1446(b). Moreover, the timing of the Notice of Removal plainly evidenced that it was filed for an improper purpose — to abrogate the trial date set by the Superior Court for Santa Clara County when Pryce-Jones' last attempt to continue the trial date was rejected by that court. Pryce-Jones plainly hoped that such tactics will allow her to keep her ill-gotten gain indefinitely by continually increasing World Savings' expenses to recover its funds.

Accordingly, the imposition of attorney fees and costs on Pryce-Jones and her counsel in this instance would satisfy *Martin*'s objective test and fulfill the deterrent purpose reflected in 28 U.S.C. §1447(c). World Savings was forced to suspend trial preparations just four court days before trial and instead refocus on the requirements of federal civil procedure and the nuances of removal based on federal diversity jurisdiction. In this regard World Savings has been required to do the basic work that Pryce-Jones' counsel should have undertaken before his improvident filing of a baseless Notice of

Removal. As a consequence of Pryce-Jones' counsel' ill-advised act, World Savings has been forced unnecessarily to incur fees and costs in excess of $10,088.50. (Solan Decl., pp. 2-3, ¶ 8-11.)

## CONCLUSION

For the foregoing reasons, and those that may be presented in reply to any opposition by defendants and in any hearing on the motion, plaintiff World Savings respectfully urges this Court to grant its motion to remand this case and to award World Savings its fees and costs against both defendant Pryce-Jones and her counsel, jointly and severally, for this wholly improper and unnecessary detour to this Court.

DATED: March 10, 2008                    SOLAN & PARK LLP

By _____
Kevin M. Solan
Counsel for Plaintiff
World Savings Bank, FSB

# PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed in the County of San Francisco; my business address is 685 Market Street, Suite 360, San Francisco, California 94105.

On March 11, 2008, I served the within:

1. **World Savings Notice of Motion and Motion to Remand Case to Santa Clara Superior Court**
2. **Declaration of Kevin M. Solan in Support Thereof**
3. **Proposed Order**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Theresa T. Wu
400 E. Bay Street, Unit No. 2001
Jacksonville, FL 32202

Eric J. Sidebotham, Esq.
Eric J. Sidebotham, APC
TechMart Center
5201 Great America Parkway, Ste.320
Santa Clara, CA 95054
*Facsimile No. 408/608-6001*

[X]  **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date of postage meter date is more than one day after date of deposit for mailing an affidavit. *As to Wu only*

[X]  **BY E-FILING:**  I caused such documents to be transmitted via e-mail to the stated parties at their respective e-mail addresses. *As to Sidebotham*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 11, 2008

*/s/ Hailey Stowe*
Hailey Stowe

Solan & Park LLP