# EXHIBIT A

1  Kevin M. Solan, Esq. (SBN 118415)
   SOLAN & PARK LLP
2  685 Market Street, Suite 360
   San Francisco, California 94105
3  Tel.: (415) 777-3300
   Fax: (415) 777-3301
4
   Attorneys for Plaintiff
5  WORLD SAVINGS BANK, FSB

ENDORSED

2006 FEB -3 P 3: 57

DISTRICT COURT SANTA CLARA COUNTY
CLERK OF SUPERIOR COURT
BY

Sharon Cullen

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10

11  WORLD SAVINGS BANK,              CASE NO.
    a Federal Savings Bank,          106CV 057468
12
              Plaintiff,             COMPLAINT FOR
13                                   CONVERSION
    vs.
14
    THERESA T. WU, an individual
15  and DOES 1 through 10,           BY FAX

16            Defendants.

17

18

19      Plaintiff, WORLD SAVINGS BANK FSB, a Federal Savings Bank ("World

20  Savings") as and for its complaint against defendant THERESA T. WU, alleges as

21  follows:

22

23      1. World Savings is a federally-chartered savings bank organized and existing

24  under the laws of the United States of America and is authorized to do business in

25  California.

26      2. Defendant Theresa T. Wu is an individual residing in Cupertino, California. At

27  the times relevant to this complaint, Ms. Wu maintained a checking account number

28  673278925 ("the 8925 account") and two time deposit accounts with World Savings.

Solan & Park, LLP    WORLD SAVINGS' COMPLAINT FOR CONVERSION

10721786.111 - 2/2/2006 2:20:56 PM

1    3. The true names and capacities, whether individual, corporate, associate or

2    otherwise of the defendants sued as Does 1 through 10 are unknown to World Savings at

3    this time. World Savings therefore sues these defendants by these fictitious names and

4    will request leave to amend this complaint to allege their true names and capacities when

5    ascertained.

6    4. World Savings is informed and believes and alleges thereon that Does 1

7    through 10 are responsible in some manner for the events and happenings alleged in this

8    complaint and proximately caused the damages alleged. World Savings is informed and

9    believes and alleges thereon that each of the defendants is the agent, employee, servant,

10   partner or joint venturer of each other and was acting within the course and scope of that

11   employment or agency or in furtherance of the interests of each other in doing the acts

12   and omissions alleged in this complaint.

13   5. On or about October 17, 2005, Ms. Wu went to the San Jose Berryessa branch

14   of World Savings in San Jose, California, and deposited funds to the 8925 account. The

15   deposit by Ms. Wu on October 17, 2005, was in the form of a Washington Mutual Bank

16   check in the amount of $10,000.00. The amount of that item was mistakenly entered and

17   the 8925 account was credited with $100,000.00 for that item instead of $10,000.00. The

18   $90,000.00 error in favor of Ms. Wu was not discovered immediately by World Savings.

19   6. On or about the next day, October, 18, 2005, Ms. Wu transferred the balances

20   of her other accounts with World Savings to the 8925 account. At about the same time

21   and on the same day, Ms. Wu transferred the balance in the 8925 account, which then

22   totaled approximately $319,388.31, including the erroneous $90,000.00 credit, by wire

23   transfer to an account in San Antonio, Texas.

24   7. At all times herein mentioned, and in particular on or about October 18, 2005,

25   World Savings was, and still is, the rightful owner of the sum of $90,000.00 mistakenly

26   credited to Ms. Wu's account at World Savings, the 8925 account, and World Savings

27   was, and still is, entitled to possession of the sum of $90,000.00.

28   8. On or about October 18, 2005, Ms. Wu took the sum of $90,000.00 from World

1 | Savings's possession by transferring that sum to an account in Texas and converted that
2 | sum of $90,000.00 to her own use.

3 | 9. Beginning on or about October 26, 2005, World Savings personnel contacted
4 | Ms. Wu by telephone several times to discuss the situation with her and to request that the
5 | sum of $90,000 be returned to World Savings. A November 1, 2005, letter sent to Ms.
6 | Wu by World Savings by United States Postal Service certified mail was returned to
7 | World Savings because Ms. Wu refused receipt. Thereafter, by a letter dated January 4,
8 | 2006, which letter was sent to Ms. Wu's attorney, World Savings again demanded that
9 | Ms. Wu return the sum of $90,000.00 to World Savings.

10 | 10. Defendant Ms. Wu failed and refused, and continues to fail and refuses, to
11 | return the sum of $90,000.00 to World Savings. Defendant Ms. Wu has failed to pay any
12 | part of the sum of $90,000.00 to World Savings.

13 | 11. As a proximate result of Ms. Wu's conduct, World Savings has been damaged
14 | in the amount of $90,000.00.

15 | 12. Since Ms. Wu's conversion of the sum of $90,000.00 from World Savings's
16 | possession, World Savings has been damaged by having to expend time and money to
17 | obtain the return of the $90,000.00 converted by Ms. Wu, all to the further damage of
18 | World Savings in an amount to be proved at trial, but not less than $20,000.00.

19 | WHEREFORE, plaintiff World Savings Bank prays for judgment against
20 | defendant Theresa T. Wu as follows:

21 | 1. For the sum of $90,000.00 for the monies converted by Ms. Wu;

22 | 2. For interest at the legal rate on the foregoing sum pursuant to Civil Code
23 | section 3336 from and after October 18, 2005;

24 | 3. For interest at the legal rate on the foregoing sum pursuant to Civil Code
25 | section 3287, subdivision (a), from and after October 18, 2005;

26 | 4. For damages for the time and money properly expended in pursuing the return
27 | of the converted property in an amount to be proved at trial, but not less than $20,000.00;

28 |

1   5. For costs of suit incurred herein;

2   6 . For such other and further relief as the court deems just and proper.

3

4   DATED: February 2, 2005                    SOLAN & PARK LLP

5

6                                         By: _Kevin M. Solan_

7                                             Kevin M. Solan
                                              Attorney for Defendant
8                                             World Savings Bank FSB

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

1  Breck E. Milde, Esq. (State Bar No. 122437)
   TERRA LAW LLP
2  60 South Market Street, Suite 200
   San Jose, California 95113
3  Telephone:  (408) 299-1200
   Facsimile:  (408) 998-4895
4
   Attorneys for Defendant
5  Theresa T. Wu

6

7

8

                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                           COUNTY OF SANTA CLARA
10

11

| | |
|---|---|
| WORLD SAVINGS BANK, a Federal Savings Bank, | Case No. 1-06-CV-057468 |
| Plaintiff, | **CROSS-COMPLAINT for** |
| vs. | 1.  **Violation of Fair Debt Collection Practices Act;** |
| THERESA T. WU, an individual and DOES 1 through 10, | 2.  **Intentional Infliction of Emotional Distress; and** |
| Defendants. | 3.  **Negligent Infliction of Emotional Distress** |
| THERESA T. WU, | |
| Cross-Complainant, | |
| vs. | |
| WORLD SAVINGS BANK, a Federal Savings Bank, and ROES 1 through 25, | |
| Cross-Defendants. | |

25      Cross-complainant Theresa T. Wu ("Ms. Wu") complains of cross-defendants as

26  follows:

27      1.    Ms. Wu is now and at all times relevant hereto an individual residing in the

28  County of Santa Clara, State of California.

2.    Ms. Wu is informed and believes and thereon alleges that cross-defendant World Savings Bank ("World") is a federally charted savings bank organized and existing the laws of the United States of America.

3.    Roes 1 through 25, inclusive, are sued herein under fictitious names.  The true names and capacities of Roes 1 through 25 are unknown to Ms. Wu.  When the names and capacities of said cross-defendants are ascertained, Ms. Wu will amend this cross-complaint by inserting their true names and capacities herein.  Ms. Wu is informed and believes and thereon alleges that each of the Roe cross-defendants is responsible for the damages alleged herein.

4.    Ms. Wu is informed and believes and thereon alleges that at all relevant times mentioned herein, each of the cross-defendants, including each fictiously named cross-defendant, was an agent and/or employee of each of the other cross-defendants, and in doing the things hereinafter alleged, was acting within the scope and course of such agency and/or employment.  Ms. Wu is further informed and believes, and on that basis alleges, that each of the cross-defendants, in conspiring and/or acting in concert with one another in committing the wrongful acts and violations of law complained of herein, is jointly and severally liable with one another to Ms. Wu.

5.    As of October 2005, Ms. Wu maintained certain deposit accounts and certificates of deposit with World.  Ms. Wu managed certain funds on behalf of her daughter, Sabina Pryce-Jones ("Sabina"), and the funds on deposit in Ms. Wu's accounts included Sabina's funds that were being managed by Ms. Wu on her behalf.  Said accounts were maintained primarily for personal, family or household purposes.

6.    On or about October 14, 2005, Ms. Wu received a telephone call from Sabina, who is a resident of the State of Florida, and who advised her mother that she was in contract to purchase a parcel of real estate in Florida, and had an immediate need for the funds that Ms. Wu managed for her in California in order to fund the purchase of the real estate.

7.    On or about October 17, 2005, Ms. Wu deposited funds into one of her accounts maintained by World.  Instead of crediting Ms. Wu's account in the amount of the $10,000 deposit, World negligently credited Ms. Wu's account in the amount of $100,000.

1        8.    Ms. Wu did not examine the receipt for the $10,000 deposit, and assumed that

2    World had properly and accurately credited her account.

3        9.    Later, on October 17, 2005, Ms. Wu spoke with Sabina, who advised her that

4    she needed the funds to be wire transferred to her as soon as possible.

5        10.    The next day, October 18, 2005, Ms. Wu visited the Palo Alto branch of World,

6    where she maintained a safe deposit box.  Ms. Wu asked World to consolidate the balances held

7    in all of her accounts, and to wire transfer the funds in question to a joint account held by Ms.

8    Wu and Sabina at Bank of America.  Ms. Wu was advised by World's representative that she

9    would be required to close her accounts, as well as her safe deposit box.

10        11.    On or about October 26, 2005, World contacted Ms. Wu and notified her that

11    World had mistakenly credited her account in the amount of $90,000 and demanded that the

12    amount be immediately paid.  However, by this time, the funds that had been mistakenly

13    credited to Ms. Wu's account had been wire transferred to Sabina in Florida, and had been used

14    to purchase real estate.

15        12.    Subsequently, over the next month, World made a series of demands on Ms.

16    Wu, both in writing and in telephone messages.  World's agent also visited Ms. Wu's residence

17    and pounded on her door in attempt to confront her.  World further threatened to, and did report

18    Ms. Wu to the Palo Alto Police Department, accusing her of committing a crime as a result of

19    the negligent crediting of Ms. Wu's account, and Ms. Wu's failure to return the $90,000.

20        13.    On or about December 6, 2005, World's Division Security Manager, Ron

21    Sheppard, wrote to Sabina, advised her of World's error, and advised Sabina that he had filed

22    criminal charges against her mother, Ms. Wu, with the Palo Alto Police Department on

23    November 30, 2005.

24        14.    World, through its agents and employees, left telephone messages and visited

25    the residence of Peter Wu, Ms. Wu's son, in an attempt to collect the amount that it had

26    mistakenly credited to Ms. Wu's account.  World's agents represented to Peter Wu and his wife

27    that Ms. Wu had misappropriated World's funds and had committed a crime.  On or about

28    December 20, 2005, Ron Sheppard wrote to Peter Wu, accused him of having received the

1142177

3

CROSS-COMPLAINT

1  funds that had been mistakenly credited to Ms. Wu's account, and also advised him that he had

2  filed criminal charges against Ms. Wu with the Palo Alto Police Department.

3       15.    After receiving World's first telephone call accusing her of committing a crime

4  against World, Ms. Wu suffered the first of a series of incidents in which she suffered

5  dizziness, gait instability, festination, parkinsonism, and physical injury.   Ms. Wu's symptoms

6  have become progressively worse since that time.

7       16.    Ms. Wu is a 65-year-old woman and an immigrant from Hong Kong and China.

8  She has never been accused of a crime, and had no intent to take the $90,000 that was

9  mistakenly credited to her account by World.

10       17.    As a result of World's communications with her son, Peter Wu, accusing him of

11  acting in concert with Ms. Wu and receiving stolen property, Ms. Wu's relationship with her

12  son, as well as her daughter-in-law and granddaughter, has become estranged.

13  **FIRST CAUSE OF ACTION**

14  (Violation of the Rosenthal Fair Debt Collection Practices Act, Civ. Code §§ 1788, et seq.)

15       18.    Cross-defendants are "debt collectors" as defined under Civil Code section

16  1788.2(c), and are thus subject to the provisions of the Rosenthal Fair Debt Collection Practices

17  Act (the "Act").

18       19.    Cross-defendants have violated Civil Code section 1788.10 of the Civil Code by,

19  inter alia, threatening Ms. Wu and members of her family with false accusations that Ms. Wu

20  had committed a crime; by communicating with Ms. Wu's family members that Ms. Wu had

21  engaged in conduct, other than the failure to pay a consumer debt, which defendants knew or

22  had reason to believe would defame Ms. Wu; and representing to Ms. Wu and members of her

23  family that nonpayment of the consumer debt might result in Ms. Wu's arrest when such action

24  is not permitted by law.

25      20.  Cross-defendants have violated Civil Code section 1788.12(b) by communicating

26  information regarding the consumer debt to members of Ms. Wu's family.

27      21.  As a direct and proximate result of cross-defendants' violation of the Act, Ms. Wu

28  has suffered general and special damages in an amount to be proven at trial, but in excess of

1  $25,000.

2      22. Ms. Wu is informed and believes that cross-defendants willfully and knowingly

3  violated the Act as hereinabove alleged, and cross-defendants are liable for the penalty

4  provided under Civil Code section 1788.30(b).

5      23. Civil Code section 1788.30(c) provides that, in the case of any action to enforce any

6  liability under the Act, the prevailing shall be entitled to costs of the action, and a prevailing

7  debtor shall be entitled to recover reasonable attorney's fees.  By reason of cross-defendants'

8  violation of the Act, as hereinabove alleged, Ms. Wu has incurred costs of suit, including

9  attorneys' fees.

10      WHEREFORE, Ms. Wu prays for judgment as hereinafter set forth.

11  **SECOND CAUSE OF ACTION**

12  (Intentional Infliction of Emotional Distress)

13      24. Ms. Wu re-alleges and incorporates herein by reference each and every allegation

14  set forth in the foregoing paragraphs of this cross-complaint.

15      25. Cross-defendants' wrongful acts hereinabove alleged were unlawful, outrageous,

16  reckless, and malicious and done with the intent to cause Ms. Wu severe mental, physical and

17  emotional distress, or with reckless disregard of such consequences.

18      26. As a direct and proximate result of cross-defendants' acts, Ms. Wu has suffered

19  severe emotional distress which has caused, among other things, mental anguish, anxiety, loss

20  of appetite, loss of sleep, and has further caused and/or aggravated her physical illness.

21      27. As a direct and proximate result of defendants' acts, Ms. Wu has suffered general

22  and special damages in an amount to be proven at trial, but in excess of $25,000.

23      28. In doing the acts herein alleged, cross-defendants, and each of them, acted

24  maliciously because their acts were intended by cross-defendants to cause injury to Ms. Wu,

25  and cross-defendants' conduct was despicable because it was carried out by said cross-

26  defendants with a willful and conscious disregard for the rights of Ms. Wu.  Accordingly, Ms.

27  Wu is entitled to recover punitive damages from cross-defendants according to proof.

28      WHEREFORE, Ms. Wu prays for judgment as hereinafter set forth.

1142177

5

CROSS-COMPLAINT

1    **THIRD CAUSE OF ACTION**

2    (Negligent Infliction of Emotional Distress)

3    29. Ms. Wu re-alleges and incorporates herein by reference each and every allegation

4  set forth in paragraphs 1 through 17, inclusive, of this cross-complaint.

5    30. By reason of the acts hereinabove alleged, cross-defendants negligently caused Ms.

6  Wu to suffer severe emotional distress which has caused, among other things, mental anguish,

7  anxiety, loss of appetite, loss of sleep, and has further caused and/or aggravated her physical

8  illness.

9    31. As a direct and proximate result of cross-defendants' acts, Ms. Wu has suffered

10  general and special damages in an amount to be proven at trial, but in excess of $25,000.

11    WHEREFORE Ms. Wu prays for judgment as follows:

12    **PRAYER FOR RELIEF**

13    1.    For general and special damages according to proof;

14    2.    For exemplary or punitive damages in an amount to be proven at trial;

15    3.    For attorneys' fees;

16    4.    For cost of suit; and

17    5.    For such other and further relief as this Court may deem proper.

18

19  DATED: March 24, 2006                    TERRA LAW LLP

20

21                                    By: _____
                                      Breck E. Milde
22                                    Attorneys for Defendant and Cross-
                                      Complainant Theresa T. Wu
23

24

25

26

27

28

1142177                    6
                    CROSS-COMPLAINT

**EXHIBIT C**

1   Kevin M. Solan, Esq. (SBN 118415)
    SOLAN & PARK LLP
2   685 Market Street, Suite 360
    San Francisco, California 94105
3   Tel.: (415) 777-3300
    Fax: (415) 777-3301
4
    Attorneys for Plaintiff
5   WORLD SAVINGS BANK, FSB

ENDORSED

2006 AUG 31  A 11: 29

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY_____
DEPUTY CLERK

C. FUJIHARA

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SANTA CLARA

| | |
|---|---|
| 10   WORLD SAVINGS BANK,<br>      a Federal Savings Bank, | CASE NO. 1-06-CV-057468 |
| 11                     Plaintiff, | **FIRST AMENDED COMPLAINT FOR CONVERSION** |
| 12 | |
| 13   vs. | Case Filed: February 3, 2006<br>Trial Date: TBD |
| 14   THERESA T. WU, an individual;<br>      SABINA L. PRYCE-JONES, an | |
| 15   individual; and DOES 1 through 10, | |
| 16                     Defendants. | |
| 17 | |
| 18   AND RELATED CROSS-ACTION | |

19

20        Plaintiff, WORLD SAVINGS BANK, a Federal Savings Bank ("World Savings")

21   as and for its complaint against defendants THERESA T. WU and SABINA PRYCE-

22   JONES alleges as follows:

23   **FIRST CAUSE OF ACTION FOR CONVERSION AGAINST ALL DEFENDANTS**

24        1.  World Savings is a federally-chartered savings bank organized and existing

25   under the laws of the United States of America and authorized to do business in

26   California.

27        2.  Defendant Theresa T. Wu is an individual residing in San Jose, California.  At

28   the times relevant to this complaint, Ms. Wu maintained an account ("the 8925 account")

Solan & Park, LLP    **WORLD SAVINGS' FIRST AMENDED COMPLAINT**

1    and certificates of deposit with World Savings in the name of Theresa T. Wu as trustee

2    for Sabina Pryce-Jones.

3        3. Defendant Sabina Pryce-Jones is an individual residing in Florida. World

4    Savings is informed and believes and alleges thereon that Ms. Pryce-Jones is the daughter

5    of Ms. Wu and is engaged with Ms. Wu in the business of investing in real estate and/or

6    personal property assets.

7        4. At all times material herein, Ms. Pryce-Jones transacted business in this state by

8    and through her agent, Ms. Wu. World Savings' claim arises out of and is related to the

9    actions of Ms. Pryce-Jones in using Ms. Wu to manage her funds in California banks and

10   financial institutions.

11       5. World Savings is informed and believes and alleges thereon that Ms. Pryce-

12   Jones and Ms. Wu maintained significant cash reserves in high-yield savings accounts or

13   short-term cash certificates of deposit in various financial institutions in California and

14   Texas. World Savings is informed and believes and alleges thereon that at the times

15   relevant to this action, Ms. Wu held and managed hers and Ms. Pryce-Jones's funds in

16   accounts with Washington Mutual Bank and World Savings in California. Ms. Wu held

17   those monies until the funds were needed for the purchase of real estate or other assets.

18       6. The true names and capacities, whether individual, corporate, associate or

19   otherwise of the defendants sued as Does 1 through 10 are unknown to World Savings at

20   this time. World Savings therefore sues these defendants by these fictitious names and

21   will request leave to amend this complaint to allege their true names and capacities when

22   ascertained.

23       7. World Savings is informed and believes and alleges thereon that Does 1

24   through 10 are responsible in some manner for the events and happenings alleged in this

25   complaint and proximately caused the damages alleged. World Savings is informed and

26   believes and alleges thereon that each of the defendants is the agent, employee, servant,

27   partner or joint venturer of each other and was acting within the course and scope of that

28   employment or agency or in furtherance of the interests of each other in doing the acts

1   and omissions alleged in this complaint.

2       8.  On or about October 17, 2005, Ms. Wu went to the San Jose Berryessa branch

3   of World Savings in San Jose, California, and deposited funds to the 8925 account.

4   World Savings is informed and believes and alleges thereon that the deposited funds were

5   the proceeds of one or more accounts that she managed on behalf of herself and Ms.

6   Pryce-Jones.  The item deposited by Ms. Wu on October 17, 2005, was in the form of a

7   Washington Mutual Bank check in the amount of $10,000.00.  The amount of that item

8   was mistakenly entered and Ms. Wu's account was credited with $100,000.00 for that

9   item instead of $10,000.00.  The $90,000.00 error in favor of Ms. Wu was not discovered

10  immediately by World Savings.  As a result, the balance in the 8925 account increased to

11  approximately $164,000.

12      9.  At all times mentioned herein, and in particular on or about October 18, 2005,

13  World Savings was, and still is, the rightful owner of the sum of $90,000.00 mistakenly

14  credited to Ms. Wu's account at World Savings, the 8925 account, and World Savings

15  was, and still is, entitled to immediate possession of that sum.

16      10.  On or about October, 18, 2005, Ms. Wu closed her only other deposits with

17  World Savings, two certificates of deposit held in Ms. Wu's name as trustee for Ms.

18  Pryce-Jones, and transferred the funds to the 8925 account.  At about the same time and

19  on the same day, Ms. Wu  directed World Savings to transfer the balance in the 8925

20  account, which then totaled approximately $319,388, including the erroneous $90,000.00

21  credit, by wire transfer to an account held jointly by Ms. Wu and Ms. Pryce-Jones at the

22  Bank of America Military Bank in San Antonio, Texas.  Ms. Wu knew that she had

23  expected to wire only the sum of approximately $200,000 to the Bank of America branch.

24      11.  Ms. Wu and Ms. Pryce-Jones, on or about Octoberr 18, 2005, thereby took the

25  sum of $90,000.00 from the possession of World Savings by transferring that sum to

26  Bank of America Military Bank in San Antonio, Texas, and converted that sum of

27  $90,000.00 to their own use.

28      12.  The following day, on or about October 19, 2005, Ms. Pryce-Jones used some

Solan & Park, LLP    WORLD SAVINGS' FIRST AMENDED COMPLAINT                                    - 3 -

1  portion of the funds to purchase real estate in Florida. World Savings is informed and

2  believes and alleges thereon that Ms. Pryce-Jones also used some portion of those funds

3  in excess of that needed for the real estate purchase to organize a limited liablity

4  company, Pryce-Jones Leasing, LLC, with herself and Robert Pryce-Jones as the

5  managing members, and to purchase an aircraft for that limited liability company.

6      13. On or about October 20, 2005, World Savings became aware that Ms. Wu's

7  account had been credited with $90,000 more than should have been credited. Thereafter

8  World Savings contacted Ms. Wu on October 26, 2005, to inform her of the need to

9  return World Savings's funds. After that initial telephone contact, Ms. Wu refused any

10 further contacts from World Savings. Thereafter, World Savings wrote to Ms. Pryce-

11 Jones to inform her that the funds had to be returned. Ms. Pryce-Jones failed and refused

12 to return the funds. World Savings subsequently corresponded with the attorney for Ms.

13 Wu and made a formal demand that the entire $90,000 be returned.

14      14. Ms. Wu and Ms. Pryce-Jones have failed and refused to return the $90,000 to

15 World Savings.

16      15. Ms. Wu and Ms. Pryce-Jones each committed acts of dominion over the

17 $90,000 that rightfully belongs to World Savings. Ms. Wu and Ms. Pryce-Jones each are

18 guilty of continuing wrongful acts in derogation of World Savings's superior rights by

19 their controlling and disposing of the $90,000 that rightfully belongs to World Savings

20 and by failing and refusing to return the funds to World Savings.

21      16. As a direct and proximate result of the wrongful conduct of Ms. Wu and Ms.

22 Pryce-Jones alleged above, World Savings has been damaged in the amount of

23 $90,000.00, and has been further damaged in the loss of the use of those funds.

24      17. The conversion of World Savings' funds by Ms. Wu and/or Ms. Pryce-Jones

25 has made it necessary for World Savings to expend time and money, including but not

26 limited to attorney fees, in order to obtain the return of the converted funds, all to the

27 further damage of World Savings in an amount to be proved at trial, but not less than

28 $20,000.00

Solan & Park, LLP    WORLD SAVINGS' FIRST AMENDED COMPLAINT                    - 4 -

1      WHEREFORE, plaintiff World Savings Bank prays judgment against defendants

2 and each of them, jointly, and severally, as follows:

3      1. For the sum of $90,000.00 for the monies converted by defendants;

4      2. For interest at the legal rate on the on the foregoing sum pursuant to Civil Code

5 section 3336 from and after October 18, 2005;

6      3. For interest at the legal rate on the foregoing sum pursuant to Civil Code

7 section 3287, subdivision (a), from and after October 18, 2005;

8      4. For damages for the time and money properly expended in pursuing the return

9 of the converted property in an amount to be proven at trial, but not less than $20,000.00;

10      5. For costs of suit incurred herein;

11      6. For such other and further relief as the court deems just and proper.

12 DATED: August 24, 2006      SOLAN & PARK LLP

13      By

14

15      Kevin M. Solan
16      Attorney for Plaintiff and Cross-defendant
World Savings Bank FSB

# EXHIBIT D

1 | Breck E. Milde, Esq. (State Bar No. 122437)
Nicole M. Ossi, Esq. (State Bar No. 211910)
2 | TERRA LAW LLP
177 Park Avenue, 3rd Floor
3 | San Jose, California 95113
Telephone: (408) 299-1200
4 | Facsimile: (408) 998-4895

5 | Attorneys for Defendant and
Cross-Complainant Theresa T. Wu

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SANTA CLARA

10

11 | WORLD SAVINGS BANK, a Federal | Case No. 1-06-CV-057468
Savings Bank,

12 | | **DEFENDANT AND CROSS-**
Plaintiff, | **COMPLAINANT THERESA T. WU'S**
13 | | **FURTHER RESPONSES TO PLAINTIFF**
vs. | **AND CROSS-DEFENDANT WORLD**
14 | | **SAVINGS' SPECIAL**
THERESA T. WU, an individual and DOES 1 | **INTERROGATORIES, SET ONE (Special**
15 | through 10, | **Interrogatory Nos. 9, 11, 15, 16, 18, and 19)**

16 | Defendants.

17

18 | AND RELATED CROSS-ACTION.

19 | **PROPOUNDING PARTY:** Plaintiff and Cross-Defendant World Savings Bank

20 | **RESPONDING PARTY:**   Defendant and Cross-Complainant Theresa T. Wu

21 | **SET NO:**                One

22 |         Defendant and cross-complainant Theresa T. Wu ("Wu") further responds to Special

23 | Interrogatory Nos. 9, 11, 15, 16, 18, and 19 of the First Set of Special Interrogatories

24 | propounded on behalf of plaintiff and cross-defendant World Savings Bank  ("WSB") pursuant

25 | to California Code of Civil Procedure section 2030.210, et seq., as follows:

26 | ///

27 | ///

28

1    **GENERAL OBJECTIONS**

2    1.    Wu's responses to WSB's interrogatories are made to the best of Wu's present

3    knowledge, information, and belief.  Said responses are at all times subject to such additional or

4    different information that discovery or further investigation may disclose.

5    2.    Wu objects to the preface and instructions contained in WSB's Interrogatories to

6    the extent that said preface and/or instructions render the interrogatories overly broad, vague,

7    and ambiguous, overly burdensome and oppressive.  Wu further objects to the preface and/or

8    instructions on the grounds that they are not authorized under Code of Civil Procedure section

9    2030.060(d).

10    **RESPONSES TO SPECIAL INTERROGATORIES**

11    **SPECIAL INTERROGATORY NO. 9:**

12    State in detail what you and you daughter, Sabina Pryce-Jones, did with the $90,000 that

13    was mistakenly credited to your World Savings checking account on or about October 17, 2005.

14    **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

15    Wu objects to this interrogatory on the grounds that it seeks information that is not

16    relevant to the subject matter of the pending action nor reasonably calculated to lead to the

17    discovery of admissible evidence.

18    Subject to and without waiving the foregoing Objections, Wu further responds:

19    On or about Friday, October 14, 2005, Wu received a telephone call from her daughter,

20    Sabina Pryce-Jones ("Ms. Pryce-Jones"), who is a resident of the State of Florida.  Ms. Pryce-

21    Jones advised Wu that she had entered into a contract to purchase a parcel of real estate (a

22    condominium) in southern Florida and needed the funds that Wu managed for her in California

23    to be transferred to her Bank of America account immediately.  Ms. Pryce-Jones also advised

24    that the close of escrow of the condominium was to take place within 14 days in order to avoid

25    a 1.5% developer surcharge.  Ms. Pryce-Jones was also very motivated to close escrow quickly

26    because her husband had been living in a hotel for 4 months while on a one-year remote

27    assignment with his employer.

28

1149009                                                       2

1        On Monday, October 17, 2005, Wu deposited funds to the 8925 account at the San Jose

2    Berryessa branch of World Savings. The item deposited by Wu was in the form of a

3    Washington Mutual Bank check in the amount of $10,000. The amount was mistakenly entered

4    and Wu's account was credited with $100,000 instead of $10,000 for that item. The $90,000

5    error was not discovered immediately by World Savings Bank, Wu, or Ms. Pryce-Jones. Later

6    that day, while still unaware of WSB's mistake, Wu and Ms. Pryce-Jones spoke by telephone

7    and Wu informed Ms. Pryce-Jones that the money was available to wire transfer to the Bank of

8    America Military Bank account.

9        On October 18, 2005, World Savings asked Wu to close all of her accounts with the

10    bank (as well as her safe deposit box) because she did not maintain sufficient minimum funds

11    on deposit. Wu, still unaware of World Savings' mistake, then closed all of her accounts with

12    World Savings and directed a teller at World Savings' Palo Alto branch to transfer all of the

13    funds in her other three accounts to the 8925 account. Still unaware of World Savings'

14    mistake, Wu then directed World Savings to transfer the balance of the 8925 account by wire

15    transfer to an account held jointly with Ms. Pryce-Jones in Florida, through an intermediary

16    bank in Texas (Bank of America Military Bank in San Antonio, Texas). The amount

17    transferred was approximately $319,388, and included the $90,000 erroneously credited to the

18    8295 account.

19        The $90,000 erroneously credited to the 8925 account was commingled with other

20    funds on deposit with WSB, which was later transferred to the Bank of America Military Bank

21    in San Antonio, Texas. Thus, it is impossible for Wu to state in detail what was done "with the

22    $90,000 that was mistakenly credited to [her] World Savings checking account on or about

23    October 17, 2005." With that said, Wu is informed and believes that the $90,000 mistakenly

24    credited to her account was used by Ms. Pryce-Jones to purchase a condominium in Florida.

25    Additional funds from the Bank of America Military Bank account were also used by Ms.

26    Pryce-Jones (i) to purchase the condominium in Florida (i.e., more than $90,000 of the amount

27    on deposit in the Bank of America Military Bank account was used toward the purchase of the

28    condominium in Florida) and (ii) deposited into another bank account (Wachovia).

1    World Savings recognized its mistake and asked Wu to return the funds on or about

2    October 26, 2005. Unfortunately, by that date, the funds had already left California and been

3    used by Ms. Pryce-Jones to purchase the condominium in Florida. Thus, the funds were not

4    available to immediately repay World Savings in one lump sum payment.

5    **SPECIAL INTERROGATORY NO. 11**:

6    State in detail all communications you have had with Sabina Pryce-Jones concerning the

7    $90,000 mistakenly credited to your account at World Savings, including, but not limited to, all

8    communications concerning the receipt by Sabina Pryce-Jones of those funds, your efforts, if

9    any, to obtain the return of those funds, and whether or not she will return those funds to you.

10   **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

11   Wu objects to this interrogatory on the grounds that it seeks information that is not

12   relevant to the subject matter of the pending action nor reasonably calculated to lead to the

13   discovery of admissible evidence. Further objection is made on the grounds that this interrogatory

14   is compound and/or conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

15   Subject to and without waiving the foregoing objections, Wu further responds:

16   Wu cannot recall all communications she has had with Sabina Pryce-Jones concerning the

17   $90,000 mistakenly credited to her account at WSB. However, Wu will make a good faith

18   attempt to respond to this special interrogatory.

19   On or about Friday, October 14, 2005, Wu received a telephone call from her daughter,

20   Sabina Pryce-Jones ("Ms. Pryce-Jones"), who is a resident of the State of Florida. Ms. Pryce-

21   Jones advised Wu that she had entered into a contract to purchase a parcel of real estate (a

22   condominium) in southern Florida and needed the funds that Wu managed for her in California

23   to be transferred to her Bank of America account immediately. Ms. Pryce-Jones also advised

24   that the close of escrow of the condominium was to take place within 14 days in order to avoid

25   a 1.5% developer surcharge. Ms. Pryce-Jones was also very motivated to close escrow quickly

26   because her husband had been living in a hotel for 4 months while on a one-year remote

27   assignment with his employer.

28

DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S FURTHER RESPONSES TO PLAINTIFF AND CROSS-

1 | **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

2        Wu objects to this interrogatory on the grounds that it is overly broad, vague,

3 | ambiguous, burdensome and oppressive. Further objection is made on the grounds that this

4 | interrogatory would necessitate the preparation or making of a compilation, abstract, audit or

5 | summary of or from documents that are in the custody or control of both Wu and WSB. Wu

6 | therefore refers to all statements of account, deposit slips, checks, and other evidence of

7 | deposits or debits to accounts held by Wu at WSB.

8        Subject to and without waiving the foregoing objections, Wu further responds:

9        Wu is recovering from surgery in Florida, cannot travel, and does not have access to all

10 | of her records in California. With that said, Wu will make a good faith effort to respond to this

11 | special interrogatory with the information available to her at this time.

12        Attached hereto as Exhibit "A" are some of the DOCUMENTS that support Wu's

13 | contention that WSB failed to "properly or fully credit certain interest and deposits," as alleged

14 | in the Ninth Affirmative Defense in "Defendant Theresa T. Wu's Answer to Unverified First

15 | Amended Complaint for Conversion."

16 | Dated: May 17, 2007                TERRA LAW LLP

17

18                         By: _Nicole M. Ossi_

19                          Nicole M. Ossi

                            Attorneys for Defendant and Cross

20                             Complainant Theresa T. Wu

21

22

23

24

25

26

27

28

DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S FURTHER RESPONSES TO PLAINTIFF AND CROSS-
DEFENDANT WORLD SAVINGS' SPECIAL INTERROGATORIES, SET ONE

1

## VERIFICATION

2      I, Theresa T. Wu, declare:

3      I am the defendant and cross-complainant in this action.  I have read the foregoing

4 **DEFENDANT AND CROSS-COMPLAINANT THERESA T. WU'S FURTHER**

5 **RESPONSES TO PLAINTIFF AND CROSS-DEFENDANT WORLD SAVINGS'**

6 **SPECIAL INTERROGATORIES, SET ONE (Special Interrogatory Nos. 9, 11, 15, 16, 18,**

7 **and 19)** and know its contents.  The matters stated therein are true to the best of my knowledge.

8      I declare under penalty of perjury under the laws of the State of California that the

9 foregoing is true and correct and that this Verification is executed on May 17, 2007 at

10 Jacksonville, Florida.

11                                      _Theresa T. Wu_

                                        Theresa T. Wu

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

E

PLD-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| SABINA PRYCE-JONES 1170 HOLLY OAKS COURT JACKSONVILLE FL 32259 | | |

ATTORNEY FOR (Name):

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

| PLAINTIFF: WORLD SAVINGS BANK |
|---|
| DEFENDANT: SABINA PRYCE-JONES |

| GENERAL DENIAL | CASE NUMBER: 1-06-CV-057468 |
|---|---|

You MUST use this form for your general denial if the amount asked for in the complaint or the value of the property involved is $1000 or less.

You MAY use this form if:
1. The complaint is not verified, OR
2. The complaint is verified, and the action is subject to the economic litigation procedures of the municipal and justice courts, EXCEPT

You MAY NOT use this form if the complaint is verified and involves a claim for more than $1000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 90-100, 431.30, and 431.40.)

1. DEFENDANT (name):

generally denies each and every allegation of plaintiff's complaint.

2. ☑ DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint (attach additional pages if necessary):

Theresa Wu has on occasion held funds in liquid accounts for periods of time during inactivity. Theresa Wu does not act as an agent on real estate or any investments. I have personally never transacted anything in the state of CA. Theresa Wu likes to borrow any available cash for the purposes of opening new accounts at banking institutions for the free gifts or higher interest rates. Theresa Wu is temporarily borrowing the money from me since it is not being used for investment purposes during that timeframe. My mother relies on a fix income and I allow her to use my cash to open high yield CD and keep the interest. Theresa Wu does not manage funds for me she only uses them to obtain higher interest rates which I allow her to keep.

Continue on next page

Date: 3 MAY 2007

... SABINA PRYCE-JONES ....
(TYPE OR PRINT NAME)

▶ [signature] Sabina Pryce-Jones
(SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this General Denial must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. (See the other side for a proof of service.)

Page 1 of 2

From Adopted for Mandatory Use
Judicial Council of California
PLD-050 [Rev. January 1, 2007]

**GENERAL DENIAL**

Legal Solutions Plus

Code Civ. Procedure, §§ 431.30, 431.40

Page 2 General Denial
Case Number: 1-06-CV-057468

I live 3500 miles from the "events and happenings" alleged in this compliant. I did not
cause the bank to make this mistake in any way. I neither have that type of influence nor
the ability to predict such events. Theresa Wu is my mother and divorced. She does not
act as my "agent, employee, servant, partner or joint venture of each other" in any shape
or form. She was acting only for her own benefits by utilizing my cash to open high
yield CD's she does not contribute to the furtherance of the interest of me in any way.
The $10K at Washington Mutual was not my money, it belonged to Theresa Wu. I was
borrowing those funds from her since I was short on funds to complete the transaction.
The account at Washington Mutual was held by Theresa Wu and I was only on the
account as POD (Payable on Death) as the beneficiary. I do not have any control or input
to the funds in this account since they were not my funds and I was not a joint owner.

Theresa Wu did not "expect to wire only the sum of approximately $200,000 to Bank of
America branch." She had to physically go the Washington Mutual to obtain additional
funds for this wire transfer. There was no need to withdraw the funds from Washington
Mutual because an excess of $200,000 was already available at World Savings Bank in
the various accounts. My express instructions to her was to wire transfer everything
available (including all of her available cash) which would help me complete the
transaction with less financing obligation.

World Savings is misinformed concerning the purchase of the aircraft. World Savings
alleges that excess funds were used to form the LLC and purchase the aircraft. The
formation of the LLC and negotiations to purchase the aircraft was occurring before 19
Oct 2005. The purchase of the aircraft did NOT occur because of the $90,000 mistake.
The LLC was already in place prior to the purchase of the aircraft and no funds from this
transaction were used to create the LLC.

On 30 October, my mother called me to tell me about the accident she had the previous
day. She did not inform me of the incidents of the WSB making contact with her until
the next day. After that day Theresa Wu retained the services of an attorney to try and
reach a settlement. I am aware of several offers of settlement proposed by her attorney.
All of them were rejected by WSB without any discussion or counter offer. On
approximately 10 April 2006, I was able to use a Home Equity Line of Credit from
Ironstone Bank for the amount of $80,000 which I wire transferred to Theresa Wu.

After I was made aware of the situation, I was focused on my mother's medical condition
and problems. On approximately 10 April 2006, I returned mistaken funds to Theresa. I
neither have control or use of that money since 10 April 2006 not 2007.
Also, I have been informed that there is no statutory provision for the recovery of
attorney's fees in this matter.

PLD-050

| PLAINTIFF (name): | WORLD SAVINGS BANK | CASE NUMBER: |
|---|---|---|
| DEFENDANT (name): | SABINA PRYCE JONES | 1-06-CV-057468 |

## PROOF OF SERVICE

☐ Personal Service    ☑ Mail

A General Denial may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Service is made in one of the following ways:
(1) Personally delivering a copy to the attorney for the other party or, if no attorney, to the other party.
**OR**
(2) Mailing a copy, postage prepaid, to the last known address of the attorney for the other party or, if no attorney, to the other party.
Be sure whoever serves the General Denial fills out and signs a proof of service. File the proof of service with the court as soon as the General Denial is served.

1. At the time of service I was least 18 years of age and **not a party to this legal action.**

2. I served a copy of the General Denial as follows *(check either a or b)*:

   a. ☐ **Personal service.** I personally delivered the General Denial as follows:
      (1) Name of person served:
      (2) Address where served:



      (3) Date served:
      (4) Time served:

   b. ☑ **Mail.** I deposited the General Denial in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed and mailed as follows:
      (1) Name of person served:  KEVIN M. OLAN
      (2) Address:
          685 MARKET STREET, SUITE 360
          SAN FRANCISCO  CA  94105
      (3) Date of mailing:  3 MAY
      (4) Place of mailing (city and state):  JACKSONVILLE FL
      (5) I am a resident of or employed in the county where the General Denial was mailed.
          ST JOHNS
   c. My residence or business address is (specify):
          885 FRUITWOOD DR
          JACKSONVILLE FL 39259
   d. My phone number is (specify):
          904-250-4426

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct..

Date:  5/3/07

TIM  ARMSTRONG                              ▶  [signature]
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE GENERAL DENIAL)        (SIGNATURE OF PERSON WHO SERVED THE GENERAL DENIAL)

PLD-050 [Rev. January 1, 2007]

**GENERAL DENIAL**
(Proof of Service)

Page 2 of 2

# EXHIBIT F

1    ERIC J. SIDEBOTHAM (208829)
      DANIEL M. SHAFER (244839)
2    **ERIC J. SIDEBOTHAM, APC**
      TechMart Center
3    5201 Great America Parkway, Suite 320
      Santa Clara, California 95054
4    Telephone:    (408) 856-6000
      Facsimile:     (408) 608-6001
5

      Attorneys for Defendant,
6    SABINA PRYCE-JONES

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            SANTA CLARA COUNTY—UNLIMITED JURISDICTION

10

11

12    WORLD SAVINGS BANK, FSB,          Case No. 1-06-CV-057468

13        Plaintiff,                **DEFENDANT SABINA PRYCE-JONES'**
                                **SUPPLEMENTAL RESPONSES TO**
14                                 **PLAINTIFF'S SPECIAL**
       v.                        **INTERROGATORIES**
15

16    THERESA T. WU, and SABINA PRYCE-
      JONES, and DOES 1 through 10, inclusive
17

18        Defendants.

19    AND RELATED CROSS-ACTION

20

21    PROPOUNDING PARTY:        Plaintiff World Saving Bank, FSB

22    RESPONDING PARTY:         Defendant Sabina Pryce-Jones

23    SET:                        One

24

25

26

27

28

DEFENDANT SABINA PRYCE-JONES' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL
INTERROGATORIES
Case No. 1-06-CV-057468

1    Defendant Sabina Pryce-Jones ("Responding Party") hereby supplements responses to Request

2    for Admission, Set One of plaintiff World Savings Bank, FSB ("Propounding Party"), as follows:

3                                    **GENERAL OBJECTIONS**

4        1.    The following responses are based on discovery available as of the date of this response.

5    Discovery is continuing, and these responses are subject to change accordingly.  It is anticipated that

6    further discovery, independent investigation, and analysis may lead to the discovery of additional

7    information, supply additional facts, and add meaning to known facts, as well as establish entirely new

8    factual conclusions and legal contentions, all of which may lead to additions to, changes to, or variations

9    from the information set forth herein.

10       2.    The following responses are given without prejudice to Responding Party's right to

11   produce or rely on subsequently discovered information, facts, or documents.  Responding Party

12   accordingly reserves the right to change the responses as additional facts are ascertained, analysis is

13   made, legal research is completed, and contentions are made.  This response is made in a good faith

14   effort to comply with Code Civ. Proc., § 2030.010, and to supply such responsive information as exists

15   and is presently within Responding Party's possession, custody, or control, but should in no way be

16   deemed to be to the prejudice of plaintiffs in relation to further discovery, research, and analysis.

17       3.    This is a supplemental response.  Responding Party hereby incorporates by this reference,

18   all objections raised by Responding Party in her initial responses as if fully set forth herein below.

19                                       **RESPONSES**

20   **SPECIAL INTERROGATORY NO. 1.**

21       State in detail every thing you did with the funds that were transferred, by wire transfer on or

22   about October 18, 2005, from World Savings Bank to Bank of America Military Bank in San Antonio,

23   Texas, which wire transfer was made payable to you.

24   ///

25

26

27

28

                                              2

1 | **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 1.**

2 |     Responding Party objects that this interrogatory is vague, ambiguous, unintelligible, and assumes

3 | facts not in evidence. Subject to these objections, Responding Party answers as follows:

4 |     The funds that Responding Party received on or about October 18, 2005 were used to purchase

5 | an interest in an airplane.

6 |

7 | **SPECIAL INTERROGATORY NO. 2.**

8 |     Identify all documents that reflect, relate or refer to the use you made of the funds that were

9 | transferred, by wire transfer on or about October 18, 2005, from World Savings Bank to Bank of

10 | America Military Bank in San Antonio, Texas, which wire transfer was made payable to you.

11 | **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 2.**

12 |     Responding Party objects that this interrogatory is vague, ambiguous, unintelligible, and assumes

13 | facts not in evidence. Subject to these objections, Responding Party answers as follows:

14 |

15 |     Bank statements from Bank of America Military Bank in San Antonio, Texas, bank statements

16 | from Wachovia checking account, and documents related to the purchase of an interest in an airplane.

17 | **SPECIAL INTERROGATORY NO. 4.**

18 |     Identify all documents that reflect, relate or refer to your transfer of $90,000.00 to Theresa Wu at

19 | any time after October 20, 2005.

20 |

21 | **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 4.**

22 |     Responding Party objects that this interrogatory is vague, ambiguous, unintelligible, and assumes

23 | facts not in evidence. Subject to these objections, Responding Party answers as follows:

24 |     Bank statements from IronStone account and upon information and belief, documents in the

25 | possession, custody and control of Theresa Wu.

26 | ///

27 |

28 |

DEFENDANT SABINA PRYCE-JONES' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL
INTERROGATORIES
Case No. 1-06-CV-057468

1  financial matters in any way, including, but not limited to, the $90,000.00 mistakenly credited to her

2  account at World Savings Bank and subsequently received by you.

3  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 16.**

4        Upon information and belief, no such documents exist.

5  **SPECIAL INTERROGATORY NO. 17.**

6

7        State all facts on which you rely to support any contention by you that you never had an

8  obligation to return to World Savings Bank the $90,000.00 mistakenly credited to Theresa Wu's World

9  Savings Bank account and subsequently received by you.

10 **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 17.**

11        Responding Party objects that this interrogatory is vague, ambiguous, unintelligible, overly

12 burdensome and assumes facts not in evidence.  Subject to these objections, Responding Party answers

13 as follows:

14

15        Upon information and belief, Responding Party has never contended that she was not obligated

16 to return the $90,000 to World Savings Bank.  Responding Party transferred the funds at issue in this

17 case to a limited liability company as an investment before Responding Party learned that the fund were

18 inadvertently sent by Propounding Party to Theresa Wu.  Thus, Responding Party did not intentionally

19 prevent Propounding Party from having access to its property for a substantial period of time.

20 Furthermore, Responding Party has already returned $80,000 to Theresa Wu, and withheld $10,000 as a

21 result of the attorney's fees and other costs incurred by Responding Party as a result of Propounding

22 Party's highly improper and damaging conduct in this case in an attempt to recover the $90,000.  The

23 deficiencies in Propounding Party's case relate to the fact that Propounding Party waited far too long

24 before it attempted to recover the funds at issue here, that when Propounding Party did attempt to

25 recover the funds, its tactic was to attempt to terrify Theresa Wu, an elderly woman who speaks English

26

27

28

7

DEFENDANT SABINA PRYCE-JONES' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL
INTERROGATORIES
Case No.  1-06-CV-057468

1   as a second language, with threats of incarceration, without ever having explained the situation to Ms.

2   Wu in a fair and reasonable manner, and that as a result of Propounding Party's own conduct, Ms. Wu

3   (the mother of Responding Party) suffered great physical injury and exacerbation to her health

4   conditions, forcing Ms. Wu to cower in her bathroom afraid to call for medical assistance after she

5   suffered a head injury due to Propounding Party's threats to have Wu arrested.  Neither Responding

6   Party, and upon information and belief, Wu, understood the nature of the issue with Propounding Party's

7   error until after the damage had been done to Ms. Wu.  Thus, Responding Party did not intentionally

8

9   prevent Propounding Party from having access to its property for a substantial period of time.

10

11                                          **ERIC J. SIDEBOTHAM, APC**

12  DATED:  July 25, 2007

13

14                                          ERIC J. SIDEBOTHAM,
                                            Attorneys for Defendant
15                                          SABINA PRYCE-JONES

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          8

DEFENDANT SABINA PRYCE-JONES' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL
INTERROGATORIES
Case No.  1-06-CV-057468

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

I, Sabina Pryce-Jones, declare:

I am a party to the above-entitled action.   I have read Sabina Pryce-Jones's Supplemental Response to Defendant's Special Interrogatories, Set One, and know the contents thereof.  The same is true of my own knowledge, except as to those matters, which are therein stated upon my information and belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this *24* day of July, 2007, in *JACKSONVILLE*, Florida.

SABINA PRYCE-JONES

9

DEFENDANT SABINA PRYCE-JONES' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 1-06-CV-057468

**EXHIBIT G**

1 | ERIC J. SIDEBOTHAM (208829)
DANIEL M. SHAFER (244839)
2 | **ERIC J. SIDEBOTHAM, APC**
TechMart Center
3 | 5201 Great America Parkway, Suite 320
Santa Clara, CA 95054
4 | Telephone:   (408) 856-6000
Facsimile:    (408) 608-6001
5
Attorneys for Defendant,
6 | SABINA PRYCE-JONES

7

8 |                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                    SANTA CLARA COUNTY—UNLIMITED JURISDICTION

10

11

12 | WORLD SAVINGS BANK, FSB,                    Case No. 1-06-CV-057468

13 |          Plaintiff,                         **DECLARATION OF ERIC J. SIDEBOTHAM
                                                IN SUPPORT OF PRYCE-JONES' *EX
14 |                                             PARTE* APPLICATION FOR AN ORDER
          v.                                    SHORTENING TIME OR, IN THE
15 |                                             ALTERNATIVE, FOR LEAVE TO FILE A
THERESA T. WU, and SABINA PRYCE-                SUMMARY JUDGMENT MOTION**
16 | JONES, and DOES 1 through 10, inclusive

17 |          Defendants.                        Date:  January 7, 2008
                                                Time:  8:15 a.m.
18 |                                             Dept:  22
                                                Judge: Hon. Kevin Murphy
19
20 |                                             Trial Date: February 19, 2008

21 | AND RELATED CROSS-ACTION

22

23

24

25

26

27

28 | DECLARATION OF ERIC J. SIDEBOTHAM IN SUPPORT OF PRYCE-JONES' *EX PARTE* APPLICATION FOR AN
ORDER SHORTENING TIME OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUMMARY JUDGMENT
MOTION
CASE NO. 1-06-CV-057468

1      I, Eric J. Sidebotham, declare:

2      1.     I am attorney of record for Sabina Pryce-Jones in the above-captioned matter.  I have

3
personal knowledge of the facts contained in this declaration and if called to testify thereto I could and

4
would testify competently as to the facts contained herein.

5
6      2.     On January 4, 2008 at or about 9:00 a.m., I telephone Kevin Solan, Esq., counsel of

7
record for plaintiff in the above-captioned matter.  Mr. Solan was not available, so I left him a detailed

8
voicemail message, giving him notice that Pryce-Jones intended to appear *ex parte* on Monday, January

9
7, 2008 at 8:15 a.m. in Department 22 before the Hon. Kevin Murphy to seek an order shortening time

10
for a motion seeking leave to file a motion for summary judgment.  I informed Mr. Solan that continuing

11
the trial date was the only possible way to allow Pryce-Jones to be able to file her motion for summary

12
judgment.

13
14      3.     On January 4, 2008, I sent via facsimile a letter to Kevin Solan, Esq., confirming my

15
voicemail message to him that Pryce-Jones intended to appear *ex parte* on Monday, January 7, 2008 at

16
8:15 a.m. in Department 22, before the Hon. Kevin Murphy to seek an order shortening time for a

17
motion seeking leave to file a summary judgment motion.  A true and correct copy of the letter is

18
attached hereto as **Exhibit A.**

19
20      4.     In response to a request for production of documents, plaintiff produced documents Bate-

21
Stamped P-00124 through P-00126, a document self-entitled "Security Deposit, Case Summary."  The

22
document appears to be related to the instant case, and shows that plaintiff's error occurred on

23
"10/17/05," and that plaintiff did not attempt to contact Pryce-Jones until "11/02/2005," and that

24
plaintiff did not write a letter to Pryce-Jones until "12/06/2005."  Indeed, according to these documents,

25
plaintiff did not contact defendant Theresa Wu until 10/26/2005—nine full days after plaintiff

26
committed the error.  A true and correct copy of the case summary is attached hereto as **Exhibit B.**

27

1

28  DECLARATION OF ERIC J. SIDEBOTHAM IN SUPPORT OF PRYCE-JONES' *EX PARTE* APPLICATION FOR AN
ORDER SHORTENING TIME OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUMMARY JUDGMENT
MOTION
CASE NO. 1-06-CV-057468

1    5.    In response to a request for production of documents, plaintiff produced documents Bate-

2  Stamped P-00134, a copy of a letter sent by plaintiff to Pryce-Jones, dated December 6, 2005. A true

3  and correct copy of the letter is attached hereto as **Exhibit C**.

4    6.    On October 28, 2005, Pryce-Jones purchased an interest in an airplane, and that airplane

5  was contributed to a Florida limited liability company, as evidenced by a document entitled "Aircraft

6  

7  Bill of Sale," which has been produced in this case to a request for production of documents. A true and

8  correct copy of the bill of sale is attached hereto as **Exhibit D**.

9    Executed on this 7th day of January, 2008, in Santa Clara County, State of California. I declare

10  under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and

11  correct.

12  

13  

14                                    ERIC J. SIDEBOTHAM

15  

16  

17  

18  

19  

20  

21  

22  

23  

24  

25  

26  

27                                    2

28  DECLARATION OF ERIC J. SIDEBOTHAM IN SUPPORT OF PRYCE-JONES' *EX PARTE* APPLICATION FOR AN
    ORDER SHORTENING TIME OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUMMARY JUDGMENT
    MOTION
    CASE NO. 1-06-CV-057468

1            **PROOF OF SERVICE**

2            I, the undersigned, hereby declare:

3            I am a citizen of the United States, over 18 years of age, and not a party to the
within action.  I am employed in the County of San Francisco; my business address is 685
4   Market Street, Suite 360, San Francisco, California 94105.

5            On March 11, 2008, I served the within:

6            **1.  World Savings Notice of Motion and Motion to Remand Case to Santa
                 Clara Superior Court**
7            **2.  Declaration of Kevin M. Solan in Support Thereof**
             **3.  Proposed Order**
8
    on all parties in this action, as addressed below, by causing a true copy thereof to be
9   distributed as follows:

10
    Theresa T. Wu                          Eric J. Sidebotham, Esq.
11  400 E. Bay Street, Unit No. 2001       Eric J. Sidebotham, APC
    Jacksonville, FL 32202                 TechMart Center
12                                         5201 Great America Parkway, Ste.320
                                           Santa Clara, CA 95054
13                                         *Facsimile No. 408/608-6001*

14  [X]   **BY MAIL**:  I am "readily familiar" with the firm's practice of collection and
                        processing correspondence for mailing.  Under the practice it would
15                      be deposited with the U.S. Postal Service on that same day with
                        postage thereon fully prepaid in the ordinary course of business.  I am
16                      aware that on motion of the party served, service is presumed invalid
                        if the postal cancellation date of postage meter date is more than one
17                      day after date of deposit for mailing an affidavit. *As to Wu only*

18
    [X]   **BY E-FILING**:   I caused such documents to be transmitted via e-mail to the
19                           stated parties at their respective e-mail addresses. *As to
                             Sidebotham*
20

21          I declare under penalty of perjury under the laws of the State of California that the
22  foregoing is true and correct.

23  Dated: March 11, 2008

                                           Hailey Stowe
24

25

26

27

28

Solan & Park LLP