1  ERIC J. SIDEBOTHAM (208829)
   DANIEL M. SHAFER (244839)
2  **ERIC J. SIDEBOTHAM, APC**
   TechMart Center
3  5201 Great America Parkway, Suite 320
   Santa Clara, CA 95054
4  Telephone:   (408) 856-6000
   Facsimile:    (408) 608-6001
5
   Attorneys for Defendant,
6  SABINA PRYCE-JONES

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12 | WORLD SAVINGS BANK, FSB,                           | Case No. 5:08-CV-00887 (HRL) |
13 |                                                    |                              |
   |         Plaintiff,                                 |                              |
14 |                                                    |                              |
   |         v.                                         | **NOTICE OF ENTRY OF ORDER** |
15 |                                                    |                              |
16 | THERESA T. WU, and SABINA PRYCE-                   |                              |
   | JONES, and DOES 1 through 10, inclusive            |                              |
17 |                                                    |                              |
   |         Defendants.                                |                              |
18 |                                                    |                              |
19 |                                                    |                              |
20 | AND RELATED CROSS-ACTION                           |                              |

21

22

23

24

25

26

27

28

NOTICE OF ENTRY OF ORDER
CASE NO. 5:08-CV-00887 (HRL)

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    Please take notice that on December 21, 2007, in Department 7 of the Santa Clara Superior

3 Court, located at 191 North First Street, San Jose, California, the Hon. Socrates Manoukian entered an

4 order granting in part and denying in part defendant Sabina Pryce-Jones' motion to compel further

5 answers and responses to Special Interrogatories (Set One), Form Interrogatories-General (Set One),

6 Form Interrogatories-Economic Litigation (Set One), Request for Production (Set One), Request for

7 Admissions (Set One), and for monetary sancions. A true and correct copy of said order is attached

8 hereto as Exhibit A.

**ERIC J. SIDEBOTHAM, APC**

DATED:  March 28, 2007

_____/s/_____
ERIC J. SIDEBOTHAM
Attorneys for Defendant,
SABINA PRYCE-JONES

**EXHIBIT A**



**SUPERIOR COURT, STATE OF CALIFORNIA
COUNTY OF SANTA CLARA
DEPARTMENT 7**

191 North First Street, San Jose, CA 95113
408.882.2170   ·   408.882.2193 (fax)
smanoukian@scscourt.org
http://www.sccsuperiorcourt.org

WORLD SAVINGS BANK v. THERESA T. WU, et al.            Case No.: 1-06-CV-057468
Date: 21 December 2007          Time: 10:00 a.m.            Line Number: 3

The Motions of Defendant Sabina Pryce-Jones ("Defendant") to Compel Plaintiff World Savings Bank, FSB ("Plaintiff") to provide further answers and responses to Special Interrogatories (Set One), Form Interrogatories – General (Set One), Form Interrogatories – Economic Litigation (Set One), Request for Production (Set One), Request for Admissions (Set One), and for monetary sanctions came on regularly for hearing before the Honorable Socrates Peter Manoukian on 21 December 2007 at 10:00 a.m. in Department 7. The matter having been submitted, the Court finds and orders as follows:

The Motions are opposed. The Opposition to the Motions was untimely [(Code of Civil Procedure, § 1005(b)[1]] Plaintiff's opposition papers were served on Defendant on December 12, 2007, fewer than nine court days before the December 21, 2007 date of hearing on the Motion. The date of hearing on the Motion had been continued from November 30, 2007 to this date by stipulation of the parties and order of the Court. Since Defendant was able to prepare and submit her reply papers in support of the instant Motion, the Court considered Plaintiff's untimely opposition papers in preparing this Order.

### STATEMENT OF FACTS.

Ms. Theresa T. Wu had four accounts with Plaintiff, two of which were in her name as a trustee for her daughter, Defendant Sabina Pryce-Jones. On October 17, 2005, Wu deposited a $10,000 check into a checking account. Plaintiff mistakenly entered this deposit in the amount of $100,000. Wu closed all accounts with Plaintiff shortly thereafter.

According to Wu, she closed the accounts when Defendant advised her that she was in contract to purchase a parcel of real estate and needed the funds immediately. Wu and Defendant state that neither noticed the $90,000 error until the funds had already been expended on the real estate purchase.

Plaintiff sues Wu and Defendant for conversion. Wu cross-complains against Plaintiff for violation of the Fair Debt Collection Practices Act, intentional infliction of emotional distress, and negligent infliction of emotional distress.

On April 5, 2007, the Court disqualified Defendant's previous counsel from representing both Defendant and Wu in adversarial proceedings in this matter, but allowed counsel to represent both individuals in negotiating a settlement of this action.

On June 13, 2007, Defendant propounded Request for Production of Documents (Set One), Request for Admissions (Set One), Special Interrogatories (Set One), Form Interrogatories – General (Set One), and Form Interrogatories – Economic Litigation (Set One).

On July 16, 2007, Plaintiff served responses to Defendant's discovery requests, raising objections based on relevancy, vagueness, ambiguity, unintelligibility, overbreadth, oppressiveness, lack of specific description, lack of

---

[1] "All papers opposing a motion so noticed shall be filed with the court and a copy served on each party at least nine court days."

reasonable particularity, unreasonableness, undue burden, improper question format, duplication, and that the requests were not reasonably calculated to lead to the discovery of admissible evidence.

In accordance with Code of Civil Procedure § 2016.040, Defendant and Plaintiff engaged in meet and confer discussions regarding the discovery objections. After telephone communications and written correspondence dated July 6, 10, 20; August 20, 27, 30; and September 12, 2007, counsel for Plaintiff did not supplement or amend its original responses, thus precipitating Defendant's filing of the instant Motion.

## DISCUSSION

It is clear that the counsel have agreed to disagree on just about every issue in this case. That kind of disagreement might make for a good trial. However, the use of ad hominem attacks, incorporation of argument from other portions of papers and so forth make for difficult reading for motion practice.

### I. REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant seeks to Compel further responses to Request for Production of Documents (Set One), Nos. 2, 3, 12, 15, 17, and 23.

Pursuant to Code of Civil Procedure § 2031.310, if the party making the inspection demand deems an objection in the response is without merit or too general, the demanding party may move for an order compelling further response to the inspection demand.

#### A. Relevance Objection

Any party may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending action. Code of Civil Procedure § 2017.010. For discovery purposes, information should be regarded as "relevant to the subject matter" if it might reasonably assist a party in evaluating a case, preparing for trial, or facilitating settlement thereof. Weil & Brown, *California Practice Guide: Civil Procedure Before Trial* (The Rutter Group 2006) § 8:66:1. The "relevance to the subject matter" and "reasonably calculated to lead to admissible evidence" standards are applied liberally. *Id.* at § 8:71, citing *Colonial Life & Acc. Ins. Co. v. Sup. Ct. (Perry)*, 31 Cal. 3d 785, 790.

Here, Defendant is accused of converting $90,000 from Plaintiff. In her Answer, Defendant asserts nineteen affirmative defenses to Plaintiff's allegation. The Court has reviewed Defendant's Requests for Production Nos. 2, 3, 15, and 17 and concludes that they are relevant to establishment of affirmative defenses. Defendant is also entitled to a response to Request for Production No. 23.

#### B. Vagueness and Burden

Courts generally do not sustain objections for vagueness and ambiguity unless the question is totally unintelligible. Weil & Brown, *supra*, §8:1084; citing *Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 783. Here, Request for Production No. 12 is intelligible. Therefore, the objections are overruled.

Defendant also objects to Request for Production No. 15 on the basis that it is overbroad, burdensome, and oppressive.

When asserting undue burden in response to a motion to compel, respondent has the burden of providing detailed evidence of how much work is required to answer the question. *West Pico Furn. Co. v. Superior Court* (1961) 56 Cal. 2d 407, 418; *Columbia Broadcasting System, Inc. v. Superior Court* (1968) 263 Cal.App.2d 12, 19; *Mead Reinsurance Co. v. Superior Court* (1986) 188 Cal.App.3d 313, 318. Defendant has provided no such evidence.

#### C. Order

The Court will GRANT the motion but limit the relevant time period to six months before the erroneous transaction occurred.

### II. REQUEST FOR ADMISSIONS

Defendant seeks to Compel further responses to Request for Admissions (Set One), Nos. 20, 21, 36, 37, 42, 43, 44, 45, 46, 55, 56, 57, 59, and 61.

Pursuant to Code of Civil Procedure § 2033.290, the party requesting admissions may move for an order compelling a further response if that party deems an objection to a particular request is without merit or too general.

A.   Relevance Objection

Plaintiff objects to Defendant's Request for Admissions on the basis that they are irrelevant.

B.   Order

Plaintiff's objections are overruled. Plaintiff should give code-compliant responses either admitting or denying the requests

### III.   INTERROGATORIES

A.   Special Interrogatories.

Defendant seeks to Compel further responses to Special Interrogatories (Set One), Nos. 7, 16, 25, 28, 40, 43, 46, 48, 49, 50, and 51.

The objections of Plaintiff to the special interrogatories are SUSTAINED. The motion is DENIED as to the special interrogatories.

B.   Form Interrogatories - General (Set One):

As to Form Interrogatories - General (Set One), Nos. 16.1, 16.2, 16.3, 16.4, 16.5, 16.6, and 16.7:

Pursuant to Code of Civil Procedure § 2030.300, the party propounding interrogatories may move for an order compelling further responses if the propounding party deems an objection to an interrogatory is without merit or too general.

The motion to compel is GRANTED in its entirety.

C.   Form Interrogatories – Economic Litigation (Set One):

As to Form Interrogatories – Economic Litigation (Set One): Nos. 107.1, 109.1, 112.1, 112.2, 112.3, and 112.5:

This Court believes that these interrogatories are duplicative of the form interrogatories and special interrogatories above. No further response is needed and the motion is DENIED.

### VI.   MONETARY SANCTIONS

The mutual requests for monetary sanctions are DENIED as neither side substantially prevailed.

### CONCLUSION.

As to all matters to which the motion was granted, plaintiff shall submit code compliant responses within 20 days.

DATED: 21 March 2008

HON. SOCRATES PETER MANOUKIAN
*Judge of the Superior Court*
*County of Santa Clara*

```
           SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
                            191 N. First Street
                           San Jose, CA  95113-1090
```

TO:     Eric J. Sidebotham
        Eric J. Sidebotham Law Office
        5201 Great America Pkway  Suite 320
        Santa Clara,  CA 95054

RE: World Saving Vs Wu
Case Nbr:  1-06-CV-057468

## PROOF OF SERVICE

ORDER AFTER HEARING

was delivered to the parties listed below in the above entitled case as set forth in the sworn declaration below.

---

Parties/Attorneys of Record:

CC: Kevin M. Solan , Solan & Park
    685 Market Street, Suite 360, San Francisco, CA 94105

---

If you, a party represented by you, or a witness to be called on behlaf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on 3-21-08.  KIRI TORRE, Chief Executive Officer/Clerk by Jessie Torres, Deputy