1  ERIC J. SIDEBOTHAM (208829)
   DANIEL M. SHAFER (244839)
2  **ERIC J. SIDEBOTHAM, APC**
   TechMart Center
3  5201 Great America Parkway, Suite 320
   Santa Clara, CA  95054
4  Telephone:   (408) 856-6000
   Facsimile:   (408) 608-6001
5
   Attorneys for Defendant,
6  SABINA PRYCE-JONES

7
                      UNITED STATES DISTRICT COURT
8
                     NORTHERN DISTRICT OF CALIFORNIA
9
                              SAN JOSE DIVISION
10

11

12 | WORLD SAVINGS BANK, FSB, | Case No.  5:08-CV-00887 (HRL)
13 | Plaintiff, |
14 | | **DEFENDANT SABINA PRYCE-JONES'**
   | v. | **OPPOSITION TO PLAINTIFF'S**
15 | | **MOTION TO REMAND**
16 | THERESA T. WU, and SABINA PRYCE-JONES, and DOES 1 through 10, inclusive | Date:        April 22, 2008
17 | | Time:        10:00 a.m.
   | Defendants. | Courtroom:   2
18 | | Judge:       Magistrate Judge Howard Lloyd
19
20 | AND RELATED CROSS-ACTION |

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................................ ii

**INTRODUCTION** .................................................................................................................................. 1

**STATEMENT OF FACTS** .................................................................................................................... 1

**PRYCE-JONES' REMOVAL OF THIS ACTION TO FEDERAL COURT** .................................. 4

**LEGAL ARGUMENT** ........................................................................................................................... 6

    **I.**    **This Action Qualifies For Removal Jurisdiction on the Grounds of Complete Diversity** ................................................................................................................................ 6

        A.    Plaintiff is a Citizen of the State of California ........................................................ 7

        B.    Defendant Theresa Wu Is, And At All Relevant Times During This Litigation Has Been, a Citizen of the State of Florida. .......................................... 8

    **II.**    **Pryce-Jones' Removal Was Timely** ................................................................................ 9

    **III.**    **Removal of This Action is Precisely in Keeping With the Policy, Purpose, and Equitable Considerations of Diversity Removal** .......................................................... 11

    **IV.**    **In The Event of Remand, A Fee Award to Plaintiff is Not Warranted** .................... 13

**CONCLUSION** ..................................................................................................................................... 13



# TABLE OF AUTHORITIES

**Cases**

*Altmann v. Republic of Aus.*, 317 F.3d 954 (9th Cir. 2002) ......................................................... 8

*Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611 (3d Cir. 2003) ................................................ 14

*Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513 (5th Cir. 1992), *cert denied* 506 U.S. 999 (1992) ... 14

*Bonner v. Fuji Photo Film*, 461 F.Supp.2d 1112 (N.D. Cal. 2006) ............................................ 11

*Breese v. Hadson Petroleum, Inc.*, 947 F.Supp. 242 (M.D. La. 1996) ....................................... 12

*Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000) ......................................................................................................... 12

*China Basin Properties, Ltd. v. Allendale Mut. Ins. Co.*, 818 F.Supp. 1301 (N.D. Cal. 1992) ............. 12

*First State Ins. Co. v. Superior Court*, 79 Cal.App.4th 324 (2000) ............................................. 5

*Foster v. Mutual Fire, Marine & Inland Ins. Co.,* 986 F.2d 48 (3d Cir. 1993) ............................ 10

*Galva Foundry Co. v. Heiden*, 924 F.2d 729 (7th Cir. 1991) .................................................... 13

*Gray v. Moore Forms, Inc.*, 711 F.Supp. 543 (N.D. Cal. 1989) ................................................. 14

*Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) ........................................... 10

*Johnson v. Heublein Inc.*, 227 F.3d 236 (5th Cir. 2000) ............................................................ 12

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) .................................................. 10

*Kantor v. Wellesley Galleries, Ltd*. 704 F.2d 1088 (9th Cir. 1983) ............................................. 9

*Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994) ..................................................................... 8

*Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986) ............................................................................ 7, 9

*Lovern v. General Motors Corp.*, 121 F.3d 160 (4th Cir. 1997) ............................................... 11

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) ............................................................ 15

*Mattel, Inc. v. Bryant*, 441 F.Supp.2d 1081 (C.D. Cal. 2005) ................................................... 10

*McCormick v. Aderholt*, 293 F.3d 1254 (11th Cir. 2002) ........................................................... 9

*Pullman v. Jenkins*, 305 U.S. 534 (1939) ................................................................................... 7

*Ritchey v. Upjohn Drug. Co.*, 139 F.3d 1313 (9th Cir. 1998), *cert. denied*, 525 U.S. 963 (1998) ........... 12

*Saunders v. Wire Rope Corp.*, 777 F.Supp. 1281 (E.D. Va. 1991); ......................................... 14

DEFENDANT SABINA-PRYCE JONES' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE
CASE NO. 5:08-CV-00887 (HRL)

1 | *Shiver v. Sprintcom, Inc.*, 167 F.Supp.2d 962 (S.D. Tex. 2001) .......................................................... 14

2 | *Staples v. Joseph Morton Co.*, 444 F.Supp. 1312 (E.D.N.Y. 1978) ........................................................ 14

3 | *Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973) .................................................................................. 13

4 | *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003) ............................................................ 14

5 | *Walker v. Pac. Pride Servs.*, 2007 U.S. Dist. LEXIS 49849 (N.D. Cal. 2007) ....................................... 14

6 | *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) .................................................. 10

7 | *Zerafa v. Montefiore Hosp. Hous. Co., Inc.*, 403 F.Supp. 2d 320 (S.D.N.Y. 2005) ................................ 14

**Statutes**

12 U.S.C. § 1462a, *et seq.* .......................................................................................................................... 8

12 U.S.C. § 1464 .................................................................................................................................. 8, 10

28 U.S.C. § 1332(a) ............................................................................................................................. 7, 10

28 U.S.C. § 1441(a) ............................................................................................................................. 7, 12

28 U.S.C. § 1446(b) ....................................................................................................................... 10, 11, 14

California Code Civ. Proc., § 437c .......................................................................................................... 5

**Other Authorities**

*Moore's Federal Practice* (Matthew Bender & Co., 2007) § 107.30[3][a][ii][A], [3][a][iii] .................. 12

**INTRODUCTION**

Defendant Sabina Pryce-Jones ("Pryce-Jones") removed this case to Federal court for one simple reason: the state court treated Pryce-Jones like an out-of-state defendant. For example, at a trial setting conference just before the Christmas holiday, when the court was expected to set a subsequent trial setting conference to accommodate the unavailability of a party and key witness, the state court judge instead set the case for trial in *twelve court days.* Furthermore, Plaintiff World Savings Bank ("Plaintiff"), whose own admitted error set this entire case into motion, is clearly attempting to profit from its own mistake, and has quite shockingly refused a 100% settlement offer from Pryce-Jones. Pryce-Jones removed this case because she wants and deserves due process—and because she does not want to be railroaded by a local county judge in this very serious matter.

**STATEMENT OF FACTS**

This case results from the admitted negligence of one of Plaintiff's employees, and in particular the manner in which Plaintiff chose to respond to its own admitted error. Specifically, one of Plaintiff's tellers erroneously credited $100,000 to the account of Defendant Theresa Wu ("Wu"), rather than the true transaction amount of $10,000, resulting in an credit to Wu's account of an additional $90,000. Then, rather than acting prudently and reasonably to correct its own mistake, Plaintiff chose to wantonly and willfully threaten and intimidate Wu. Wu was a longtime customer of Plaintiff, and Plaintiff must have known her to be elderly and unable to speak English well, and possibly knew her to be afflicted with a Parkinsonism-like syndrome.[1] Indeed, Wu has recently endured major surgery, the need for which she attributes directly to physical harm caused by the outrageous conduct of Plaintiff.[2]

Despite the fact that Wu had absolutely nothing to do with Plaintiff's own error – and at a time when Plaintiff knew that Wu no longer possessed any of its property – Plaintiff made the outrageous decision to sue her. As if causing her severe physical harm were not enough, Plaintiff has subsequently attempted to litigate Wu into financial ruin. Meanwhile, in order to further pressure and intimidate Wu,

---

[1] Parkinsonism is a neurological syndrome characterized by tremor, hypokinesia, rigidity, and postural instability.

[2] This is, in part, the basis of Wu's counter-claims against Plaintiff.



1
DEFENDANT SABINA-PRYCE JONES' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
CASE NO. 5:08-CV-00887 (HRL)

1  Plaintiff amended its complaint to bring in Pryce-Jones, Wu's daughter, who briefly (and unknowingly)
2  had possession of the subject funds. Indeed, Plaintiff has spared no expense in forcing Pryce-Jones and
3  Wu to defend and protect themselves from the consequences of the Plaintiff's own negligent error.

4  Plaintiff has not contended that either Wu or Pryce-Jones (who was not even in the state when
5  the transaction occurred) was somehow involved in the error, contributed to the error, or, importantly,
6  even knew about the error until a long time after it occurred. Indeed, both Wu and Pryce-Jones contend
7  that they did not learn of the error until Plaintiff finally notified them of it later, and Plaintiff has offered
8  no evidence to the contrary.

9  When Plaintiff finally discovered its own error, its internal security department contacted the
10 Plaintiff's branch where the error occurred and spoke to tellers regarding Wu. The tellers interviewed
11 stated that they knew Wu "very well" (meaning that Plaintiff knew that she was elderly and had
12 difficulty with the English language, and likely that she had a medical condition with physical
13 manifestations), and that they believed that Wu would "make things right" once she understood what
14 had occurred. (Declaration of Eric J. Sidebotham in Support of Pryce-Jones' Opposition to Plaintiff's
15 Motion to Remand ["Sidebotham Decl."], ¶ 2, Exh. A.)

16 However, rather than prudently contacting Wu to explain the situation and seek a reasonable
17 resolution, Ron Sheppard, a hired thug for Plaintiff, accosted her in person at her home on multiple
18 occasions,[3] making threats and accusations designed to scare and intimidate her, including threats to file
19 criminal charges. (Declaration of Theresa Wu in Opposition to Plaintiff's Motion to Remand ["Wu
20 Decl."], ¶ 4.) Sheppard succeeded in terrifying Wu. It is critical to understand that during these first
21 contacts by Plaintiff and Mr. Sheppard, Wu did not understand that any error had been made by the
22 Plaintiff. Rather, she believed that Plaintiff was wrongly accusing her of stealing $90,000, like a
23 common criminal. (Wu Decl., ¶ 4.) The night of Mr. Sheppard's first visit to her home, Wu's resulting
24 fear and tremendous stress caused her to fall in her bathroom and strike her head, resulting in serious
25 injuries. She lost consciousness and spent the night on the floor of her bathroom. (Id.)

---

[3] It is interesting to note that Sheppard's notes on this matter do not include any information about his trips to Wu's residence. (*See* Sidebotham Decl., Exh. A.)



Neither Wu nor Pryce-Jones learned about the Plaintiff's error until well after Wu's injury. Indeed, by the time they were finally apprised of the error, neither was still in possession of Plaintiff's property. (These events are set forth in further detail in Exhs. E and F to the Declaration of Kevin M. Solan in Support of Plaintiff's Motion to Remand ["Solan Decl."].) Wu then initiated an attempt to resolve the issue by working with Plaintiff, but Plaintiff responded by filing suit. Since that time, Plaintiff has attempted to subdue Wu and Pryce-Jones in any way it can, including spending well over the amount at issue to litigate this case and refusing to accept a *full-value* settlement offer of $90,000, apparently holding out for exorbitant attorneys fees, despite that there is no applicable fee provision.

Plaintiff's sole claim, for conversion, cannot succeed, because two essential elements of the claim – that the defendant <u>intentionally</u> deprived the plaintiff of its property for a <u>significant</u> period of time – cannot be proven. *See* CACI 1-2100. Indeed, it is undisputed that neither Wu nor Pryce-Jones knew that Plaintiff had made a mistake until after they were no longer in possession of Plaintiff's property.[4] The reason for this is that the funds in question were inadvertently included in a much larger financial transfer, in excess of several hundred thousand dollars, so that neither Wu nor Pryce-Jones noticed any irregularity in the amount of the transaction. (*See again* Exhs. E and F to the Declaration of Kevin M. Solan in Support of Plaintiff's Motion to Remand.) As a result, there is simply no evidence that Pryce-Jones (or Wu) intentionally prevented Plaintiff from having its property, or possessed such property for any significant period of time.

The fact that neither Pryce-Jones nor Wu has any liability has not deterred Plaintiff's efforts to overzealously prosecute this case. When Wu promptly attempted to negotiate a settlement and resolution, Plaintiff refused to negotiate and instead continues to make extortionate demands under

---

[4] In addition, the "significant period of time" requirement is not met, as neither defendant had possession for more than a few days. Indeed, according to Plaintiff's own internal report, the error was made on October 17, 2005; Plaintiff did not contact Wu until October 26, 2005 – nine days after the error; Plaintiff did not attempt to contact Pryce-Jones until November 1, 2005; and Plaintiff did not send Pryce-Jones any written correspondence on the matter until December 6, 2005. (Sidebotham Decl., ¶ 3, Exh. A.) Meanwhile, in accordance with documents produced by Pryce-Jones in this case, it is undisputed that she purchased an airplane that was contributed to a limited liability company, with the transaction closing on October 28, 2005 – prior to Plaintiff's first alerting her of its error. (Sidebotham Decl., ¶ 4, Exh. B.)

3
DEFENDANT SABINA-PRYCE JONES' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE
CASE NO. 5:08-CV-00887 (HRL)

threats of continued litigation. Pryce-Jones too has attempted to engage Plaintiff in a dialogue to resolve this case – including an offer to participate in the state court's pilot mediation program at no cost to the parties – but the Plaintiff has rebuffed those efforts as well. Instead, Plaintiff responded that it was not interested in any outcome other than utter capitulation, including Pryce-Jones' agreement to paying an outrageous attorney fee demand that is unsupported by law, is larger than the underlying amount at issue, and would permit Plaintiff to profit tremendously from its own admitted error. Clinging to this position, Plaintiff has gone so far as to turn down an offer from Pryce-Jones to settle this case for the *full value* of the Plaintiff's error ($90,000), thus laying bare the Plaintiff's inexplicable vindictiveness toward the defendants.

## **PRYCE-JONES' REMOVAL OF THIS ACTION TO FEDERAL COURT**

Pryce-Jones first made her appearance in this case by answering Plaintiff's First Amended Complaint on July 19, 2007. On December 18, 2007 – quite unexpectedly to Pryce-Jones, and over her counsel's objections – the state court inexplicably set the case for a five-day trial starting January 7, 2008 – a mere twelve court days later, with the Christmas and New Year's holidays intervening, and less than six months after Pryce-Jones filed her answer. The procedural effect of this ruling was to simultaneously cut off discovery in the case and prevent Pryce-Jones from filing a motion for summary judgment – again, completely unexpectedly.

Upon Pryce-Jones' petition, the court eventually re-set the trial for February 19, 2008.[5] Nonetheless, this remained an unreasonably short pre-trial period, creating many unanticipated problems for Pryce-Jones and unfairly prejudicing her case, as follows:

---

[5] In the worst case, counsel reasonably expected that the case would be set for trial, if at all, on a date at least 60 to 90 days after the trial-setting conference, as is customary in Santa Clara Superior Court. (Sidebotham Decl., ¶ 5.) Typically, the state court will set the trial out far enough to allow the parties an opportunity to file a summary judgment motion, or will refrain from setting the trial if either party desires to file such a motion. (Id.) Both the trial date selected by the court initially and the continued trial date would have deprived Pryce-Jones of her right to file a summary judgment motion. *See First State Ins. Co. v. Superior Court*, 79 Cal.App.4th 324, 333 (2000) (California Code of Civil Procedure section 437c affords the *right* to file a summary judgment motion). Pryce-Jones responded quickly to this problem by repeatedly requesting the court for relief in the form of a vacated or continued trial date. Relief was refused.

(1) Wu – a critical witness for Pryce-Jones' defense, and a party in her own right – was recovering from major surgery, and was not able to travel to California from her home in Florida to attend the trial.[6]  (Wu Decl., ¶ 7.)

(2) Pryce-Jones had an important motion pending to compel responses to certain written discovery – a motion which was heard on December 21, 2007, but never ruled on by the court until long after the state court trial date had passed.[7]

(3) Pryce-Jones would have to travel across the country on extremely short notice to prepare for and participate at trial, thus forcing her to choose between defending herself in court or risking the loss of her job due to an extended, unanticipated absence.[8]

(4) By setting trial to begin so immediately, the court eliminated Pryce-Jones' ability to bring a meritorious motion for summary judgment that might well have disposed of the case in its entirety, or at least narrowed it substantially.[9]

(5) In all, Pryce-Jones was given less then six months after her first appearance in the case to complete all necessary discovery and prepare for trial – with no indication that this would be the case

---

[6] Pryce-Jones was prevented from taking Ms. Wu's deposition given the abrupt discovery cut-off.

[7] The discovery was originally propounded on the day the trial court vacated the default judgment entered against Pryce-Jones.  The court finally issued its order on March 21, 2008, just as the instant brief was being prepared.  Due to the clear merits of her motion, Pryce-Jones was not surprised that the order compelled Plaintiff to respond to most of the discovery requests at issue.  Pryce-Jones suspects that the delay was a "pocket veto" by which the court withheld issuance of an order that would have been significant to the defense of a disfavored out-of-state litigant.  (Pryce-Jones Decl., ¶¶ 2, 3.)  Needless to say, Pryce-Jones still does not have the compelled responses, and in any event would not have had them prior to the trial date.

[8] Litigants should not be forced to make such choices – especially on short notice – regardless of the court's interest in clearing its docket or the claimed strength of an opponent's case.

[9] In order to bring such a motion, Pryce-Jones needed code-compliant responses to her written discovery requests (which the court did not order Plaintiff to provide until March 21, 2008), the ability to take depositions, and the time to prepare and file the summary judgment motion at least 75 days before trial, as required by the California Code of Civil Procedure.  (In addition to the grounds for summary adjudication of World Saving's conversion claim, as discussed supra, Pryce-Jones has additional legal grounds on which she believes Plaintiff's demands for its attorneys fees in this action may be disposed of on summary judgment or summary adjudication.)



5
DEFENDANT SABINA-PRYCE JONES' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE
CASE NO. 5:08-CV-00887 (HRL)

until twelve court days before trial – leaving her defense severely compromised, despite its strong merits.

(6) In the early stages of the case, the state court had further showed its prejudice against out-of-state defendants by wrongly denying Pryce-Jones' motion to dismiss for lack of personal jurisdiction, since she did not reside in California and had no control over Wu's account with Plaintiff; and by wrongly granting Plaintiff's strategic motion to disqualify prior counsel from representing both Wu and Pryce-Jones, a mother and daughter whose interests were perfectly aligned.

Through a series of motions, counsel sought repeatedly to bring these issues to the court's attention, requesting first that the trial be re-scheduled for May 2008 (which the court refused), then seeking leave to file a summary judgment motion (which the court also refused). Ultimately, the court did re-set the trial for February 19, 2008. However, this still left insufficient time to rectify any of Pryce-Jones' concerns regarding discovery, summary judgment and trial preparation. The state court was essentially handing the local plaintiff a victory by default.

It was during this period of urgently petitioning the court to re-set the trial date that Pryce-Jones' counsel first discovered the true citizenship of Wu, and thus the grounds on which the case could be removed to Federal court on the basis of diversity. In fact, counsel for Pryce-Jones first discovered the true citizenship of Wu (namely Florida) on or about January 31, 2008. (Sidebotham Decl., ¶ 6.) Pryce-Jones immediately responded by preparing and filing her removal notice well within 30 days, on February 11, 2008. Given the clearly preferential treatment of the state court toward the local plaintiff, and the timeliness of her removal notice (as set forth in detail below), Pryce-Jones' removal was not only well within her rights, but reasonable and even necessary under the circumstances.

## LEGAL ARGUMENT

**I.    This Action Qualifies For Removal Jurisdiction on the Grounds of Complete Diversity.**

Under the general removal statute, a defendant may invoke Federal removal jurisdiction if the case originally could have been filed in Federal court. 28 U.S.C. § 1441(a). A Federal district court has original diversity jurisdiction over any civil action in which the amount in controversy exceeds

1  $75,000,[10] and the action is between citizens of different states.  28 U.S.C. § 1332(a).  Complete

2  diversity is required – no defendant may be a citizen of the same state as the plaintiff – and must exist at

3  the moment when the underlying state court action was filed.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.

4  1986); *Pullman v. Jenkins*, 305 U.S. 534, 537 (1939).  As set forth below, Plaintiff is a citizen of

5  California, and both defendants are and at all relevant times have been citizens of Florida, thus

6  establishing the existence of complete diversity.

   A.     <u>Plaintiff is a Citizen of the State of California.</u>

8  "In determining whether a Federal court has diversity jurisdiction over a case in which a Federal

9  savings association is a party, the Federal savings association shall be considered to be a citizen only of

10 the State in which such savings association has its home office."  12 U.S.C. § 1464(x).  The term

11 "Federal savings association" expressly includes Federal savings banks.  12 U.S.C. § 1464(a)(1).  For

12 diversity purposes, Plaintiff is therefore a citizen of the state where it maintains its home office.

13 According to the Treasury Department's Office of Thrift Supervision[11], the home office of

14 Plaintiff in August 2006 was at 1901 Harrison Street, Oakland, California.  (*See* Declaration of Daniel

15 M. Shafer in Support of Pryce-Jones' Opposition to Plaintiff's Motion to Remand, ¶ 2, Exh. A.)  Thus,

16 there can be no question that Plaintiff is a citizen of California for purposes of diversity jurisdiction in

17 this case.

18 Plaintiff blithely disregards the effect of 12 U.S.C. § 1464(x), apparently because it was enacted

19 shortly after Plaintiff sued Pryce-Jones in state court.  (*See* Plaintiff's Notice of Motion to Remand and

20 Points and Authorities in Support ["Motion to Remand"] at 6, n.3.)  However, this is no bar to

21 application of 12 U.S.C. § 1464(x) in the present case.  On the contrary, "statutes that confer or oust

22 jurisdiction, or change procedural rules, may be applied in suits arising before their enactment without

23 raising concerns about retroactivity.  Because these rules take away no substantive right but simply

---

[10] The $75,000 amount in controversy requirement is not at issue in the instant motion to remand, as there is no dispute that Plaintiff's pleadings in this case have always sought damages of at least $90,000.

[11] The Office of Thrift Supervision is the federal agency charged with supervision and oversight of federal savings associations (including federal savings banks).  *See* 12 U.S.C. § 1462a, *et seq*.



7

DEFENDANT SABINA-PRYCE JONES' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE
CASE NO. 5:08-CV-00887 (HRL)

change the tribunal that is to hear the case, present law governs in such situations." *Altmann v. Republic of Aus.*, 317 F.3d 954, 963 (9th Cir. 2002) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274-75 (1994), internal citations and quotations omitted). Since 12 U.S.C. § 1464(x) expressly serves to confer jurisdiction, under the rule of *Altmann* and *Landgraf* Plaintiff is necessarily a citizen of California for purposes of diversity jurisdiction in this action.

### B. Defendant Theresa Wu Is, And At All Relevant Times During This Litigation Has Been, a Citizen of the State of Florida.[12]

A natural person is a citizen of a state within the meaning of the diversity statute if that person is both a citizen of the United States and domiciled within that state. *Kantor v. Wellesley Galleries, Ltd*. 704 F.2d 1088, 1090 (9th Cir. 1983). "Domicile" means actual physical presence in a state with the intent to remain in the state indefinitely and make it home. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

Wu is a citizen of the United States, having become a citizen prior to February 3, 2006, the date on which Plaintiff filed this lawsuit in state court. (Wu Decl., ¶ 2.) She made her home in California only until November 2005, at which time she relocated to Jacksonville, Florida, with the intent of living there indefinitely and making it home. (Id., ¶ 3.) Starting in November 2005, and continuing uninterrupted until the present time, she has continued to make her home solely in Florida. (Id.) Initially, she stayed with her daughter and son-in-law at their home in Jacksonville. (Id.) She has since purchased a condominium in Jacksonville, which functions as her only residence. (Id.) Further, she is registered to vote (and does vote) in Florida; she has a Florida driver's license; and she is active in Jacksonville's First Baptist Church and is a regular volunteer at the Mayo Clinic in Jacksonville.[13] (Id.)

---

[12] There is no dispute that Pryce-Jones has been a citizen of the state of Florida since before this litigation commenced; only the citizenship of Wu is disputed.

[13] Factors evidencing an intent to remain in a new domicile may include voting registration and voting practices; place of employment or business; current residence; location of real property; location of spouse and family; driver's license and automobile registration; location of Plaintiff accounts; payment of taxes; union membership; and location of social organizations with which one is affiliated. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).

8
DEFENDANT SABINA-PRYCE JONES' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE
CASE NO. 5:08-CV-00887 (HRL)

1  Since relocating permanently to Florida in November 2005, she has visited California only for purposes
2  of receiving medical treatment here and attending to her personal financial affairs. (Id.)
3       In sum, Wu became a domiciliary and citizen of Florida in November 2005 (and has remained
4  such until the present time). Meanwhile, Plaintiff did not file suit against her until February 2006. It
5  follows that complete diversity is established: Plaintiff is a citizen of California under 12 U.S.C. §
6  1464(x), as set forth above, and Wu and Pryce-Jones have both been citizens of Florida[14] at all relevant
7  times within the meaning of 28 U.S.C. § 1332(a).

8  **II.**     **Pryce-Jones' Removal Was Timely.**

9       Generally, notice of removal of a civil action must be filed within 30-days of service of
10 summons on the defendant in the state court action.[15] 28 U.S.C. § 1446(b). However, this rule has a
11 limited application: the 30-day period begins running only when the plaintiff serves a pleading or other
12 paper that explicitly sets forth all facts necessary to show that the case is removable. *Harris v. Bankers*
13 *Life and Cas. Co.*, 425 F.3d 689, 695-95 (9th Cir. 2005) (notice of removability is determined by
14 examining the four corners of applicable pleadings, not through subjective knowledge or duty to make
15 further inquiry); *Mattel, Inc. v. Bryant*, 441 F.Supp.2d 1081, 1089-90 (C.D. Cal. 2005) (the basis for
16 Federal question or diversity jurisdiction must be "unequivocally clear and certain" to trigger the
17 running of the 30-day period); *Foster v. Mutual Fire, Marine & Inland Ins. Co.,* 986 F.2d 48, 54 (3d Cir.
18 1993) (the relevant test is what plaintiff's documents said, not what the defendants purportedly knew);
19 *Whitaker v. American Telecasting, Inc*., 261 F.3d 196, 206 (2d Cir. 2001). If in fact grounds for removal
20 exist, i.e., there is complete diversity, but neither the pleadings nor other papers reveal the citizenship of

---

[14] Wu's cross-complaint in this action, prepared and filed by her former attorney on her behalf on March 26, 2006, erroneously stated that she was at that time a "resident" of Santa Clara County. (See Motion to Remand at 3:25-4:1.) Regardless, "residence" is legally distinct from "domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (for diversity purposes, citizenship is determined by domicile and *not* residency). Moreover, former counsel was factually mistaken. (Wu Decl., ¶ 4.)

[15] The 30-day period is calculated separately for each defendant. *Bonner v. Fuji Photo Film*, 461 F.Supp.2d 1112, 1116-19 (N.D. Cal. 2006).



9

DEFENDANT SABINA-PRYCE JONES' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE
CASE NO. 5:08-CV-00887 (HRL)

the parties, the clock does not begin to run.  *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).

In this case, Pryce-Jones' 30-day period for removal has <u>never begun to run</u>.  This is because Plaintiff has never served or otherwise provided Pryce-Jones (or Wu) with any document setting forth the grounds on which diversity jurisdiction may be ascertained.  In fact, Plaintiff can point to only three documents that purport to set forth the citizenship of the two defendants (*see* Solan Decl., Exhs. A, B and C), namely (1) Plaintiff's initial Complaint against Wu, <u>erroneously</u> stating that she was then residing in Cupertino, California; (2) Plaintiff's First Amended Complaint against Wu and Pryce-Jones, <u>erroneously</u> stating that Wu was then a resident of San Jose, California (and correctly stating that Pryce-Jones was a resident of Florida); and (3) Wu's cross-complaint, filed by her previous attorney[16], which <u>erroneously</u> states that she was then a "resident" of California.  (Wu Decl., ¶ 4.)  Thus, since the 30-day period provided under 28 U.S.C. § 1446(b) begins running only when the plaintiff serves a pleading or other paper that explicitly sets forth all facts necessary to show that the case is removable, and since none of Plaintiff's documents in this action have indicated correctly that neither defendant was a citizen of California at any time during this litigation, the 30-day period was never triggered, and does not apply to the present removal.

In addition to the 30-day period – inapplicable here – a one-year overall time limit generally applies to cases removed on the basis of diversity jurisdiction.  28 U.S.C. § 1446(b).  However, there are recognized exceptions to the one-year limit.  In particular, the one-year limit applies only in cases that were not removable in the first instance.  *Ritchey v. Upjohn Drug. Co.*, 139 F.3d 1313, 1316-18 (9th Cir. 1998), *cert. denied*, 525 U.S. 963 (1998).  This comports with the plain language of 12 U.S.C. § 1446(b), which states that the one-year limitation applies only "[i]f the case stated by the initial pleading is *not removable*."[17]  *Ritchey*, supra, 139 F.3d at 1316-18 (italics added); *see also Brown v. Tokio*

---

[16] Wu is currently unrepresented in this action.

[17] To be clear, it is the case *as stated in the initial pleading* that triggers the running of applicable time limits, regardless of whether grounds for removal actually exist.  *See Moore's Federal Practice* (Matthew Bender & Co., 2007) § 107.30[3][a][ii][A], [3][a][iii].

*Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002); *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000); *Breese v. Hadson Petroleum, Inc*., 947 F.Supp. 242, 243-44 (M.D. La. 1996). Thus, in a case where diversity exists, but the plaintiff fails to serve a pleading setting forth a basis for such diversity jurisdiction, the one-year limitation is <u>not applicable</u> and the defendant will withstand a motion to remand.

In the instant case, as explained above, this case was initially actually removable (due to the existence of complete diversity at the time of filing), but neither Pryce-Jones nor Wu has yet been served with any document setting forth a basis for diversity jurisdiction by correctly stating Wu's Florida citizenship.[18] Therefore, the one-year limitation is not applicable, and cannot be applied to prevent Pryce-Jones' right of removal. Said removal was therefore timely and effective.

### III. Removal of This Action is Precisely in Keeping With the Policy, Purpose, and Equitable Considerations of Diversity Removal.

Removal jurisdiction in diversity cases is designed to protect non-resident defendants from any perceived prejudice or preference of the state court in favor of the resident plaintiff. *China Basin Properties, Ltd. v. Allendale Mut. Ins. Co*., 818 F.Supp. 1301, 1304 (N.D. Cal. 1992) (diversity jurisdiction provides neutral forum for citizens of another state); *see also Stifel v. Hopkins*, 477 F.2d 1116, 1125 (6th Cir. 1973); *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991).

For good reason, Pryce-Jones believes that she has in fact been subjected to unfair prejudice and preference in the state court in favor of a California plaintiff. (Declaration of Sabina Pryce-Jones in Opposition to Plaintiff's Motion to Remand, ¶¶ 2-3.) In this case, as set forth in the introductory sections of this brief, the state court has failed to give Pryce-Jones a fair shake by unexpectedly ordering a trial date on unreasonably short notice, and despite the inability of Pryce-Jones' key witness to attend the trial on that date due to her health; by preventing Pryce-Jones from completing necessary discovery, despite her diligent participation in the case; by inexplicably withholding a discovery order that was

---

[18] Incidentally, counsel for Pryce-Jones first discovered the true citizenship of Wu on or about January 31, 2008. (Sidebotham Decl., ¶ 6.) Pryce-Jones then removed the case on February 11, 2008, well within 30-days of that discovery.

favorable to Pryce-Jones until long after the then-scheduled trial date had come and gone; by refusing to permit Pryce-Jones to bring a meritorious summary judgment motion; by wrongly finding that Pryce-Jones was subject to personal jurisdiction in California; and by wrongly granting Plaintiff's strategic motion to disqualify prior counsel from representing both defendants, despite the perfect alignment of their interests. (*See* discussion on pp. 6-8, supra.) Plaintiff alleges that it was "cheated" of its trial date. However, Plaintiff's day in court will come, irrespective of removal; meanwhile, Pryce-Jones was facing a far worse fate, that of being cheated out of a fair trial in the first instance.

Based on the above, Pryce-Jones' removal was not only proper and timely, but also perfectly in keeping with the policy and purpose of diversity removal: namely, to ensure fair treatment for an out-of-state defendant who believes she has been unfairly targeted for inordinately discriminatory treatment by the state court. Moreover, while Plaintiff makes much of the fact that the case was removed shortly before the trial was to begin, its accusations of "improper purpose" are unfounded.[19] In fact, the timing of such removal was a function of the timing of Pryce-Jones' counsel's first discovery of the basis for removal (*see* Sidebotham Decl., ¶ 6), and of Plaintiff's failure to serve any papers at any time in this case that accurately set forth the true citizenship of the parties.

In addition, while Pryce-Jones need not necessarily rely on them, equitable exceptions to the general one-year removal limit of 28 U.S.C. § 1446(b) are also recognized. *See, e.g., Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426-28 (5th Cir. 2003) (one-year limit is not jurisdictional, and can be waived; strict application of limit would encourage forum manipulation and undermine diversity jurisdiction); *Staples v. Joseph Morton Co.*, 444 F.Supp. 1312, 1313-14 (E.D.N.Y. 1978); *Saunders v. Wire Rope Corp.*, 777 F.Supp. 1281, 1283-85 (E.D. Va. 1991); *Shiver v. Sprintcom, Inc.*, 167 F.Supp.2d 962, 963-64 (S.D. Tex. 2001). In the event that this Court is not satisfied with the legal bases for the timeliness of Pryce-Jones' removal, the Court may choose to apply its powers of equity to find that removal is nonetheless proper, particularly where such a finding would comport with the policy and

---

[19] Moreover, removal shortly before a scheduled trial date is not unheard-of. *See, e.g., Walker v. Pac. Pride Servs.*, 2007 U.S. Dist. LEXIS 49849 (N.D. Cal. 2007) (denying motion to remand when notice of removal was filed on June 1, 2007, with trial set to begin on July 9, 2007).

12
DEFENDANT SABINA-PRYCE JONES' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE
CASE NO. 5:08-CV-00887 (HRL)

purpose of diversity removal.[20] The surprisingly biased treatment of the state court against out-of-state defendant Pryce-Jones, as set forth above, is exactly the kind of perceived prejudice or preference in favor of a resident plaintiff that removal jurisdiction is designed to guard against. On these additional grounds of policy and equity, Pryce-Jones should be permitted to remove her case, and therefore requests that Plaintiff's motion to remand be denied.

**IV.     In The Event of Remand, A Fee Award to Plaintiff is Not Warranted.**

In the unlikely event of remand, there is no presumption in favor of an award of attorney's fees; rather, a district court may award attorneys fees only if the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 137, 141 (2005). Pryce-Jones' basis for seeking removal, as set forth herein, includes detailed analysis and ample legal, policy-based and equitable support for both the existence of diversity jurisdiction and Pryce-Jones' right to invoke it under the removal statute. Thus, while Pryce-Jones fiercely maintains that removal is proper, at the very least there is no lack of objectively reasonable grounds for seeking removal, and a fee award to Plaintiff in the event of remand would be improper and unwarranted.[21]

### CONCLUSION

Immediately upon first discovering the basis for diversity jurisdiction in this case, Pryce-Jones has timely and appropriately removed this case to Federal court to afford herself the very protection that the removal statute was created to provide, namely, to relieve an out-of-state defendant from a pattern of unfair and prejudicial treatment at the hands of a state court that favors the local plaintiff. Therefore,

---

[20] While Plaintiff suggests that the general one-year limit is jurisdictional, the Northern District of California holds otherwise. *Gray v. Moore Forms, Inc*., 711 F.Supp. 543, 544-45 (N.D. Cal. 1989) (one-year limit is procedural, not jurisdictional). This follows the reasoning of the Fifth Circuit, which holds that "[t]he time limitation for removal is not jurisdictional, it is merely 'modal and formal and may be waived.'" *Barnes v. Westinghouse Elec. Corp*., 962 F.2d 513, 516 (5th Cir. 1992), *cert denied* 506 U.S. 999 (1992). *See also Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614-15 (3d Cir. 2003) (as a matter of first impression, one-year rule is procedural and not jurisdictional); *Zerafa v. Montefiore Hosp. Hous. Co., Inc*., 403 F.Supp.2d 320, 327-28 (S.D.N.Y. 2005) (finding that the one-year limit is procedural, and noting that other district courts in the Second Circuit have made the same finding).

[21] If attorney's fees are awarded despite Pryce-Jones' objectively reasonable grounds for removal, Pryce-Jones and her counsel respectfully request that such award not exceed $999, and that it not be imposed against counsel.

13
DEFENDANT SABINA-PRYCE JONES' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE
CASE NO. 5:08-CV-00887 (HRL)



1  Pryce-Jones respectfully requests that this court deny Plaintiff's motion to remand this case to Santa

2  Clara County Superior Court and deny Plaintiff's unwarranted request for attorney's fees and costs.

3  **ERIC J. SIDEBOTHAM, APC**

4

5  DATED:  April 1, 2008

                                      /s/

6  ERIC J. SIDEBOTHAM
   DANIEL M. SHAFER
7  Attorneys for Defendant,
   SABINA PRYCE-JONES

