Kevin M. Solan, Esq.
(California Bar No. 118415)
ksolan@solanpark.com
SOLAN & PARK LLP
685 Market Street, Suite 360
San Francisco, California 94105
Tel.: (415) 777-3300
Fax: (415) 777-3301

Attorneys for Plaintiff
WORLD SAVINGS BANK, FSB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WORLD SAVINGS BANK,<br><br>        Plaintiff,<br><br>vs.<br><br>THERESA T. WU, et al.,<br><br>        Defendants. | CASE NO. C08 00887 (HRL)<br><br>**WORLD SAVINGS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND**<br><br>Date:      April 22, 2008<br>Time:     10:00 a.m.<br>Courtroom: Two<br>              Magistrate Judge Howard Lloyd |

      The tangled web of woe that fills Sabina Pryce-Jones' Opposition to the motion to remand by World Savings Bank, FSB ("World Savings") only shows that defendant and her counsel are as willing to test this Court's credulity as they were the Santa Clara County Superior Court's. Rather than catologue for this Court the inaccuracies and outright falsehoods defendant once again weaves on irrelevant matters, World Savings will instead address only defendant's profound legal errors. It would have been one thing for defendant's counsel to admit ignorance of the principles governing his attempt to remove this action on grounds of diversity jurisdiction, but to waste everyone's time by urging sophistry on this Court is inexcusable. When World Savings filed its complaint on February 3, 2006, it stated a claim that was not removable. Therefore, 28 U.S.C. §1446(b) requires that this action be remanded because the removal was time-barred.

The attempt to recast Theresa Wu as a citizen of Florida as of November 2005 is of no moment, except to demonstrate the lengths to which Pryce-Jones and her counsel will go. Whether defendant Theresa Wu's former counsel, Breck Milde and the Terra Law LLP, knew how and where to contact their client when they alleged she was a resident of Santa Clara County in her cross-complaint filed in March 2006, does not really matter in evaluating whether diversity of citizenship jurisdiction existed when this action was commenced. Nor does it matter whether it was just plain luck that World Savings' process server was able to serve the complaint on Theresa Wu personally in February 2006 at the address in San Jose identified by her son as her home. (See Exh. A to Solan Decl., Proof of Service dated Feb. 22, 2006, Affidavit of Reasonable Diligence, pp. 1-2.)[1]

The dispositive fact that compels a remand to the Superior Court is that World Savings was a federally-chartered savings bank when this action was commenced. Inasmuch as Pryce-Jones' counsel has taken pains to try to prove this undisputed fact (see Shafer Decl., p. 1, ¶2, submitted with Pryce-Jones' Opposition), they cannot be heard to claim the knowledge was unavailable to them when they filed the Notice of Removal days before the action was to be tried. Moreover, defendant's counsel recognizes that "[c]omplete diversity is required . . . *and must exist at the moment when the underlying state court action was filed.* [Citations.]" (Pryce-Jones Opposition, p. 7:1-4, emphasis

---

[1] In yet another remarkable statement under oath, Pryce-Jones' counsel declares "I first discovered the true citizenship of Wu on or about January 31, 2008." (Sidebotham Decl., p. 2, ¶6.) This cryptic assertion apparently is meant to serve as sufficient justification for filing the Notice of Removal days before the trial was set to start. However, counsel offers no legal explanation for why Wu's judicial admission under state law (see, e.g. *Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 222, fn. 3; ) should be ignored along with the rest of the facts of Wu's residence in February and March 2006. (See also, *American Intern. Adjustment Co. v. Galvin* (7th Cir. 1996) 86 F.3d 1455, 1461 (pleader may assert contradictory facts only when legitimately in doubt about the facts).) But then, people who could claim to have overlooked an extra $90,000 in their checking accounts might be expected to claim to have overlooked as well a materially false statement in their 6-page-long lawsuit against a bank.

added.) When World Savings filed its Complaint to commence this action (and, indeed, when it filed the First Amended Complaint that added Pryce-Jones as a defendant), World Savings was ineligible for diversity jurisdiction because, as a federally-chartered savings bank, it was not a citizen of any particular state for diversity purposes. (*Hancock Fianancial Corp. v. Federal Savings & L. Ins. Corp.* (9th Cir. 1974) 492 F.2d 1325, 1329; *Lehman Bros. Bank, FSB v. Frank T. Yoder Mortg.* (E.D.Va. 2006) 415 F.Supp.2d 636, 642.)

Against the weight of this authority, Pryce-Jones offers a spurious theory of time-traveling diversity jurisdiction. Pulling a fragmentary quotation out of the procedural and jurisprudential context of *Altman v. Republic of Austria* (9th Cir. 2002) 317 F.3d 954, 963, Pryce-Jones argues that because 12 U.S.C. §1464(x) was added effective October 13, 2006, World Savings properly could have filed its complaint against Wu in federal court ten months earlier in February. Thus, a complaint that on its face plainly was *not* removable when the action was commenced, would be transformed retroactively so as to become removable years later.

The argument flies in the face of the legislative intent plainly expressed in 28 U.S.C. §1446(b). When the case stated by the initial pleading is not removable, as was true here, the case "may not be removed on the basis of [diversity jurisdiction] more than 1 year after commencement of the action." (*Ibid.*)[2] An attempt to remove an action on the basis of diversity jurisdiction more than one year after the action's commencement is time-barred, regardless of whether or when subsequent developments made the case removable. (*Johnson v. America Online, Inc.* (N.D.Cal. 2003) 280 F.Supp.2d 1018, 1023.) In any event, even a change in the law that first allows a defendant to seek removal based on diversity jurisdiction will not overcome the Congressional intent

---

[2] The date of the original complaint governs with respect to "commencement" for purposes of the one-year limitation on diversity removals, not when the amended complaint added Pryce-Jones as a defendant. (*Phillips v. Allstate Ins. Co.* (C.D.Ca. 1989) 702 F.Supp. 1466, 1469.)

expressed by the one-year limitations period for such removals. (*Phillips v. Allstate Ins. Co., supra*, 702 F.Supp. at pp. 1469-1471.)

Defendant also is mistaken in the open-ended invitation to this Court to disregard 28 U.S.C. 1446(b) and the one-year limitation on diveristy removal. (Pryce-Jones' Opposition, pp. 12-13.) Regardless of the split on whether the one-year limit is a jurisdictional requirement or a procedural hurdle, the fact is that World Savings has properly invoked the clear language of the statute within 30 days of service of the Notice of Removal. Defendant fails to identify any decision that would not require a remand of this case, even under the fanastical version of the facts presented in the Opposition.

As the Court knows, the removal statutes are strictly construed and all doubts are resolved in favor of remand. (*Durham v. Lockheed Martin Corp.* (9th Cir. 2006) 445 F.3d 1247, 1252; *Harris v. bankers Life and Cas. Co.* (9th Cir. 2005) 425 F.3d 689, 698; *Ritchey v. Upjohn Drug Co.* (9th Cir. 1998) 139 F.3d 1313, 1317-1318.)

## CONCLUSION

For the foregoing reasons, and those that may be presented in any hearing on the motion, plaintiff World Savings respectfully urges this Court to grant its motion to remand this case and to award World Savings its fees and costs against both defendant Pryce-Jones and her counsel, jointly and severally, for this wholly improper and unnecessary detour to this Court.

DATED: March 10, 2008                    SOLAN & PARK LLP

                                          By  *[signature]*

                                          Kevin M. Solan
                                          Counsel for Plaintiff
                                          World Savings Bank, FSB