*E-filed 5/5/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

WORLD SAVINGS BANK, FSB,
    Plaintiff,

    v.

THERESA WU and SABINA PRYCE-JONES,
    Defendants.
_____/

SABINA PRYCE-JONES,
    Cross-Complainant,

    v.

WORLD SAVINGS BANK, FSB,
    Cross-Defendant.
_____/

Case No. CV 08-00887 HRL

**ORDER ON PLAINTIFF'S MOTION TO REMAND**

**[Re: Docket No. 9]**

Defendant Sabina Pryce-Jones removed this case just before trial was set to begin in Santa Clara County Superior Court ("state court"). Plaintiff World Savings Bank ("WSB") moves to remand and for attorney's fees.

### FACTUAL BACKGROUND

In February 2006, WSB sued Theresa Wu for conversion in state court. The claim was based on a bank transaction where Wu attempted to deposit $10,000 into her bank account, but WSB's bank teller erroneously recorded the transaction as $100,000.[1] In response to WSB's suit to recover the $90,000, Wu cross complained. That cross-complaint, filed in state court in

---

[1] The additional $90,000 was subject to several subsequent transactions and was at some point in the possession of Wu's adult daughter, Sabina Pryce-Jones.

1  March 2006, sought damages under various tort claims resulting from an alleged encounter
2  between Wu and an individual hired by WSB to collect the funds.  In August 2006, WSB
3  amended its complaint to add Pryce-Jones as a defendant.  Pryce-Jones did not answer the
4  complaint until July of 2007, after her motion to quash service for lack of personal jurisdiction
5  was denied.

6  On December 18, 2007, the state court set the case for trial commencing January 7,
7  2008. Pryce-Jones was surprised by the short notice of the trial date (only six months after she
8  had answered the amended complaint).  She felt that the short notice prematurely cut off
9  discovery in the case and prevented her from moving for summary judgment.  Upon her urging,
10 the court re-set the trial for February 19, 2008.  Her subsequent requests to continue the trial
11 were denied.  (According to Pryce-Jones, the additional month did not cure the claimed defects
12 with the "short-notice" trial.)

13 It was during this trial preparation period that counsel for Pryce-Jones[2] claims that he
14 discovered the true citizenship of the parties.  Pryce-Jones filed her Notice of Removal on
15 February 11, 2008, less than five court days before trial was set to begin.

## LEGAL STANDARD

17 A federal district court has original diversity jurisdiction over any civil action in which
18 the amount in controversy exceeds $75,000 and the action is between citizens of different states.
19 28 U.S.C. § 1332(a).  In any case where subject matter jurisdiction depends on § 1332, there
20 must be complete diversity of the parties; that is, all plaintiffs must be of different citizenship
21 than all defendants.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  Diversity jurisdiction depends
22 on the parties' status at the commencement of the case (i.e., courts are to look at the citizenship
23 of the parties is determined as of the filing of the complaint).  *Harris v. Bankers Life and Cas.*
24 *Co.*, 425 F.3d 689, 695-696 (9th Cir. 2005).  The defendant has the burden of establishing that
25 removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (citations omitted).

---

[2] Wu is unrepresented in this action and was unrepresented in the state action prior to removal.  Defendant Pryce-Jones removed the case and opposed this motion.

2

The removal statute is strictly construed and any doubts must be resolved in favor of remanding the action to state court. *Id.*

DISCUSSION

**I.      Plaintiff's Motion for Remand**

It is undisputed that Pryce-Jones was a citizen of Florida during all relevant time periods. Therefore, in order for Defendant to prevail on her argument that removal was proper, she must show: (1) that WSB was a citizen of California when it filed the complaint and (2) that Wu was a citizen of Florida at that time. If Pryce-Jones is able to establish these two points, then she must also prove that the removal was timely.

**A.      Citizenship of World Savings Bank**

1.      Citizenship Before Enactment of 12 U.S.C. § 1464(x)

A corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). However, federally-chartered corporations were traditionally considered ineligible for diversity jurisdiction because they were organized under the laws of the United States and not under a particular state. *Lehman Bros. Bank, FSB v. Frank T. Yoder Mortgage.*, 415 F.Supp.2d 636, 641 (E.D.Va. 2006). As disclosed in all of the pleadings, WSB is a federally chartered bank organized under the laws of the United States and was so when it commenced this action. Thus, as the law stood prior to the enactment of 12 U.S.C. § 1464(x), there was no question that WSB was an entity ineligible for diversity jurisdiction.

2.      Effect of § 1464(x)

In October 2006, Congress adopted § 1464(x). That provision makes federal savings banks citizens of the state in which they have their home offices. Under the statute, WSB becomes a California citizen for diversity purposes.

Although the statutory change came over eight months after Plaintiff filed its complaint, Pryce-Jones says that § 1464(x) should be retroactively applied to the time when the complaint was filed. She relies on a Ninth Circuit case which notes:

3

> statutes that confer or oust jurisdiction, or change procedural rules, may be applied in suits arising before their enactment without raising concerns about retroactivity. Because these rules take away no substantive right but simply change the tribunal that is to hear the case, present law governs in such situations.

*Altmann v. Republic of Austria,*, 317 F.3d 954, 963 (9th Cir. 2002) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274-75 (1994)). Pryce-Jones argues that because the new provision expressly serves to confer jurisdiction, that retroactive application is appropriate. However, the citation relied upon was part of a discussion as to whether the Foreign Sovereign Immunities Act (FSIA) in a particular action was properly applied retroactively. That case is distinguishable from the removal question at issue here.

In order for a removal to be effective, complete diversity must exist at the moment when the state court action was filed. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). The court cannot agree that a later enacted statute transforms the citizenship "snapshot" at the time the original complaint was filed. WSB could not have filed its complaint against Wu in federal court in February 2006. As such, the removal was not proper. No jurisdiction exists to keep this case in federal court and the motion to remand is GRANTED.

Because the burden was on Pryce-Jones to show that WSB was a California citizen and that Wu was a Florida citizen (at the time the complaint was filed), an alternative basis for remand will now be considered.

### B. Citizenship of Wu

All of the state court pleadings - including Wu's own cross-complaint - indicate that Wu is a citizen of California for purposes of diversity. If she is California citizen, removal would be disallowed by the rule forbidding removal by forum defendants. 28 U.S.C. § 1441(b).

Pryce-Jones now claims that Wu was a Florida citizen when WSB sued her. She says that the statements in Wu's cross-complaint pertaining to Wu's California residency were the result of a factual mistake made by Wu's previous attorney. Furthermore, Pryce-Jones notes that the pleading states only that Wu was a resident of California, a legally distinct concept from Wu's domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (for diversity

4

purposes, citizenship is determined by domicile and not residency). Defendant's opposition includes a declaration from Wu - with no supporting extrinsic evidence - which says that Wu was domiciled in Florida prior to the complaint being filed.

The evidence presented as to Wu's domicile during the period in question is sketchy at best. Given the assertions as to her residence made in her own cross-complaint (which remained part of the state court record for nearly two years), she is now judicially estopped from arguing otherwise. Thus, for diversity purposes, Wu is deemed a California citizen. This finding affirms the prior determination that the motion to remand should be granted.

### C. Timeliness of Removal

Because this case is not removable, the court need not reach the question of timeliness.

## II. Plaintiff's Request for Attorneys' Fees

WSB requests an award of attorney's fees incurred as a result of Defendant Pryce-Jones's allegedly improper removal. 28 U.S.C. § 1447(c). This court has a "great deal of discretion" to determine whether costs and fees should be awarded under this provision. *Morris v. Bridgestone / Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993).

Although Pryce-Jones may have had some legitimate concerns related to the scheduling of the state court trial, removing the case a week before that trial is set to begin is not the proper vehicle for addressing those concerns. Counsel even admitted at the hearing that the timing of the removal was "not entirely coincidental." Furthermore, Defendant's arguments for asserting diversity jurisdiction are on shaky grounds both legally (with respect to WSB) and factually (with respect to Wu). Accordingly, the court finds that an award of reasonable attorney's fees is appropriate.

WSB seeks $10,088.50 for nearly 60 hours the attorneys claim they spent on the motion to remand. This is not a reasonable amount of time for this type of motion. Plaintiff will be awarded reasonable attorney's fees in the amount of $5,044.25.

5

CONCLUSION

Accordingly, the Case Management Conference scheduled for June 3, 2008 is VACATED. Defendant shall pay attorney's fees as set forth above by May 23, 2008. The case is remanded to the Santa Clara County Superior Court and the Clerk shall close this court's file.

**IT IS SO ORDERED.**

Dated: 5/5/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

Eric J Sidebotham eric.sidebotham@ejs-law.com, dan.shafer@ejs-law.com, ryan.smith@ejs-law.com

Kevin Michael Solan ksolan@solanpark.com

Dated: 5/5/08

          /s/  KRO
Chambers of Magistrate Judge Howard R. Lloyd